1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
    SOOJIN KANG, SB# 219738
3     E-Mail: Soojin.Kang@lewisbrisbois.com
    ANDREA L. STEFFAN, SB# 332596
4     E-Mail: Andrea.Steffan@lewisbrisbois.com
    633 West 5ᵗʰ Street, Suite 4000
5   Los Angeles, California 90071
    Telephone: 213.250.1800
6   Facsimile: 213.250.7900

7   Attorneys for Defendants,
    CITY OF SANTA ANA, non-jural entity
8   SANTA ANA POLICE DEPARTMENT,
    KRISTINE RIDGE, SONIA
9   CARVALHO, and JASON MOTSICK

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

12

13   SANTA ANA POLICE OFFICERS          Case No.
     ASSOCIATION; GERRY SERRANO,
14                                      [Orange County Superior Court Case
                                        No.: 30-2021-01230129-CU-OE-CJC]
15          Plaintiffs,

16      vs.                             **NOTICE OF REMOVAL UNDER 28
                                        U.S.C. §1441(a) (FEDERAL
17   CITY OF SANTA ANA, a Municipal     QUESTION)**
     corporation; SANTA ANA POLICE
18   DEPARTMENT; a public safety        State Court Action Filed: 11/08/21
     department; DAVID VALENTIN,        Federal Court Removal Filed: 1/24/22
19   Chief of Police; KRISTIN RIDGE, City   Trial Date:  None Set
     Manager; SONIA CARVALHO, City
20   Attorney; JASON MOTSICK, Director
     of Human Resources; and DOES 1
21   through 10, inclusive,

22          Defendants.

23       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

24   THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION:**

25       **PLEASE TAKE NOTICE** that Defendants, City of Santa Ana ("City"), non-

26   jural entity Santa Ana Police Department, Kristin [sic] Ridge, Sonia Carvalho, and

27   Jason Motsick, hereby remove this action from the Superior Court of the State of

28

4863-3881-0123.1
                         NOTICE OF REMOVAL

California, County of Orange ("Orange County Superior Court") to the United States District Court for the Central District of California, Southern Division, and in furtherance of this removal avers:

## NOTICE OF REMOVAL IS TIMELY

1. On November 8, 2021, Plaintiffs Santa Ana Police Officers Association ("SAPOA") and Gerry Serrano ("Serrano") (collectively "Plaintiffs"), filed a Complaint in the Orange County Superior Court, entitled *Santa Ana Police Officers Association and Gerry Serrano v. City of Santa Ana, et al.*, Case No. 30-2021-001230129-CU-OE-CJC ("State Court Action"). Attached as **Exhibit "A"** is a true and correct copy of the Complaint.

2. On November 10, 2021, Plaintiffs attempted but failed to effectuate service of process on Defendant City of Santa Ana, by using a defective summons that was not signed by the court clerk, did not contain the seal of the court, and did not indicate who was served or by what method, as required by California law. Attached as **Exhibit "B"** is a true and correct copy of the defective Summons, Notice of Case Management Conference, and Civil Case Cover Sheet, that were delivered to the Clerk of the Council of the City of Santa Ana, on November 10, 2021, along with a copy of the Complaint (Ex. A).

3. Specially appearing in the State Court Action, Defendant City of Santa Ana filed a Motion to Quash Service of Summons, on December 10, 2021, and also filed an Ex Parte Application to advance the Motion to Quash hearing date, on December 15, 2021. Plaintiffs filed an Opposition to the Ex Parte Application on December 16, 2021. Attached as **Exhibits "C", "D", and "E"** are true and correct copies of the Motion to Quash (with supporting Declaration and Proposed Order), Ex Parte Application (with Proposed Order), and Opposition to Ex Parte Application, respectively. On December 16, 2021, the Honorable Lon Hurwitz granted Defendant City of Santa Ana's Ex Parte Application and advanced the hearing of the Motion to Quash from April 20, 2022 to January 7, 2022. Attached

as **Exhibit "F"** is a true and correct copy of the Notice of Granting the Ex Parte Application.

4.      On December 23, 2021, Plaintiffs re-attempted service of process on Defendant City of Santa Ana, this time with a revised Summons that was signed by the court clerk, contained the seal of the court, and indicated that the City of Santa Ana was served under California *Code of Civil Procedure* §416.50 by personal delivery.  Attached as **Exhibit "G"** is a true and correct copy of the revised Summons that was delivered to the Clerk of the Council of the City of Santa Ana, on December 23, 2021, along with a copy of the Complaint (Ex. A), Civil Case Cover Sheet (Ex. B, pg. 59-60), and Notice of Case Management Conference (Ex. B., pg. 57-58).

5.      Also on December 23, 2021, Plaintiffs purported to attempt service on Defendants David Valentin, Kristin [sic] Ridge, Sonia Carvalho, and Jason Motsick, and non-jural entity Santa Ana Police Department, by delivering to the Clerk of the Council of the City of Santa Ana the revised Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference.  However, service was ineffective because none of them was personally served, the revised Summons stated that each individual Defendant was served under California *Code of Civil Procedure* §416.50 (which provides for service of process on public entities, not on individuals), and Santa Ana Police Department, a department within the City of Santa Ana, is a non-jural entity.  Attached as **Exhibit "H"** is a true and correct copy of the revised Summonses directed at Defendants David Valentin, Kristin [sic] Ridge, Sonia Carvalho, Jason Motsick, and non-jural entity Santa Ana Police Department, and delivered to the Clerk of the Council of the City of Santa Ana, on December 23, 2021.

6.      On January 7, 2022, Plaintiffs informed the court that they re-served Defendant City of Santa Ana on December 23, 2021, and the court ordered the Motion to Quash off calendar.  Attached as **Exhibit "I"** is a true and correct copy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4863-3881-0123.1

3

NOTICE OF REMOVAL

of the Minute Order dated January 7, 2022.

7.     Notwithstanding the ineffective purported service on the individual Defendants, Defendant City of Santa Ana agreed, on January 7, 2022, to accept service of process on behalf of Defendants David Valentin, Kristin [sic] Ridge, Sonia Carvalho, and Jason Motsick and so advised counsel for Plaintiffs.

8.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), which requires removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  Using the earliest effective service date of December 23, 2021, the 30th day after was January 22, 2022, a Saturday.  As such, by operation of FRCP Rule 6(a)(1)(C), this Notice of Removal is timely filed on Monday, January 24, 2022.  (See *Moistner v. Aerojet Rocketdyne, Inc*., 2021 U.S. Dist. LEXIS 134192 at 2-3 (C.D. Cal. July 16, 2021); *Krug v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 143218 (N.D. Cal. Dec. 13, 2011.)

## FEDERAL QUESTION JURISDICTION EXISTS

9.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that Plaintiffs' Third Cause of Action arises under the First Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

10.     "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).)

11.     Generally, actions for violations of federal law are within federal question jurisdiction.  (*See e.g. Rains v. Criterion Sys.*, 80 F.3d 339, 343 (9th Cir. 1996) (identifying as one of three possible grounds for federal question jurisdiction "that federal law creates the cause of action [the plaintiff] asserted"; *Merrell Dow*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-10 (1986) ("[t]he 'vast

2  majority' of cases that come within this grant of jurisdiction are covered by Justice

3  Holmes' statement that a 'suit arises under the law that creates the cause of

4  action.'")

5       12.    Here, the federal question is presented on the face of Plaintiffs'

6  pleading in the Third Cause of Action for "Violations of Constitutional Right to

7  Freedom of Speech," alleging violation of the First Amendment to the U.S.

8  Constitution and enforcement under 42 U.S.C § 1983.  (Ex. A, pg. 40, ln. 4-6 and ln.

9  16-17).  Plaintiffs allege facts supporting municipal liability for violation of 42

10  U.S.C § 1983 under *Monell v. Department of Social Services*, 436 U.S. 658, 690

11  (1978).  (Ex. A, pg. 41, ln. 4-8.)  Plaintiffs also seek monetary damages (pg. 40, ln.

12  28-pg. 41, ln. 1 and ln. 18-19), which are available under 42 U.S.C § 1983 but are

13  generally not available for free speech violations under the California Constitution.

14  (*See*, *Degrassi v. Cook*, 29 Cal.4th 333, 342 (2002).)  Thus, while Plaintiffs also

15  reference the California Constitution alongside the U.S. Constitution and may be

16  making a claim for free speech violation under state law as well, federal law creates

17  a claim under Plaintiffs' Third Cause of Action and Plaintiffs' right to relief

18  thereunder necessarily depends on resolution of a substantial question of federal

19  law.

20       13.    Accordingly, federal question jurisdiction exists, and this action may be

21  removed under 28 U.S.C. § 1441(a).

22  **SUPPLEMENTAL JURISDICTION EXISTS OVER STATE LAW CLAIMS**

23       14.    This Court has supplemental jurisdiction over claims "that are so

24  related to claims in the action within such original jurisdiction that they form part of

25  the same case or controversy under Article III of the United States Constitution,"

26  pursuant to 28 U.S.C. § 1367(a).

27       15.    Supplemental jurisdiction exists because all six causes of action are

28  alleged against Defendant City of Santa Ana and non-jural entity Santa Ana Police

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4863-3881-0123.1

Department, based on allegations related to Plaintiff Serrano's role as a sergeant in the Santa Ana Police Department and as president of the Santa Ana Police Officers Association, set forth in paragraphs 1 through 94 of the Complaint. Based on the same allegations, Plaintiffs also allege the first four causes of action against all individual Defendants and the fifth cause of action against all individual Defendants except Jason Motsick. Paragraphs 1-94 of the Complaint are referenced and re-alleged in support of every cause of action in the Complaint. (Ex. A, ¶¶96, 113, 144, 156, 174, 191.) Thus, as pled, all of Plaintiffs' causes of action are based on the same allegations.

16. In the Third Cause of Action, in particular, Plaintiffs allege that Defendants engaged in "acts and/or omissions" that Plaintiffs allege violate their "right to freedom to speak, write and publish their sentiments, and/or their ability to petition government for redress of grievances, assemble and to consult for the common good" (Ex. A, ¶146), but Plaintiffs do not identify any of the "acts and/or omissions." Instead, they re-allege paragraphs 1-143 of their Complaint (Ex. A, ¶144) and then allege that "[e]ach and every act listed above, individually or jointly, constitutes a violation of Plaintiffs' speech rights…" (Ex. A, ¶148.)

17. Therefore, each of Plaintiffs' claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" and is thus subject to this Court's supplemental jurisdiction.

## THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

18. All served Defendants have joined in or consented to removal.

19. Venue is proper in this division of this district, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a), because it embraces the state court where the removed action has been pending.

20. All process, pleadings, and orders filed in this action and served upon Defendants are attached hereto. (Ex. A through Ex. I.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    21.    Defendants will promptly give Plaintiffs written notice of the filing of

2  this Notice of Removal and will promptly file a copy of this Notice of Removal with

3  the Clerk of the Orange County Superior Court, wherein the action is currently

4  pending.

5    22.    If any questions arise as to the propriety of the removal of this action,

6  Defendants request the opportunity to present a brief and oral argument in support

7  of their position that this case is removable.

8  DATED:  January 24, 2022        Respectfully submitted,

9

10                LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12                  By: _____

13                    JEFFREY S. RANEN

14                    SOOJIN KANG
ANDREA L. STEFFAN

15                    Attorneys for Defendants,
CITY OF SANTA ANA, SANTA ANA

16                    POLICE DEPARTMENT, KRISTINE
RIDGE, SONIA CARVALHO, and

17                    JASON MOTSICK

18

19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**EXHIBIT A**

Case 8:22-cv-00118-CJC-DFM  Document 1  Filed 01/24/22  Page 9 of 305  Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

COREY W. GLAVE (State Bar No. 164746)
Attorney at Law
632 S. Gertruda Ave
Redondo Beach, CA 90277
Phone: (323) 547-0472
POAattorney@aol.com

Attorneys for Plaintiffs
Santa Ana Police Officers Assn
and Gerry Serrano

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE-CENTRAL

Assigned for All Purposes  Judge Lon F. Hurwitz

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO | Case 30-2021-01230129-CU-OE-CJC |
| Plaintiffs, | CIVIL COMPLAINT |
| vs. | 1. VIOLATION OF GOVERNMENT CODE §3500, ET SEQ. |
| CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive | 2. VIOLATION OF THE PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT, GOVERNMENT CODE SECTION 3300 ET. SEQ. |
| | 3. VIOLATION OF FREEDOM OF SPEECH |
| Defendants. | 4. VIOLATION OF LABOR CODE §§1102, 1102, 1102.5 |
| | 5. VIOLATION OF PENAL CODE §§832.5-832.8, EVIDENCE CODE §§1043-1046 |
| | 6. RETALIATION UNDER GOVERNMENT CODE §12900, ET SEQ. |
| | REQUEST FOR JURY TRIAL |

COMES NOW PLAINTIFFS SANTA ANA POLICE OFFICERS ASSOCIATION and GERRY SERRANO and allege as follows:

1.      Plaintiff Santa Ana Police Officers Association (SAPOA) is the recognized employee organization as defined under Government Code §3500, et seq., and/or Government Code §3501(a). The SAPOA has as one of its primary purposes the

1

EXHIBIT A
Page 8

1   representation of sworn and non-sworn employees of the Santa Ana Police Department

2   in their employment relations with the City of Santa Ana and/or Santa Ana Police

3   Department. In the sworn ranks the SAPOA represents all sworn officers holding the

4   ranks of Police Sergeant and below, as well as Correctional Supervisor and below.

5       2.      Plaintiff Gerry Serrano has been since 2016, and now is, the President of

6   the Santa Ana Police Officers Association and the recognized representative of the

7   Santa Ana Police Officers Association as that term is used in Government Code

8   §3502.1. He is also a sworn police officer, holding the rank of Police Sergeant with the

9   Santa Ana Police Department.

10      3.      Defendant City of Santa Ana is a Municipal Corporation existing under the

11  Constitution and the laws of the State of California. The City of Santa Ana is a public

12  agency as that term is defined in Government Code §3501(c). It is a municipal entity

13  employing public employees and thus, has a mandatory duty to comply with the

14  provisions of Government Code §3300, et seq., and Government Code §3500, et seq.

15      4.      Defendant Santa Ana Police Department is a department of the City of

16  Santa Ana and a public safety department, as that terms is used in Government Code

17  §3309.5. Defendant Santa Ana Police Department is also a public agency, as that term

18  is used in Government Code §3500, et seq.

19      5.      Defendant Kristine Ridge was and is the City Manager for the City of

20  Santa Ana, and the direct supervisor/appointing authority of the Chief of Police and

21  Human Resource Director. Ridge is the person responsible for the operations of the

22  city, including the overall management of the City. Plaintiffs have information and belief

23  that Ridge participated in, supervised and/or was actively involved in the incidents

24  giving rise to this action in both her individual and official capacities.

25      6.      Defendant David Valentin was and is the appointed Chief of Police for the

26  City of Santa Ana, Santa Ana Police Department. As such he is charged with the

27  supervision and management of personnel, including personnel investigations and

28  discipline of employees of the Santa Ana Police Department. Plaintiffs have information

2

1  and belief that Valentin participated in, supervised and/or was actively involved in the
2  incidents giving rise to this action in both his individual and official capacities.

3      7.      Sonia Carvalho was and is a private attorney employed by the law firm of
4  Best Best and Krieger LLP, and is the appointed and/or contracted City Attorney for the
5  City of Santa Ana. Plaintiffs have information and belief that Carvalho participated in,
6  supervised and/or was actively involved in the incidents giving rise to this action in both
7  her individual and official capacities, and that she acted outside the scope of her duties
8  as an attorney when engaging in acts described below.

9      8.      Defendant Jason Motsick was and is the appointed Human Resource
10 Director for the City of Santa Ana and is charged with the supervision and management
11 of personnel, including personnel investigations and discipline of employees of the
12 Santa Ana Police Department. Plaintiffs have information and belief that Motsick
13 participated in, supervised and/or was actively involved in the incidents giving rise to
14 this action in both his individual and official capacities.

15     9. At all times herein mentioned, DOES I-X, inclusive, were the agents, servants
16 and employees of Respondent, City of Santa Ana and/or Santa Ana Police Department,
17 and in doing the things hereinafter alleged, were acting within the scope of their
18 authority as such agents, servants and employees with the permission and consent of
19 Respondents. Claimant will amend the Complaint to allege true names and capacities
20 of DOES I-X, inclusive when ascertained.

21                          **GENERAL FACTS**

22     10.     Serrano became President of the SAPOA in 2016 and has served
23 continuously in the position.

24     11.     When seeking appointment as Chief of Police, Defendant Valentin sought
25 out and received the support of Serrano and the SAPOA. Later, when the SAPOA and
26 Serrano sought wages and benefits for the SAPOA membership and/or opposed
27 Valentin on matters of concerns to the Plaintiffs, Valentin's demeanor and working
28 relationship with Plaintiffs became adversarial.

3

12.     In or about February 2019, the City Council for the City of Santa Ana passed a resolution adopting a Memorandum of Understanding that provided significant, and needed salary increases for members of the SAPOA.  Two City Councilpersons and Defendant Valentin opposed the raises.  Thereafter, the SAPOA led a successful recall effort to remove the City Councilperson, causing Valentin to become concerned with the SAPOA's and Serrano's political influence.

13.     Later, when Valentin attempted to obtain approval from the City Council to create an additional captain position so he could promote one of his allies, SAPOA/Serrano opposed the creation of the position. The City Council sided with the SAPOA/Serrano and did not create an additional captain position. Valentin became emotionally upset and barked at Serrano that he needed to "STAND DOWN." It was clear Valentin's concern about the SAPOA having more influence with the City Council than he did was growing.

14.     Similarly, Defendant Carvalho began expressing to others that she did not like Serrano. Thereafter, she would purposely interfere and obstruct items pertaining to the SAPOA or Serrano.

15.     It is believed that Defendants Valentin and Carvalho formed a conspiracy to attack Serrano and the SAPOA. Defendant Valentin and members of his police management team have admitted animosity against Serrano as the President of the Santa Ana Police Officers Association. This animosity has caused Defendant Valentin and the management team under his guidance to treat members of the SAPOA adversely if the employee is believed to be associated with or sought the aid of SAPOA and/or SAPOA President Serrano. Due to this relationship, Defendant Valentin purposely and intentionally interferes with the SAPOA's ability to represent its membership and acts contrary to state law. Conversely, Valentin gives special treatment and turns a blind eye to allegations of misconduct by those he believes will either give their loyalty to him and/or oppose the SAPOA/Serrano.

4

EXHIBIT A
Page 11

**SPYING**

16.     In January, 2020, Defendant Valentin began spying on Plaintiff Serrano and members of the Santa Ana City Council by redirecting copies of all e-mail communications sent by Serrano to City Councilmember Solorio, from June 2017 forward, to his office. Defendant Valentin then had the City's IT department put a tracer on all of Serrano's emails so that they would automatically be copied to Defendant Valentin.

**OTHER INTERFERENCE**

17.     During the last year and continuing to the present, Defendants have censored membership communications and/or denied the SAPOA the ability to send membership communications via the City's e-mail system.

18.     Defendant Valentin has engaged in action to advocate for a change of leadership in the SAPOA and has attempted to interfere with SAPOA elections. Said action includes, but is not limited to, encouraging candidates to run against Serrano for the position of Association President, and questioning members' support for Serrano when they are seeking special assignments and promotions.

**COMPLAINTS AGAINST LIEUTENANTS**

19.     In or about January, 2020, the SAPOA and Serrano were informed of allegations of misconduct by SAPD Lieutenants/Commanders Jose Gonzalez and Robert Rodriguez. It was alleged that the two were maliciously spreading rumors regarding activities of Serrano and the SAPOA. Plaintiffs have information and belief, and thereon allege, that said actions constitute violations of department policy and negatively impact the morale of the police department as well as cause division in the SAPOA. The Plaintiffs met with Defendant Valentin and informed him of the allegations of misconduct. Valentin appeared dismissive. Since Valentin failed to initiate an investigation as required by Penal Code §§832.5-832.7, the SAPOA/Serrano reported the information to Defendant Ridge. Again, no investigation was initiated of the police commanders nor of Defendant Valentin.

5

EXHIBIT A
Page 12

1   20.   On or about June 8, 2021, Plaintiffs filed an official complaint regarding

2   the commanders' actions and the failure to investigate the allegations with Defendant

3   Motsick. Motsick also refused to initiate an investigation of the commanders and

4   Defendant Valentin.

5                                    **PERB COMPLAINT**

6   21.   In or about February, 2020, the SAPOA filed an Unfair Practice Charge

7   with the Public Employment Relations Board (PERB) alleging that the City of Santa Ana

8   had interfered with, intimidated, attempted to restrain and coerce members of the

9   Association and Gerry Serrano. The City informally resolved the matters, so the SAPOA

10   withdrew the charge.

11                                    **CAMPAIGN SIGNS**

12   22.   In April, 2020, Plaintiffs reported the theft of campaign signs related to a

13   recall of Santa Ana City Councilmember Iglesias. One of the identified suspects was

14   the City Council person herself. The SAPOA learned that a Police Commander directed

15   the investigating officer to alter his report so that the City Council person would not be

16   listed as the suspect. The Plaintiffs reported the Police Commander's actions to

17   Defendant Valentin.

18   23.   Instead of investigating the unlawful actions of the Police Commander,

19   Valentin ordered his Internal Affairs commander and investigators to conduct an

20   investigation of Serrano.

21   24.   When the Plaintiffs obtained a video recording showing the former City

22   Council person stealing the campaign signs, Defendant Valentin, Defendant Carvalho

23   and other private attorneys employed by her firm, directly and through Valentin's

24   supporters pressured the Orange County District Attorney's office to open a criminal

25   case against Serrano. When the District Attorney's office rejected Valentin's pressures

26   Valentin became upset. With the help of Defendant Carvalho and her private law firm,

27   he began a lengthy letter and meeting campaign in which he chastised the District

28   Attorney's decision and knowingly included false information in the communications

6

EXHIBIT A
Page 13

1   with the District Attorney's office.

2       25.     As part of the April, 2020, efforts to wrongfully bring a criminal case

3   against Serrano, Defendants used department resources, including the Internal Affairs

4   unit, to draft memoranda with adverse comments about Serrano. Serrano was never

5   informed by Defendants of the internal investigation or memoranda, and Defendants

6   failed to allow Serrano to review the adverse comments. It is further believed, to the

7   extent that Defendants have initiated an Internal Affairs investigation, the investigation

8   was not completed within one year of notice of the allegations of misconduct nor has

9   Plaintiff Serrano been notified of any proposed discipline or outcome of the

10  investigation during that one year period. Defendants intentionally concealed the

11  information regarding this investigation and the related memoranda from Plaintiffs.

12                          **CULICHI TOWN COVER-UP**

13      26.     On August, 2020, on-duty SAPD officers responded to a call for service at

14  the Culichi Town Restaurant. The call involved allegations that off-duty SAPD officers

15  had sexually battered two underage girls that were at the restaurant. The officers

16  response was caught on body worn cameras and the victim's family produced a video

17  of the incident that showed off-duty police sergeant Oscar Lizardi as being present and

18  possibly involved in the incident. A Police Commander reported the incident to then IA

19  Commander, and now Deputy Chief, Robert Rodriguez. Rodriguez is believed to be a

20  close friend of Lizard. He denied the Commander's request for the incident to be

21  investigated.

22      27.     On or about September 2, 2020, a request for public records was made

23  for information related to the call including the Incident Detail Report, copy of the 911

24  emergency calls and/or non-emergency line calls, and police dispatch radio traffic audio

25  files related to the incident (Incident No. 200805316). Defendant Valentin, on

26  September 24, 2020, denied, in total, the PRA request in order to cover up the

27  misconduct of his IA Commander and one of his closest allies (Lizardi) asserting that

28  the records could not be released because they involved juveniles. This demonstrated

                                    7

1  that Valentin was aware of the incident and that it involved allegations of criminal
2  conduct towards juveniles by off-duty SAPD officers.

3      28.    SAPOA/Serrano complained to Defendants about Valentin's and
4  Rodriguez's attempts to cover up alleged criminal conduct by officers who supported
5  Defendant Valentin pointing out that this conduct amounted to conspiring to commit a
6  criminal act. It is believed that it wasn't until June, 2021, after multiple complaints and
7  requests for investigations by the SAPOA, that Defendants initiated an investigation of
8  two of the three responding officers. The third responding officer was given a special
9  assignment on Lizardi's specialized team. In July, 2021, the Department initiated an
10  Internal Affairs investigation of one of the off-duty officers, but not Lizardi, who was the
11  ranking officer amongst the off duty personnel involved in the incident.

12      29.    On information and belief, Plaintiffs allege that Defendants have refused
13  to initiate an investigation of Deputy Chief Rodriguez and/or Defendant Valentin.

14                              **PENSION ISSUE**

15      30.    In October, 2020, the Defendants inquired of CalPERS as to the propriety
16  of including a premium pay, called "Confidential" received by Serrano while on paid
17  release time to serve as the SAPOA President in the calculation of his pension. It is
18  believed that the City had never inquired about this issue with any prior SAPOA
19  President. When it appeared that there might be a question regarding the inclusion of
20  the premium in the calculation of Serrano's pension, the City and SAPOA reached an
21  agreement acceptable to CalPERS. However, because Serrano continued to carry out
22  his duty to represent the Association and its members, activity that is clearly protected
23  under the law, Defendants failed and refused to take the necessary steps to resolve the
24  issue.

25                              **FPPC COMPLAINT**

26      31.    In November, 2020, Sonia Carvalho, believed to be acting on her own
27  personal vendetta and without City Council approval sent a request to the California Fair
28  Political Practices Commission seeking a finding that Serrano, as the SAPOA

                                     8

EXHIBIT A
Page 15

1   President, engaged in a conflict of interest by negotiating a side letter agreement
2   related to the pension issue. As the City Council was scheduled to approve the
3   resolution of the pension issue, Carvalho made multiple inquiries to the FPPC for an
4   opinion letter finding Serrano was engaging in an unethical conflict of interest.
5   Ultimately, the FPPC found that Serrano did not engage in any conflict of interest nor
6   did his actions give rise to an unethical conflict of interest.  It is believed that Carvalho
7   was acting on her own and with the sole purpose of personally interfering with the
8   SAPOA/Serrano and/or with intent to harm Serrano.

9                            **FEMALE DISCRIMINATION COMPLAINTS**

10          32.     In or about November, 2020, SAPOA/Serrano informed Defendant Ridge
11   that there was ongoing discrimination against female employees in the Department.
12   Plaintiffs described  an incident involving female officers' attendance at a conference
13   regarding leadership issues for women in law enforcement and the Chief's behavior
14   towards those female employees. Defendant Ridge did not open an investigation into
15   the matter until months later when it was statutorily too late to take disciplinary action
16   against Defendant Valentin or his subordinates.

17          33.     After Plaintiffs informed Defendant Ridge of the discrimination and
18   harassment of the female officers, Defendant Valentin ordered a "preliminary
19   assessment" in order to cover up his and his staff's misconduct. The Human Resource
20   representative that appeared with him when he confronted the female officers
21   conducted the investigation. The female officers were ordered to appear for
22   interrogations. They were not provided any information as to the nature of the
23   investigation. When they appeared for interrogation, the HR Representative read from a
24   transcript, indicated that she was going to prepare a report that only went to Valentin,
25   and then questioned the females about the female's actions and did not have any
26   preset questions about Chief Valentin's, DC Esparza's or other police commander's
27   actions.

28          34.     On information and belief, it is alleged the Valentin lied to Defendant

                                            9

1  Ridge and Defendant Motsick claiming that he had initiated an investigation of the

2  discrimination when, in fact, he initiated an investigation of the female officers in order

3  to silence them.

4      35.  The Defendants did not hire an investigator to look into these issues of

5  harassment and discrimination until April, 2021.

6      36.  On or about May 3, 2021, Plaintiffs filed a Notice of Claim against the City

7  of Santa Ana, Santa Ana Police Department, Defendant Valentin, and Deputy Chief

8  Enriquez Esparaza related to the unlawful discrimination, harassment and investigation

9  of the female officers.

10      37.  Defendant has summarily dismissed the complaints from the

11  SAPOA/Serrano regarding the discrimination against female officers as just part of

12  Serrano's desire to fix his pension issue.

13  **JAIL MANAGEMENT COMPLAINT**

14      38.  On December 2, 2020, the SAPOA/Serrano sent an email to Defendant

15  Ridge and Defendant Valentin requesting an investigation of misconduct by jail

16  management/supervision wherein it was alleged that serious misconduct was being

17  covered up and/or not addressed, and that supervisors were being directed to falsify

18  reports and/or official documents.

19  **DISCLOSURE OF CONFIDENTIAL RECORDS**

20      39.  On or about February 25, 2021, a purported reporter with the Voice of OC

21  (an online nonprofit media source) sent to Sonia Carvalho, the City Attorney for the City

22  of Santa Ana and Santa Ana Police Department, a Public Records Act (PRA) request

23  seeking, a spreadsheet or breakdown of how many employees at the Santa Ana Police

24  Department have been put on paid administrative leave between 01/01/2016 and

25  2/25/2021. The PRA request included a request for Ms. Carvalho to provide the

26  reasons for the employees being put on paid administrative leave and a breakdown of

27  total costs to the City of Santa Ana incurred by paid administrative leave for Santa Ana

28  Police Department employees between 01/01/2016 and /25/2021.

1    40.    On or about March 26, 2021, without prior notice to the involved
2  employees or the SAPOA and/or without complying with Penal Code §§832.5-832.8
3  and/or Evidence Code §1043-1046, the City Attorney's office, the City of Santa Ana,
4  under the supervision of Defendant Ridge and/or the Santa Ana Police Department,
5  under the supervision of Defendant Valentin, intentionally and purposely produced
6  confidential records from the involved officers' personnel files. It is believed that this
7  disclosure included data that identified the individual officers involved which is a clear
8  violation of Penal Code §832.7(d).

9    41.    Defendants Carvalho, Valentin, Ridge, City of Santa Ana and/or the Santa
10 Ana Police Department are aware that peace officer personnel records are confidential
11 and exempt from disclosure.

12    42.    On or about April 21, 2021, Deputy Chief of Police Eric Paulson, on behalf
13 of Defendant Valentin, conceded in a letter to the Voice of OC that confidential peace
14 officer personnel had been produced to the Voice of OC, including, but not limited to
15 the names of the officers in connection with administrative investigations. Deputy Chief
16 Paulson requested that the confidential records be returned. Plaintiffs are informed and
17 believe, and thereupon allege that after the Voice of OC refused to return the
18 confidential records, Defendants failed to take any action to force the Voice of OC to
19 return the documents.

20    43.    On or about April 27, 2021, Defendants started notifying certain of the
21 impacted officers of the unlawful actions by Defendants. The Notification did not advise
22 the impacted employees of what specific information had been released and did not
23 notify them of any rights they may have. The notices also did not indicate if the
24 Defendants would be taking further action to enforce the employees' rights.

25    44.    Also on or about April 27, 2021, Deputy Chief Paulson informed the Santa
26 Ana Police Officers Association of the Defendants' unlawful disclosure of the
27 confidential peace officer information of members of the Santa Ana Police Officers
28 Association.  The notification of Defendants' unlawful action did not identify to the POA

11

EXHIBIT A
Page 18

1   the names of the impacted members/officers, but simply stated that the effected
2   employees had been notified. As it turned out, when Deputy Chief Paulson claimed, on
3   behalf and presumably at the directions of Defendants, that all affected employees had
4   been notified, the statement was not true and appears to have been an intentional
5   misrepresentation by Defendants to conceal the fact that the notifications to the
6   effected employees had just begun.

7       45.    The Santa Ana Police Officers Association filed a written complaint with
8   the Defendant City Manager Kristine Ridge, and Human Resource Director Jason
9   Motsick requesting that the matter be immediately investigated. Plaintiffs are informed
10  and believe, and thereupon allege that even though the Defendants were required to
11  investigate this matter, as a "citizen complaint" pursuant to Penal Code §§832.5-832.7,
12  Defendants did not investigate nor discipline those city employees responsible for the
13  violations of law.

14      46.    On or about April 28, 2021, a number of affected officers and the Santa
15  Ana Police Officers Association, which has a legal right to represent its members in any
16  and all matters related to their employment with the Santa Ana Police Department,
17  requested copies of any and all communications regarding PRA #21-289, including all
18  e-mails between representatives of the City, Police Department and/or Voice of OC and
19  also requested copies of all records that were produced to the Voice of OC and a list of
20  the impacted officers. Defendants, as part of an ongoing plan and scheme to
21  undermine and interfere with the POA's ability to represent its members, denied the
22  POA's request for copies of the produced records and list of names of impacted
23  employees. Defendants refused to provide copies of the unlawfully released information
24  and/or the list of names of the impacted employees.

25      47.    Also on April 28, 2021, Defendants Motsick, Valentin, Ridge and Carvalho
26  issued a letter wherein they indicated that City was terminating the SAPOA's long
27  standing ability to send emails to communications to all SAPOA members through the
28  City's email system.

12

EXHIBIT A
Page 19

48.     On or about May 3, 2021, Plaintiffs filed a Notice of Claim against Defendants City of Santa Ana, Santa Ana Police Department and Defendant Valentin regarding their unlawful disclosure of confidential peace officer records.

49.     Defendant Ridge and Carvalho have summarily dismissed the complaints from the SAPOA/Serrano regarding the unlawful disclosure of records as just part of Serrano's desire to fix his pension issue.

**FALSE INFORMATION TO CITY COUNCIL MEMBER**

50.     On or about May 12, 2021, the SAPOA/Serrano learned that Santa Ana City Councilmember Penaloza had complained to Defendant Valentin that officers from Valentin's special unit (MET), which is supervised by Sgt. Lizardi, had shined the patrol vehicle's ally lights at him while he was driving on multiple occasions. It was further learned that Defendant Valentin tried to falsely blame the SAPOA and Serrano for the officers' alleged actions.

**COMPLAINT AGAINST VALENTIN**

51.     On or about May 13, 2021, the SAPOA/Serrano filed a complaint on behalf of the members of the SAPOA against Defendant Valentin and his police management similar to that made in November, 2020. SAPOA raised issues regarding unaddressed gender discrimination; unaddressed cover-up of the Culichi Town incident; allegations that Valentin committed perjury in at least one deposition; the inclusion of false information in official personnel records; Jail Managers covering up alleged misconduct by employees and/or falsifying records/reports related to the misconduct; interference in a criminal investigation where a former City Council person was initially listed as the suspect until the officer was directed to change his report; and interference with Association activities and/or representation of members.

52.     In response to the May 13, 2021, complaint, Defendants either failed to initiate an investigation, as required by Penal Code §§832.5-832.7 and/or failed to report to the complainant the outcome of the investigation(s).

53.     Defendant Ridge and Carvalho have summarily dismissed the complaints from

13

EXHIBIT A
Page 20

1  the SAPOA/Serrano as just part of Serrano's desire to fix his pension issue.

2  **CITY MANAGER DISCIPLINARY ACTION**

3  54.  In order to try to silence the SAPOA/Serrano, on or about May 18, 2021,
4  Defendant Ridge issued a disciplinary document entitled "Employee Conduct Warning
5  Letter" to Serrano for acts he undertook as the "advocate and leader of the SAPOA"
6  which Defendant Ridge argued violated the City Charter and police department policies.
7  Under the provisions of Government Code §3300, et seq., this document constituted a
8  written reprimand and punitive actions as that term is used under Government Code
9  §§3303 and 3304.

10  55.  Under the City Charter Defendant Ridge does not have the ability to
11  discipline a police sergeant as she is not the appointing authority for the police
12  department. Therefore, Ridge's actions were outside her official capacity and
13  demonstrated that she was acting in excess of her authority in order to discriminate,
14  harass and retaliate against Serrano and the SAPOA.

15  56.  The May 18, 2021, Employee Conduct Warning Letter specifically initiated
16  punitive action against Serrano, as the President of the SAPOA, for communicating (via
17  text and e-mail) to elected officials raising issues with the management of the Police
18  Department. The Warning Letter also directed Serrano, as the President of the SAPOA
19  not to communicate regarding police management issues with the Santa Ana City
20  Council.

21  57.  Serrano, on May 20, 2021, invoked his rights under POBRA and
22  requested all documentation supporting Defendant Ridge's allegations of misconduct,
23  and all complaints giving rise to the punitive action. Serrano also invoked his right to an
24  administrative appeal under Government Code §3304. Defendants have failed and
25  refused to provide Serrano any documents supporting the allegations contained in
26  Ridge's letter and have refused to afford him any administrative appeal of the punitive
27  action imposed against him.

28  **INVESTIGATION OF SERRANO**

14

58.     On or about May 27, 2021, Defendant Valentin ordered an investigation of Serrano based on alleged comments Serrano made in his capacity as the current President of the SAPOA about a former SAPOA President in October, 2020. The investigation was opened even though legal counsel for the City of Santa Ana indicated, in writing that to the extent Serrano's statements were made as a POA President, Mr. Serrano was not speaking as a police sergeant of the City or the Santa Ana Police Department, and acknowledged that the City was not able to restrict the conduct of the POA and/or its President which relate to the administration of the POA as such action would be a violation of the Meyers-Milias Brown Act. (See Government Code section 3506.5(d).). Counsel for the City acknowledged, therefore, the City was not able to direct Mr. Serrano to engage or not engage in conduct that is done in his capacity as President of the POA in relation to the administration of the POA.

59.     Evidently, the City of Santa Ana had to pay the former POA President and his wife approximately $350,000.00, as Defendants had allegedly retaliated against the former POA President and Defendant Valentin sexually harassed the former POA President's wife. Thereafter, the former POA President, in an effort to obtain more money from the City, alleged that Serrano violated the settlement agreement even though Serrano was not a party to the action or the agreement. On or about October 26, 2020 when the City would not pay any additional money, the former POA President filed a written complaint against Serrano.

60.     It appeared that the City was not going to take action on the frivolous complaint, but Defendant Valentin and possibly others, in order to further retaliate against Serrano and the SAPOA, initiated the investigation nine months later. To this date, Defendants have not notified Serrano of the outcome of the investigation and the one year statute of limitations has expired.

### SEXUAL HARASSMENT ALLEGATIONS

61.     On June 16, 2021, Defendants Motsick and Carvalho scheduled a meeting with Serrano without informing him of the nature of the meeting. Serrano

1    appeared with legal counsel. After arriving Serrano was informed that Defendants
2    Motsick and Carvalho were conducting "fact-finding" regarding allegations they had
3    been made aware of by a third party. The allegation was that Defendant Ridge had
4    sexually harassed Serrano. Being caught off guard, Serrano, on advice of counsel, did
5    not make any statement. It was clear at that point that the City was not protecting
6    Serrano from retaliation by the other Defendants.

7        62.    Even though Serrano had not filed a complaint against Defendant Ridge,
8    Defendants feared that Serrano had disclosed or might disclose information of unlawful
9    activities by Defendant Ridge.

10       63.    As discussed below, it was later learned that approximately a month
11   earlier Ridge "self-reported" the harassment allegations to Defendant Carvalho and her
12   subordinate Defendant Motsick. In a letter to the City Council Ridge was careful in her
13   assertion, making allegations that Serrano had been untruthful and interfered in
14   investigations, but not specifically denying allegations that she sexual harassed
15   Serrano. In that same letter to the City Council Ridge violated state law by disclosing
16   closed session communications with the Council as well as disclosing confidential
17   personnel information about a peace officer to wit, Serrano.

18       64.    Ridge's disclosures to the City Council reveal that Carvahlo and Motsick
19   were not simply conducting a fact finding investigation, but were investigating Ridge's
20   allegations against Serrano who should have been afforded his rights under the Peace
21   Officers Procedural Bill of Rights.

22       65.    On July 7, 2021, Defendant Ridge, fearing the Serrano would report her
23   unlawful activities, directed Serrano to refrain from sending any e-mail communications
24   to her. In essence, Defendant Ridge gave direct orders to the President of the SAPOA
25   not to contact elected officials or herself with any issues or complaint.

26       66.    On July 9, 2021, Plaintiff filed a Notice of Claim (Gov't Code §910, 910.4)
27   with Defendants.

28       67.    On or about July 16, 2021, the City of Santa Ana hired the law firm of

1   Barboza & Associates to assist Motsick in conducting a personnel investigation into
2   Serrano's possible allegations of harassment even though Serrano had not made any
3   such allegations. However, when Plaintiffs tried to determine who retained Barboza,
4   and whether she was working independently or as an agent/attorney for the City, she
5   refused to answer. Plaintiffs made the same inquiry of Defendant Motsick on July 21st,
6   but never received a response.

7       68.    It was later confirmed that Barboza and Associates was hired to provide
8   legal advice to the City regarding the investigations thus creating an attorney-client
9   relationship and a duty of Barboza and Associates to find in a manner to protect their
10  clients. The City specifically prohibited the firm to render any determination about
11  unlawful discrimination, harassment, violation of public policy or any other violations of
12  law or statute. Therefore, there was no reason for Serrano to participate in
13  investigations that could not result in a legal determination.

14      69.    On or about July 19, 2021, Defendant Ridge, trying to minimize her
15  misconduct and redirect attention from the allegations of misconduct against her, sent a
16  letter to the Mayor and City Council falsely claiming that all complaints and tort claims
17  coming from the SAPOA and its members were singularly focused on Serrano's
18  pension issues. In the letter to the Mayor and City Council Ridge revealed confidential
19  personnel file information of Serrano in violation of state law. Ridge also tried to defame
20  Serrano in order to diminish his credibility if he was to come forward with allegations of
21  sexual harassment.

22      70.    It became clear that Ridge's letter dated July 19, 2021, was meant to
23  tarnish Serrano and the SAPOA and to be produced to mass audiences. In fact, on
24  August 3, 2021, the Voice of OC contacted Serrano and advised him that it had been
25  given copies of the letter and the disciplinary letter which outline allegations against him
26  by the City Manager and City Attorney. According to the records they were provided the
27  Voice of OC indicated that both Kristine Ridge and Sonia Carvalho claimed Serrano
28  had caused harm to the city through his pursuit of higher compensation including filing

EXHIBIT A
Page 24

1  unsubstantiated legal claims, threats to 'burn the place down' and 'make disclosures
2  that will hurt people" and asking elected officials to put pressure on the city manager.
3  Ridge and Carvahlo conspired to release confidential communications to the media in
4  violation of Penal Code §§832.5- 832.8 and/or Evidence Code §§1043-1046 and/or the
5  Brown Act.

6      71.    Two days later, even though Ridge had ordered Serrano not to have
7  contact with her, she attempted to contact Serrano on his personal phone. Serrano
8  knew better and did not take the call.

9      72.    On July 29, 2021, the City rejected the Government Tort Claim filed
10  related to the above issues. The City chose not to try to resolve the matter or conduct
11  investigations prior to issuing the rejection. It appears that the Defendants are intent on
12  forcing the parties to litigate the City's liability. The use of Ms. Barboza's services is just
13  to obtain statements in an effort to defend the anticipated lawsuit.

14      73.    The City is believed to have closed its "sexual harassment investigation"
15  of Defendant Ridge without conducting a single interview and without questioning
16  Defendant Ridge regarding her alleged illegal and/or harassing conduct.

17  **SAPOA ASSISTS MEMBERS IN FILING COMPLAINTS**

18      74.    On July 20, 2021, the SAPOA supported the filing of a citizen complaint
19  by one of the Association's members against Defendant Valentin alleging retaliation
20  and creating a hostile working environment for the member that was known to support
21  the SAPOA/Serrano. The Defendants assigned the investigation to an outside
22  investigator, but failed to notify the complainant of the outcome of the investigation.

23      75.    On or about August 19, 2021, the SAPOA supported the filing of a citizen
24  complaint by one of the Association's members against Sgt. Oscar Lizardi for
25  allegations of engaging in intimidation and threats against a member who Lizardi
26  believed supported the SAPOA's vote of no confidence against Defendant Valentin.
27  The Defendants assigned the investigation to an outside investigator, but failed to notify
28  the complainant of the outcome of the investigation.

EXHIBIT A
Page 25

1    76.    On or about August 19, 2021, the SAPOA supported the filing of a citizen
2  complaint by one of the Association members against Sgt. Oscar Lizardi for allegation
3  of witness intimidation related to an internal affairs investigation that Defendant Valentin
4  ordered against a supporter of the SAPOA/Serrano. The Defendants assigned the
5  investigation to an outside investigator, but failed to notify the complainant of the
6  outcome of the investigation.

7                                    **VOTE OF NO CONFIDENCE**

8    77.    On July 8, 2021, Plaintiffs notified Defendant Ridge and Motsick that the
9  Board of Directors had unanimously voted to send out a Vote of No Confidence ballot
10  regarding Defendant Valentin.

11    78.    In August, 2021, the SAPOA Board of Directors issued a Memorandum
12  regarding the Vote and raised a number of issues for the membership to consider.

13    79.    On or about August 25, 2021, Charles Goldwasser, who serves as
14  General Counsel to the Santa Ana Police Officers Association, wrote Defendant
15  Valentin and Defendant Ridge regarding on-duty harassment and verbal pressure
16  against SAPOA members by Sergeant Lizardi.  The conduct interfered with these
17  officers' ability to perform their duties. The Santa Ana Police Officers' Association
18  requested that the City of Santa Ana issue a reminder about this type of on-duty
19  conduct taking place at the Police Department. Plaintiff Serrano, as the President of the
20  SAPOA, followed-up Mr. Goldwasser's communication with an email to Defendant
21  Motsick acknowledging that his members were reporting their working conditions were
22  becoming unbearable and reminding the City that an unchecked hostile work
23  environment, especially where the employees are armed, could result in a bad
24  situations occurring.

25    80.    On August 26, 2021, during a time the SAPOA was considering a "Vote of
26  No Confidence" in Defendant Valentin, Valentin in coordination with Defendants
27  Carvalho, Ridge and Motsick, tried to silence SAPOA President Gerry Serrano by
28  placing him on administrative leave and restricting his access to, and use of, the

EXHIBIT A
Page 26

1  City/Police Department e-mail system. In order to place Serrano on administrative
2  leave, Defendant Valentin, or his underlings, specifically ordered Commander Sorenson
3  to leave the Notice of Administrative Leave/Fitness for Duty Exam at Serrano's
4  residence where it was found by his son.

5       81.    The order to undergo the Fitness for Duty Exam specifically references
6  Mr. Serrano's August 26, 2021, 5:05 a.m., email to Defendant Motsick as the sole basis
7  for the exam. Therefore, because Mr. Serrano decided that it was necessary, as the
8  SAPOA President, to reaffirm the seriousness of the issues, Defendants ordered
9  Serrano to undergo a Fitness for Duty Examination.

10      82.    Serrano, via counsel, objected to the Fitness for Duty Examination as
11  being unlawful. He invoked his rights under Government Code §3300, et seq., including
12  Government Code §3305 and/or Government Code §3306.5 (requesting copies of
13  and/or access to any and all documents being used or have been used to determine
14  that officer's qualifications for employment, promotion, additional compensation, or
15  termination or other disciplinary action).

16      83.    In response to Plaintiff's assertion of rights and request for materials
17  Defendants intentionally falsified a letter to Serrano's attorney by including claims that
18  Serrano had not been ordered to sign any releases. Defendants denied the request for
19  materials.

20      84.    It was subsequently discovered that Defendants did not comply with their
21  own policy regarding Fitness for Duty and/or Fitness for Duty Examinations.

22      85.    Police Commander Sorrenson was ordered not to retrieve department
23  issued equipment from Mr. Serrano at the SAPOA officce, but instead to order him to
24  report to the police station. The applicable Memorandum of Understanding specifically
25  states: "The Association and the City of Santa Ana agree that the Association's
26  representative will not be required to carry out any peace officer's duties during such
27  time that the Association's representative is on such full-time release from duty. The
28  Association's representative will be required to comply with the Rules and Regulations

20

EXHIBIT A
Page 27

1 | of the Santa Ana Police Department as they apply to off-duty employees, except such
2 | representative ill not be required to report for duty for any purpose. Defendants
3 | breached of the MOU by ordering Mr. Serrano to appear for a FFDE and to report to the
4 | police station.

5 | 86.    Moreover, the Police Department Fitness for Duty policy indicates that its
6 | purpose and scope is directly related to the exercise of peace officers powers, but the
7 | MOU releases Mr. Serrano from any such exercise. Furthermore, the Fitness for Duty
8 | policy governs on-duty conduct, not off-duty.

9 | 87.    Plaintiff initiated a grievance, but that matter was futile as it was to be
10 | heard by the City Manager that had ordered Serrano not to have contact with her.
11 | Defendants then had Defendant Motsick conduct the grievance hearing even though he
12 | was the one that initiated the FFDE by claiming Serrano's e-mail was threatening.

13 | 88.    On September 1, 2021, the SAPOA disclosed the results of the Vote of
14 | No Confidence. More than a majority of the members that voted indicated that they had
15 | no confidence in the Chief of Police. That same day Defendant Valentin responded to
16 | the membership vote by targeting Serrano. Defendant Valentin falsely attributed the
17 | SAPOA's actions as Serrano's personal pension dispute and not about the facts giving
18 | rise to the Vote. Defendant Valentin accused Serrano of making false and frivolous
19 | claims, and engaging in crimes and corruption when Defendant Valentin knew these
20 | allegations against Serrano were false.

21 | 89.    With the grievance over the FFDE pending and unresolved, Defendants
22 | *ordered* Serrano to appear for the exam and undergo hours of questioning by the
23 | contract doctor. The Defendants did not pay Serrano for his time at the FFDE
24 | examination.

25 | 90.    On September 14, 2021, Serrano was found to be fit for duty and
26 | removed from administrative leave. After Serrano was found to be fit for duty Defendant
27 | Motsick finally held a grievance meeting and later summarily rejected the grievance.
28 | Finally, even though Plaintiffs raised issues of retaliation and hostile environment

1  Defendants have not even attempted to investigate these claims.  Therefore, Plaintiffs
2  have exhausted all administrative remedies related to the FFDE.

3      91.    Additionally, even though Serrano had been removed from Administrative
4  Leave, the locker assigned to him by the Police Department was secured so Serrano
5  could not access it. It was visible to any person that walked into the locker room that the
6  locker was still being secured by the Department.

7      92.    Plaintiffs request a jury trial on all non-mandamus relief.

8      93.    Plaintiff has no plain, speedy or adequate remedy under the law.
9  Pursuant to Government Code Section 3309.5, Plaintiff need not pursue any
10  administrative remedy in order to address this problem; thus, Plaintiff is excused from
11  or has exhausted his administrative remedies. This court is given initial jurisdiction over
12  this matter pursuant to Government Code §3309.5.

13      94.    To the extent facts, incidents and/or issues described above were learned
14  and/or occurred after Plaintiffs' filed their Government Tort Claim, Plaintiffs only seek
15  mandamus and/or injunctive relief to cure the violations and prevent future violations of
16  a similar nature. Once Plaintiffs has processed and/or the Defendants rejected any
17  such supplemental claim, Plaintiffs will amend this Complaint accordingly.

18                          **VENUE AND JURISDICTION**

19  95.Venue is proper in the Superior Court of the State of California, for the County of
20  Orange in that the underlying acts, omissions, injuries and related facts and
21  circumstances giving rise to the present action occurred in the City of Santa Ana,
22  County of Orange, California. This Court has jurisdiction over the present matter
23  because, as delineated within this complaint, the nature of the claims and amount in
24  controversy meet the requirements of jurisdiction in the Superior Court. This Court is
25  empowered with initial jurisdiction to entertain suits brought pursuant to California
26  Government Code §3300, et seq., and for traditional mandamus action.

27                          **FIRST CAUSE OF ACTION**

28                          Against All Defendants

                                    22

EXHIBIT A
Page 29

## Violation of Government Code §3500, et seq.

96.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a First Cause of Action against all Defendants for violations of Government Code §3500, et seq., re-allege paragraphs 1-95, above, and further allege as follows:

97.  Government Code §3502 provides, in pertinent part, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations.

98.  Government Code §3502.1 provides that "No public employee shall be subject to punitive action or denied promotion, or threatened with any such treatment, for the exercise of lawful action as an elected, appointed, or recognized representative of any employee bargaining unit."

99.  Government Code §3503 provides, in pertinent part, that "Recognized employee organizations shall have the right to represent their members in their employment relations with public agencies."

100.  Government Code §3504 provides, in pertinent part, that the scope of representation shall include all matters relating to employment conditions and employer-employee relations, including, but not limited to, wages, hours, and other terms and conditions of employment.

101.  Government Code §3506 provides that "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under Section 3502."

102.  Government Code §3506.5 provides, in pertinent part, that a public agency shall not do any of the following: (a) Impose or threaten to impose reprisals on employees, to discriminate or threaten to discriminate against employees, or otherwise to interfere with, restrain, or coerce employees because of their exercise of rights guaranteed by this chapter; (b) deny to employee organizations the rights guaranteed to them by this chapter; (d) dominate or interfere with the formation or administration of

23

1  any employee organization, contribute financial or other support to any employee
2  organization, or in any way encourage employees to join any organization in preference
3  to another.

4      103.  Defendants, and each of them, in undertaking the acts and/or omissions
5  listed above, violated the above provisions of the Meyers-Milias-Brown Act (MMBA),
6  including, but not limited to interfering with, intimidating, restraining, coercing and/or
7  discriminating against the SAPOA, Gerry Serrano and/or other public employees who
8  are members of the SAPOA because of their exercise of their rights under this Act.

9      104.  Defendants, and each of them, have engaged in acts and/or omissions, as
10  alleged above, wherein they have 1) subjected Serrano to punitive actions and/or
11  threatened him with said actions; 2) imposed or threatened to impose reprisals on
12  Serrano, 3) discriminated or threatened to discriminated against him; 3) otherwise
13  interfered with, restrained, or coerced Serrano because of his exercise of rights
14  guaranteed by the MMBA, and/or for the exercise of lawful action as an elected,
15  appointed, or recognized representative of any employee bargaining unit..

16      105.  The duty to obey the laws set forth in Government Code §3500, et seq., is
17  a ministerial duty and is not discretionary. By acting, and failing to act, as set forth
18  above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions
19  of defendants, set forth above, demonstrate that defendants' failure to comply with
20  Government Code §3500, et seq., was illegal as a matter of law under Government
21  Code section 1222, which makes a public officer's "willful omission to perform any duty
22  enjoined by law" a misdemeanor.

23      106.  Each and every act listed above, individually or jointly, constitutes a
24  violation of Government Code §3500, et seq., and therefore this court should render
25  appropriate injunctive or other extraordinary relief to remedy the violation and to prevent
26  future violations of a like or similar nature, including, but not limited to, the granting of a
27  temporary restraining order, a preliminary injunction and a permanent injunction, or, in
28  the alternative, a Writ of Mandate prohibiting the Santa Ana Police Department from

1   taking any punitive action against any public safety officer member of the SAPOA.

2   Plaintiffs specifically seek a "make whole" remedy.

3       107.  The above articulated violations were proximately caused by City's

4   deliberate indifference to its employee's violations of the Meyer-Milias Brown Act, and

5   the failure to train and control its officers and representatives on the provisions of these

6   Acts. The violations set forth above were proximity caused by the customs, practices,

7   policies and decisions of the defendants.

8       108.  Unless this court issues a preliminary and permanent injunction enjoining

9   and restraining defendants, and each of them, and their agents, employees and

10   servants, from ordering, requiring, commanding, or taking any other action that will

11   result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his

12   rights, as afforded by Government Code §3500, et seq., will be violated without any

13   remedy being afforded.

14       109.  Plaintiffs have attempted, without success, to exhaust any and all

15   administrative remedies afforded to them to deal with these issues, but such efforts are

16   futile as the named defendants are the ones that make the final decisions via any

17   complaints, grievances or other administrative actions.

18       110.  Plaintiff requests this court to award damages and attorney fees pursuant

19   C.C.P. §1090 and 1095.

20       111.  In bringing this action, Petitioners have sought enforcement of an important

21   right affecting the public interest which will result in the conferring of a significant benefit

22   upon a large class of persons, to wit, public employees, thereby entitling Petitioners to

23   an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24       112.  The actions of defendants, and each of them, were arbitrary and capricious

25   and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

26   Code §800.

27                    **SECOND CAUSE OF ACTION**

28                       Against All Defendants

25

1

Violation of Government Code §3300, et seq.

2  113. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3 Second Cause of Action against all Defendants for violations of Government Code

4 §3300, et seq., relief re-alleges paragraphs 1-112, above, and further allege as follows:

5  114. Government Code §3301 provides, in pertinent part, that "The Legislature

6 hereby finds and declares that the rights and protections provided to peace officers

7 under this chapter constitute a matter of statewide concern. The Legislature further

8 finds and declares that effective law enforcement depends upon the maintenance of

9 stable employer-employee relations, between public safety employees and their

10 employers. In order to assure that stable relations are continued throughout the state

11 and to further assure that effective services are provided to all people of the state, it is

12 necessary that this chapter be applicable to all public safety officers, as defined in this

13 section, wherever situated within the State of California."

14  115. Government Code §3302 provides, in pertinent part, that except as

15 otherwise provided by law, or whenever on duty or in uniform, no public safety officer

16 shall be prohibited from engaging, or be coerced or required to engage, in political

17 activity.

18  116. Government Code §3303 provides, in pertinent part, that when any public

19 safety officer is under investigation and subjected to interrogation by his or her

20 commanding officer, or any other member of the employing public safety department,

21 that could lead to punitive action, the interrogation shall be conducted under the

22 following conditions. For the purpose of this chapter, punitive action means any action

23 that may lead to dismissal, demotion, suspension, reduction in salary, written

24 reprimand, or transfer for purposes of punishment.

25    (a) The interrogation shall be conducted at a reasonable hour, preferably

26    at a time when the public safety officer is on duty, or during the normal

27    working hours for the public safety officer, unless the seriousness of the

28    investigation requires otherwise. If the interrogation does occur during off-

1    duty time of the public safety officer being interrogated, the public safety

2    officer shall be compensated for any off-duty time in accordance with

3    regular department procedures, and the public safety officer shall not be

4    released from employment for any work missed.

5    (b) The public safety officer under investigation shall be informed prior to

6    the interrogation of the rank, name, and command of the officer in charge

7    of the interrogation, the interrogating officers, and all other persons to be

8    present during the interrogation. All questions directed to the public safety

9    officer under interrogation shall be asked by and through no more than

10    two interrogators at one time.

11    (c) The public safety officer under investigation shall be informed of the

12    nature of the investigation prior to any interrogation.

13    (e) The employer shall not cause the public safety officer under

14    interrogation to be subjected to visits by the press or news media without

15    his or her express consent nor shall his or her home address or

16    photograph be given to the press or news media without his or her

17    express consent.

18    (g) The complete interrogation of a public safety officer may be recorded.

19    If a tape recording is made of the interrogation, the public safety officer

20    shall have access to the tape if any further proceedings are contemplated

21    or prior to any further interrogation at a subsequent time. The public safety

22    officer shall be entitled to a transcribed copy of any notes made by a

23    stenographer or to any reports or complaints made by investigators or

24    other persons, except those which are deemed by the investigating

25    agency to be confidential. No notes or reports that are deemed to be

26    confidential may be entered in the officer's personnel file. The public

27    safety officer being interrogated shall have the right to bring his or her own

28    recording device and record any and all aspects of the interrogation.

27

1        117.  Government Code §3304(a) provides that "No public safety officer shall be
2   subjected to punitive action, or denied promotion, or be threatened with any such
3   treatment, because of the lawful exercise of the rights granted under this chapter, or the
4   exercise of any rights under any existing administrative grievance procedure.

5        118.  Government Code §3304(b) provides, in pertinent part, "No punitive action,
6   nor denial of promotion on grounds other than merit, shall be undertaken by any public
7   agency against any public safety officer who has successfully completed the
8   probationary period that may be required by his or her employing agency without
9   providing the public safety officer with an opportunity for administrative appeal."

10       119.  Government Code §3304(d) (1) reads "Except as provided in this
11  subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds
12  other than merit, shall be undertaken for any act, omission, or other allegation of
13  misconduct if the investigation of the allegation is not completed within one year of the
14  public agency's discovery by a person authorized to initiate an investigation of the
15  allegation of an act, omission, or other misconduct. This one-year limitation period shall
16  apply only if the act, omission, or other misconduct occurred on or after January 1,
17  1998. In the event that the public agency determines that discipline may be taken, it
18  shall complete its investigation and notify the public safety officer of its proposed
19  discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that
20  year, except as provided in paragraph (2). The public agency shall not be required to
21  impose the discipline within that one-year period."

22       120.  Government Code §3305 provides that no public safety officer shall have
23  any comment adverse to his interest entered in his personnel file, or any other file used
24  for any personnel purposes by his employer, without the public safety officer having first
25  read and signed the instrument containing the adverse comment indicating he is aware
26  of such comment, except that such entry may be made if after reading such instrument
27  the public safety officer refuses to sign it. Should a public safety officer refuse to sign,
28  that fact shall be noted on that document, and signed or initialed by such officer.

121.  Government Code §3306 reads "A public safety officer shall have 30 days within which to file a written response to any adverse comment entered in his personnel file. Such written response shall be attached to, and shall accompany, the adverse comment."

122. Government Code §3306.5. provides, in pertinent part, that (a) Every employer shall, at reasonable times and at reasonable intervals, upon the request of a public safety officer, during usual business hours, with no loss of compensation to the officer, permit that officer to inspect personnel files that are used or have been used to determine that officer's qualifications for employment, promotion, additional compensation, or termination or other disciplinary action; (b) Each employer shall keep each public safety officer's personnel file or a true and correct copy thereof , and shall make the file or copy thereof available within a reasonable period of time after a request therefor by the officer."

123.  Government Code §3309 provides that "No public safety officer shall have his locker, or other space for storage that may be assigned to him searched except in his presence, or with his consent, or unless a valid search warrant has been obtained or where he has been notified that a search will be conducted. This section shall apply only to lockers or other space for storage that are owned or leased by the employing agency.

124.  Government Code §3309.5(a) provides "It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to him or her by this chapter."

125.  Government Code §3309.5 further provides, in pertinent part, "(d) (1) In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like r similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary injunction, or permanent injunction prohibiting the public safety

1  department from taking any punitive action against the public safety officer" and "(e) In
2  addition to the extraordinary relief afforded by this chapter, upon a finding by a superior
3  court that a public safety department, its employees, agents, or assigns, with respect to
4  acts taken within the scope of employment, maliciously violated any provision of this
5  chapter with the intent to injure the public safety officer, the public safety department
6  shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five
7  thousand dollars ($25,000) to be awarded to the public safety officer whose right or
8  protection was denied and for reasonable attorney's fees as may be determined by the
9  court. If the court so finds, and there is sufficient evidence to establish actual damages
10 suffered by the officer whose right or protection was denied, the public safety
11 department shall also be liable for the amount of the actual damages."

12      126. As described above, Plaintiff Gerry Serrano was the subject of numerous
13 investigations that could result in punitive action. One investigation was conducted by
14 Defendants Carvalho and Motsick after Defendant Ridge complained that Serrano was
15 making false statements about her. Serrano was not told, prior to his interview, that
16 Carvalho would be present, was not informed of the nature of the investigation prior to
17 arriving, was not told, nor afforded the opportunity to record the interview.

18      127. In other administrative investigations conducted under the orders of
19 Defendant Valentin, Serrano was not compensated for his time in the interrogations.

20      128. Defendant Ridge issued punitive action against Serrano and when he
21 sought an administrative appeal and the documents purportedly supporting the punitive
22 action, both requests were denied.

23      129. Defendant Valentin has placed or caused to be placed in Serrano's
24 personnel file and/or files used for personnel purposes adverse comments without
25 affording Serrano the ability to review the documents containing the adverse comments.

26      130. Defendant Valentin has ordered administrative investigations to be
27 conducted well in excess of the one year statute of limitations, and has not provided
28 notice of the investigations or the outcome of the investigations to Serrano.

1  131. Serrano has requested to review documents used for personnel purposes
2  but has been denied the opportunity to do so.

3  132. Serrano has information and believe that his department issued locker
4  and/or other space for storage (including his department issued email storage system)
5  has been searched outside of his presence and/or without his knowledge/consent or
6  valid search warrant.

7  133. Serrano, while acting as the President of the SAPOA, and while off-duty
8  and out of uniform has been prohibited from engaging in political activity.

9  134. Serrano has been threatened with punitive action because of the lawful
10  exercise of the rights granted by Government Code §3300, et seq., and/or exercising
11  rights under existing administrative grievance procedures.

12  135. The duty to obey the laws set forth in Government Code §3300, et seq., is
13  a ministerial duty and is not discretionary. By acting, and failing to act, as set forth
14  above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions
15  of defendants, set forth above, demonstrate that defendants' failure to comply with
16  Government Code §3300, et seq., was illegal as a matter of law under Government
17  Code section 1222, which makes a public officer's "willful omission to perform any duty
18  enjoined by law" a misdemeanor.

19  136. Each and every act listed above, individually or jointly, constitutes a
20  violation of Government Code §3300, et seq., and therefore this court should render all
21  available and proper relief under Government Code §3309.5 to remedy the violations
22  and to prevent future violations of a like or similar nature. Plaintiffs specifically seek a
23  "make whole" remedy.

24  137. For those acts identified in the already filed Government Tort Claim,
25  Plaintiffs further seek all relief afforded under Government Code §3309.5(e).

26  138. The above articulated violations were proximately caused by City's
27  indifference to its employee's violations of the Public Safety Officers Procedural Bill of
28  Rights Act, and the failure to train and control its officers and representatives on the

31

EXHIBIT A
Page 38

1   provisions of this Act. The violations set forth above were proximity caused by the
2   customs, practices, policies and decisions of the defendants.

3       139.  Unless this court issues a preliminary and permanent injunction enjoining
4   and restraining defendants, and each of them, and their agents, employees and
5   servants, from ordering, requiring, commanding, or taking any other action that will
6   result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
7   rights, as afforded by Government Code §3300, et seq., will be violated without any
8   remedy being afforded.

9       140.  Plaintiffs have attempted, without success, to exhaust any and all
10  administrative remedies afforded to them to deal with these issues, but such efforts are
11  futile as the named defendants are the ones that make the final decisions via any
12  complaints, grievances or other administrative actions. Moreover, pursuant to
13  Government Code §3309.5, Plaintiffs are not required to exhaust administrative
14  remedies.

15      141.  Plaintiff requests this court to award damages and attorney fees pursuant
16  to C.C.P. §1090 and 1095.

17      142.  In bringing this action, Petitioners have sought enforcement of an important
18  right affecting the public interest which will result in the conferring of a significant benefit
19  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
20  an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

21      143.  The actions of defendants, and each of them, were arbitrary and capricious
22  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
23  Code §800.

### THIRD CAUSE OF ACTION

#### Against All Defendants

#### Violation of Constitutional Right to Freedom of Speech

27      144.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
28  Third Cause of Action against all Defendants for violations of Plaintiffs' right to freedom

32

1  of speech and writing, freedom to instruct their representative, freedom to petition
2  government for redress of grievances, and to consult for the common good, re-allege
3  paragraphs 1-143, above, and further allege as follows:

4        145.  While the U.S. Constitution grants citizens protections for free speech
5  under the First Amendment to the U.S. Constitution, which are enforced via 42 USC
6  §1983, the California Constitution also protects this right. Article I, Section 2 of the
7  California Constitution states that "[e]very person may freely speak, write and publish
8  his or her sentiments on all subjects, being responsible for the abuse of this right. . . ."
9  Article I, Section 3 of the California Constitution states "[T]he people have the right to
10  instruct their representatives, petition government for redress of grievances, and
11  assemble freely to consult for the common good.

12        146.  Defendants, and each of them, have engaged in acts and/or omissions to
13  violate Plaintiffs right to freedom to speak, write and publish their sentiments, and/or
14  their ability to petition government for redress of grievances, assemble and to consult
15  for the common good.

16        147. The duty to obey the laws set forth in state and federal laws is a ministerial
17  duty and is not discretionary. By acting, and failing to act, as set forth above,
18  defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
19  defendants, set forth above, demonstrate that defendants' failure to comply with the
20  California Constitution wherein it enjoins certain acts; therefore, defendants actions
21  were illegal as a matter of law under Government Code section 1222, which makes a
22  public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

23        148.  Each and every act listed above, individually or jointly, constitutes a
24  violation of Plaintiffs' speech rights and/or the California Constitution and therefore this
25  court should render all available and proper relief to remedy the violations and to
26  prevent future violations of a like or  similar nature. Plaintiffs specifically seek a "make
27  whole" remedy.

28        149.  For those acts identified in the already filed Government Tort Claim,

Plaintiffs further seek all available monetary damages and statutory penalties. For those acts not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs seek injunctive and/or mandamus remedies.

150.  The above articulated violations were proximately caused by City's deliberate indifference to its employees' violations law, and the failure to train and control its officers and representatives on the provisions of law referenced above. The violations set forth above were proximity caused by the customs, practices, policies and decisions of the defendants.

151.  Unless this court issues a preliminary and permanent injunction enjoining and restraining defendants, and each of them, and their agents, employees and servants, from ordering, requiring, commanding, or taking any other action that will result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his rights will be violated without any remedy being afforded.

152.  Plaintiffs have attempted, without success, to exhaust any and all administrative remedies afforded to them to deal with these issues, but such efforts are futile as the named defendants are the ones that make the final decisions via any complaints, grievances or other administrative actions.

153.  Plaintiffs request this court to award damages and attorney fees as provided by law, including pursuant to C.C.P. §1090 and 1095.

154. In bringing this action, Petitioners have sought enforcement of an important right affecting the public interest which will result in the conferring of a significant benefit upon a large class of persons, to wit, public employees, thereby entitling Petitioners to an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

155.  The actions of defendants, and each of them, were arbitrary and capricious and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government Code §800.

## **FOURTH CAUSE OF ACTION**

### Against All Defendants

34

1

<u>Violation of Labor Code §1101-1102.5</u>

2    156. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
3  Fourth Cause of Action against all Defendants for violation of provisions of the Labor
4  Code re-alleges paragraphs 1-95, above, and further allege as follows:

5    157. Labor Code section 1101 provides, in pertinent part, that no employer shall
6  make, adopt, or enforce any rule, regulation, or policy: (a) Forbidding or preventing
7  employees from engaging or participating in politics...(b) Controlling or directing, or
8  tending to control or direct the political activities or affiliations of employees.

9    158. Labor Code §1102 provides "No employer shall coerce or influence or
10 attempt to coerce or influence his employees through or by means of threat of
11 discharge or loss of employment to adopt or follow or refrain from adopting or following
12 any particular course or line of political action or political activity.

13   159. Labor Code §1102.5 provides that (a) An employer, or any person acting
14 on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or
15 policy preventing an employee from disclosing information to a government or law
16 enforcement agency, to a person with authority over the employee, or to another
17 employee who has authority to investigate, discover, or correct the violation or
18 noncompliance, or from providing information to, or testifying before, any public body
19 conducting an investigation, hearing, or inquiry, if the employee has reasonable cause
20 to believe that the information discloses a violation of state or federal statute, or a
21 violation of or noncompliance with a local, state, or federal rule or regulation, regardless
22 of whether disclosing the information is part of the employee's job duties. (b) An
23 employer, or any person acting on behalf of the employer, shall not retaliate against an
24 employee for disclosing information, or because the employer believes that the
25 employee disclosed or may disclose information, to a government or law enforcement
26 agency, to a person with authority over the employee or another employee who has the
27 authority to investigate, discover, or correct the violation or noncompliance, or for
28 providing information to, or testifying before, any public body conducting an

1   investigation, hearing, or inquiry, if the employee has reasonable cause to believe that
2   the information discloses a violation of state or federal statute, or a violation of or
3   noncompliance with a local, state, or federal rule or regulation, regardless of whether
4   disclosing the information is part of the employee's job duties.

5       160.   Sections 1101 and 1102 protect "the fundamental right of employees in
6   general to engage in political activity without interference by employers." (*Gay Law*
7   *Students Assn*., 24 Cal.3d at 487 (quoting *Fort v. Civil Service Commission* (1964) 61
8   Cal.2d 331, 335).)

9       161.   As shown by the facts pled above, Defendants, and each of them, have
10  engaged in acts and/or omissions that violated Labor Code §§1101 and/or 1102 to the
11  detriment of Plaintiff Serrano, Plaintiff SAPOA, and those members of the SAPOA that
12  support the SAPOA's actions.

13      162.   Defendants, and each of them, have engaged in retaliation against both
14  Plaintiffs for disclosing information, or because the employer believed that the
15  employee disclosed or may disclose information, to a government or law enforcement
16  agency, to a person with authority over the employee or another employee who has the
17  authority to investigate, discover, or correct the violation or noncompliance, or for
18  providing information to, or testifying before, any public body conducting an
19  investigation, hearing, or inquiry, wherein the employee had reasonable cause to
20  believe that the information disclosed a violation of state or federal statute, or a violation
21  of or noncompliance with a local, state, or federal rule or regulation.

22      163.   As a proximate result of Defendants willful, knowing and intentional
23  violations of the Labor Code sections referenced above, Plaintiff Serrano has suffered
24  and continues to suffer substantial losses in earnings and/or other employment
25  benefits. As a legal result of the conduct of Defendants, and each of them, Plaintiff has
26  suffered and will continue to suffer distress, suffering, anguish, fright, nervousness,
27  grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and
28  indignity, as well as other unpleasant reactions, damages to reputation, and other non-

EXHIBIT A
Page 43

1  economic damages, in a sum to be ascertained according to proof. Said damages are
2  of the type that any person would suffer as result of the illegal and wrongful conduct of
3  Defendants; Plaintiff does not claim that he has suffered any psychiatric illness as a
4  result of the conduct of Defendants. Plaintiff Serrano further seeks to recover all wages
5  and benefits that Plaintiff would have earned if not discriminated against, retaliated
6  against, or unlawfully harmed in amount to be proven at trial.

7      164.  Plaintiff SAPOA has incurred damages in the form of attorney fees, costs
8  and nominal damages because of Defendants' violations of the Labor Code section
9  cited above.

10      165.  The duty to obey the Labor Code sections set forth above is a ministerial
11  duty and is not discretionary. By acting, and failing to act, as set forth above,
12  defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
13  defendants, set forth above, demonstrate that defendants' failure to comply with the
14  California Constitution wherein it enjoins certain acts; therefore, defendants actions
15  were illegal as a matter of law under Government Code section 1222, which makes a
16  public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

17      166.  The acts listed above, individually or jointly, constitute a violation of
18  Plaintiffs' rights under the Labor Code and therefore this court should render all
19  available and proper relief to remedy the violations and to prevent future violations of a
20  like or similar nature. Plaintiffs specifically seek a "make whole" remedy.

21      167.  For those acts identified in the already filed Government Tort Claim,
22  Plaintiffs seek all available monetary damages and statutory penalties. For those acts
23  not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs seek
24  injunctive and/or mandamus remedies. Plaintiffs are in the process of satisfying the
25  Government Tort Claim requirement for those acts or omissions that were learned of
26  and/or took place after the initial Tort Claim was filed and rejected; upon completion of
27  that process, Plaintiffs will seek leave to amend the complaint to seek damages and/or
28  civil penalties for the additional acts that recently occurred or were learned of.

1       168.  The above articulated violations were proximately caused by City's
2  deliberate indifference to its employees' violations law, and the failure to train and
3  control its officers and representatives on the provisions of law referenced above. The
4  violations set forth above were proximity caused by the customs, practices, policies and
5  decisions of the defendants.

6       169.  Unless this court issues a preliminary and permanent injunction enjoining
7  and restraining defendants, and each of them, and their agents, employees and
8  servants, from ordering, requiring, commanding, or taking any other action that will
9  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
10  rights will be violated without any remedy being afforded.

11       170.  Plaintiffs have attempted, without success, to exhaust any and all
12  administrative remedies afforded to them to deal with these issues, but such efforts are
13  futile as the named defendants are the ones that make the final decisions via any
14  complaints, grievances or other administrative actions.

15       171.  Plaintiff requests this court to award damages and attorney fees as
16  provided by law, including pursuant to C.C.P. §1090 and 1095.

17       172.  In bringing this action, Plaintiffs have sought enforcement of an important
18  right affecting the public interest which will result in the conferring of a significant benefit
19  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
20  an award of attorneys' fees pursuant to Code of Civil Procedure §1021 .5.

21       173. The actions of defendants, and each of them, were arbitrary and capricious
22  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
23  Code §800.

24                                 **FIFTH CAUSE OF ACTION**

25          Against City, Police Department, Valentin, Ridge and Carvalho

26        Violation of Penal Code §§832.5-832.8/Evidence Code §1043-1046

27       174.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
28  Fifth Cause of Action against all Defendants for violations of Penal Code §§832.5-832.8

EXHIBIT A
Page 45

1   and/or Evidence Code §§1043-1046 re-alleges paragraphs 1-95, above, and further
2   allege as follows:

3        175.   Penal Code 832.5(a) (1) provides "Each department or agency in this state
4   that employs peace officers shall establish a procedure to investigate complaints by
5   members of the public against the personnel of these departments or agencies, and
6   shall make a written description of the procedure available to the public."
7   176.Penal Code §832.7(f) (1) mandates that "The department or agency shall provide
8   written notification to the complaining party of the disposition of the complaint within 30
9   days of the disposition."

10       177.   The City of Santa Ana and Santa Ana Police Department have established
11  and published procedures for receiving and investigating complaints. The established
12  procedures state that complaints will investigated and the party submitting the
13  complaint will be notified of the results by mail.

14       178.   The procedure for addressing citizen complaints that the department has
15  established and published obligated the department to conduct an investigation into the
16  allegations of the complaint that was sufficient to allow a decision-maker make one of
17  four possible findings, and the procedure obligated the Chief of Police to make one of
18  those findings with respect to each allegation of misconduct. Defendants did not comply
19  with these obligations and Plaintiffs are entitled to a writ of mandate compelling
20  defendants to perform their ministerial duty to satisfy the obligations imposed by the
21  department's published procedure. (See *Galzinski v. Somers*, (2016) 2 Cal.App.5th
22  1164).

23       179.   Plaintiffs filed complaints and requests for investigations and Defendants
24  failed to either investigate the allegations of misconduct (which were also violations of
25  state law and possible misdemeanor offenses) and/or refused to notify Plaintiff SAPOA
26  of the outcome of the investigation.

27       180.   Defendants had a ministerial duty to investigate the SAPOA's and/or
28  Serrano's citizen's complaint and to render a finding on that complaint in compliance

1 │ with the complaint procedure the department established and made public pursuant to
2 │ subdivision (a)(1) of Penal Code section 832.5. (See *Gregory v. State Bd. of Control*
3 │ (1999) 73 Cal.App.4th 584 ('[a] public entity has a ministerial duty to comply with its
4 │ own rules and regulations where they are valid and unambiguous); *Pozar v. Department*
5 │ *of Transportation* (1983) 145 Cal.App.3d 269 (a writ of mandate may be issued to
6 │ compel a public agency to follow its own internal procedures.).

7 │     181. A writ of mandate may be issued by any court to any inferior tribunal,
8 │ corporation, board, or person, to compel the performance of an act which the law
9 │ specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., §
10 │ 1085, subd. (a).) Indeed, "[t]he writ must be issued in all cases where there is not a
11 │ plain, speedy, and adequate remedy, in the ordinary course of lawupon the verified
12 │ petition of the party beneficially interested." (Id. , § 1086.) In essence, "[m]andamus lies
13 │ to compel the performance of a clear, present, and ministerial duty where the petitioner
14 │ has a beneficial right to performance of that duty." (*Carrancho v. California Air*
15 │ *Resources Board* (2003) 111 Cal.App.4th 1255 1265) "A duty is ministerial when it is
16 │ the doing of a thing unqualifiedly required." (*Redwood Coast Watersheds Alliance v.*
17 │ *State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 970).

18 │     182. Plaintiffs seek a writ of mandate commanding Defendants to investigate
19 │ Plaintiff's complaint regarding the release of the confidential information and to inform
20 │ Plaintiff of the outcome of that investigation. Plaintiff further seeks an order of the court
21 │ mandating that Defendants, and each of them, fully investigate any and all complaints
22 │ made to the City of Santa Ana/Santa Ana Police Department regarding the misconduct
23 │ of police department employees/officials.

24 │     183. Furthermore, Penal Code §832.5-832.8 requires Defendants to maintain as
25 │ confidential peace officer personnel files/information. The only manner in which the
26 │ information can be released to third parties is through compliance with Evidence Code
27 │ §§1043-1046.

28 │     184. Plaintiff Serrano was issued punitive action by Defendant Ridge, and then

1  Defendant Ridge and/or Carvalho released copies of the punitive action to elected
2  Council members and media sources without complying with the legal requirements set
3  forth above.

4  185.  The duty to obey the laws set forth in Penal Code § §832.5-832.8 and/or
5  Evidence Code §§1043-1046, is a ministerial duty and is not discretionary. By acting,
6  and failing to act, as set forth above, defendants have violated a ministerial duty.
7  Moreover, the acts and/or omissions of defendants, set forth above, demonstrate that
8  defendants' failure to comply with Penal Code §§832.5-832.8 and/or Evidence Code
9  §1043-1046 was illegal as a matter of law under Government Code section 1222, which
10  makes a public officer's "willful omission to perform any duty enjoined by law" a
11  misdemeanor.

12  186.  As a result of Defendants' unlawful action, Plaintiff Serrano has suffered
13  and will continue to suffer distress, suffering, anguish, fright, nervousness, grief,
14  anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,
15  damages to reputation, and other non-economic damages, in a sum to be ascertained
16  according to proof. Said damages are of the type that any person would suffer as result
17  of the illegal and wrongful conduct of Defendants; Plaintiff does not claim that he has
18  suffered any psychiatric illness as a result of the conduct of Defendants.

19  187.  Plaintiffs have no plain, speedy or adequate remedy under the law.
20  Plaintiffs have attempted to exhaust all administrative remedies to redress the violation
21  of their rights.

22  188.  Plaintiffs request this court to award ancillary damages pursuant to C.C.P.
23  §1090 and 1095.

24  189.  The actions of defendants, and each of them, were arbitrary and capricious
25  and, therefore, Plaintiffs are entitled to recover attorneys' fees pursuant to Government
26  Code §800.

27  190.  The success of Plaintiffs in this action will result in the enforcement of an
28  important right affecting the public interest in that a significant benefit will be conferred

1   on a large class of persons, that is, public employees, and the necessity and financial

2   burden of private enforcement of said benefit are such as to make appropriate the

3   award of attorney fees pursuant to California Code of Civil Procedure §1021.5.

### SIXTH CAUSE OF ACTION

(Violation of FEHA (Government Code § 12900, et seq.)

Retaliation for Engaging in Protected Activity

(Against City of Santa Ana/Santa Ana Police Department)

8   191.  The allegations set forth in paragraphs 1 through 190 are re-alleged and

9   incorporated herein by reference.

10   192.  Plaintiffs filed complaints with the City of Santa Ana, via Defendant Ridge

11   and/or Motsick regarding allegations of gender discrimination and/or harassment.

12   Furthermore, Defendants Ridge, Motsick and Carvalho believed that Plaintiffs had or

13   would file complaints against Ridge for allegations of sexual harassment. In retaliations

14   for Plaintiffs filing complaints, and/or the fear that additional complaints would be made,

15   defendants engaged in actions such as issuing punitive action, causing Plaintiff Serrano

16   to be subject to improper investigations, placed on administrative leave, and/or to

17   implement other adverse employment action against Plaintiff Serrano.

18   193.  Plaintiffs complained to Defendants about the inappropriate actions

19   (discrimination, harassment and/or retaliation), but nothing was done and the retaliation

20   continued unabated. On the basis of the above, Plaintiffs believe and allege that

21   Defendants retaliated against them for their complaints of gender discrimination, sexual

22   harassment, and/or retaliation.

23   194.  Plaintiffs reporting of unlawful actions were motivating factors in

24   Defendants' decision not to implement adverse employment actions against Plaintiff

25   Serrano.

26   195.  Defendants' conduct, as alleged, violated the Fair Employment and

27   Housing Act, Government Code section 12900, et seq., and Defendants committed

28   unlawful employment practices.

42

EXHIBIT A
Page 49

196.  As a proximate result of Defendants' willful, knowing, and intentional discrimination/harassment/retaliation against Plaintiff, Plaintiff has sustained and continues to sustain damages, humiliation, distress, pain and anguish, all to his damage in a sum according to proof.

197.  Plaintiffs have incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiffs are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

198.  Plaintiffs further request that the Court render appropriate injunctive or other extraordinary relief to remedy these violations and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a permanent injunction requiring the Defendants, upon receiving notification of conduct which may violate the California Department of Fair Employment and Housing regulations or California whistleblower statutes, to promptly conduct a fair and thorough investigation into the allegations and not allow retaliatory actions to be taken against the employees.

199.  Plaintiff requests this court to award ancillary damages pursuant to C.C.P. §1090 and 1095.

200.  The actions of defendants, and each of them, were arbitrary and capricious and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government Code §800.

201.  The success of Plaintiff in this action will result in the enforcement of an important right affecting the public interest in that a significant benefit will be conferred on a large class of persons, that is, public employees, and the necessity and financial burden of private enforcement of said benefit are such as to make appropriate the award of attorney fees pursuant to California Code of Civil Procedure §1021.5

202.  Plaintiff obtained a Right to Sue letter from the DFEH, and served the same on defendants via the City Clerk's office.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them

43

EXHIBIT A
Page 50

1 | as follows:

2 | <div align="center">FIRST CAUSE OF ACTION</div>

3 |     1. Any and all appropriate injunctive or other extraordinary relief afforded under
4 | Government Code §3500, et seq., to remedy the violation and to prevent future
5 | violations of a like or similar nature, including, but not limited to, the granting of a
6 | temporary restraining order, preliminary injunction, or permanent injunction prohibiting
7 | Defendants, and each of them, and their agents, representatives, employees, servants
8 | and/or investigators from violating Government Code §3500, et seq.

9 |     2. For those matters already identified in Plaintiffs' Government Tort Claims,
10 | any and all damages and/or civil penalties afforded under the law.

11 | <div align="center">SECOND CAUSE OF ACTION</div>

12 |     3. Any and all appropriate injunctive or other extraordinary relief afforded under
13 | Government Code §3309.5(d) to remedy the violation and to prevent future violations of
14 | a like or similar nature.

15 |     4. For those matters already identified in Plaintiffs' Government Tort Claims, any
16 | and all damages and/or civil penalties afforded under the law.

17 | <div align="center">THIRD CAUSE OF ACTION</div>

18 |     5. Any and all appropriate injunctive or other extraordinary relief afforded under
19 | the law to remedy the violation and to prevent future violations of a like or similar
20 | nature.

21 |     6. For those matters already identified in Plaintiffs' Government Tort Claims, any
22 | and all damages and/or civil penalties afforded under the law.

23 | <div align="center">FOURTH CAUSE OF ACTION</div>

24 |     7. Any and all appropriate injunctive or other extraordinary relief afforded under
25 | the law to remedy the violation and to prevent future violations of a like or similar
26 | nature.

27 |     8. For those matters already identified in Plaintiffs' Government Tort Claims, any
28 | and all damages and/or civil penalties afforded under the law.

<div align="center">44</div>

1                 FIFTH CAUSE OF ACTION

2       9. A declaration of the Court that the Defendants violated Penal Code §832.5-

3 832.7 and/or Evidence Code §§1043-1046 and that Plaintiffs are entitled to the full

4 relief afforded under Penal Code §832.5-832.7 and/or Evidence Code §§1043-1046.

5       10. Any and all appropriate injunctive or other extraordinary relief afforded under

6 the law to remedy the violation and to prevent future violations of a like or similar

7 nature.

8       11. For those matters already identified in Plaintiffs' Government Tort Claims,

9 any and all damages and/or civil penalties afforded under the law.

10                 SIXTH CAUSE OF ACTION

11       12. Any and all appropriate injunctive or other extraordinary relief afforded under

12 the law to remedy the violation and to prevent future violations of a like or similar

13 nature.

14       13. For those matters already identified in Plaintiffs' Government Tort Claims,

15 any and all damages and/or civil penalties afforded under the law.

16                 ALL CAUSES OF ACTION

17       14. An award ancillary damages pursuant to C.C.P. §1090 and 1095.

18       15. For all matters covered by Plaintiffs' Government Tort Claim(s), all damages

19 which the Plaintiffs have sustained as a result of Defendants' conduct, including general

20 damages for pain, suffering, distress, and special damages for lost compensation,

21 including back, front pay, job benefits that he would have received but for the

22 discriminatory practices of Defendants, damages for anguish, fright, nervousness, grief,

23 anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,

24 as well as other unpleasant physical, mental, and emotional reactions ordinarily to be

25 expected, damages to reputation, and other non-economic damages, to the extent

26 permitted by law and in a sum to be ascertained according to proof;

27       16. For all matters covered by Plaintiffs' Government Tort Claim(s), other actual,

28 consequential, and/or incidental damages, and/or statutory penalties in a sum to be

EXHIBIT A
Page 52

1    ascertained according to proof;

2        17. Attorneys' fees pursuant to Government Code §800.

3        18.  Attorney fees pursuant to California Code of Civil Procedure §1021.5

4        19.  Attorney fees as provided by any other law and/or statutes

5        20. That Defendants takes nothing by virtue of this action;

6        21.  For cost of suit and attorney's fees incurred herein; and

7        22. For such other and further relief as the Court may deem just and proper/

8

9    DATED: November ___, 2021        COREY W. GLAVE, ATTORNEY AT LAW

10                                      By:_____

11                                          Corey W. Glave
                                               Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## **VERIFICATION**

The undersigned declares as follows:


I am the attorney of record for all plaintiffs in this action.  I am verifying this Complaint on the basis that all named plaintiffs are absent from the county where I have my office.  I have read the foregoing COMPLAINT, and know the contents thereof.  The contents are true, except as to the matters which are therein stated on information or belief, and as to those matters I believe them to be true and Plaintiffs are acting in good faith in bringing forward such allegations.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/S/    Corey Glave

_____

COREY GLAVE

47

COMPLAINT

**EXHIBIT B**

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

CLERK OF THE COUNCIL
NOV 10 '21 AM 11:43

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277  (323) 547-0472

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | American LegalNet, Inc. | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|
| Judicial Council of California | | www.FormsWorkflow.com | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | | |

EXHIBIT B
Page 55

<div align="right">**SUM-200(A)**</div>

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Santa Ana POA/Serrano v. City of Santa Ana, et al | |

<div align="center">**INSTRUCTIONS FOR USE**</div>

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a seperate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant
SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

**Page 1 of 1**

<div align="center">**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**</div>

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT B
Page 56

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF: Santa Ana Police Officers Association et.al. | |
| DEFENDANT: City of Santa Ana et.al. | **Nov 8, 2021** |
| Short Title: SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA | Clerk of the Court<br>By: **Jessica Duarte**, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/09/2022</u> at <u>09:00:00 AM</u> in Department <u>C20</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _____ , Deputy

**NOTICE OF HEARING**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2021-01230129-CU-OE-CJC** |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>11/08/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>11/09/2021</u>.

Clerk of the Court, by: _____ , Deputy

COREY W GLAVE
632 S. GERTRUDA
REDONDO BEACH, CA 90277

V3 1013a (June 2004)   Code of Civil Procedure , § CCP1013(a)

EXHIBIT B
Page 58

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Corey W. Glave  (SBN164746)
Attorney at Law
632 S. Gertruda Ave.
Redondo Beach, CA 90277

TELEPHONE NO.: 323-547-0472    FAX NO.: n/a

ATTORNEY FOR *(Name):*  Plaintiffs SAPOA/Serrano

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**

STREET ADDRESS: 700 Civic Center Plaza

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice

CASE NAME: SAPOA/Serrano v. City of Santa Ana, et al

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited**    ☐ **Limited** (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ **Counter**    ☐ **Joinder** <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* 6:MMBA; POBRA; Speech; Labor Code; Penal Code 832.5-832.8; Retaliation
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November7, 2021

Corey W. Glave
(TYPE OR PRINT NAME)

▶ /s/ Corey W. Glave
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT B
Page 59

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT B
Page 60

**EXHIBIT C**

Electronically Filed by Superior Court of California, County of Orange, 12/10/2021 06:09:00 PM.
30-2021-01230129-CU-OE-CJC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By Karla Macias, Deputy Clerk.
Case 30-2021-01230129-CU-OE-CJC - ROA # 12 - David H. Yamasaki, Clerk of the Court Page 64 of 305 - Page ID #:64

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
  E-Mail: Soojin.Kang@lewisbrisbois.com
ANDREA L. STEFFAN, SB# 332596
  E-Mail: Andrea.Steffan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

Attorneys for Specially-Appearing Defendant
City of Santa Ana

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES 1 – X, inclusive, <br><br> Defendants. | Case No. 30-2021-01230129-CU-OE-CJC <br><br> [Assigned to Honorable Lon Hurwitz Dept. 20] <br><br> **SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Filed concurrently with Declaration of Andrea L. Steffan and Exhibit Attached Thereto; [Proposed] Order] <br><br> Date: April 20, 2022 <br> Time: 1:30 p.m. <br> Dept: 20 <br><br> Reservation No.: 73661593 <br><br> Action Filed: 11/08/2021 <br> Trial Date: None Set |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 20, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in Department 20 of the above-referenced Court, located at 700 W Civic Center Dr, Santa Ana, CA 92701, Specially-Appearing Defendant City of Santa Ana

4891-3647-7190.1
1
SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 61

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ("City") will, and hereby does, move to quash service of summons upon it. This Motion is made

2  pursuant to Code of Civil Procedure section 418.10, subdivision (a)(1) on the ground that the

3  Court lacks personal jurisdiction over City. City does not consent to the jurisdiction of the Court

4  by its special appearance to contest personal jurisdiction. (Code Civ. Proc., § 418.10, subd. (d).)

5          This Motion is based upon the Notice of Motion, the attached Memorandum of Points and

6  Authorities, the Declaration of Andrea L. Steffan and attached exhibit, the pleadings and records

7  on file herein, and such other matter, oral or documentary, as the Court may consider at the time it

8  rules upon this Motion.

9  DATED:  December 10, 2021              Respectfully Submitted,

10                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                                        By: _____
                                               JEFFREY S. RANEN
14                                             SOOJIN KANG
                                               ANDREA L. STEFFAN
15                                             Attorneys for Specially-Appearing Defendant City
                                               of Santa Ana
16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT C
Page 62

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On November 8, 2021, Plaintiffs Santa Ana Police Officers Association ("SAPOA") and Gerry Serrano ("Serrano" collectively "Plaintiffs") filed an action alleging violation of the Meyers Milias Brown Act Gov. Code § 3500 et seq.; violation of the Public Safety Officers Procedural Bill of Rights ("POBRA"), Gov. Code § 3300, et. seq.; violation of Freedom of Speech; violation of Labor Code §§ 1102 and 1102.5; violation of Penal Code §§ 832.5-832.8 and Evidence Code §§ 1-43-1046; and retaliation under the Fair Employment and Housing Act against defendants City of Santa Ana ("City"); Santa Ana Police Department; David Valentin, Chief of Police; Kristin Ridge, City Manager; Sonia Carvalho, City Attorney; Jason Motsick, Director of Human Resources; and Does I-X (collectively "Defendants").  On November 10, 2021, Plaintiffs attempted to serve some or all of the Defendants by delivering a patently defective summons, notice of case management conference, civil case cover sheet, and complaint to the Santa Ana City Hall.

Specially-appearing defendant City brings this Motion to Quash pursuant to *Code of Civil Procedure* section 418.10(a)(1) on the ground that this Court lacks personal jurisdiction over City because City has not been served with a summons as required by *Code of Civil Procedure* section 410.50.  The summons served upon Defendants is patently defective as it was not signed by the clerk of the court as required by *Code of Civil Procedure* section 412.20(a). (See Declaration of Andrea L. Steffan ("Steffan Decl."), ¶3, Ex. A at p. 1 (summons and other documents purportedly served upon City and/or Defendants).  The summons is further defective because it does not indicate who was served or by what method.  (Steffan Decl., ¶4; Ex. A at p. 1-2.)  Because the summons is patently defective, City has not been served with a summons and this Court does not have personal jurisdiction over it.  Consequently, City specially appears and respectfully requests that this Court quash service of the defective summons.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4891-3647-7190.1

3

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 63

1

## II.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER CITY OF SANTA ANA

"Personal jurisdiction is conferred only where the statutory requirements for service of process are fulfilled." (*Stancil v. Superior Court* (2021) 11 Cal. 5th 381, 397 (citing *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557).)  Under the Code, "the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 (commencing with Section 413.10)." (*Code Civ. Proc.*, § 410.50.) A summons "shall be directed to the defendant, signed by the clerk and issued under the seal of the court in which the action is pending." (*Code Civ. Proc.*, § 412.20.)  Because a summons is the process by which a court acquires personal jurisdiction over a party "a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." (*Mannesmann Demag v. Superior Court* (1985) 172 Cal. App. 3d 1118, 1122-23.)  Importantly, "[s]ervice of a substantially defective summons does not confer jurisdiction over a party." (*MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557.)  Here, the summons Plaintiffs attempted to serve upon City is not signed by the clerk of the court or issued under seal of this Court making it patently defective under *Code of Civil Procedure* section 412.20.  (Steffan Decl., ¶3, Ex. A at p. 1.)

In addition to Plaintiffs' failure to comply with Code of Civil Procedure section 412.20, the summons served is further defective in that it fails to confer notice on any party it has been served.  Notice of a claim against them is given to a defendant in a civil action "by service of a summons on the person." (*Renoir v. Redstar Corp*. (2004) 123 Cal.App.4th 1145, 1152.)  In *MJS Enterprises* an employee of the defendant was served with a summons on which the "Notice to the Person Served" section stated he was being served as an individual, but Plaintiff filed a proof of service indicating that service had been on MJS Enterprises.  (*MJS Enterprises* at 557.)  The court found that although MJS Enterprises had actual notice of the litigation the court did not have personal jurisdiction over MJS Enterprises because "[n]otice of the litigation does not confer personal jurisdiction absent substantial compliance with the statutory requirements for service of summons." (*Id*.)  The summons was "fatally defective" because (1) it did not contain the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 64

1   mandatory notice under Code of Civil Procedure section 412.30 that a corporation was being

2   served (the box in the "Notice to the Person Served" section was not checked and no corporate

3   name was listed) and (2) it did "not otherwise in any manner indicate an attempt to assert judicial

4   power over defendant." (*Id*. at 558.)

5          Similarly, in *Mannesmann Demag* none of the checkboxes in the "Notice to the Person

6   Served" section were checked and the court found "the summons was so incomplete on its face as

7   to render it ineffective to impart notice to its recipient." (*Mannesmann Demag* at 1122, 1124.)

8   Here the summons served lists every named and Doe defendant and as in *Mannesmann Demag,*

9   none of the boxes in the section titled "Notice to the Person Served" are checked.  (Steffan Decl.,

10  ¶4, Ex. A at p. 1.)   This is insufficient to impart notice on the City, or any other defendant, that it

11  has been served and the City's actual knowledge of the suit is insufficient to confer personal

12  jurisdiction over the City.  (*MJS Enterprises* at 557.)

13         Plaintiffs have not complied with the statutory requirements to effectively serve City – or

14  any of the Defendants - with a summons signed by the clerk of the court under *Code of Civil*

15  *Procedure* section 412.20.  Further, the summons served is fatally defective on its face and failed

16  to give the required notice to City.  This Court has no personal jurisdiction over City and City does

17  not consent to personal jurisdiction by this Court.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4891-3647-7190.1

5

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 65

1  **III.    CONCLUSION**

2        For the foregoing reasons, Specially Appearing Defendant City of Santa Ana requests that

3  its Motion to Quash Service of Summons be granted, that it be dismissed from this action pursuant

4  to *Code of Civil Procedure* section 581(h), and that it be granted any further relief that this Court

5  deems just and necessary.

6  DATED:  December 10, 2021                    Respectfully Submitted,

7                                                LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9

10                                        By: _____

11                                             JEFFREY S. RANEN
                                               SOOJIN KANG
                                               ANDREA L. STEFFAN
12                                             Attorneys for Specially-Appearing Defendant City
                                               of Santa Ana

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4891-3647-7190.1                                        6

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 66

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.
Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On December 10, 2021, I served true copies of the following document(s):  **SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Lytonia.Sanders@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 10, 2021, at Los Angeles, California.

_____
Lytonia Sanders



4891-3647-7190.1
SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 67

1
2
3

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

4
5
6
7

Corey W. Glave, Esq.          Attorneys for Plaintiffs SANTA ANA POLICE
Attorney at Law              OFFICERS ASSN and GERRY SERRANO
632 S. Gertruda Ave.
Redondo Beach, CA 90277
Telephone 323.547.0472 Facsimile
E-Mail:  POaattorney@aol.com

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4891-3647-7190.1                                    8
SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT C
Page 68

Electronically Filed by Superior Court of California, County of Orange, 12/10/2021 06:09:00 PM.
30-2021-01230129-CU-OE-CJC - ROA # 10 - DAVID H. YAMASAKI, Clerk of the Court By eFilingUser, Deputy Clerk.
Case 8:22-cv-01980-CJC-ADS Document 1-1 Filed 10/31/22 Page 3 of 301 Page ID #:72

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
  E-Mail: Soojin.Kang@lewisbrisbois.com
ANDREA L. STEFFAN, SB# 332596
  E-Mail: Andrea.Steffan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

Attorneys for Specially-Appearing Defendant
City of Santa Ana

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO,<br><br>         Plaintiffs,<br><br>      vs.<br><br>CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES 1 – X, inclusive,<br><br>         Defendants. | Case No. 30-2021-01230129-CU-OE-CJC<br><br>[Assigned to Honorable Lon Hurwitz Dept. 20]<br><br>**DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS**<br><br>Filed Concurrently with Specially-Appearing Defendant City of Santa Ana's Notice of Motion and Motion to Quash Service of Summons; [Proposed] Order<br><br>Date:     April 20, 2022<br>Time:    1:30 p.m.<br><br>Reservation No.: 73661593<br><br><br>Action Filed:    11/08/2021<br>Trial Date:      None Set |

I, Andrea L. Steffan, declare as follows:

1.    I am an attorney duly admitted to practice in all of the courts of the State of California and I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Specially-Appearing Defendant City of Santa Ana ("City") herein. The facts set forth herein

4871-4025-2422.1

DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT C
Page 69

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  are of my own personal knowledge, except those matters stated on information and belief, which I

2  believe to be true, and if sworn I could and would competently testify thereto.

3      2.    On November 8, 2021, Plaintiffs Santa Ana Police Officers Association

4  ("SAPOA") and Gerry Serrano ("Serrano") (collectively "Plaintiffs") filed suit alleging several

5  claims against defendants City of Santa Ana ("City"); Santa Ana Police Department; David

6  Valentin, Chief of Police; Kristin Ridge, City Manager; Sonia Carvalho, City Attorney; Jason

7  Motsick, Director of Human Resources; and Does I-X (collectively "Defendants").

8      3.    I am informed and believe that on November 10, 2021, Plaintiffs attempted to serve

9  some or all of the Defendants by delivering: a summons that is not signed by the clerk of the court,

10  a notice of case management conference, a civil case cover sheet, and the complaint to the Santa

11  Ana City Hall.  A true and correct copy of the documents Plaintiffs attempted to serve on City

12  and/or Defendants is attached hereto as **Exhibit A**.  The summons is on pages one and two.  It is

13  not signed by the clerk and does not contain the seal of the court.

14      4.    The summons also does not have any boxes in the section titled NOTICE TO THE

15  PERSON SERVED checked and lists all named and Doe defendants in the NOTICE TO

16  DEFENDANT section making it impossible for Defendants to determine who was being served

17  and in what capacity.  (**Exhibit A** at 1-2.)

18      I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct and that this declaration was executed on December 10, 2021, at Los

20  Angeles, California.

21

22

23      *Andrea Steffan*
    Andrea L. Steffan

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-4025-2422.1
2
DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY
OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT C
Page 70

# Exhibit "A"

EXHIBIT C
Page 71

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

CLERK OF THE COUNCIL
NOV 10 '21 AM 11:43

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277  (323) 547-0472

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)　　　　☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)　　　☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT C
Page 72

**SUM-200(A)**

| SHORT TITLE:<br>Santa Ana POA/Serrano v. City of Santa Ana, et al | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C
Page 73

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLAINTIFF: Santa Ana Police Officers Association et.al. | **Nov 8, 2021** |
| DEFENDANT: City of Santa Ana et.al. | |
| Short Title: SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA | Clerk of the Court<br>By: Jessica Duarte, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/09/2022</u> at <u>09:00:00 AM</u> in Department <u>C20</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: _____ , Deputy

NOTICE OF HEARING

EXHIBIT C
Page 74

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2021-01230129-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/08/2021. Following standard court practice the mailing will occur at Sacramento, California on 11/09/2021.

Clerk of the Court, by: _____ , Deputy

COREY W GLAVE
632 S. GERTRUDA
REDONDO BEACH, CA 90277

---

CLERK'S CERTIFICATE OF SERVICE BY MAIL

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

EXHIBIT C
Page 75

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Corey W. Glave  (SBN164746)<br>Attorney at Law<br>632 S. Gertruda Ave.<br>Redondo Beach, CA 90277<br>TELEPHONE NO.: 323-547-0472          FAX NO.: n/a<br>ATTORNEY FOR *(Name):*  Plaintiffs SAPOA/Serrano | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice

CASE NAME: SAPOA/Serrano v. City of Santa Ana, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 6:MMBA; POBRA; Speech; Labor Code; Penal Code 832.5-832.8; Retaliation
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November7, 2021

Corey W. Glave                                     ▶ /s/ Corey W. Glave
_____                    _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT C**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
    Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C
Page 77

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 81 of 305 Page ID #:81
Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

1  COREY W. GLAVE (State Bar No. 164746)
   Attorney at Law
2  632 S. Gertruda Ave
   Redondo Beach, CA 90277
3  Phone: (323) 547-0472
   POAattorney@aol.com
4

5  Attorneys for Plaintiffs
   Santa Ana Police Officers Assn
6  and Gerry Serrano

7
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    FOR THE COUNTY OF ORANGE-CENTRAL
9

10
   SANTA ANA POLICE OFFICERS          )   Case
11 ASSOCIATION; GERRY SERRANO         )
                                      )   CIVIL COMPLAINT
12         Plaintiffs,                )
   vs.                                )   1.   VIOLATION OF GOVERNMENT
13                                    )        CODE §3500, ET SEQ.
   CITY OF SANTA ANA, a Municipal     )   2.   VIOLATION OF THE PUBLIC
14 Corporation; SANTA ANA POLICE      )        SAFETY OFFICERS
   DEPARTMENT, a public safety        )        PROCEDURAL BILL OF
15 department; DAVID VALENTIN, Chief  )        RIGHTS ACT, GOVERNMENT
   of Police; KRISTIN RIDGE, City     )        CODE SECTION 3300 ET. SEQ.
16 Manager; SONIA CARVALHO, City      )   3.   VIOLATION OF FREEDOM OF
   Attorney; JASON MOTSICK, Director of )      SPEECH
17 Human Resources; DOES I-X, inclusive )  4.  VIOLATION OF LABOR CODE
                                      )        §§1102, 1102, 1102.5
18         Defendants.                )   5.   VIOLATION OF PENAL CODE
                                      )        §§832.5-832.8, EVIDENCE
19                                    )        CODE §§1043-1046
                                      )   6.   RETALIATION UNDER
20                                    )        GOVERNMENT CODE §12900,
                                      )        ET SEQ.
21                                    )
                                      )
22 _____ )      REQUEST FOR JURY TRIAL

23

24        COMES NOW PLAINTIFFS SANTA ANA POLICE OFFICERS ASSOCIATION

25 and GERRY SERRANO and allege as follows:

26        1.    Plaintiff Santa Ana Police Officers Association (SAPOA) is the recognized

27 employee organization as defined under Government Code §3500, et seq., and/or

28 Government Code §3501(a). The SAPOA has as one of its primary purposes the

                                    1

1   representation of sworn and non-sworn employees of the Santa Ana Police Department

2   in their employment relations with the City of Santa Ana and/or Santa Ana Police

3   Department. In the sworn ranks the SAPOA represents all sworn officers holding the

4   ranks of Police Sergeant and below, as well as Correctional Supervisor and below.

5      2.     Plaintiff Gerry Serrano has been since 2016, and now is, the President of

6   the Santa Ana Police Officers Association and the recognized representative of the

7   Santa Ana Police Officers Association as that term is used in Government Code

8   §3502.1. He is also a sworn police officer, holding the rank of Police Sergeant with the

9   Santa Ana Police Department.

10     3.     Defendant City of Santa Ana is a Municipal Corporation existing under the

11  Constitution and the laws of the State of California. The City of Santa Ana is a public

12  agency as that term is defined in Government Code §3501(c). It is a municipal entity

13  employing public employees and thus, has a mandatory duty to comply with the

14  provisions of Government Code §3300, et seq., and Government Code §3500, et seq.

15     4.     Defendant Santa Ana Police Department is a department of the City of

16  Santa Ana and a public safety department, as that terms is used in Government Code

17  §3309.5. Defendant Santa Ana Police Department is also a public agency, as that term

18  is used in Government Code §3500, et seq.

19     5.     Defendant Kristine Ridge was and is the City Manager for the City of

20  Santa Ana, and the direct supervisor/appointing authority of the Chief of Police and

21  Human Resource Director. Ridge is the person responsible for the operations of the

22  city, including the overall management of the City. Plaintiffs have information and belief

23  that Ridge participated in, supervised and/or was actively involved in the incidents

24  giving rise to this action in both her individual and official capacities.

25     6.     Defendant David Valentin was and is the appointed Chief of Police for the

26  City of Santa Ana, Santa Ana Police Department. As such he is charged with the

27  supervision and management of personnel, including personnel investigations and

28  discipline of employees of the Santa Ana Police Department. Plaintiffs have information

1  and belief that Valentin participated in, supervised and/or was actively involved in the
2  incidents giving rise to this action in both his individual and official capacities.

3      7.    Sonia Carvalho was and is a private attorney employed by the law firm of
4  Best Best and Krieger LLP, and is the appointed and/or contracted City Attorney for the
5  City of Santa Ana. Plaintiffs have information and belief that Carvalho participated in,
6  supervised and/or was actively involved in the incidents giving rise to this action in both
7  her individual and official capacities, and that she acted outside the scope of her duties
8  as an attorney when engaging in acts described below.

9      8.    Defendant Jason Motsick was and is the appointed Human Resource
10  Director for the City of Santa Ana and is charged with the supervision and management
11  of personnel, including personnel investigations and discipline of employees of the
12  Santa Ana Police Department. Plaintiffs have information and belief that Motsick
13  participated in, supervised and/or was actively involved in the incidents giving rise to
14  this action in both his individual and official capacities.

15      9. At all times herein mentioned, DOES I-X, inclusive, were the agents, servants
16  and employees of Respondent, City of Santa Ana and/or Santa Ana Police Department,
17  and in doing the things hereinafter alleged, were acting within the scope of their
18  authority as such agents, servants and employees with the permission and consent of
19  Respondents. Claimant will amend the Complaint to allege true names and capacities
20  of DOES I-X, inclusive when ascertained.

21  **GENERAL FACTS**

22      10.    Serrano became President of the SAPOA in 2016 and has served
23  continuously in the position.

24      11.    When seeking appointment as Chief of Police, Defendant Valentin sought
25  out and received the support of Serrano and the SAPOA. Later, when the SAPOA and
26  Serrano sought wages and benefits for the SAPOA membership and/or opposed
27  Valentin on matters of concerns to the Plaintiffs, Valentin's demeanor and working
28  relationship with Plaintiffs became adversarial.

1      12.     In or about February 2019, the City Council for the City of Santa Ana

2   passed a resolution adopting a Memorandum of Understanding that provided

3   significant, and needed salary increases for members of the SAPOA. Two City

4   Councilpersons and Defendant Valentin opposed the raises. Thereafter, the SAPOA

5   led a successful recall effort to remove the City Councilperson, causing Valentin to

6   become concerned with the SAPOA's and Serrano's political influence.

7      13.     Later, when Valentin attempted to obtain approval from the City Council to

8   create  an additional captain position so he could promote one of his allies,

9   SAPOA/Serrano opposed the creation of the position. The City Council sided with the

10   SAPOA/Serrano and did not create an additional captain position. Valentin became

11   emotionally upset and barked at Serrano that he needed to "STAND DOWN." It was

12   clear Valentin's concern about the SAPOA having more influence with the City Council

13   than he did was growing.

14      14.     Similarly, Defendant Carvalho began expressing to others that she did not

15   like Serrano. Thereafter, she would purposely interfere and obstruct items pertaining to

16   the SAPOA or Serrano.

17      15.     It is believed that Defendants Valentin and Carvalho formed a conspiracy

18   to attack Serrano and the SAPOA. Defendant Valentin and members of his police

19   management team have admitted animosity against Serrano as the President of the

20   Santa Ana Police Officers Association. This animosity has caused Defendant Valentin

21   and the management team under his guidance to treat members of the SAPOA

22   adversely if the employee is believed to be associated with or sought the aid of SAPOA

23   and/or SAPOA President Serrano. Due to this relationship, Defendant Valentin

24   purposely and intentionally interferes with the SAPOA's ability to represent its

25   membership and acts contrary to state law. Conversely, Valentin gives special

26   treatment and turns a blind eye to allegations of misconduct by those he believes will

27   either give their loyalty to him and/or oppose the SAPOA/Serrano.

28

**SPYING**

16.    In January, 2020, Defendant Valentin began spying on Plaintiff Serrano and members of the Santa Ana City Council by redirecting copies of all e-mail communications sent by Serrano to City Councilmember Solorio, from June 2017 forward, to his office. Defendant Valentin then had the City's IT department put a tracer on all of Serrano's emails so that they would automatically be copied to Defendant Valentin.

**OTHER INTERFERENCE**

17.    During the last year and continuing to the present, Defendants have censored membership communications and/or denied the SAPOA the ability to send membership communications via the City's e-mail system.

18.    Defendant Valentin has engaged in action to advocate for a change of leadership in the SAPOA and has attempted to interfere with SAPOA elections. Said action includes, but is not limited to, encouraging candidates to run against Serrano for the position of Association President, and questioning members' support for Serrano when they are seeking special assignments and promotions.

**COMPLAINTS AGAINST LIEUTENANTS**

19.    In or about January, 2020, the SAPOA and Serrano were informed of allegations of misconduct by SAPD Lieutenants/Commanders Jose Gonzalez and Robert Rodriguez. It was alleged that the two were maliciously spreading rumors regarding activities of Serrano and the SAPOA. Plaintiffs have information and belief, and thereon allege, that said actions constitute violations of department policy and negatively impact the morale of the police department as well as cause division in the SAPOA. The Plaintiffs met with Defendant Valentin and informed him of the allegations of misconduct. Valentin appeared dismissive. Since Valentin failed to initiate  an investigation as required by Penal Code §§832.5-832.7, the SAPOA/Serrano reported the information to Defendant Ridge. Again, no investigation was initiated of the police commanders nor of Defendant Valentin.

5

EXHIBIT C
Page 82

1    20.    On or about June 8, 2021, Plaintiffs filed an official complaint regarding
2 the commanders' actions and the failure to investigate the allegations with Defendant
3 Motsick. Motsick also refused to initiate an investigation of the commanders and
4 Defendant Valentin.

5                                  **PERB COMPLAINT**

6    21.    In or about February, 2020, the SAPOA filed an Unfair Practice Charge
7 with the Public Employment Relations Board (PERB) alleging that the City of Santa Ana
8 had interfered with, intimidated, attempted to restrain and coerce members of the
9 Association and Gerry Serrano. The City informally resolved the matters, so the SAPOA
10 withdrew the charge.

11                                  **CAMPAIGN SIGNS**

12    22.    In April, 2020, Plaintiffs reported the theft of campaign signs related to a
13 recall of Santa Ana City Councilmember Iglesias. One of the identified suspects was
14 the City Council person herself. The SAPOA learned that a Police Commander directed
15 the investigating officer to alter his report so that the City Council person would not be
16 listed as the suspect. The Plaintiffs reported the Police Commander's actions to
17 Defendant Valentin.

18    23.    Instead of investigating the unlawful actions of the Police Commander,
19 Valentin ordered his Internal Affairs commander and investigators to conduct an
20 investigation of Serrano.

21    24.    When the Plaintiffs obtained a video recording showing the former City
22 Council  person stealing the campaign signs, Defendant Valentin, Defendant Carvalho
23 and other private attorneys employed by her firm, directly and through Valentin's
24 supporters pressured the Orange County District Attorney's office to open a criminal
25 case against Serrano. When the District Attorney's office rejected Valentin's pressures
26 Valentin became upset. With the help of Defendant Carvalho and her private law firm,
27 he began a lengthy letter and meeting campaign in which he chastised the District
28 Attorney's decision and knowingly included false information in the communications

1 │ with the District Attorney's office.

2 │     25.    As part of the April, 2020, efforts to wrongfully bring a criminal case
3 │ against Serrano, Defendants used department resources, including the Internal Affairs
4 │ unit, to draft memoranda with adverse comments about Serrano. Serrano was never
5 │ informed by Defendants of the internal investigation or memoranda, and Defendants
6 │ failed to allow Serrano to review the adverse comments. It is further believed, to the
7 │ extent that Defendants have initiated an Internal Affairs investigation, the investigation
8 │ was not completed within one year of notice of the allegations of misconduct nor has
9 │ Plaintiff Serrano been notified of any proposed discipline or outcome of the
10 │ investigation during that one year period. Defendants intentionally concealed the
11 │ information regarding this investigation and the related memoranda from Plaintiffs.

12 │ **CULICHI TOWN COVER-UP**

13 │     26.    On August, 2020, on-duty SAPD officers responded to a call for service at
14 │ the Culichi Town Restaurant. The call involved allegations that off-duty SAPD officers
15 │ had sexually battered two underage girls that were at the restaurant. The officers
16 │ response was caught on body worn cameras and the victim's family produced a video
17 │ of the incident that showed off-duty police sergeant Oscar Lizardi as being present and
18 │ possibly involved in the incident. A Police Commander reported the incident to then IA
19 │ Commander, and now Deputy Chief, Robert Rodriguez. Rodriguez is believed to be a
20 │ close friend of Lizard. He denied the Commander's request for the incident to be
21 │ investigated.

22 │     27.    On or about September 2, 2020, a request for public records was made
23 │ for information related to the call including the Incident Detail Report, copy of the 911
24 │ emergency calls and/or non-emergency line calls, and police dispatch radio traffic audio
25 │ files related to the incident (Incident No. 200805316). Defendant Valentin, on
26 │ September 24, 2020, denied, in total, the PRA request in order to cover up the
27 │ misconduct of his IA Commander and one of his closest allies (Lizardi) asserting that
28 │ the records could not be released because they involved juveniles. This demonstrated

EXHIBIT C
Page 84

1   that Valentin was aware of the incident and that it involved allegations of criminal
2   conduct towards juveniles by off-duty SAPD officers.

3       28.     SAPOA/Serrano complained to Defendants about Valentin's and
4   Rodriguez's attempts to cover up alleged criminal conduct by officers who supported
5   Defendant Valentin pointing out that this conduct amounted to conspiring to commit a
6   criminal act. It is believed that it wasn't until June, 2021, after multiple complaints and
7   requests for investigations by the SAPOA, that Defendants initiated an investigation of
8   two of the three responding officers. The third responding officer was given a special
9   assignment on Lizardi's specialized team. In July, 2021, the Department initiated an
10  Internal Affairs investigation of one of the off-duty officers, but not Lizardi, who was the
11  ranking officer amongst the off duty personnel involved in the incident.

12      29.     On information and belief, Plaintiffs allege that Defendants have refused
13  to initiate an investigation of Deputy Chief Rodriguez and/or Defendant Valentin.

14                              **PENSION ISSUE**

15      30.     In October, 2020, the Defendants inquired of CalPERS as to the propriety
16  of including a premium pay, called "Confidential" received by Serrano while on paid
17  release time to serve as the SAPOA President in the calculation of his pension. It is
18  believed that the City had never inquired about this issue with any prior SAPOA
19  President. When it appeared that there might be a question regarding the inclusion of
20  the premium in the calculation of Serrano's pension, the City and SAPOA reached an
21  agreement acceptable to CalPERS. However, because Serrano continued to carry out
22  his duty to represent the Association and its members, activity that is clearly protected
23  under the law, Defendants failed and refused to take the necessary steps to resolve the
24  issue.

25                              **FPPC COMPLAINT**

26      31.     In November, 2020, Sonia Carvalho, believed to be acting on her own
27  personal vendetta and without City Council approvalsent a request to the California Fair
28  Political Practices Commission seeking a finding that Serrano, as the SAPOA

8

1 | President, engaged in a conflict of interest by negotiating a side letter agreement
2 | related to the pension issue. As the City Council was scheduled to approve the
3 | resolution of the pension issue, Carvalho made multiple inquiries to the FPPC for an
4 | opinion letter finding Serrano was engaging in an unethical conflict of interest.
5 | Ultimately, the FPPC found that Serrano did not engage in any conflict of interest nor
6 | did his actions give rise to an unethical conflict of interest. It is believed that Carvalho
7 | was acting on her own and with the sole purpose of personally interfering with the
8 | SAPOA/Serrano and/or with intent to harm Serrano.

9 |

**FEMALE DISCRIMINATION COMPLAINTS**

10 |     32.    In or about November, 2020, SAPOA/Serrano informed Defendant Ridge
11 | that there was ongoing discrimination against female employees in the Department.
12 | Plaintiffs described  an incident involving female officers' attendance at a conference
13 | regarding leadership issues for women in law enforcement and the Chief's behavior
14 | towards those female employees. Defendant Ridge did not open an investigation into
15 | the matter until months later when it was statutorily too late to take disciplinary action
16 | against Defendant Valentin or his subordinates.

17 |     33.    After Plaintiffs informed Defendant Ridge of the discrimination and
18 | harassment of the female officers, Defendant Valentin ordered a "preliminary
19 | assessment" in order to cover up his and his staff's misconduct. The Human Resource
20 | representative that appeared with him when he confronted the female officers
21 | conducted the investigation. The female officers were ordered to appear for
22 | interrogations. They were not provided any information as to the nature of the
23 | investigation. When they appeared for interrogation, the HR Representative read from a
24 | transcript, indicated that she was going to prepare a report that only went to Valentin,
25 | and then questioned the females about the female's actions and did not have any
26 | preset questions about Chief Valentin's, DC Esparza's or other police commander's
27 | actions.

28 |     34.    On information and belief, it is alleged the Valentin lied to Defendant

9

EXHIBIT C
Page 86

1  Ridge and Defendant Motsick claiming that he had initiated an investigation of the
2  discrimination when, in fact, he initiated an investigation of the female officers in order
3  to silence them.

4      35.    The Defendants did not hire an investigator to look into these issues of
5  harassment and discrimination until April, 2021.

6      36.    On or about May 3, 2021, Plaintiffs filed a Notice of Claim against the City
7  of Santa Ana, Santa Ana Police Department, Defendant Valentin, and Deputy Chief
8  Enriquez Esparaza related to the unlawful discrimination, harassment and investigation
9  of the female officers.

10     37.    Defendant has summarily dismissed the complaints from the
11 SAPOA/Serrano regarding the discrimination against female officers as just part of
12 Serrano's desire to fix his pension issue.

13                    **JAIL MANAGEMENT COMPLAINT**

14     38.    On December 2, 2020, the SAPOA/Serrano sent an email to Defendant
15 Ridge and Defendant Valentin requesting an investigation of misconduct by jail
16 management/supervision wherein it was alleged that serious misconduct was being
17 covered up and/or not addressed, and that supervisors were being directed to falsify
18 reports and/or official documents.

19                  **DISCLOSURE OF CONFIDENTIAL RECORDS**

20     39.    On or about February 25, 2021, a purported reporter with the Voice of OC
21 (an online nonprofit media source) sent to Sonia Carvalho, the City Attorney for the City
22 of Santa Ana and Santa Ana Police Department, a Public Records Act (PRA) request
23 seeking, a spreadsheet or breakdown of how many employees at the Santa Ana Police
24 Department have been put on paid administrative leave between 01/01/2016 and
25 2/25/2021. The PRA request included a request for Ms. Carvalho to provide the
26 reasons for the employees being put on paid administrative leave and a breakdown of
27 total costs to the City of Santa Ana incurred by paid administrative leave for Santa Ana
28 Police Department employees between 01/01/2016 and /25/2021.

EXHIBIT C
Page 87

1    40.    On or about March 26, 2021, without prior notice to the involved
2  employees or the SAPOA and/or without complying with Penal Code §§832.5-832.8
3  and/or Evidence Code §1043-1046, the City Attorney's office, the City of Santa Ana,
4  under the supervision of Defendant Ridge and/or the Santa Ana Police Department,
5  under the supervision of Defendant Valentin, intentionally and purposely produced
6  confidential records from the involved officers' personnel files. It is believed that this
7  disclosure included data that identified the individual officers involved which is a clear
8  violation of Penal Code §832.7(d).

9    41.    Defendants Carvalho, Valentin, Ridge, City of Santa Ana and/or the Santa
10  Ana Police Department are aware that peace officer personnel records are confidential
11  and exempt from disclosure.

12    42.    On or about April 21, 2021, Deputy Chief of Police Eric Paulson, on behalf
13  of Defendant Valentin, conceded in a letter to the Voice of OC that confidential peace
14  officer personnel had been produced to the Voice of OC, including, but not limited to
15  the names of the officers in connection with administrative investigations. Deputy Chief
16  Paulson requested that the confidential records be returned. Plaintiffs are informed and
17  believe, and thereupon allege that after the Voice of OC refused to return the
18  confidential records, Defendants failed to take any action to force the Voice of OC to
19  return the documents.

20    43.    On or about April 27, 2021, Defendants started notifying certain of the
21  impacted officers of the unlawful actions by Defendants. The Notification did not advise
22  the impacted employees of what specific information had been released and did not
23  notify them of any rights they may have. The notices also did not indicate if the
24  Defendants would be taking further action to enforce the employees' rights.

25    44.    Also on or about April 27, 2021, Deputy Chief Paulson informed the Santa
26  Ana Police Officers Association of the Defendants' unlawful disclosure of the
27  confidential peace officer information of members of the Santa Ana Police Officers
28  Association.  The notification of Defendants' unlawful action did not identify to the POA

11

EXHIBIT C
Page 88

1   the names of the impacted members/officers, but simply stated that the effected

2   employees had been notified. As it turned out, when Deputy Chief Paulson claimed, on

3   behalf and presumably at the directions of Defendants, that all affected employees had

4   been notified, the statement was not true and appears to have been an intentional

5   misrepresentation by Defendants to conceal the fact that the notifications to the

6   effected employees had just begun.

7       45.     The Santa Ana Police Officers Association filed a written complaint with

8   the Defendant City Manager Kristine Ridge, and Human Resource Director Jason

9   Motsick requesting that the matter be immediately investigated. Plaintiffs are informed

10  and believe, and thereupon allege that even though the Defendants were required to

11  investigate this matter, as a "citizen complaint" pursuant to Penal Code §§832.5-832.7,

12  Defendants did not investigate nor discipline those city employees responsible for the

13  violations of law.

14      46.     On or about April 28, 2021, a number of affected officers and the Santa

15  Ana Police Officers Association, which has a legal right to represent its members in any

16  and all matters related to their employment with the Santa Ana Police Department,

17  requested copies of any and all communications regarding PRA #21-289, including all

18  e-mails between representatives of the City, Police Department and/or Voice of OC and

19  also requested copies of all records that were produced to the Voice of OC and a list of

20  the impacted officers. Defendants, as part of an ongoing plan and scheme to

21  undermine and interfere with the POA's ability to represent its members, denied the

22  POA's request for copies of the produced records and list of names of impacted

23  employees. Defendants refused to provide copies of the unlawfully released information

24  and/or the list of names of the impacted employees.

25      47.     Also on April 28, 2021, Defendants Motsick, Valentin, Ridge and Carvalho

26  issued a letter wherein they indicated that City was terminating the SAPOA's long

27  standing ability to send emails to communications to all SAPOA members through the

28  City's email system.

EXHIBIT C
Page 89

1        48.    On or about May 3, 2021, Plaintiffs filed a Notice of Claim against

2  Defendants City of Santa Ana, Santa Ana Police Department and Defendant Valentin

3  regarding their unlawful disclosure of confidential peace officer records.

4        49.    Defendant Ridge and Carvalho have summarily dismissed the complaints

5  from the SAPOA/Serrano regarding the unlawful disclosure of records as just part of

6  Serrano's desire to fix his pension issue.

7                **FALSE INFORMATION TO CITY COUNCIL MEMBER**

8        50.    On or about May 12, 2021, the SAPOA/Serrano learned that Santa Ana

9  City Councilmember Penaloza had complained to Defendant Valentin that officers from

10  Valentin's special unit (MET), which is supervised by Sgt. Lizardi, had shined the patrol

11  vehicle's ally lights at him while he was driving on multiple occasions. It was further

12  learned that Defendant Valentin tried to falsely blame the SAPOA and Serrano for the

13  officers' alleged actions.

14                    **COMPLAINT AGAINST VALENTIN**

15        51.    On or about May 13, 2021, the SAPOA/Serrano filed a complaint on

16  behalf of the members of the SAPOA against Defendant Valentin and his police

17  management similar to that made in November, 2020. SAPOA raised issues regarding

18  unaddressed gender discrimination; unaddressed cover-up of the Culichi Town incident;

19  allegations that Valentin committed perjury in at least one deposition; the inclusion of

20  false information in official personnel records; Jail Managers covering up alleged

21  misconduct by employees and/or falsifying records/reports related to the misconduct;

22  interference in a criminal investigation where a former City Council person was initially

23  listed as the suspect until the officer was directed to change his report; and interference

24  with Association activities and/or representation of members.

25        52.    In response to the May 13, 2021, complaint, Defendants either failed to

26  initiate an investigation, as required by Penal Code §§832.5-832.7 and/or failed to

27  report to the complainant the outcome of the investigation(s).

28  53.    Defendant Ridge and Carvalho have summarily dismissed the complaints from

EXHIBIT C
Page 90

1 | the SAPOA/Serrano as just part of Serrano's desire to fix his pension issue.

2 | **CITY MANAGER DISCIPLINARY ACTION**

3 | 54. In order to try to silence the SAPOA/Serrano, on or about May 18, 2021,
4 | Defendant Ridge issued a disciplinary document entitled "Employee Conduct Warning
5 | Letter" to Serrano for acts he undertook as the "advocate and leader of the SAPOA"
6 | which Defendant Ridge argued violated the City Charter and police department policies.
7 | Under the provisions of Government Code §3300, et seq., this document constituted a
8 | written reprimand and punitive actions as that term is used under Government Code
9 | §§3303 and 3304.

10 | 55. Under the City Charter Defendant Ridge does not have the ability to
11 | discipline a police sergeant as she is not the appointing authority for the police
12 | department. Therefore, Ridge's actions were outside her official capacity and
13 | demonstrated that she was acting in excess of her authority in order to discriminate,
14 | harass and retaliate against Serrano and the SAPOA.

15 | 56. The May 18, 2021, Employee Conduct Warning Letter specifically initiated
16 | punitive action against Serrano, as the President of the SAPOA, for communicating (via
17 | text and e-mail) to elected officials raising issues with the management of the Police
18 | Department. The Warning Letter also directed Serrano, as the President of the SAPOA
19 | not to communicate regarding police management issues with the Santa Ana City
20 | Council.

21 | 57. Serrano, on May 20, 2021, invoked his rights under POBRA and
22 | requested all documentation supporting Defendant Ridge's allegations of misconduct,
23 | and all complaints giving rise to the punitive action. Serrano also invoked his right to an
24 | administrative appeal under Government Code §3304. Defendants have failed and
25 | refused to provide Serrano any documents supporting the allegations contained in
26 | Ridge's letter and have refused to afford him any administrative appeal of the punitive
27 | action imposed against him.

28 | **INVESTIGATION OF SERRANO**

14

EXHIBIT C
Page 91

1    58.    On or about May 27, 2021, Defendant Valentin ordered an investigation of
2    Serrano based on alleged comments Serrano made in his capacity as the current
3    President of the SAPOA about a former SAPOA President in October, 2020. The
4    investigation was opened even though legal counsel for the City of Santa Ana indicated,
5    in writing that to the extent Serrano's statements were made as a POA President, Mr.
6    Serrano was not speaking as a police sergeant of the City or the Santa Ana Police
7    Department, and acknowledged that the City was not able to restrict the conduct of the
8    POA and/or its President which relate to the administration of the POA as such action
9    would be a violation of the Meyers-Milias Brown Act. (See Government Code section
10   3506.5(d).). Counsel for the City acknowledged, therefore, the City was not able to
11   direct Mr. Serrano to engage or not engage in conduct that is done in his capacity as
12   President of the POA in relation to the administration of the POA.

13   59.    Evidently, the City of Santa Ana had to pay the former POA President and
14   his wife approximately $350,000.00, as Defendants had allegedly retaliated against the
15   former POA President and Defendant Valentin sexually harassed the former POA
16   President's wife. Thereafter, the former POA President, in an effort to obtain more
17   money from the City, alleged that Serrano violated the settlement agreement even
18   though Serrano was not a party to the action or the agreement. On or about October
19   26, 2020 when the City would not pay any additional money, the former POA President
20   filed a written complaint against Serrano.

21   60.    It appeared that the City was not going to take action on the frivolous
22   complaint, but Defendant Valentin and possibly others, in order to further retaliate
23   against Serrano and the SAPOA, initiated the investigation nine months later. To this
24   date, Defendants have not notified Serrano of the outcome of the investigation and the
25   one year statute of limitations has expired.

26                          **SEXUAL HARASSMENT ALLEGATIONS**

27   61.    On June 16, 2021, Defendants Motsick and Carvalho scheduled a
28   meeting with Serrano without informing him of the nature of the meeting. Serrano

1  appeared with legal counsel. After arriving Serrano was informed that Defendants

2  Motsick and Carvalho were conducting "fact-finding" regarding allegations they had

3  been made aware of by a third party. The allegation was that Defendant Ridge had

4  sexually harassed Serrano. Being caught off guard, Serrano, on advice of counsel, did

5  not make any statement. It was clear at that point that the City was not protecting

6  Serrano from retaliation by the other Defendants.

7       62.    Even though Serrano had not filed a complaint against Defendant Ridge,

8  Defendants feared that Serrano had disclosed or might disclose information of unlawful

9  activities by Defendant Ridge.

10       63.    As discussed below, it was later learned that approximately a month

11  earlier Ridge "self-reported" the harassment allegations to Defendant Carvalho and her

12  subordinate Defendant Motsick. In a letter to the City Council Ridge was careful in her

13  assertion, making allegations that Serrano had been untruthful and interfered in

14  investigations, but not specifically denying allegations that she sexual harassed

15  Serrano. In that same letter to the City Council Ridge violated state law by disclosing

16  closed session communications with the Council as well as disclosing confidential

17  personnel information about a peace officer to wit, Serrano.

18       64.    Ridge's disclosures to the City Council reveal that Carvahlo and Motsick

19  were not simply conducting a fact finding investigation, but were investigating Ridge's

20  allegations against Serrano who should have been afforded his rights under the Peace

21  Officers Procedural Bill of Rights.

22       65.    On July 7, 2021, Defendant Ridge, fearing the Serrano would report her

23  unlawful activities, directed Serrano to refrain from sending any e-mail communications

24  to her. In essence, Defendant Ridge gave direct orders to the President of the SAPOA

25  not to contact elected officials or herself with any issues or complaint.

26       66.    On July 9, 2021, Plaintiff filed a Notice of Claim (Gov't Code §910, 910.4)

27  with Defendants.

28       67.    On or about July 16, 2021, the City of Santa Ana hired the law firm of

16

EXHIBIT C
Page 93

1  Barboza & Associates to assist Motsick in conducting a personnel investigation into
2  Serrano's possible allegations of harassment even though Serrano had not made any
3  such allegations. However, when Plaintiffs tried to determine who retained Barboza,
4  and whether she was working independently or as an agent/attorney for the City, she
5  refused to answer. Plaintiffs made the same inquiry of Defendant Motsick on July 21st,
6  but never received a response.

7      68.    It was later confirmed that Barboza and Associates was hired to provide
8  legal advice to the City regarding the investigations thus creating an attorney-client
9  relationship and a duty of Barboza and Associates to find in a manner to protect their
10 clients. The City specifically prohibited the firm to render any determination about
11 unlawful discrimination, harassment, violation of public policy or any other violations of
12 law or statute. Therefore, there was no reason for Serrano to participate in
13 investigations that could not result in a legal determination.

14     69.    On or about July 19, 2021, Defendant Ridge, trying to minimize her
15 misconduct and redirect attention from the allegations of misconduct against her, sent a
16 letter to the Mayor and City Council falsely claiming that all complaints and tort claims
17 coming from the SAPOA and its members were singularly focused on Serrano's
18 pension issues. In the letter to the Mayor and City Council Ridge revealed confidential
19 personnel file information of Serrano in violation of state law. Ridge also tried to defame
20 Serrano in order to diminish his credibility if he was to come forward with allegations of
21 sexual harassment.

22     70.    It became clear that Ridge's letter dated July 19, 2021, was meant to
23 tarnish Serrano and the SAPOA and to be produced to mass audiences. In fact, on
24 August 3, 2021, the Voice of OC contacted Serrano and advised him that it had been
25 given copies of the letter and the disciplinary letter which outline allegations against him
26 by the City Manager and City Attorney. According to the records they were provided the
27 Voice of OC indicated that both Kristine Ridge and Sonia Carvalho claimed Serrano
28 had caused harm to the city through his pursuit of higher compensation including filing

1 unsubstantiated legal claims, threats to 'burn the place down' and 'make disclosures
2 that will hurt people" and asking elected officials to put pressure on the city manager.
3 Ridge and Carvahlo conspired to release confidential communications to the media in
4 violation of Penal Code §§832.5- 832.8 and/or Evidence Code §§1043-1046 and/or the
5 Brown Act.

6      71.     Two days later, even though Ridge had ordered Serrano not to have
7 contact with her, she attempted to contact Serrano on his personal phone. Serrano
8 knew better and did not take the call.

9      72.     On July 29, 2021, the City rejected the Government Tort Claim filed
10 related to the above issues. The City chose not to try to resolve the matter or conduct
11 investigations prior to issuing the rejection. It appears that the Defendants are intent on
12 forcing the parties to litigate the City's liability. The use of Ms. Barboza's services is just
13 to obtain statements in an effort to defend the anticipated lawsuit.

14      73.     The City is believed to have closed its "sexual harassment investigation"
15 of Defendant Ridge without conducting a single interview and without questioning
16 Defendant Ridge regarding her alleged illegal and/or harassing conduct.

17                 **SAPOA ASSISTS MEMBERS IN FILING COMPLAINTS**

18      74.     On July 20, 2021, the SAPOA supported the filing of a citizen complaint
19 by one of the Association's members against Defendant Valentin alleging retaliation
20 and creating a hostile working environment for the member that was known to support
21 the SAPOA/Serrano. The Defendants assigned the investigation to an outside
22 investigator, but failed to notify the complainant of the outcome of the investigation.

23      75.     On or about August 19, 2021, the SAPOA supported the filing of a citizen
24 complaint by one of the Association's members against Sgt. Oscar Lizardi for
25 allegations of engaging in intimidation and threats against a member who Lizardi
26 believed supported the SAPOA's vote of no confidence against Defendant Valentin.
27 The Defendants assigned the investigation to an outside investigator, but failed to notify
28 the complainant of the outcome of the investigation.

EXHIBIT C
Page 95

1    76.    On or about August 19, 2021, the SAPOA supported the filing of a citizen
2  complaint by one of the Association members against Sgt. Oscar Lizardi for allegation
3  of witness intimidation related to an internal affairs investigation that Defendant Valentin
4  ordered against a supporter of the SAPOA/Serrano. The Defendants assigned the
5  investigation to an outside investigator, but failed to notify the complainant of the
6  outcome of the investigation.

7                          **VOTE OF NO CONFIDENCE**

8    77.    On July 8, 2021, Plaintiffs notified Defendant Ridge and Motsick that the
9  Board of Directors had unanimously voted to send out a Vote of No Confidence ballot
10  regarding Defendant Valentin.

11    78.    In August, 2021, the SAPOA Board of Directors issued a Memorandum
12  regarding the Vote and raised a number of issues for the membership to consider.

13    79.    On or about August 25, 2021, Charles Goldwasser, who serves as
14  General Counsel to the Santa Ana Police Officers Association, wrote Defendant
15  Valentin and Defendant Ridge regarding on-duty harassment and verbal pressure
16  against SAPOA members by Sergeant Lizardi.  The conduct interfered with these
17  officers' ability to perform their duties. The Santa Ana Police Officers' Association
18  requested that the City of Santa Ana issue a reminder about this type of on-duty
19  conduct taking place at the Police Department. Plaintiff Serrano, as the President of the
20  SAPOA, followed-up Mr. Goldwasser's communication with an email to Defendant
21  Motsick acknowledging that his members were reporting their working conditions were
22  becoming unbearable and reminding the City that an unchecked hostile work
23  environment, especially where the employees are armed, could result in a bad
24  situations occurring.

25    80.    On August 26, 2021, during a time the SAPOA was considering a "Vote of
26  No Confidence" in Defendant Valentin, Valentin in coordination with Defendants
27  Carvalho, Ridge and Motsick, tried to silence SAPOA President Gerry Serrano by
28  placing him on administrative leave and restricting his access to, and use of, the

1   City/Police Department e-mail system. In order to place Serrano on administrative
2   leave, Defendant Valentin, or his underlings, specifically ordered Commander Sorenson
3   to leave the Notice of Administrative Leave/Fitness for Duty Exam at Serrano's
4   residence where it was found by his son.

5       81.     The order to undergo the Fitness for Duty Exam specifically references
6   Mr. Serrano's August 26, 2021, 5:05 a.m., email to Defendant Motsick as the sole basis
7   for the exam. Therefore, because Mr. Serrano decided that it was necessary, as the
8   SAPOA President, to reaffirm the seriousness of the issues, Defendants ordered
9   Serrano to undergo a Fitness for Duty Examination.

10      82.     Serrano, via counsel, objected to the Fitness for Duty Examination as
11  being unlawful. He invoked his rights under Government Code §3300, et seq., including
12  Government Code §3305 and/or Government Code §3306.5 (requesting copies of
13  and/or access to any and all documents being used or have been used to determine
14  that officer's qualifications for employment, promotion, additional compensation, or
15  termination or other disciplinary action).

16      83.     In response to Plaintiff's assertion of rights and request for materials
17  Defendants intentionally falsified a letter to Serrano's attorney by including claims that
18  Serrano had not been ordered to sign any releases. Defendants denied the request for
19  materials.

20      84.     It was subsequently discovered that Defendants did not comply with their
21  own policy regarding Fitness for Duty and/or Fitness for Duty Examinations.

22      85.     Police Commander Sorrenson was ordered not to retrieve department
23  issued equipment from Mr. Serrano at the SAPOA officce, but instead to order him to
24  report to the police station. The applicable Memorandum of Understanding specifically
25  states: "The Association and the City of Santa Ana agree that the Association's
26  representative will not be required to carry out any peace officer's duties during such
27  time that the Association's representative is on such full-time release from duty. The
28  Association's representative will be required to comply with the Rules and Regulations

1 of the Santa Ana Police Department as they apply to off-duty employees, except such
2 representative ill not be required to report for duty for any purpose. Defendants
3 breached of the MOU by ordering Mr. Serrano to appear for a FFDE and to report to the
4 police station.

5      86.    Moreover, the Police Department Fitness for Duty policy indicates that its
6 purpose and scope is directly related to the exercise of peace officers powers, but the
7 MOU releases Mr. Serrano from any such exercise. Furthermore, the Fitness for Duty
8 policy governs on-duty conduct, not off-duty.

9      87.    Plaintiff initiated a grievance, but that matter was futile as it was to be
10 heard by the City Manager that had ordered Serrano not to have contact with her.
11 Defendants then had Defendant Motsick conduct the grievance hearing even though he
12 was the one that initiated the FFDE by claiming Serrano's e-mail was threatening.

13      88.    On September 1, 2021, the SAPOA disclosed the results of the Vote of
14 No Confidence. More than a majority of the members that voted indicated that they had
15 no confidence in the Chief of Police. That same day Defendant Valentin responded to
16 the membership vote by targeting Serrano. Defendant Valentin falsely attributed the
17 SAPOA's actions as Serrano's personal pension dispute and not about the facts giving
18 rise to the Vote. Defendant Valentin accused Serrano of making false and frivolous
19 claims, and engaging in crimes and corruption when Defendant Valentin knew these
20 allegations against Serrano were false.

21      89.    With the grievance over the FFDE pending and unresolved, Defendants
22 *ordered* Serrano to appear for the exam and undergo hours of questioning by the
23 contract doctor. The Defendants did not pay Serrano for his time at the FFDE
24 examination.

25      90.    On September 14, 2021, Serrano was found to be fit for duty and
26 removed from administrative leave. After Serrano was found to be fit for duty Defendant
27 Motsick finally held a grievance meeting and later summarily rejected the grievance.
28 Finally, even though Plaintiffs raised issues of retaliation and hostile environment

1  Defendants have not even attempted to investigate these claims.  Therefore, Plaintiffs
2  have exhausted all administrative remedies related to the FFDE.

3       91.    Additionally, even though Serrano had been removed from Administrative
4  Leave, the locker assigned to him by the Police Department was secured so Serrano
5  could not access it. It was visible to any person that walked into the locker room that the
6  locker was still being secured by the Department.

7       92.    Plaintiffs request a jury trial on all non-mandamus relief.

8       93.    Plaintiff has no plain, speedy or adequate remedy under the law.
9  Pursuant to Government Code Section 3309.5, Plaintiff need not pursue any
10  administrative remedy in order to address this problem; thus, Plaintiff is excused from
11  or has exhausted his administrative remedies. This court is given initial jurisdiction over
12  this matter pursuant to Government Code §3309.5.

13       94.    To the extent facts, incidents and/or issues described above were learned
14  and/or occurred after Plaintiffs' filed their Government Tort Claim, Plaintiffs only seek
15  mandamus and/or injunctive relief to cure the violations and prevent future violations of
16  a similar nature. Once Plaintiffs has processed and/or the Defendants rejected any
17  such supplemental claim, Plaintiffs will amend this Complaint accordingly.

18              **VENUE AND JURISDICTION**

19  95.Venue is proper in the Superior Court of the State of California, for the County of
20  Orange in that the underlying acts, omissions, injuries and related facts and
21  circumstances giving rise to the present action occurred in the City of Santa Ana,
22  County of Orange, California. This Court has jurisdiction over the present matter
23  because, as delineated within this complaint, the nature of the claims and amount in
24  controversy meet the requirements of jurisdiction in the Superior Court. This Court is
25  empowered with initial jurisdiction to entertain suits brought pursuant to California
26  Government Code §3300, et seq., and for traditional mandamus action.

27              **FIRST CAUSE OF ACTION**

28              <u>Against All Defendants</u>

<div align="center">22</div>

EXHIBIT C
Page 99

1     Violation of Government Code §3500, et seq.

2     96. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3     First Cause of Action against all Defendants for violations of Government Code §3500,

4     et seq., re-allege paragraphs 1-95, above, and further allege as follows:

5     97. Government Code §3502 provides, in pertinent part, public employees shall

6     have the right to form, join, and participate in the activities of employee organizations of

7     their own choosing for the purpose of representation on all matters of employer-

8     employee relations.

9     98. Government Code §3502.1 provides that "No public employee shall be

10    subject to punitive action or denied promotion, or threatened with any such treatment,

11    for the exercise of lawful action as an elected, appointed, or recognized representative

12    of any employee bargaining unit."

13    99. Government Code §3503 provides, in pertinent part, that "Recognized

14    employee organizations shall have the right to represent their members in their

15    employment relations with public agencies."

16    100. Government Code §3504 provides, in pertinent part, that the scope of

17    representation shall include all matters relating to employment conditions and

18    employer-employee relations, including, but not limited to, wages, hours, and other

19    terms and conditions of employment.

20    101. Government Code §3506 provides that "Public agencies and employee

21    organizations shall not interfere with, intimidate, restrain, coerce or discriminate against

22    public employees because of their exercise of their rights under Section 3502."

23    102. Government Code §3506.5 provides, in pertinent part, that a public agency

24    shall not do any of the following: (a) Impose or threaten to impose reprisals on

25    employees, to discriminate or threaten to discriminate against employees, or otherwise

26    to interfere with, restrain, or coerce employees because of their exercise of rights

27    guaranteed by this chapter; (b) deny to employee organizations the rights guaranteed to

28    them by this chapter; (d) dominate or interfere with the formation or administration of

23

EXHIBIT C
Page 100

1  any employee organization, contribute financial or other support to any employee
2  organization, or in any way encourage employees to join any organization in preference
3  to another.

4      103.  Defendants, and each of them, in undertaking the acts and/or omissions
5  listed above, violated the above provisions of the Meyers-Milias-Brown Act (MMBA),
6  including, but not limited to interfering with, intimidating, restraining, coercing and/or
7  discriminating against the SAPOA, Gerry Serrano and/or other public employees who
8  are members of the SAPOA because of their exercise of their rights under this Act.

9      104.  Defendants, and each of them, have engaged in acts and/or omissions, as
10  alleged above, wherein they have 1) subjected Serrano to punitive actions and/or
11  threatened him with said actions; 2) imposed or threatened to impose reprisals on
12  Serrano, 3) discriminated or threatened to discriminated against him; 3) otherwise
13  interfered with, restrained, or coerced Serrano because of his exercise of rights
14  guaranteed by the MMBA, and/or for the exercise of lawful action as an elected,
15  appointed, or recognized representative of any employee bargaining unit..

16      105.  The duty to obey the laws set forth in Government Code §3500, et seq., is
17  a ministerial duty and is not discretionary. By acting, and failing to act, as set forth
18  above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions
19  of defendants, set forth above, demonstrate that defendants' failure to comply with
20  Government Code §3500, et seq., was illegal as a matter of law under Government
21  Code section 1222, which makes a public officer's "willful omission to perform any duty
22  enjoined by law" a misdemeanor.

23      106.  Each and every act listed above, individually or jointly, constitutes a
24  violation of Government Code §3500, et seq., and therefore this court should render
25  appropriate injunctive or other extraordinary relief to remedy the violation and to prevent
26  future violations of a like or similar nature, including, but not limited to, the granting of a
27  temporary restraining order, a preliminary injunction and a permanent injunction, or, in
28  the alternative, a Writ of Mandate prohibiting the Santa Ana Police Department from

1  taking any punitive action against any public safety officer member of the SAPOA.

2  Plaintiffs specifically seek a "make whole" remedy.

3      107.  The above articulated violations were proximately caused by City's

4  deliberate indifference to its employee's violations of the Meyer-Milias Brown Act, and

5  the failure to train and control its officers and representatives on the provisions of these

6  Acts. The violations set forth above were proximity caused by the customs, practices,

7  policies and decisions of the defendants.

8      108.  Unless this court issues a preliminary and permanent injunction enjoining

9  and restraining defendants, and each of them, and their agents, employees and

10  servants, from ordering, requiring, commanding, or taking any other action that will

11  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his

12  rights, as afforded by Government Code §3500, et seq., will be violated without any

13  remedy being afforded.

14      109.  Plaintiffs have attempted, without success, to exhaust any and all

15  administrative remedies afforded to them to deal with these issues, but such efforts are

16  futile as the named defendants are the ones that make the final decisions via any

17  complaints, grievances or other administrative actions.

18      110.  Plaintiff requests this court to award damages and attorney fees pursuant

19  C.C.P. §1090 and 1095.

20      111.  In bringing this action, Petitioners have sought enforcement of an important

21  right affecting the public interest which will result in the conferring of a significant benefit

22  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to

23  an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24      112.  The actions of defendants, and each of them, were arbitrary and capricious

25  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

26  Code §800.

27                      **SECOND CAUSE OF ACTION**

28                        <u>Against All Defendants</u>

                                    25

EXHIBIT C
Page 102

1

### Violation of Government Code §3300, et seq.

2      113. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3   Second Cause of Action against all Defendants for violations of Government Code

4   §3300, et seq., relief re-alleges paragraphs 1-112, above, and further allege as follows:

5      114. Government Code §3301 provides, in pertinent part, that "The Legislature

6   hereby finds and declares that the rights and protections provided to peace officers

7   under this chapter constitute a matter of statewide concern. The Legislature further

8   finds and declares that effective law enforcement depends upon the maintenance of

9   stable employer-employee relations, between public safety employees and their

10   employers. In order to assure that stable relations are continued throughout the state

11   and to further assure that effective services are provided to all people of the state, it is

12   necessary that this chapter be applicable to all public safety officers, as defined in this

13   section, wherever situated within the State of California."

14      115. Government Code §3302 provides, in pertinent part, that except as

15   otherwise provided by law, or whenever on duty or in uniform, no public safety officer

16   shall be prohibited from engaging, or be coerced or required to engage, in political

17   activity.

18      116. Government Code §3303 provides, in pertinent part, that when any public

19   safety officer is under investigation and subjected to interrogation by his or her

20   commanding officer, or any other member of the employing public safety department,

21   that could lead to punitive action, the interrogation shall be conducted under the

22   following conditions. For the purpose of this chapter, punitive action means any action

23   that may lead to dismissal, demotion, suspension, reduction in salary, written

24   reprimand, or transfer for purposes of punishment.

25              (a) The interrogation shall be conducted at a reasonable hour, preferably

26              at a time when the public safety officer is on duty, or during the normal

27              working hours for the public safety officer, unless the seriousness of the

28              investigation requires otherwise. If the interrogation does occur during off-

duty time of the public safety officer being interrogated, the public safety officer shall be compensated for any off-duty time in accordance with regular department procedures, and the public safety officer shall not be released from employment for any work missed.

(b) The public safety officer under investigation shall be informed prior to the interrogation of the rank, name, and command of the officer in charge of the interrogation, the interrogating officers, and all other persons to be present during the interrogation. All questions directed to the public safety officer under interrogation shall be asked by and through no more than two interrogators at one time.

(c) The public safety officer under investigation shall be informed of the nature of the investigation prior to any interrogation.

(e) The employer shall not cause the public safety officer under interrogation to be subjected to visits by the press or news media without his or her express consent nor shall his or her home address or photograph be given to the press or news media without his or her express consent.

(g) The complete interrogation of a public safety officer may be recorded. If a tape recording is made of the interrogation, the public safety officer shall have access to the tape if any further proceedings are contemplated or prior to any further interrogation at a subsequent time. The public safety officer shall be entitled to a transcribed copy of any notes made by a stenographer or to any reports or complaints made by investigators or other persons, except those which are deemed by the investigating agency to be confidential. No notes or reports that are deemed to be confidential may be entered in the officer's personnel file. The public safety officer being interrogated shall have the right to bring his or her own recording device and record any and all aspects of the interrogation.

27

EXHIBIT C
Page 104

117. Government Code §3304(a) provides that "No public safety officer shall be subjected to punitive action, or denied promotion, or be threatened with any such treatment, because of the lawful exercise of the rights granted under this chapter, or the exercise of any rights under any existing administrative grievance procedure.

118. Government Code §3304(b) provides, in pertinent part, "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal."

119. Government Code §3304(d) (1) reads "Except as provided in this subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct. This one-year limitation period shall apply only if the act, omission, or other misconduct occurred on or after January 1, 1998. In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that year, except as provided in paragraph (2). The public agency shall not be required to impose the discipline within that one-year period."

120. Government Code §3305 provides that no public safety officer shall have any comment adverse to his interest entered in his personnel file, or any other file used for any personnel purposes by his employer, without the public safety officer having first read and signed the instrument containing the adverse comment indicating he is aware of such comment, except that such entry may be made if after reading such instrument the public safety officer refuses to sign it. Should a public safety officer refuse to sign, that fact shall be noted on that document, and signed or initialed by such officer.

EXHIBIT C
Page 105

1    121. Government Code §3306 reads "A public safety officer shall have 30 days
2    within which to file a written response to any adverse comment entered in his personnel
3    file. Such written response shall be attached to, and shall accompany, the adverse
4    comment."

5    122. Government Code §3306.5. provides, in pertinent part, that (a) Every
6    employer shall, at reasonable times and at reasonable intervals, upon the request of a
7    public safety officer, during usual business hours, with no loss of compensation to the
8    officer, permit that officer to inspect personnel files that are used or have been used to
9    determine that officer's qualifications for employment, promotion, additional
10   compensation, or termination or other disciplinary action; (b) Each employer shall keep
11   each public safety officer's personnel file or a true and correct copy thereof , and shall
12   make the file or copy thereof available within a reasonable period of time after a request
13   therefor by the officer."

14   123. Government Code §3309 provides that "No public safety officer shall have
15   his locker, or other space for storage that may be assigned to him searched except in
16   his presence, or with his consent, or unless a valid search warrant has been obtained or
17   where he has been notified that a search will be conducted. This section shall apply
18   only to lockers or other space for storage that are owned or leased by the employing
19   agency.

20   124. Government Code §3309.5(a) provides "It shall be unlawful for any public
21   safety department to deny or refuse to any public safety officer the rights and
22   protections guaranteed to him or her by this chapter."

23   125. Government Code §3309.5 further provides, in pertinent part, "(d) (1) In
24   any case where the superior court finds that a public safety department has violated
25   any of the provisions of this chapter, the court shall render appropriate injunctive or
26   other extraordinary relief to remedy the violation and to prevent future violations of a like
27   r similar nature, including, but not limited to, the granting of a temporary restraining
28   order, preliminary injunction, or permanent injunction prohibiting the public safety

1   department from taking any punitive action against the public safety officer" and "(e) In
2   addition to the extraordinary relief afforded by this chapter, upon a finding by a superior
3   court that a public safety department, its employees, agents, or assigns, with respect to
4   acts taken within the scope of employment, maliciously violated any provision of this
5   chapter with the intent to injure the public safety officer, the public safety department
6   shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five
7   thousand dollars ($25,000) to be awarded to the public safety officer whose right or
8   protection was denied and for reasonable attorney's fees as may be determined by the
9   court. If the court so finds, and there is sufficient evidence to establish actual damages
10  suffered by the officer whose right or protection was denied, the public safety
11  department shall also be liable for the amount of the actual damages."

12      126.  As described above, Plaintiff Gerry Serrano was the subject of numerous
13  investigations that could result in punitive action. One investigation was conducted by
14  Defendants Carvalho and Motsick after Defendant Ridge complained that Serrano was
15  making false statements about her. Serrano was not told, prior to his interview, that
16  Carvalho would be present, was not informed of the nature of the investigation prior to
17  arriving, was not told, nor afforded the opportunity to record the interview.

18      127.  In other administrative investigations conducted under the orders of
19  Defendant Valentin, Serrano was not compensated for his time in the interrogations.

20      128.  Defendant Ridge issued punitive action against Serrano and when he
21  sought an administrative appeal and the documents purportedly supporting the punitive
22  action, both requests were denied.

23      129.  Defendant Valentin has placed or caused to be placed in Serrano's
24  personnel file and/or files used for personnel purposes adverse comments without
25  affording Serrano the ability to review the documents containing the adverse comments.

26      130.  Defendant Valentin has ordered administrative investigations to be
27  conducted well in excess of the one year statute of limitations, and has not provided
28  notice of the investigations or the outcome of the investigations to Serrano.

30

EXHIBIT C
Page 107

131.   Serrano has requested to review documents used for personnel purposes but has been denied the opportunity to do so.

132.   Serrano has information and believe that his department issued locker and/or other space for storage (including his department issued email storage system) has been searched outside of his presence and/or without his knowledge/consent or valid search warrant.

133.   Serrano, while acting as the President of the SAPOA, and while off-duty and out of uniform has been prohibited from engaging in political activity.

134.   Serrano has been threatened with punitive action because of the lawful exercise of the rights granted by Government Code §3300, et seq., and/or exercising rights under existing administrative grievance procedures.

135.   The duty to obey the laws set forth in Government Code §3300, et seq., is a ministerial duty and is not discretionary. By acting, and failing to act, as set forth above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions of defendants, set forth above, demonstrate that defendants' failure to comply with Government Code §3300, et seq., was illegal as a matter of law under Government Code section 1222, which makes a public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

136.   Each and every act listed above, individually or jointly, constitutes a violation of Government Code §3300, et seq., and therefore this court should render all available and proper relief under Government Code §3309.5 to remedy the violations and to prevent future violations of a like or similar nature. Plaintiffs specifically seek a "make whole" remedy.

137.   For those acts identified in the already filed Government Tort Claim, Plaintiffs further seek all relief afforded under Government Code §3309.5(e).

138.   The above articulated violations were proximately caused by City's indifference to its employee's violations of the Public Safety Officers Procedural Bill of Rights Act, and the failure to train and control its officers and representatives on the

31

EXHIBIT C
Page 108

1  provisions of this Act. The violations set forth above were proximity caused by the
2  customs, practices, policies and decisions of the defendants.

3     139.  Unless this court issues a preliminary and permanent injunction enjoining
4  and restraining defendants, and each of them, and their agents, employees and
5  servants, from ordering, requiring, commanding, or taking any other action that will
6  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
7  rights, as afforded by Government Code §3300, et seq., will be violated without any
8  remedy being afforded.

9     140.  Plaintiffs have attempted, without success, to exhaust any and all
10  administrative remedies afforded to them to deal with these issues, but such efforts are
11  futile as the named defendants are the ones that make the final decisions via any
12  complaints, grievances or other administrative actions. Moreover, pursuant to
13  Government Code §3309.5, Plaintiffs are not required to exhaust administrative
14  remedies.

15     141.  Plaintiff requests this court to award damages and attorney fees pursuant
16  to C.C.P. §1090 and 1095.

17     142.  In bringing this action, Petitioners have sought enforcement of an important
18  right affecting the public interest which will result in the conferring of a significant benefit
19  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
20  an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

21     143.  The actions of defendants, and each of them, were arbitrary and capricious
22  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
23  Code §800.

### THIRD CAUSE OF ACTION

#### Against All Defendants

#### Violation of Constitutional Right to Freedom of Speech

27     144.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
28  Third Cause of Action against all Defendants for violations of Plaintiffs' right to freedom

32

EXHIBIT C
Page 109

1   of speech and writing, freedom to instruct their representative, freedom to petition

2   government for redress of grievances, and to consult for the common good, re-allege

3   paragraphs 1-143, above, and further allege as follows:

4       145.  While the U.S. Constitution grants citizens protections for free speech

5   under the First Amendment to the U.S. Constitution, which are enforced via 42 USC

6   §1983, the California Constitution also protects this right. Article I, Section 2 of the

7   California Constitution states that "[e]very person may freely speak, write and publish

8   his or her sentiments on all subjects, being responsible for the abuse of this right. . . ."

9   Article I, Section 3 of the California Constitution states "[T]he people have the right to

10  instruct their representatives, petition government for redress of grievances, and

11  assemble freely to consult for the common good.

12      146.  Defendants, and each of them, have engaged in acts and/or omissions to

13  violate Plaintiffs right to freedom to speak, write and publish their sentiments, and/or

14  their ability to petition government for redress of grievances, assemble and to consult

15  for the common good.

16      147. The duty to obey the laws set forth in state and federal laws is a ministerial

17  duty and is not discretionary. By acting, and failing to act, as set forth above,

18  defendants have violated a ministerial duty. Moreover, the acts and/or omissions of

19  defendants, set forth above, demonstrate that defendants' failure to comply with the

20  California Constitution wherein it enjoins certain acts; therefore, defendants actions

21  were illegal as a matter of law under Government Code section 1222, which makes a

22  public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

23      148.  Each and every act listed above, individually or jointly, constitutes a

24  violation of Plaintiffs' speech rights and/or the California Constitution and therefore this

25  court should render all available and proper relief to remedy the violations and to

26  prevent future violations of a like or  similar nature. Plaintiffs specifically seek a "make

27  whole" remedy.

28      149.  For those acts identified in the already filed Government Tort Claim,

EXHIBIT C
Page 110

1   Plaintiffs further seek all available monetary damages and statutory penalties. For those
2   acts not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs
3   seek injunctive and/or mandamus remedies.

4          150.  The above articulated violations were proximately caused by City's
5   deliberate indifference to its employees' violations law, and the failure to train and
6   control its officers and representatives on the provisions of law referenced above. The
7   violations set forth above were proximity caused by the customs, practices, policies and
8   decisions of the defendants.

9          151.  Unless this court issues a preliminary and permanent injunction enjoining
10  and restraining defendants, and each of them, and their agents, employees and
11  servants, from ordering, requiring, commanding, or taking any other action that will
12  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
13  rights will be violated without any remedy being afforded.

14         152.  Plaintiffs have attempted, without success, to exhaust any and all
15  administrative remedies afforded to them to deal with these issues, but such efforts are
16  futile as the named defendants are the ones that make the final decisions via any
17  complaints, grievances or other administrative actions.

18         153.  Plaintiffs request this court to award damages and attorney fees as
19  provided by law, including pursuant to C.C.P. §1090 and 1095.

20         154. In bringing this action, Petitioners have sought enforcement of an important
21  right affecting the public interest which will result in the conferring of a significant benefit
22  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
23  an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24         155.  The actions of defendants, and each of them, were arbitrary and capricious
25  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
26  Code §800.

27                          **FOURTH CAUSE OF ACTION**

28                              Against All Defendants

                                       34

EXHIBIT C
Page 111

### Violation of Labor Code §1101-1102.5

156.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a Fourth Cause of Action against all Defendants for violation of provisions of the Labor Code re-alleges paragraphs 1-95, above, and further allege as follows:

157.  Labor Code section 1101 provides, in pertinent part, that no employer shall make, adopt, or enforce any rule, regulation, or policy: (a) Forbidding or preventing employees from engaging or participating in politics...(b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees.

158.  Labor Code §1102 provides "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity.

159.  Labor Code §1102.5 provides that (a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose  information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an

1  investigation, hearing, or inquiry, if the employee has reasonable cause to believe that
2  the information discloses a violation of state or federal statute, or a violation of or
3  noncompliance with a local, state, or federal rule or regulation, regardless of whether
4  disclosing the information is part of the employee's job duties.

5      160. Sections 1101 and 1102 protect "the fundamental right of employees in
6  general to engage in political activity without interference by employers." (*Gay Law*
7  *Students Assn.*, 24 Cal.3d at 487 (quoting *Fort v. Civil Service Commission* (1964) 61
8  Cal.2d 331, 335).)

9      161. As shown by the facts pled above, Defendants, and each of them, have
10  engaged in acts and/or omissions that violated Labor Code §§1101 and/or 1102 to the
11  detriment of Plaintiff Serrano, Plaintiff SAPOA, and those members of the SAPOA that
12  support the SAPOA's actions.

13     162. Defendants, and each of them, have engaged in retaliation against both
14  Plaintiffs for disclosing information, or because the employer believed that the
15  employee disclosed or may disclose information, to a government or law enforcement
16  agency, to a person with authority over the employee or another employee who has the
17  authority to investigate, discover, or correct the violation or noncompliance, or for
18  providing information to, or testifying before, any public body conducting an
19  investigation, hearing, or inquiry, wherein the employee had reasonable cause to
20  believe that the information disclosed a violation of state or federal statute, or a violation
21  of or noncompliance with a local, state, or federal rule or regulation.

22     163. As a proximate result of Defendants willful, knowing and intentional
23  violations of the Labor Code sections referenced above, Plaintiff Serrano has suffered
24  and continues to suffer substantial losses in earnings and/or other employment
25  benefits. As a legal result of the conduct of Defendants, and each of them, Plaintiff has
26  suffered and will continue to suffer distress, suffering, anguish, fright, nervousness,
27  grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and
28  indignity, as well as other unpleasant reactions, damages to reputation, and other non-

1  economic damages, in a sum to be ascertained according to proof. Said damages are
2  of the type that any person would suffer as result of the illegal and wrongful conduct of
3  Defendants; Plaintiff does not claim that he has suffered any psychiatric illness as a
4  result of the conduct of Defendants. Plaintiff Serrano further seeks to recover all wages
5  and benefits that Plaintiff would have earned if not discriminated against, retaliated
6  against, or unlawfully harmed in amount to be proven at trial.

7        164. Plaintiff SAPOA has incurred damages in the form of attorney fees, costs
8  and nominal damages because of Defendants' violations of the Labor Code section
9  cited above.

10       165. The duty to obey the Labor Code sections set forth above is a ministerial
11  duty and is not discretionary. By acting, and failing to act, as set forth above,
12  defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
13  defendants, set forth above, demonstrate that defendants' failure to comply with the
14  California Constitution wherein it enjoins certain acts; therefore, defendants actions
15  were illegal as a matter of law under Government Code section 1222, which makes a
16  public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

17       166. The acts listed above, individually or jointly, constitute a violation of
18  Plaintiffs' rights under the Labor Code and therefore this court should render all
19  available and proper relief to remedy the violations and to prevent future violations of a
20  like or similar nature. Plaintiffs specifically seek a "make whole" remedy.

21       167. For those acts identified in the already filed Government Tort Claim,
22  Plaintiffs seek all available monetary damages and statutory penalties. For those acts
23  not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs seek
24  injunctive and/or mandamus remedies. Plaintiffs are in the process of satisfying the
25  Government Tort Claim requirement for those acts or omissions that were learned of
26  and/or took place after the initial Tort Claim was filed and rejected; upon completion of
27  that process, Plaintiffs will seek leave to amend the complaint to seek damages and/or
28  civil penalties for the additional acts that recently occurred or were learned of.

EXHIBIT C
Page 114

1   168. The above articulated violations were proximately caused by City's

2   deliberate indifference to its employees' violations law, and the failure to train and

3   control its officers and representatives on the provisions of law referenced above. The

4   violations set forth above were proximity caused by the customs, practices, policies and

5   decisions of the defendants.

6   169. Unless this court issues a preliminary and permanent injunction enjoining

7   and restraining defendants, and each of them, and their agents, employees and

8   servants, from ordering, requiring, commanding, or taking any other action that will

9   result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his

10  rights will be violated without any remedy being afforded.

11  170. Plaintiffs have attempted, without success, to exhaust any and all

12  administrative remedies afforded to them to deal with these issues, but such efforts are

13  futile as the named defendants are the ones that make the final decisions via any

14  complaints, grievances or other administrative actions.

15  171. Plaintiff requests this court to award damages and attorney fees as

16  provided by law, including pursuant to C.C.P. §1090 and 1095.

17  172. In bringing this action, Plaintiffs have sought enforcement of an important

18  right affecting the public interest which will result in the conferring of a significant benefit

19  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to

20  an award of attorneys' fees pursuant to Code of Civil Procedure §1021 .5.

21  173. The actions of defendants, and each of them, were arbitrary and capricious

22  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

23  Code §800.

24  **FIFTH CAUSE OF ACTION**

25  Against City, Police Department, Valentin, Ridge and Carvalho

26  Violation of Penal Code §§832.5-832.8/Evidence Code §1043-1046

27  174. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

28  Fifth Cause of Action against all Defendants for violations of Penal Code §§832.5-832.8

38

EXHIBIT C
Page 115

1  and/or Evidence Code §§1043-1046 re-alleges paragraphs 1-95, above, and further
2  allege as follows:

3      175.  Penal Code 832.5(a) (1) provides "Each department or agency in this state
4  that employs peace officers shall establish a procedure to investigate complaints by
5  members of the public against the personnel of these departments or agencies, and
6  shall make a written description of the procedure available to the public."
7  176.Penal Code §832.7(f) (1) mandates that "The department or agency shall provide
8  written notification to the complaining party of the disposition of the complaint within 30
9  days of the disposition."

10     177.  The City of Santa Ana and Santa Ana Police Department have established
11  and published procedures for receiving and investigating complaints. The established
12  procedures state that complaints will investigated and the party submitting the
13  complaint will be notified of the results by mail.

14     178.  The procedure for addressing citizen complaints that the department has
15  established and published obligated the department to conduct an investigation into the
16  allegations of the complaint that was sufficient to allow a decision-maker make one of
17  four possible findings, and the procedure obligated the Chief of Police to make one of
18  those findings with respect to each allegation of misconduct. Defendants did not comply
19  with these obligations and Plaintiffs are entitled to a writ of mandate compelling
20  defendants to perform their ministerial duty to satisfy the obligations imposed by the
21  department's published procedure. (See *Galzinski v. Somers*, (2016) 2 Cal.App.5th
22  1164).

23     179.  Plaintiffs filed complaints and requests for investigations and Defendants
24  failed to either investigate the allegations of misconduct (which were also violations of
25  state law and possible misdemeanor offenses) and/or refused to notify Plaintiff SAPOA
26  of the outcome of the investigation.

27     180.  Defendants had a ministerial duty to investigate the SAPOA's and/or
28  Serrano's citizen's complaint and to render a finding on that complaint in compliance

EXHIBIT C
Page 116

1  with the complaint procedure the department established and made public pursuant to
2  subdivision (a)(1) of Penal Code section 832.5. (See *Gregory v. State Bd. of Control*
3  (1999) 73 Cal.App.4th 584 ('[a] public entity has a ministerial duty to comply with its
4  own rules and regulations where they are valid and unambiguous); *Pozar v. Department*
5  *of Transportation* (1983) 145 Cal.App.3d 269 (a writ of mandate may be issued to
6  compel a public agency to follow its own internal procedures.).

7       181.  A writ of mandate may be issued by any court to any inferior tribunal,
8  corporation,  board, or person, to compel the performance of an act which the law
9  specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., §
10  1085, subd. (a).) Indeed, "[t]he writ must be issued in all cases where there is not a
11  plain, speedy, and adequate remedy, in the ordinary course of lawupon the verified
12  petition of the party beneficially interested." (Id. , § 1086.) In essence, "[m]andamus lies
13  to compel the performance of a clear, present, and ministerial duty where the petitioner
14  has a beneficial right to performance of that duty." (*Carrancho v. California Air*
15  *Resources Board* (2003) 111 Cal.App.4th 1255 1265) "A duty is ministerial when it is
16  the doing of a thing unqualifiedly required." (*Redwood Coast Watersheds Alliance v.*
17  *State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 970).

18       182.  Plaintiffs seek a writ of mandate commanding Defendants to investigate
19  Plaintiff's complaint regarding the release of the confidential information and to inform
20  Plaintiff of the outcome of that investigation. Plaintiff further seeks an order of the court
21  mandating that Defendants, and each of them, fully investigate any and all complaints
22  made to the City of Santa Ana/Santa Ana Police Department regarding the misconduct
23  of police department employees/officials.

24       183.  Furthermore, Penal Code §832.5-832.8 requires Defendants to maintain as
25  confidential peace officer personnel files/information. The only manner in which the
26  information can be released to third parties is through compliance with Evidence Code
27  §§1043-1046.

28       184.  Plaintiff Serrano was issued punitive action by Defendant Ridge, and then

40

EXHIBIT C

Page 117

1 │ Defendant Ridge and/or Carvalho released copies of the punitive action to elected
2 │ Council members and media sources without complying with the legal requirements set
3 │ forth above.

4 │     185.  The duty to obey the laws set forth in Penal Code § §832.5-832.8 and/or
5 │ Evidence Code §§1043-1046, is a ministerial duty and is not discretionary. By acting,
6 │ and failing to act, as set forth above, defendants have violated a ministerial duty.
7 │ Moreover, the acts and/or omissions of defendants, set forth above, demonstrate that
8 │ defendants' failure to comply with Penal Code §§832.5-832.8 and/or Evidence Code
9 │ §1043-1046 was illegal as a matter of law under Government Code section 1222, which
10 │ makes a public officer's "willful omission to perform any duty enjoined by law" a
11 │ misdemeanor.

12 │     186.  As a result of Defendants' unlawful action, Plaintiff Serrano has suffered
13 │ and will continue to suffer distress, suffering, anguish, fright, nervousness, grief,
14 │ anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,
15 │ damages to reputation, and other non-economic damages, in a sum to be ascertained
16 │ according to proof. Said damages are of the type that any person would suffer as result
17 │ of the illegal and wrongful conduct of Defendants; Plaintiff does not claim that he has
18 │ suffered any psychiatric illness as a result of the conduct of Defendants.

19 │     187.  Plaintiffs have no plain, speedy or adequate remedy under the law.
20 │ Plaintiffs have attempted to exhaust all administrative remedies to redress the violation
21 │ of their rights.

22 │     188.  Plaintiffs request this court to award ancillary damages pursuant to C.C.P.
23 │ §1090 and 1095.

24 │     189.  The actions of defendants, and each of them, were arbitrary and capricious
25 │ and, therefore, Plaintiffs are entitled to recover attorneys' fees pursuant to Government
26 │ Code §800.

27 │     190.  The success of Plaintiffs in this action will result in the enforcement of an
28 │ important right affecting the public interest in that a significant benefit will be conferred

on a large class of persons, that is, public employees, and the necessity and financial burden of private enforcement of said benefit are such as to make appropriate the award of attorney fees pursuant to California Code of Civil Procedure §1021.5.

### SIXTH CAUSE OF ACTION

(Violation of FEHA (Government Code § 12900, et seq.)

Retaliation for Engaging in Protected Activity

(Against City of Santa Ana/Santa Ana Police Department)

191. The allegations set forth in paragraphs 1 through 190 are re-alleged and incorporated herein by reference.

192. Plaintiffs filed complaints with the City of Santa Ana, via Defendant Ridge and/or Motsick regarding allegations of gender discrimination and/or harassment. Furthermore, Defendants Ridge, Motsick and Carvalho believed that Plaintiffs had or would file complaints against Ridge for allegations of sexual harassment. In retaliations for Plaintiffs filing complaints, and/or the fear that additional complaints would be made, defendants engaged in actions such as issuing punitive action, causing Plaintiff Serrano to be subject to improper investigations, placed on administrative leave, and/or to implement other adverse employment action against Plaintiff Serrano.

193. Plaintiffs complained to Defendants about the inappropriate actions (discrimination, harassment and/or retaliation), but nothing was done and the retaliation continued unabated. On the basis of the above, Plaintiffs believe and allege that Defendants retaliated against them for their complaints of gender discrimination, sexual harassment, and/or retaliation.

194. Plaintiffs reporting of unlawful actions were motivating factors in Defendants' decision not to implement adverse employment actions against Plaintiff Serrano.

195. Defendants' conduct, as alleged, violated the Fair Employment and Housing Act, Government Code section 12900, et seq., and Defendants committed unlawful employment practices.

EXHIBIT C
Page 119

196. As a proximate result of Defendants' willful, knowing, and intentional discrimination/harassment/retaliation against Plaintiff, Plaintiff has sustained and continues to sustain damages, humiliation, distress, pain and anguish, all to his damage in a sum according to proof.

197. Plaintiffs have incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiffs are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

198. Plaintiffs further request that the Court render appropriate injunctive or other extraordinary relief to remedy these violations and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a permanent injunction requiring the Defendants, upon receiving notification of conduct which may violate the California Department of Fair Employment and Housing regulations or California whistleblower statutes, to promptly conduct a fair and thorough investigation into the allegations and not allow retaliatory actions to be taken against the employees.

199. Plaintiff requests this court to award ancillary damages pursuant to C.C.P. §1090 and 1095.

200. The actions of defendants, and each of them, were arbitrary and capricious and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government Code §800.

201. The success of Plaintiff in this action will result in the enforcement of an important right affecting the public interest in that a significant benefit will be conferred on a large class of persons, that is, public employees, and the necessity and financial burden of private enforcement of said benefit are such as to make appropriate the award of attorney fees pursuant to California Code of Civil Procedure §1021.5

202. Plaintiff obtained a Right to Sue letter from the DFEH, and served the same on defendants via the City Clerk's office.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them

43

EXHIBIT C
Page 120

1 | as follows:

2 | FIRST CAUSE OF ACTION

3 | 1. Any and all appropriate injunctive or other extraordinary relief afforded under
4 | Government Code §3500, et seq., to remedy the violation and to prevent future
5 | violations of a like or similar nature, including, but not limited to, the granting of a
6 | temporary restraining order, preliminary injunction, or permanent injunction prohibiting
7 | Defendants, and each of them, and their agents, representatives, employees, servants
8 | and/or investigators from violating Government Code §3500, et seq.

9 | 2. For those matters already identified in Plaintiffs' Government Tort Claims,
10 | any and all damages and/or civil penalties afforded under the law.

11 | SECOND CAUSE OF ACTION

12 | 3. Any and all appropriate injunctive or other extraordinary relief afforded under
13 | Government Code §3309.5(d) to remedy the violation and to prevent future violations of
14 | a like or similar nature.

15 | 4. For those matters already identified in Plaintiffs' Government Tort Claims, any
16 | and all damages and/or civil penalties afforded under the law.

17 | THIRD CAUSE OF ACTION

18 | 5. Any and all appropriate injunctive or other extraordinary relief afforded under
19 | the law to remedy the violation and to prevent future violations of a like or similar
20 | nature.

21 | 6. For those matters already identified in Plaintiffs' Government Tort Claims, any
22 | and all damages and/or civil penalties afforded under the law.

23 | FOURTH CAUSE OF ACTION

24 | 7. Any and all appropriate injunctive or other extraordinary relief afforded under
25 | the law to remedy the violation and to prevent future violations of a like or similar
26 | nature.

27 | 8. For those matters already identified in Plaintiffs' Government Tort Claims, any
28 | and all damages and/or civil penalties afforded under the law.

44

EXHIBIT C
Page 121

FIFTH CAUSE OF ACTION

9. A declaration of the Court that the Defendants violated Penal Code §832.5-832.7 and/or Evidence Code §§1043-1046 and that Plaintiffs are entitled to the full relief afforded under Penal Code §832.5-832.7 and/or Evidence Code §§1043-1046.

10. Any and all appropriate injunctive or other extraordinary relief afforded under the law to remedy the violation and to prevent future violations of a like or similar nature.

11. For those matters already identified in Plaintiffs' Government Tort Claims, any and all damages and/or civil penalties afforded under the law.

SIXTH CAUSE OF ACTION

12. Any and all appropriate injunctive or other extraordinary relief afforded under the law to remedy the violation and to prevent future violations of a like or similar nature.

13. For those matters already identified in Plaintiffs' Government Tort Claims, any and all damages and/or civil penalties afforded under the law.

ALL CAUSES OF ACTION

14. An award ancillary damages pursuant to C.C.P. §1090 and 1095.

15. For all matters covered by Plaintiffs' Government Tort Claim(s), all damages which the Plaintiffs have sustained as a result of Defendants' conduct, including general damages for pain, suffering, distress, and special damages for lost compensation, including back, front pay, job benefits that he would have received but for the discriminatory practices of Defendants, damages for anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions ordinarily to be expected, damages to reputation, and other non-economic damages, to the extent permitted by law and in a sum to be ascertained according to proof;

16. For all matters covered by Plaintiffs' Government Tort Claim(s), other actual, consequential, and/or incidental damages, and/or statutory penalties in a sum to be

45

EXHIBIT C
Page 122

1 | ascertained according to proof;

2 |     17. Attorneys' fees pursuant to Government Code §800.

3 |     18.  Attorney fees pursuant to California Code of Civil Procedure §1021.5

4 |     19.  Attorney fees as provided by any other law and/or statutes

5 |     20. That Defendants takes nothing by virtue of this action;

6 |     21.  For cost of suit and attorney's fees incurred herein; and

7 |     22. For such other and further relief as the Court may deem just and proper/

8

9 | DATED: November ___, 2021        COREY W. GLAVE, ATTORNEY AT LAW

10 |            By:_____

11 |                  Corey W. Glave
                 Attorneys for Plaintiffs

46

COMPLAINT

EXHIBIT C
Page 123

1

## **VERIFICATION**

2      The undersigned declares as follows:

3

4      I am the attorney of record for all plaintiffs in this action.  I am verifying this

5   Complaint on the basis that all named plaintiffs are absent from the county where I

6   have my office.  I have read the foregoing COMPLAINT, and know the contents thereof.

7    The contents are true, except as to the matters which are therein stated on information

8   or belief, and as to those matters I believe them to be true and Plaintiffs are acting in

9   good faith in bringing forward such allegations.

10      I declare under penalty of perjury under the laws of the State of California that

11   the foregoing is true and correct.

12                          /S/     Corey Glave

13                          _____

14                          COREY GLAVE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47

EXHIBIT C
Page 124

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.
Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

2

3     STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4          At the time of service, I was over 18 years of age and not a party to this action.  My
business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

6          On December 10, 2021, I served true copies of the following document(s):
**DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-
APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE
OF SUMMONS**

7

8

9          I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

10                          **SEE ATTACHED SERVICE LIST**

11          The documents were served by the following means:

12  ☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the
13      documents to be sent from e-mail address Lytonia.Sanders@lewisbrisbois.com to the
persons at the e-mail addresses listed above.  I did not receive, within a reasonable time
14      after the transmission, any electronic message or other indication that the transmission was
unsuccessful.

15

16          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

17          Executed on December 10, 2021, at Los Angeles, California.

18

19                                    _____
                                      Lytonia Sanders
20

21

22

23

24

25

26

27

28



4871-4025-2422.1

3

DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY
OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT C
Page 125

1

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

2

3

4

Corey W. Glave, Esq.               Attorneys for Plaintiffs SANTA ANA POLICE
Attorney at Law                    OFFICERS ASSN and GERRY SERRANO
632 S. Gertruda Ave.

5

Redondo Beach, CA 90277

6

Telephone 323.547.0472 Facsimile
E-Mail:  POaattorney@aol.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4

DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY
OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT C
Page 126

Electronically Filed by Superior Court of California, County of Orange, 12/15/2021 12:06:00 PM.
30-2021-01230129-CU-OE-CJC - ROA # 25 - DAVID H. YAMASAKI, Clerk of the Court By Julie Carney, Deputy Clerk.
Case 8:22-cv-01069-CJC-ADS Document 1-4 Filed 05/16/22 Page 130 of 305 Page ID #:130

Not Signed! Minute Order
reflects Court's ruling.

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
  E-Mail: Soojin.Kang@lewisbrisbois.com
ANDREA L. STEFFAN, SB# 332596
  E-Mail: Andrea.Steffan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

Attorneys for Defendant City of Santa Ana

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES 1 – X, inclusive,<br><br>        Defendants. | Case No. 30-2021-01230129-CU-OE-CJC<br><br>[Assigned to Honorable Lon Hurwitz Dept. 20]<br><br>**[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR, ALTERNATIVELY, ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022**<br><br>Filed Concurrently with Ex Parte Application For An Order To Advance The Hearing On Specially-Appearing Defendant City Of Santa Ana's Motion To Quash Service Of Summons Or Alternatively Order That The Hearing May Proceed On April 20, 2022; Memorandum Of Points And Authorities; Declaration Of Andrea L. Steffan In Support Thereof<br><br>Date:      December 16, 2021<br>Time:      1:30 p.m.<br><br><br>Action Filed:    11/08/2021<br>Trial Date:     None Set |

4881-9187-5590.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

EXHIBIT C
Page 127

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       PLEASE TAKE NOTICE that on December 16, 2021, at 1:30 p.m., this Court heard the Ex

3  Parte Application for An Order To Advance The Hearing on Specially-Appearing Defendant City

4  of Santa Ana's ("City") Motion To Quash Service of Summons or, Alternatively, Order That The

5  Hearing May Proceed On April 20, 2022. ("Application").

6       Good cause shown, the Court hereby GRANTS said Application and ORDERS as follows:

7       The hearing on City's Motion to Quash Service of Summons  ("Motion") is hereby advanced

8  to _____, 2021 at _____.

9       *[or]*

10       The Court hereby rules that compliance with Code of Civil Procedure § 418.10(b) is excused

11  or otherwise not required for City's Motion and the present hearing thereon may proceed on April

12  20, 2022.

13       **IT IS SO ORDERED.**

14

15  DATED:  December _____, 2021

16

17                         _____

                            Lon Hurwitz

18                             Judge of the Superior Court

19

20

21

22

23

24

25

26

27

28  4881-9187-5590.1

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE
HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH
SERVICE OF SUMMONS OR, ALTERNATIVELY, ORDER THAT THE HEARING MAY PROCEED ON APRIL
20, 2022

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

EXHIBIT C
Page 128

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.

2

Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4         At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

6         On December 15, 2021, I served true copies of the following document(s):  **[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR, ALTERNATIVELY, ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022**

7

8

9         I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10

11                    **SEE ATTACHED SERVICE LIST**

12         The documents were served by the following means:

13   ☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Andrea.Steffan@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

18         Executed on December 15, 2021, at Los Angeles, California.

19

20                                                    _____
                                                      Andrea Steffan

21

22

23

24

25

26

27

28   4881-9187-5590.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR, ALTERNATIVELY, ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT C
Page 129

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

Corey W. Glave, Esq.                           Attorneys for Plaintiffs SANTA ANA POLICE
Attorney at Law                                OFFICERS ASSN and GERRY SERRANO
632 S. Gertruda Ave.
Redondo Beach, CA 90277
Telephone 323.547.0472 Facsimile
E-Mail:  POaattorney@aol.com

4

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE
HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH
SERVICE OF SUMMONS OR, ALTERNATIVELY, ORDER THAT THE HEARING MAY PROCEED ON APRIL
20, 2022

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT C
Page 130

# EXHIBIT D

1   **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    JEFFREY S. RANEN, SB# 224285                        *Exempt from filing fees per*
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com           *Government Code § 6103*
    SOOJIN KANG, SB# 219738
3     E-Mail: Soojin.Kang@lewisbrisbois.com
    ANDREA L. STEFFAN, SB# 332596
4     E-Mail: Andrea.Steffan@lewisbrisbois.com
    633 West 5ᵗʰ Street, Suite 4000
5   Los Angeles, California 90071
    Telephone: 213.250.1800
6   Facsimile: 213.250.7900

7   Attorneys for Specially-Appearing Defendant
    City of Santa Ana

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

10

11
    SANTA ANA POLICE OFFICERS              Case No. 30-2021-01230129-CU-OE-CJC
12  ASSOCIATION; GERRY SERRANO,
                                           [Assigned to Honorable Lon Hurwitz Dept. 20]
13             Plaintiffs,
                                           **EX PARTE APPLICATION FOR AN**
14        vs.                              **ORDER TO ADVANCE THE HEARING**
                                           **ON SPECIALLY-APPEARING**
15  CITY OF SANTA ANA, a Municipal         **DEFENDANT CITY OF SANTA ANA'S**
    Corporation; SANTA ANA POLICE          **MOTION TO QUASH SERVICE OF**
16  DEPARTMENT, a public safety department;**SUMMONS OR ALTERNATIVELY**
    DAVID VALENTIN, Chief of Police;       **ORDER THAT THE HEARING MAY**
17  KRISTIN RIDGE, City Manager; SONIA     **PROCEED ON APRIL 20, 2022;**
    CARVALHO, City Attorney; JASON         **MEMORANDUM OF POINTS AND**
18  MOTSICK, Director of Human Resources;  **AUTHORITIES; DECLARATION OF**
    DOES 1 – X, inclusive,                 **ANDREA L. STEFFAN IN SUPPORT**
19                                         **THEREOF**
               Defendants.
20                                         Filed Concurrently with [Proposed] Order

21

22                                         ***SPECIAL APPEARANCE CCP § 418.10(d)***

23                                         Judge:   Hon. Lon Hurwitz, Dept. 20
                                           Date:    December 16, 2021
24                                         Time:    1:30 p.m.

25

26                                         Action Filed:   11/08/2021
                                           Trial Date:     None Set
27

28
    4886-2453-9398.1
    EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING
    DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR
    ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 16, 2021, at 1:30 p.m., in Department 20 of the Orange County Superior Court, located at 700 Civic Center Drive, Santa Ana, CA 92701, specially appearing defendant City of Santa Ana ("City") will apply *ex parte* for an order to advance the hearing on City's Motion to Quash Service of Summons ("Motion"), from April 20, 2022 to January 7, 2022, or, alternatively, permit the hearing to move forward as scheduled on April 20, 2022.

This application is made pursuant to Code of Civil Procedure section 187, and the Court's inherent authority over its own calendar, on the following grounds of good cause:

1.    On December 10, 2021, City reserved the first available hearing date of April 20, 2022 for its Motion to Quash Service of the Summons of Plaintiffs' Complaint.

2.    The Motion was timely filed and electronically served on December 10, 2021.

3.    Code of Civil Procedure section 418.10(b) requires that a motion to quash service of summons be noticed for "a date not more than 30 days after filing of the notice."

4.    The 30-day requirement in section 418.10(b) is not jurisdictional. (*Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1296 ["we reject Olinick's theory that a tardy hearing date on a motion to stay or dismiss under section 418.10 deprives the trial court of jurisdiction to consider the merits of the motion"].)

5.    If the Court requires compliance with the 30-day requirement of § 418.10(b), the hearing should be advanced to January 7, 2022 (the only possible date within the 30-day requirement that also complies with the notice requirement under Code of Civil Procedure § 1005(b).).

6.    Alternatively, if the Court is not inclined to advance the hearing, an order should follow allowing the Motion to remain set for April 20, 2022.

7.    Ex parte relief is necessary because, absent granting the instant Ex Parte Application, the hearing on City's Motion will fall outside the 30-day requirement set forth in section 418.10(b). (Cal. Rules of Court, rule 3.1202(c).) The Court should therefore specially set the Motion for January 7, 2022 or, alternatively, order that the hearing may proceed as scheduled

4886-2453-9398.1                                   2

EXHIBIT D
Page 132

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   on April 20, 2022.

2   Pursuant to California Rule of Court 3.1202, the following parties and counsel are litigating this

3   case:

4   Corey W. Glave, Esq.                         *Attorneys for Plaintiffs SANTA ANA POLICE*
    Attorney at Law                              *OFFICERS ASSOCIATION; GERRY SERRANO*
5   632 S. Gertruda Ave.
    Redondo Beach, CA  90277                     T:  (619) 236-9363
6                                                Email: POAattorney@aol.com

7

8   Jeffrey S. Ranen, Esq.                       *Attorneys for Specially-Appearing Defendant*
    Soojin Kang, Esq.                            *CITY OF SANTA ANA*
9   Andrea L. Steffan, Esq.
    LEWIS BRISBOIS BISGAARD & SMITH              T:  (213) 250-1800
10  LLP                                          F: (213) 250-7900
    633 West Fifth Street, Suite 4000            Email:  Jeffrey.Ranen@lewisbrisbois.com
11  Los Angeles, California 90071                Email:  Soojin.Kang@lewisbrisbois.com
                                                 E-Mail: Andrea.Steffan@lewisbrisbois.com
12

13
          Pursuant to California Rule of Court 3.1202(b), City has not filed any previous requests for
14
    the same relief requested in this Application.
15
    / / /
16
    / / /
17
    / / /
18
    / / /
19
    / / /
20
    / / /
21
    / / /
22
    / / /
23
    / / /
24
    / / /
25
    / / /
26
    / / /
27
    / / /
28
    4886-2453-9398.1                          3

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## NOTICE

Counsel for Specially-Appearing Defendant City emailed notice of the instant Ex Parte Application on December 15, 2021 at 9:49 a.m. Plaintiffs' counsel.  (Declaration of Andrea L. Steffan ["Steffan Decl."], ¶ 7, Ex. C.)   Counsel for City also spoke with Plaintiffs' counsel via phone at 9:56 a.m. and notified him of the ex parte application.  Plaintiffs' counsel did not know at the time whether he would appear at the hearing or oppose the application.  (*Id.*)

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Andrea L. Steffan in support, and accompanying exhibits, the pleadings and papers on file in this action, any matter upon which the Court may take judicial notice, and upon such other oral and/or documentary evidence as may be presented at or before the hearing on the Application.


DATED:  December 15, 2021            LEWIS BRISBOIS BISGAARD & SMITH LLP


                                     By: _____
                                         JEFFREY S. RANEN
                                         SOOJIN KANG
                                         ANDREA L. STEFFAN
                                         Attorneys for Specially-Appearing Defendant City
                                         of Santa Ana

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT D
Page 134

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On December 10, 2021, Specially-Appearing Defendant City of Santa Ana. ("City") filed a Motion to Quash Service of the Summons of Plaintiffs' Complaint ("Motion"). No hearings on the Motion were available within 30 days of the filing, as required by *Code of Civil Procedure* section 418.10, subdivision (b). Therefore, City was forced to set the Motion on the first available hearing date of April 20, 2022.

To comply with the 30-day requirement under section 418.10(b), City seeks ex parte relief to advance the Motion's hearing to January 7, 2022 (the only possible date within the 30-day requirement that also complies with the notice requirement under *Code of Civil Procedure* § 1005(b).). (*Code Civ. Proc.*, §§ 1005(b), 1010.6(4)(B)).

In the alternative, City requests a ruling that compliance with the 30-day rule is excused or otherwise not required, so that City may proceed with its Motion on the date noticed, April 20, 2022.

Ex parte relief is necessary because, absent granting the instant Ex Parte Application, the hearing on City's jurisdictional challenge will fall outside the 30-day requirement set forth in section 418.10(b). (Cal. Rules of Court, rule 3.1202(c).) The Court therefore should specially set the Motion for January 7, 2022 or, alternatively, order that the current hearing may go forward on April 20, 2022.

## II.     BACKGROUND

### A.     Statement of Facts

Plaintiffs Santa Ana Police Officers Association ("SAPOA") and Gerry Serrano ("Serrano" collectively "Plaintiffs") allege violation of the Meyers Milias Brown Act Gov. Code § 3500 et seq.; violation of the Public Safety Officers Procedural Bill of Rights ("POBRA"), Gov. Code § 3300, et. seq.; violation of Freedom of Speech; violation of Labor Code §§ 1102 and 1102.5; violation of Penal Code §§ 832.5-832.8 and Evidence Code §§ 1-43-1046; and retaliation under the Fair Employment and Housing Act against defendants City of Santa Ana ("City"); Santa Ana Police Department; David Valentin, Chief of Police; Kristin Ridge, City Manager; Sonia Carvalho, City

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4886-2453-9398.1                                                5

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT D
Page 135

1    Attorney; Jason Motsick, Director of Human Resources; and Does I-X (collectively "Defendants").

2        **B.    Relevant Procedural History**

3        Plaintiffs filed their Complaint against the foregoing defendants on November 8, 2021.

4    (Steffan Decl., at ¶ 3.)  On November 10, 2021, Plaintiffs attempted to serve some or all of the

5    Defendants by delivering a patently defective summons, notice of case management conference,

6    civil case cover sheet, and complaint to the Santa Ana City Hall.  (*Id.*, at ¶ 3, Ex. A.)  On

7    December 10, 2021, City reserved the first available hearing on its Motion – April 20, 2022. (*Id.*,

8    at ¶ 65)  The Motion was timely filed and electronically served on December 10, 2021. (*Id.*, at ¶ 6,

9    Ex. B.)  Counsel for City emailed notice of the instant Ex Parte Application to Plaintiffs' counsel

10   on December 15, 2021 at 9:49 a.m.  (*Id.*, at ¶ 7, Ex. C.)  Counsel for City also spoke with

11   Plaintiffs' counsel via phone at 9:56 a.m. and notified him of the ex parte application.  Plaintiffs'

12   counsel did not know at the time whether he would appear at the hearing or oppose the

13   application.  (*Id.*)

14   **III.   GOOD CAUSE EXISTS TO ISSUE AN ORDER ADVANCING THE HEARING ON**

15   **CITY'S MOTION TO QUASH SERVICE OF THE SUMMONS.**

16       It is well established that trial courts have the inherent power to control proceedings in the

17   litigation before it. As the California Supreme Court explained in *Hayes v. Superior Court* (1940)

18   16 Cal.2d 260, 264:

19            There is nothing novel in the concept that a trial court has the power
              to exercise reasonable control over all proceedings connected with
20            the litigation before it.  Such power necessarily exists as one of the
              inherent powers of the court and such power should be exercised by
21            the courts in order to insure the orderly administration of justice.

22   *Code of Civil Procedure* section 128 similarly provides:

23            "Every court shall have the power to do all of the following . . . (5)
              to control in the furtherance of justice the conduct of its ministerial
24            officers and of all other persons in any manner connected with the
              judicial proceeding before it, and every matter pertaining thereto."
25

26       As to the timing for hearings on motions to quash service of a summons for lack of

27   personal jurisdiction, *Code of Civil Procedure* section 418.10 provides in relevant part:

28            (a) A defendant, on or before the last day of his or her time to plead

4886-2453-9398.1

6

EX. 5[B] D
Page 136

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

or within any further time that the court may for good cause allow,
may serve and file a notice of motion for one or more of the
following purposes:

(l) To quash service of summons on the ground of
lack of jurisdiction of the court over him or her.

…

(b) The notice shall designate, as the time for making the motion, a
date not more than 30 days after filing of the notice.

(*Code Civ. Proc.*, § 418.10.)

In *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, the court held that this 30-day requirement is not jurisdictional, thus permitting the court to consider a motion under section 418.10 even if noticed for hearing more than 30 days after filing the notice. (*Id.* at p. 1296 ["we reject Olinick's theory that a tardy hearing date on a motion to stay or dismiss under section 418.10 deprives the trial court of jurisdiction to consider the merits of the motion"].)

At the time City reserved a hearing date, no hearings were available within 30 days after filing the Motion on December 10, 2021. (Steffan Decl., ¶ 5.)  Thirty days after December 10, 2021 is Sunday, January 9, 2022.  The notice period on the Motion expires on January 7, 2022. (See Code Civ. Proc., §§ 1005(b), 1010.6(4)(B) (providing that motions must be filed and served at least 16 court days before the hearing and where served electronically, the notice period shall be extended by 2 court days.)). Accordingly, pursuant to section 418.10(b), the only date to hear the Motion is January 7, 2022.  City therefore requests advancement of the hearing on its Motion to January 7, 2022.

Nevertheless, and in light of *Olinick*, should the Court rule that compliance with the 30-day requirement in section 418.10(b) is excused or otherwise not required, City seeks an order in the alternative that the Motion's hearing may remain set for April 20, 2022.

Absent granting the instant Application, the hearing on City's jurisdictional challenge will fall outside the 30-day requirement set forth in § 418.10(b). (Cal. R. Ct. 3.1202(c)). Therefore, the hearing on the Motion should be advanced to January 7, 2022 or, alternatively, an order should follow permitting the current hearing to remain set for April 20, 2022.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4886-2453-9398.1

7

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING
DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR
ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT D
Page 137

## IV.   **CONCLUSION**

Based on the foregoing, Specially-Appearing Defendant City of Santa Ana respectfully requests that the Court issue an order on the form lodged herewith, advancing the hearing date on City's Motion to Quash Service of the Summons from April 20, 2022 to January 7, 2022 in compliance with *Code of Civil Procedure* section 418.10(b).  In the alternative, City requests that the Court order that such compliance is excused or otherwise not required.

DATED:  December 15, 2021               LEWIS BRISBOIS BISGAARD & SMITH LLP


                                        By: _____
                                              JEFFREY S. RANEN
                                              SOOJIN KANG
                                              ANDREA L. STEFFAN
                                              Attorneys for Specially-Appearing Defendant City
                                              of Santa Ana

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DECLARATION OF ANDREA L. STEFFAN

I, Andrea L. Steffan, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of California and I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Specially-Appearing Defendant City of Santa Ana ("City") herein. The facts set forth herein are of my own personal knowledge, except those matters stated on information and belief, which I believe to be true, and if sworn I could and would competently testify thereto.

2.      I make this declaration in support of the instant Ex Parte Application for an Order to Advance the Hearing on Specially-Appearing Defendant City of Santa Ana's Motion to Quash Service of the Summons of Plaintiffs' Complaint or, Alternatively, Order That The Hearing May Proceed on April 20, 2022.  ("Application").

2.      On November 8, 2021, Plaintiffs Santa Ana Police Officers Association ("SAPOA") and Gerry Serrano ("Serrano") (collectively "Plaintiffs") filed suit alleging several claims against defendants City of Santa Ana ("City"); Santa Ana Police Department; David Valentin, Chief of Police; Kristin Ridge, City Manager; Sonia Carvalho, City Attorney; Jason Motsick, Director of Human Resources; and Does I-X (collectively "Defendants").

3.      I am informed and believe that on November 10, 2021, Plaintiffs attempted to serve some or all of the Defendants by delivering: a summons that is not signed by the clerk of the court, a notice of case management conference, a civil case cover sheet, and the complaint to the Santa Ana City Hall.  A true and correct copy of the documents Plaintiffs attempted to serve on City and/or Defendants is attached hereto as **Exhibit A**.  The summons is on pages one and two.  It is not signed by the clerk and does not contain the seal of the court.

4.      The summons also does not have any boxes in the section titled NOTICE TO THE PERSON SERVED checked and lists all named and Doe defendants in the NOTICE TO DEFENDANT section making it impossible for Defendants to determine who was being served and in what capacity.  (**Exhibit A** at 1-2.)

5.      On December 10, 2021, City reserved the first available hearing date of April 20, 2022 for its Motion to Quash Service of the Summons ("Motion").

4886-2453-9398.1

9

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT D

Page 139

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6. City's Motion was timely filed and electronically served on December 10, 2021. Attached hereto as **Exhibit B** and incorporated herein by this reference is a true and correct copy of said Motion filed and served on December 10, 2021.

7. I emailed notice of the instant Ex Parte Application Plaintniffs' counsel on December 15, 2021 at 9:49 a.m. Attached hereto as **Exhibit C** and incorporated herein by this reference is a true and correct copy of said email. I also spoke with Plaintiffs' counsel Corey Glave at 9:56 a.m. and notified him of the ex parte application via phone. Mr. Glave did not know at the time whether he would appear at the hearing or oppose the application.

8. Absent granting the instant Application, City's jurisdictional challenge will remain in immediate danger because the hearing on its Motion will fall outside the 30-day requirement set forth in *Code of Civil Procedure* § 418.10(b). (Cal. R. Ct. 3.1202(c)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 10, 2021, at Los Angeles, California.

Andrea Steffan

Andrea L. Steffan

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4886-2453-9398.1

10

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

CLERK OF THE COUNCIL
NOV 10 '21 AM 11:43

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277  (323) 547-0472

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT D**

Page 142

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Santa Ana POA/Serrano v. City of Santa Ana, et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** *(Check only one box. Use a seperate page for each type of party.):*

☐  Plaintiff      ☒  Defendant      ☐  Cross-Complainant      ☐  Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D

Page 143

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Santa Ana Police Officers Association et.al. |  |
| DEFENDANT: City of Santa Ana et.al. | **Nov 8, 2021** |
| Short Title: SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA | Clerk of the Court<br>By Jessica Duarte, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 05/09/2022 at 09:00:00 AM in Department C20 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _____ , Deputy

EXHIBIT D
Page 144

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: 30-2021-01230129-CU-OE-CJC |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/08/2021. Following standard court practice the mailing will occur at Sacramento, California on 11/09/2021.

Clerk of the Court, by: _____ , Deputy

COREY W GLAVE
632 S. GERTRUDA
REDONDO BEACH, CA 90277

V3 1013a (June 2004)                                   Code of Civil Procedure § CCP1013(a)

EXHIBIT D
Page 145

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Corey W. Glave (SBN164746)<br>Attorney at Law<br>632 S. Gertruda Ave.<br>Redondo Beach, CA 90277<br>TELEPHONE NO.: 323-547-0472  FAX NO.: n/a<br>ATTORNEY FOR (Name): Plaintiffs SAPOA/Serrano | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice

CASE NAME: SAPOA/Serrano v. City of Santa Ana, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief    c. ☒ punitive
4. Number of causes of action (specify): 8:MMBA; POBRA; Speech; Labor Code; Penal Code 832.5-832.8; Retaliation
5. This case ☐ is ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November7, 2021

Corey W. Glave                          ▶ /s/ Corey W. Glave
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Page 2 of 2



American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D
Page 147

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 152 of 305 Page ID #:152
Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

1   COREY W. GLAVE (State Bar No. 164746)
    Attorney at Law
2   632 S. Gertruda Ave
    Redondo Beach, CA 90277
3   Phone: (323) 547-0472
    POAattorney@aol.com
4

5   Attorneys for Plaintiffs
    Santa Ana Police Officers Assn
6   and Gerry Serrano

7

                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    FOR THE COUNTY OF ORANGE-CENTRAL
9

10

    SANTA ANA POLICE OFFICERS         )   Case
11   ASSOCIATION; GERRY SERRANO     )
                                )   CIVIL COMPLAINT
12          Plaintiffs,              )
    vs.                           )   1.    VIOLATION OF GOVERNMENT
13                               )           CODE §3500, ET SEQ.
    CITY OF SANTA ANA, a Municipal     )   2.    VIOLATION OF THE PUBLIC
14   Corporation; SANTA ANA POLICE    )          SAFETY OFFICERS
    DEPARTMENT, a public safety      )          PROCEDURAL BILL OF
15   department; DAVID VALENTIN, Chief  )         RIGHTS ACT, GOVERNMENT
    of Police; KRISTIN RIDGE, City      )          CODE SECTION 3300 ET. SEQ.
16   Manager; SONIA CARVALHO, City    )   3.    VIOLATION OF FREEDOM OF
    Attorney; JASON MOTSICK, Director of )         SPEECH
17   Human Resources; DOES I-X, inclusive )   4.    VIOLATION OF LABOR CODE
                              )          §§1102, 1102, 1102.5
18         Defendants.            )   5.    VIOLATION OF PENAL CODE
                              )          §§832.5-832.8, EVIDENCE
19                               )          CODE §§1043-1046
                              )   6.    RETALIATION UNDER
20                               )          GOVERNMENT CODE §12900,
                              )          ET SEQ.
21                               )
22                               )   REQUEST FOR JURY TRIAL

23

24        COMES NOW PLAINTIFFS SANTA ANA POLICE OFFICERS ASSOCIATION

25   and GERRY SERRANO and allege as follows:

26       1.    Plaintiff Santa Ana Police Officers Association (SAPOA) is the recognized

27   employee organization as defined under Government Code §3500, et seq., and/or

28   Government Code §3501(a). The SAPOA has as one of its primary purposes the

<div align="center">1</div>

1 │ representation of sworn and non-sworn employees of the Santa Ana Police Department
2 │ in their employment relations with the City of Santa Ana and/or Santa Ana Police
3 │ Department. In the sworn ranks the SAPOA represents all sworn officers holding the
4 │ ranks of Police Sergeant and below, as well as Correctional Supervisor and below.

5 │     2.    Plaintiff Gerry Serrano has been since 2016, and now is, the President of
6 │ the Santa Ana Police Officers Association and the recognized representative of the
7 │ Santa Ana Police Officers Association as that term is used in Government Code
8 │ §3502.1. He is also a sworn police officer, holding the rank of Police Sergeant with the
9 │ Santa Ana Police Department.

10 │     3.    Defendant City of Santa Ana is a Municipal Corporation existing under the
11 │ Constitution and the laws of the State of California. The City of Santa Ana is a public
12 │ agency as that term is defined in Government Code §3501(c). It is a municipal entity
13 │ employing public employees and thus, has a mandatory duty to comply with the
14 │ provisions of Government Code §3300, et seq., and Government Code §3500, et seq.

15 │     4.    Defendant Santa Ana Police Department is a department of the City of
16 │ Santa Ana and a public safety department, as that terms is used in Government Code
17 │ §3309.5. Defendant Santa Ana Police Department is also a public agency, as that term
18 │ is used in Government Code §3500, et seq.

19 │     5.    Defendant Kristine Ridge was and is the City Manager for the City of
20 │ Santa Ana, and the direct supervisor/appointing authority of the Chief of Police and
21 │ Human Resource Director. Ridge is the person responsible for the operations of the
22 │ city, including the overall management of the City. Plaintiffs have information and belief
23 │ that Ridge participated in, supervised and/or was actively involved in the incidents
24 │ giving rise to this action in both her individual and official capacities.

25 │     6.    Defendant David Valentin was and is the appointed Chief of Police for the
26 │ City of Santa Ana, Santa Ana Police Department. As such he is charged with the
27 │ supervision and management of personnel, including personnel investigations and
28 │ discipline of employees of the Santa Ana Police Department. Plaintiffs have information

<div align="center">2</div>

1 and belief that Valentin participated in, supervised and/or was actively involved in the
2 incidents giving rise to this action in both his individual and official capacities.

3     7.    Sonia Carvalho was and is a private attorney employed by the law firm of
4 Best Best and Krieger LLP, and is the appointed and/or contracted City Attorney for the
5 City of Santa Ana. Plaintiffs have information and belief that Carvalho participated in,
6 supervised and/or was actively involved in the incidents giving rise to this action in both
7 her individual and official capacities, and that she acted outside the scope of her duties
8 as an attorney when engaging in acts described below.

9     8.    Defendant Jason Motsick was and is the appointed Human Resource
10 Director for the City of Santa Ana and is charged with the supervision and management
11 of personnel, including personnel investigations and discipline of employees of the
12 Santa Ana Police Department. Plaintiffs have information and belief that Motsick
13 participated in, supervised and/or was actively involved in the incidents giving rise to
14 this action in both his individual and official capacities.

15     9. At all times herein mentioned, DOES I-X, inclusive, were the agents, servants
16 and employees of Respondent, City of Santa Ana and/or Santa Ana Police Department,
17 and in doing the things hereinafter alleged, were acting within the scope of their
18 authority as such agents, servants and employees with the permission and consent of
19 Respondents. Claimant will amend the Complaint to allege true names and capacities
20 of DOES I-X, inclusive when ascertained.

21 **GENERAL FACTS**

22     10.    Serrano became President of the SAPOA in 2016 and has served
23 continuously in the position.

24     11.    When seeking appointment as Chief of Police, Defendant Valentin sought
25 out and received the support of Serrano and the SAPOA. Later, when the SAPOA and
26 Serrano sought wages and benefits for the SAPOA membership and/or opposed
27 Valentin on matters of concerns to the Plaintiffs, Valentin's demeanor and working
28 relationship with Plaintiffs became adversarial.

3

1      12.    In or about February 2019, the City Council for the City of Santa Ana

2  passed a resolution adopting a Memorandum of Understanding that provided

3  significant, and needed salary increases for members of the SAPOA.  Two City

4  Councilpersons and Defendant Valentin opposed the raises.  Thereafter, the SAPOA

5  led a successful recall effort to remove the City Councilperson, causing Valentin to

6  become concerned with the SAPOA's and Serrano's political influence.

7      13.    Later, when Valentin attempted to obtain approval from the City Council to

8  create  an additional captain position so he could promote one of his allies,

9  SAPOA/Serrano opposed the creation of the position. The City Council sided with the

10  SAPOA/Serrano and did not create an additional captain position. Valentin became

11  emotionally upset and barked at Serrano that he needed to "STAND DOWN." It was

12  clear Valentin's concern about the SAPOA having more influence with the City Council

13  than he did was growing.

14      14.    Similarly, Defendant Carvalho began expressing to others that she did not

15  like Serrano. Thereafter, she would purposely interfere and obstruct items pertaining to

16  the SAPOA or Serrano.

17      15.    It is believed that Defendants Valentin and Carvalho formed a conspiracy

18  to attack Serrano and the SAPOA. Defendant Valentin and members of his police

19  management team have admitted animosity against Serrano as the President of the

20  Santa Ana Police Officers Association. This animosity has caused Defendant Valentin

21  and the management team under his guidance to treat members of the SAPOA

22  adversely if the employee is believed to be associated with or sought the aid of SAPOA

23  and/or SAPOA President Serrano. Due to this relationship, Defendant Valentin

24  purposely and intentionally interferes with the SAPOA's ability to represent its

25  membership and acts contrary to state law. Conversely, Valentin gives special

26  treatment and turns a blind eye to allegations of misconduct by those he believes will

27  either give their loyalty to him and/or oppose the SAPOA/Serrano.

28

4

1 **SPYING**

2    16.   In January, 2020, Defendant Valentin began spying on Plaintiff Serrano

3 and members of the Santa Ana City Council by redirecting copies of all e-mail

4 communications sent by Serrano to City Councilmember Solorio, from June 2017

5 forward, to his office. Defendant Valentin then had the City's IT department put a tracer

6 on all of Serrano's emails so that they would automatically be copied to Defendant

7 Valentin.

8 **OTHER INTERFERENCE**

9    17.   During the last year and continuing to the present, Defendants have

10 censored membership communications and/or denied the SAPOA the ability to send

11 membership communications via the City's e-mail system.

12    18.   Defendant Valentin has engaged in action to advocate for a change of

13 leadership in the SAPOA and has attempted to interfere with SAPOA elections. Said

14 action includes, but is not limited to, encouraging candidates to run against Serrano for

15 the position of Association President, and questioning members' support for Serrano

16 when they are seeking special assignments and promotions.

17 **COMPLAINTS AGAINST LIEUTENANTS**

18    19.   In or about January, 2020, the SAPOA and Serrano were informed of

19 allegations of misconduct by SAPD Lieutenants/Commanders Jose Gonzalez and

20 Robert Rodriguez. It was alleged that the two were maliciously spreading rumors

21 regarding activities of Serrano and the SAPOA. Plaintiffs have information and belief,

22 and thereon allege, that said actions constitute violations of department policy and

23 negatively impact the morale of the police department as well as cause division in the

24 SAPOA. The Plaintiffs met with Defendant Valentin and informed him of the allegations

25 of misconduct. Valentin appeared dismissive. Since Valentin failed to initiate  an

26 investigation as required by Penal Code §§832.5-832.7, the SAPOA/Serrano reported

27 the information to Defendant Ridge. Again, no investigation was initiated of the police

28 commanders nor of Defendant Valentin.

5

1     20.    On or about June 8, 2021, Plaintiffs filed an official complaint regarding

2 the commanders' actions and the failure to investigate the allegations with Defendant

3 Motsick. Motsick also refused to initiate an investigation of the commanders and

4 Defendant Valentin.

5                   **PERB COMPLAINT**

6     21.    In or about February, 2020, the SAPOA filed an Unfair Practice Charge

7 with the Public Employment Relations Board (PERB) alleging that the City of Santa Ana

8 had interfered with, intimidated, attempted to restrain and coerce members of the

9 Association and Gerry Serrano. The City informally resolved the matters, so the SAPOA

10 withdrew the charge.

11                   **CAMPAIGN SIGNS**

12     22.    In April, 2020, Plaintiffs reported the theft of campaign signs related to a

13 recall of Santa Ana City Councilmember Iglesias. One of the identified suspects was

14 the City Council person herself. The SAPOA learned that a Police Commander directed

15 the investigating officer to alter his report so that the City Council person would not be

16 listed as the suspect. The Plaintiffs reported the Police Commander's actions to

17 Defendant Valentin.

18     23.    Instead of investigating the unlawful actions of the Police Commander,

19 Valentin ordered his Internal Affairs commander and investigators to conduct an

20 investigation of Serrano.

21     24.    When the Plaintiffs obtained a video recording showing the former City

22 Council  person stealing the campaign signs, Defendant Valentin, Defendant Carvalho

23 and other private attorneys employed by her firm, directly and through Valentin's

24 supporters pressured the Orange County District Attorney's office to open a criminal

25 case against Serrano. When the District Attorney's office rejected Valentin's pressures

26 Valentin became upset. With the help of Defendant Carvalho and her private law firm,

27 he began a lengthy letter and meeting campaign in which he chastised the District

28 Attorney's decision and knowingly included false information in the communications

1 | with the District Attorney's office.

2 | 25. As part of the April, 2020, efforts to wrongfully bring a criminal case
3 | against Serrano, Defendants used department resources, including the Internal Affairs
4 | unit, to draft memoranda with adverse comments about Serrano. Serrano was never
5 | informed by Defendants of the internal investigation or memoranda, and Defendants
6 | failed to allow Serrano to review the adverse comments. It is further believed, to the
7 | extent that Defendants have initiated an Internal Affairs investigation, the investigation
8 | was not completed within one year of notice of the allegations of misconduct nor has
9 | Plaintiff Serrano been notified of any proposed discipline or outcome of the
10 | investigation during that one year period. Defendants intentionally concealed the
11 | information regarding this investigation and the related memoranda from Plaintiffs.

## CULICHI TOWN COVER-UP

13 | 26. On August, 2020, on-duty SAPD officers responded to a call for service at
14 | the Culichi Town Restaurant. The call involved allegations that off-duty SAPD officers
15 | had sexually battered two underage girls that were at the restaurant. The officers
16 | response was caught on body worn cameras and the victim's family produced a video
17 | of the incident that showed off-duty police sergeant Oscar Lizardi as being present and
18 | possibly involved in the incident. A Police Commander reported the incident to then IA
19 | Commander, and now Deputy Chief, Robert Rodriguez. Rodriguez is believed to be a
20 | close friend of Lizard. He denied the Commander's request for the incident to be
21 | investigated.

22 | 27. On or about September 2, 2020, a request for public records was made
23 | for information related to the call including the Incident Detail Report, copy of the 911
24 | emergency calls and/or non-emergency line calls, and police dispatch radio traffic audio
25 | files related to the incident (Incident No. 200805316). Defendant Valentin, on
26 | September 24, 2020, denied, in total, the PRA request in order to cover up the
27 | misconduct of his IA Commander and one of his closest allies (Lizardi) asserting that
28 | the records could not be released because they involved juveniles. This demonstrated

7

1  that Valentin was aware of the incident and that it involved allegations of criminal
2  conduct towards juveniles by off-duty SAPD officers.

3      28.    SAPOA/Serrano complained to Defendants about Valentin's and
4  Rodriguez's attempts to cover up alleged criminal conduct by officers who supported
5  Defendant Valentin pointing out that this conduct amounted to conspiring to commit a
6  criminal act. It is believed that it wasn't until June, 2021, after multiple complaints and
7  requests for investigations by the SAPOA, that Defendants initiated an investigation of
8  two of the three responding officers. The third responding officer was given a special
9  assignment on Lizardi's specialized team. In July, 2021, the Department initiated an
10  Internal Affairs investigation of one of the off-duty officers, but not Lizardi, who was the
11  ranking officer amongst the off duty personnel involved in the incident.

12      29.    On information and belief, Plaintiffs allege that Defendants have refused
13  to initiate an investigation of Deputy Chief Rodriguez and/or Defendant Valentin.

14                                      **PENSION ISSUE**

15      30.    In October, 2020, the Defendants inquired of CalPERS as to the propriety
16  of including a premium pay, called "Confidential" received by Serrano while on paid
17  release time to serve as the SAPOA President in the calculation of his pension. It is
18  believed that the City had never inquired about this issue with any prior SAPOA
19  President. When it appeared that there might be a question regarding the inclusion of
20  the premium in the calculation of Serrano's pension, the City and SAPOA reached an
21  agreement acceptable to CalPERS. However, because Serrano continued to carry out
22  his duty to represent the Association and its members, activity that is clearly protected
23  under the law, Defendants failed and refused to take the necessary steps to resolve the
24  issue.

25                                      **FPPC COMPLAINT**

26      31.    In November, 2020, Sonia Carvalho, believed to be acting on her own
27  personal vendetta and without City Council approvalsent a request to the California Fair
28  Political Practices Commission seeking a finding that Serrano, as the SAPOA

                                            8

1  President, engaged in a conflict of interest by negotiating a side letter agreement
2  related to the pension issue. As the City Council was scheduled to approve the
3  resolution of the pension issue, Carvalho made multiple inquiries to the FPPC for an
4  opinion letter finding Serrano was engaging in an unethical conflict of interest.
5  Ultimately, the FPPC found that Serrano did not engage in any conflict of interest nor
6  did his actions give rise to an unethical conflict of interest. It is believed that Carvalho
7  was acting on her own and with the sole purpose of personally interfering with the
8  SAPOA/Serrano and/or with intent to harm Serrano.

## FEMALE DISCRIMINATION COMPLAINTS

10      32.    In or about November, 2020, SAPOA/Serrano informed Defendant Ridge
11  that there was ongoing discrimination against female employees in the Department.
12  Plaintiffs described an incident involving female officers' attendance at a conference
13  regarding leadership issues for women in law enforcement and the Chief's behavior
14  towards those female employees. Defendant Ridge did not open an investigation into
15  the matter until months later when it was statutorily too late to take disciplinary action
16  against Defendant Valentin or his subordinates.

17      33.    After Plaintiffs informed Defendant Ridge of the discrimination and
18  harassment of the female officers, Defendant Valentin ordered a "preliminary
19  assessment" in order to cover up his and his staff's misconduct. The Human Resource
20  representative that appeared with him when he confronted the female officers
21  conducted the investigation. The female officers were ordered to appear for
22  interrogations. They were not provided any information as to the nature of the
23  investigation. When they appeared for interrogation, the HR Representative read from a
24  transcript, indicated that she was going to prepare a report that only went to Valentin,
25  and then questioned the females about the female's actions and did not have any
26  preset questions about Chief Valentin's, DC Esparza's or other police commander's
27  actions.

28      34.    On information and belief, it is alleged the Valentin lied to Defendant

9

1   Ridge and Defendant Motsick claiming that he had initiated an investigation of the
2   discrimination when, in fact, he initiated an investigation of the female officers in order
3   to silence them.

4       35.    The Defendants did not hire an investigator to look into these issues of
5   harassment and discrimination until April, 2021.

6       36.    On or about May 3, 2021, Plaintiffs filed a Notice of Claim against the City
7   of Santa Ana, Santa Ana Police Department, Defendant Valentin, and Deputy Chief
8   Enriquez Esparaza related to the unlawful discrimination, harassment and investigation
9   of the female officers.

10      37.    Defendant has summarily dismissed the complaints from the
11  SAPOA/Serrano regarding the discrimination against female officers as just part of
12  Serrano's desire to fix his pension issue.

13                          **JAIL MANAGEMENT COMPLAINT**

14      38.    On December 2, 2020, the SAPOA/Serrano sent an email to Defendant
15  Ridge and Defendant Valentin requesting an investigation of misconduct by jail
16  management/supervision wherein it was alleged that serious misconduct was being
17  covered up and/or not addressed, and that supervisors were being directed to falsify
18  reports and/or official documents.

19                      **DISCLOSURE OF CONFIDENTIAL RECORDS**

20      39.    On or about February 25, 2021, a purported reporter with the Voice of OC
21  (an online nonprofit media source) sent to Sonia Carvalho, the City Attorney for the City
22  of Santa Ana and Santa Ana Police Department, a Public Records Act (PRA) request
23  seeking, a spreadsheet or breakdown of how many employees at the Santa Ana Police
24  Department have been put on paid administrative leave between 01/01/2016 and
25  2/25/2021. The PRA request included a request for Ms. Carvalho to provide the
26  reasons for the employees being put on paid administrative leave and a breakdown of
27  total costs to the City of Santa Ana incurred by paid administrative leave for Santa Ana
28  Police Department employees between 01/01/2016 and /25/2021.

                                    10

1     40.    On or about March 26, 2021, without prior notice to the involved
2 employees or the SAPOA and/or without complying with Penal Code §§832.5-832.8
3 and/or Evidence Code §1043-1046, the City Attorney's office, the City of Santa Ana,
4 under the supervision of Defendant Ridge and/or the Santa Ana Police Department,
5 under the supervision of Defendant Valentin, intentionally and purposely produced
6 confidential records from the involved officers' personnel files. It is believed that this
7 disclosure included data that identified the individual officers involved which is a clear
8 violation of Penal Code §832.7(d).

9     41.    Defendants Carvalho, Valentin, Ridge, City of Santa Ana and/or the Santa
10 Ana Police Department are aware that peace officer personnel records are confidential
11 and exempt from disclosure.

12     42.    On or about April 21, 2021, Deputy Chief of Police Eric Paulson, on behalf
13 of Defendant Valentin, conceded in a letter to the Voice of OC that confidential peace
14 officer personnel had been produced to the Voice of OC, including, but not limited to
15 the names of the officers in connection with administrative investigations. Deputy Chief
16 Paulson requested that the confidential records be returned. Plaintiffs are informed and
17 believe, and thereupon allege that after the Voice of OC refused to return the
18 confidential records, Defendants failed to take any action to force the Voice of OC to
19 return the documents.

20     43.    On or about April 27, 2021, Defendants started notifying certain of the
21 impacted officers of the unlawful actions by Defendants. The Notification did not advise
22 the impacted employees of what specific information had been released and did not
23 notify them of any rights they may have. The notices also did not indicate if the
24 Defendants would be taking further action to enforce the employees' rights.

25     44.    Also on or about April 27, 2021, Deputy Chief Paulson informed the Santa
26 Ana Police Officers Association of the Defendants' unlawful disclosure of the
27 confidential peace officer information of members of the Santa Ana Police Officers
28 Association. The notification of Defendants' unlawful action did not identify to the POA

11

1 the names of the impacted members/officers, but simply stated that the effected
2 employees had been notified. As it turned out, when Deputy Chief Paulson claimed, on
3 behalf and presumably at the directions of Defendants, that all affected employees had
4 been notified, the statement was not true and appears to have been an intentional
5 misrepresentation by Defendants to conceal the fact that the notifications to the
6 effected employees had just begun.

7     45.    The Santa Ana Police Officers Association filed a written complaint with
8 the Defendant City Manager Kristine Ridge, and Human Resource Director Jason
9 Motsick requesting that the matter be immediately investigated. Plaintiffs are informed
10 and believe, and thereupon allege that even though the Defendants were required to
11 investigate this matter, as a "citizen complaint" pursuant to Penal Code §§832.5-832.7,
12 Defendants did not investigate nor discipline those city employees responsible for the
13 violations of law.

14     46.    On or about April 28, 2021, a number of affected officers and the Santa
15 Ana Police Officers Association, which has a legal right to represent its members in any
16 and all matters related to their employment with the Santa Ana Police Department,
17 requested copies of any and all communications regarding PRA #21-289, including all
18 e-mails between representatives of the City, Police Department and/or Voice of OC and
19 also requested copies of all records that were produced to the Voice of OC and a list of
20 the impacted officers. Defendants, as part of an ongoing plan and scheme to
21 undermine and interfere with the POA's ability to represent its members, denied the
22 POA's request for copies of the produced records and list of names of impacted
23 employees. Defendants refused to provide copies of the unlawfully released information
24 and/or the list of names of the impacted employees.

25     47.    Also on April 28, 2021, Defendants Motsick, Valentin, Ridge and Carvalho
26 issued a letter wherein they indicated that City was terminating the SAPOA's long
27 standing ability to send emails to communications to all SAPOA members through the
28 City's email system.

12

EXHIBIT D
Page 159

1      48.     On or about May 3, 2021, Plaintiffs filed a Notice of Claim against

2 Defendants City of Santa Ana, Santa Ana Police Department and Defendant Valentin

3 regarding their unlawful disclosure of confidential peace officer records.

4      49.     Defendant Ridge and Carvalho have summarily dismissed the complaints

5 from the SAPOA/Serrano regarding the unlawful disclosure of records as just part of

6 Serrano's desire to fix his pension issue.

7 <div align="center">**FALSE INFORMATION TO CITY COUNCIL MEMBER**</div>

8      50.     On or about May 12, 2021, the SAPOA/Serrano learned that Santa Ana

9 City Councilmember Penaloza had complained to Defendant Valentin that officers from

10 Valentin's special unit (MET), which is supervised by Sgt. Lizardi, had shined the patrol

11 vehicle's ally lights at him while he was driving on multiple occasions. It was further

12 learned that Defendant Valentin tried to falsely blame the SAPOA and Serrano for the

13 officers' alleged actions.

14 <div align="center">**COMPLAINT AGAINST VALENTIN**</div>

15      51.     On or about May 13, 2021, the SAPOA/Serrano filed a complaint on

16 behalf of the members of the SAPOA against Defendant Valentin and his police

17 management similar to that made in November, 2020. SAPOA raised issues regarding

18 unaddressed gender discrimination; unaddressed cover-up of the Culichi Town incident;

19 allegations that Valentin committed perjury in at least one deposition; the inclusion of

20 false information in official personnel records; Jail Managers covering up alleged

21 misconduct by employees and/or falsifying records/reports related to the misconduct;

22 interference in a criminal investigation where a former City Council person was initially

23 listed as the suspect until the officer was directed to change his report; and interference

24 with Association activities and/or representation of members.

25      52.     In response to the May 13, 2021, complaint, Defendants either failed to

26 initiate an investigation, as required by Penal Code §§832.5-832.7 and/or failed to

27 report to the complainant the outcome of the investigation(s).

28      53.     Defendant Ridge and Carvalho have summarily dismissed the complaints from

<div align="center">13</div>

1 the SAPOA/Serrano as just part of Serrano's desire to fix his pension issue.

2 **CITY MANAGER DISCIPLINARY ACTION**

3 54. In order to try to silence the SAPOA/Serrano, on or about May 18, 2021,
4 Defendant Ridge issued a disciplinary document entitled "Employee Conduct Warning
5 Letter" to Serrano for acts he undertook as the "advocate and leader of the SAPOA"
6 which Defendant Ridge argued violated the City Charter and police department policies.
7 Under the provisions of Government Code §3300, et seq., this document constituted a
8 written reprimand and punitive actions as that term is used under Government Code
9 §§3303 and 3304.

10 55. Under the City Charter Defendant Ridge does not have the ability to
11 discipline a police sergeant as she is not the appointing authority for the police
12 department. Therefore, Ridge's actions were outside her official capacity and
13 demonstrated that she was acting in excess of her authority in order to discriminate,
14 harass and retaliate against Serrano and the SAPOA.

15 56. The May 18, 2021, Employee Conduct Warning Letter specifically initiated
16 punitive action against Serrano, as the President of the SAPOA, for communicating (via
17 text and e-mail) to elected officials raising issues with the management of the Police
18 Department. The Warning Letter also directed Serrano, as the President of the SAPOA
19 not to communicate regarding police management issues with the Santa Ana City
20 Council.

21 57. Serrano, on May 20, 2021, invoked his rights under POBRA and
22 requested all documentation supporting Defendant Ridge's allegations of misconduct,
23 and all complaints giving rise to the punitive action. Serrano also invoked his right to an
24 administrative appeal under Government Code §3304. Defendants have failed and
25 refused to provide Serrano any documents supporting the allegations contained in
26 Ridge's letter and have refused to afford him any administrative appeal of the punitive
27 action imposed against him.

28 **INVESTIGATION OF SERRANO**

14

1  58. On or about May 27, 2021, Defendant Valentin ordered an investigation of
2 Serrano based on alleged comments Serrano made in his capacity as the current
3 President of the SAPOA about a former SAPOA President in October, 2020. The
4 investigation was opened even though legal counsel for the City of Santa Ana indicated,
5 in writing that to the extent Serrano's statements were made as a POA President, Mr.
6 Serrano was not speaking as a police sergeant of the City or the Santa Ana Police
7 Department, and acknowledged that the City was not able to restrict the conduct of the
8 POA and/or its President which relate to the administration of the POA as such action
9 would be a violation of the Meyers-Milias Brown Act. (See Government Code section
10 3506.5(d).). Counsel for the City acknowledged, therefore, the City was not able to
11 direct Mr. Serrano to engage or not engage in conduct that is done in his capacity as
12 President of the POA in relation to the administration of the POA.

13  59. Evidently, the City of Santa Ana had to pay the former POA President and
14 his wife approximately $350,000.00, as Defendants had allegedly retaliated against the
15 former POA President and Defendant Valentin sexually harassed the former POA
16 President's wife. Thereafter, the former POA President, in an effort to obtain more
17 money from the City, alleged that Serrano violated the settlement agreement even
18 though Serrano was not a party to the action or the agreement. On or about October
19 26, 2020 when the City would not pay any additional money, the former POA President
20 filed a written complaint against Serrano.

21  60. It appeared that the City was not going to take action on the frivolous
22 complaint, but Defendant Valentin and possibly others, in order to further retaliate
23 against Serrano and the SAPOA, initiated the investigation nine months later. To this
24 date, Defendants have not notified Serrano of the outcome of the investigation and the
25 one year statute of limitations has expired.

26        **SEXUAL HARASSMENT ALLEGATIONS**

27  61. On June 16, 2021, Defendants Motsick and Carvalho scheduled a
28 meeting with Serrano without informing him of the nature of the meeting. Serrano

<div align="center">15</div>

1  appeared with legal counsel. After arriving Serrano was informed that Defendants
2  Motsick and Carvalho were conducting "fact-finding" regarding allegations they had
3  been made aware of by a third party. The allegation was that Defendant Ridge had
4  sexually harassed Serrano. Being caught off guard, Serrano, on advice of counsel, did
5  not make any statement. It was clear at that point that the City was not protecting
6  Serrano from retaliation by the other Defendants.

7  62.    Even though Serrano had not filed a complaint against Defendant Ridge,
8  Defendants feared that Serrano had disclosed or might disclose information of unlawful
9  activities by Defendant Ridge.

10  63.    As discussed below, it was later learned that approximately a month
11  earlier Ridge "self-reported" the harassment allegations to Defendant Carvalho and her
12  subordinate Defendant Motsick. In a letter to the City Council Ridge was careful in her
13  assertion, making allegations that Serrano had been untruthful and interfered in
14  investigations, but not specifically denying allegations that she sexual harassed
15  Serrano. In that same letter to the City Council Ridge violated state law by disclosing
16  closed session communications with the Council as well as disclosing confidential
17  personnel information about a peace officer to wit, Serrano.

18  64.    Ridge's disclosures to the City Council reveal that Carvahlo and Motsick
19  were not simply conducting a fact finding investigation, but were investigating Ridge's
20  allegations against Serrano who should have been afforded his rights under the Peace
21  Officers Procedural Bill of Rights.

22  65.    On July 7, 2021, Defendant Ridge, fearing the Serrano would report her
23  unlawful activities, directed Serrano to refrain from sending any e-mail communications
24  to her. In essence, Defendant Ridge gave direct orders to the President of the SAPOA
25  not to contact elected officials or herself with any issues or complaint.

26  66.    On July 9, 2021, Plaintiff filed a Notice of Claim (Gov't Code §910, 910.4)
27  with Defendants.

28  67.    On or about July 16, 2021, the City of Santa Ana hired the law firm of

1  Barboza & Associates to assist Motsick in conducting a personnel investigation into
2  Serrano's possible allegations of harassment even though Serrano had not made any
3  such allegations. However, when Plaintiffs tried to determine who retained Barboza,
4  and whether she was working independently or as an agent/attorney for the City, she
5  refused to answer. Plaintiffs made the same inquiry of Defendant Motsick on July 21st,
6  but never received a response.

7      68.    It was later confirmed that Barboza and Associates was hired to provide
8  legal advice to the City regarding the investigations thus creating an attorney-client
9  relationship and a duty of Barboza and Associates to find in a manner to protect their
10  clients. The City specifically prohibited the firm to render any determination about
11  unlawful discrimination, harassment, violation of public policy or any other violations of
12  law or statute. Therefore, there was no reason for Serrano to participate in
13  investigations that could not result in a legal determination.

14      69.    On or about July 19, 2021, Defendant Ridge, trying to minimize her
15  misconduct and redirect attention from the allegations of misconduct against her, sent a
16  letter to the Mayor and City Council falsely claiming that all complaints and tort claims
17  coming from the SAPOA and its members were singularly focused on Serrano's
18  pension issues. In the letter to the Mayor and City Council Ridge revealed confidential
19  personnel file information of Serrano in violation of state law. Ridge also tried to defame
20  Serrano in order to diminish his credibility if he was to come forward with allegations of
21  sexual harassment.

22      70.    It became clear that Ridge's letter dated July 19, 2021, was meant to
23  tarnish Serrano and the SAPOA and to be produced to mass audiences. In fact, on
24  August 3, 2021, the Voice of OC contacted Serrano and advised him that it had been
25  given copies of the letter and the disciplinary letter which outline allegations against him
26  by the City Manager and City Attorney. According to the records they were provided the
27  Voice of OC indicated that both Kristine Ridge and Sonia Carvalho claimed Serrano
28  had caused harm to the city through his pursuit of higher compensation including filing

1  unsubstantiated legal claims, threats to 'burn the place down' and 'make disclosures
2  that will hurt people" and asking elected officials to put pressure on the city manager.
3  Ridge and Carvahlo conspired to release confidential communications to the media in
4  violation of Penal Code §§832.5- 832.8 and/or Evidence Code §§1043-1046 and/or the
5  Brown Act.

6      71.    Two days later, even though Ridge had ordered Serrano not to have
7  contact with her, she attempted to contact Serrano on his personal phone. Serrano
8  knew better and did not take the call.

9      72.    On July 29, 2021, the City rejected the Government Tort Claim filed
10  related to the above issues. The City chose not to try to resolve the matter or conduct
11  investigations prior to issuing the rejection. It appears that the Defendants are intent on
12  forcing the parties to litigate the City's liability. The use of Ms. Barboza's services is just
13  to obtain statements in an effort to defend the anticipated lawsuit.

14     73.    The City is believed to have closed its "sexual harassment investigation"
15  of Defendant Ridge without conducting a single interview and without questioning
16  Defendant Ridge regarding her alleged illegal and/or harassing conduct.

17                  **SAPOA ASSISTS MEMBERS IN FILING COMPLAINTS**

18     74.    On July 20, 2021, the SAPOA supported the filing of a citizen complaint
19  by one of the Association's members against Defendant Valentin alleging retaliation
20  and creating a hostile working environment for the member that was known to support
21  the SAPOA/Serrano. The Defendants assigned the investigation to an outside
22  investigator, but failed to notify the complainant of the outcome of the investigation.

23     75.    On or about August 19, 2021, the SAPOA supported the filing of a citizen
24  complaint by one of the Association's members against Sgt. Oscar Lizardi for
25  allegations of engaging in intimidation and threats against a member who Lizardi
26  believed supported the SAPOA's vote of no confidence against Defendant Valentin.
27  The Defendants assigned the investigation to an outside investigator, but failed to notify
28  the complainant of the outcome of the investigation.

1  76. On or about August 19, 2021, the SAPOA supported the filing of a citizen
2  complaint by one of the Association members against Sgt. Oscar Lizardi for allegation
3  of witness intimidation related to an internal affairs investigation that Defendant Valentin
4  ordered against a supporter of the SAPOA/Serrano. The Defendants assigned the
5  investigation to an outside investigator, but failed to notify the complainant of the
6  outcome of the investigation.

7  **VOTE OF NO CONFIDENCE**

8  77. On July 8, 2021, Plaintiffs notified Defendant Ridge and Motsick that the
9  Board of Directors had unanimously voted to send out a Vote of No Confidence ballot
10 regarding Defendant Valentin.

11 78. In August, 2021, the SAPOA Board of Directors issued a Memorandum
12 regarding the Vote and raised a number of issues for the membership to consider.

13 79. On or about August 25, 2021, Charles Goldwasser, who serves as
14 General Counsel to the Santa Ana Police Officers Association, wrote Defendant
15 Valentin and Defendant Ridge regarding on-duty harassment and verbal pressure
16 against SAPOA members by Sergeant Lizardi. The conduct interfered with these
17 officers' ability to perform their duties. The Santa Ana Police Officers' Association
18 requested that the City of Santa Ana issue a reminder about this type of on-duty
19 conduct taking place at the Police Department. Plaintiff Serrano, as the President of the
20 SAPOA, followed-up Mr. Goldwasser's communication with an email to Defendant
21 Motsick acknowledging that his members were reporting their working conditions were
22 becoming unbearable and reminding the City that an unchecked hostile work
23 environment, especially where the employees are armed, could result in a bad
24 situations occurring.

25 80. On August 26, 2021, during a time the SAPOA was considering a "Vote of
26 No Confidence" in Defendant Valentin, Valentin in coordination with Defendants
27 Carvalho, Ridge and Motsick, tried to silence SAPOA President Gerry Serrano by
28 placing him on administrative leave and restricting his access to, and use of, the

19

EXHIBIT D
Page 166

1 City/Police Department e-mail system. In order to place Serrano on administrative
2 leave, Defendant Valentin, or his underlings, specifically ordered Commander Sorenson
3 to leave the Notice of Administrative Leave/Fitness for Duty Exam at Serrano's
4 residence where it was found by his son.

5     81.    The order to undergo the Fitness for Duty Exam specifically references
6 Mr. Serrano's August 26, 2021, 5:05 a.m., email to Defendant Motsick as the sole basis
7 for the exam. Therefore, because Mr. Serrano decided that it was necessary, as the
8 SAPOA President, to reaffirm the seriousness of the issues, Defendants ordered
9 Serrano to undergo a Fitness for Duty Examination.

10     82.    Serrano, via counsel, objected to the Fitness for Duty Examination as
11 being unlawful. He invoked his rights under Government Code §3300, et seq., including
12 Government Code §3305 and/or Government Code §3306.5 (requesting copies of
13 and/or access to any and all documents being used or have been used to determine
14 that officer's qualifications for employment, promotion, additional compensation, or
15 termination or other disciplinary action).

16     83.    In response to Plaintiff's assertion of rights and request for materials
17 Defendants intentionally falsified a letter to Serrano's attorney by including claims that
18 Serrano had not been ordered to sign any releases. Defendants denied the request for
19 materials.

20     84.    It was subsequently discovered that Defendants did not comply with their
21 own policy regarding Fitness for Duty and/or Fitness for Duty Examinations.

22     85.    Police Commander Sorrenson was ordered not to retrieve department
23 issued equipment from Mr. Serrano at the SAPOA offigce, but instead to order him to
24 report to the police station. The applicable Memorandum of Understanding specifically
25 states: "The Association and the City of Santa Ana agree that the Association's
26 representative will not be required to carry out any peace officer's duties during such
27 time that the Association's representative is on such full-time release from duty. The
28 Association's representative will be required to comply with the Rules and Regulations

20

1  of the Santa Ana Police Department as they apply to off-duty employees, except such
2  representative ill not be required to report for duty for any purpose. Defendants
3  breached of the MOU by ordering Mr. Serrano to appear for a FFDE and to report to the
4  police station.

5       86.    Moreover, the Police Department Fitness for Duty policy indicates that its
6  purpose and scope is directly related to the exercise of peace officers powers, but the
7  MOU releases Mr. Serrano from any such exercise. Furthermore, the Fitness for Duty
8  policy governs on-duty conduct, not off-duty.

9       87.    Plaintiff initiated a grievance, but that matter was futile as it was to be
10  heard by the City Manager that had ordered Serrano not to have contact with her.
11  Defendants then had Defendant Motsick conduct the grievance hearing even though he
12  was the one that initiated the FFDE by claiming Serrano's e-mail was threatening.

13       88.    On September 1, 2021, the SAPOA disclosed the results of the Vote of
14  No Confidence. More than a majority of the members that voted indicated that they had
15  no confidence in the Chief of Police. That same day Defendant Valentin responded to
16  the membership vote by targeting Serrano. Defendant Valentin falsely attributed the
17  SAPOA's actions as Serrano's personal pension dispute and not about the facts giving
18  rise to the Vote. Defendant Valentin accused Serrano of making false and frivolous
19  claims, and engaging in crimes and corruption when Defendant Valentin knew these
20  allegations against Serrano were false.

21       89.    With the grievance over the FFDE pending and unresolved, Defendants
22  *ordered* Serrano to appear for the exam and undergo hours of questioning by the
23  contract doctor. The Defendants did not pay Serrano for his time at the FFDE
24  examination.

25       90.    On September 14, 2021, Serrano was found to be fit for duty and
26  removed from administrative leave. After Serrano was found to be fit for duty Defendant
27  Motsick finally held a grievance meeting and later summarily rejected the grievance.
28  Finally, even though Plaintiffs raised issues of retaliation and hostile environment

1  Defendants have not even attempted to investigate these claims.  Therefore, Plaintiffs
2  have exhausted all administrative remedies related to the FFDE.

3       91.    Additionally, even though Serrano had been removed from Administrative
4  Leave, the locker assigned to him by the Police Department was secured so Serrano
5  could not access it. It was visible to any person that walked into the locker room that the
6  locker was still being secured by the Department.

7       92.    Plaintiffs request a jury trial on all non-mandamus relief.

8       93.    Plaintiff has no plain, speedy or adequate remedy under the law.
9  Pursuant to Government Code Section 3309.5, Plaintiff need not pursue any
10  administrative remedy in order to address this problem; thus, Plaintiff is excused from
11  or has exhausted his administrative remedies. This court is given initial jurisdiction over
12  this matter pursuant to Government Code §3309.5.

13       94.    To the extent facts, incidents and/or issues described above were learned
14  and/or occurred after Plaintiffs' filed their Government Tort Claim, Plaintiffs only seek
15  mandamus and/or injunctive relief to cure the violations and prevent future violations of
16  a similar nature. Once Plaintiffs has processed and/or the Defendants rejected any
17  such supplemental claim, Plaintiffs will amend this Complaint accordingly.

18                  **VENUE AND JURISDICTION**

19  95.Venue is proper in the Superior Court of the State of California, for the County of
20  Orange in that the underlying acts, omissions, injuries and related facts and
21  circumstances giving rise to the present action occurred in the City of Santa Ana,
22  County of Orange, California. This Court has jurisdiction over the present matter
23  because, as delineated within this complaint, the nature of the claims and amount in
24  controversy meet the requirements of jurisdiction in the Superior Court. This Court is
25  empowered with initial jurisdiction to entertain suits brought pursuant to California
26  Government Code §3300, et seq., and for traditional mandamus action.

27                  **FIRST CAUSE OF ACTION**

28                  <u>Against All Defendants</u>

1

Violation of Government Code §3500, et seq.

2   96.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3   First Cause of Action against all Defendants for violations of Government Code §3500,

4   et seq., re-allege paragraphs 1-95, above, and further allege as follows:

5   97.  Government Code §3502 provides, in pertinent part, public employees shall

6   have the right to form, join, and participate in the activities of employee organizations of

7   their own choosing for the purpose of representation on all matters of employer-

8   employee relations.

9   98.  Government Code §3502.1 provides that "No public employee shall be

10   subject to punitive action or denied promotion, or threatened with any such treatment,

11   for the exercise of lawful action as an elected, appointed, or recognized representative

12   of any employee bargaining unit."

13   99.  Government Code §3503 provides, in pertinent part, that "Recognized

14   employee organizations shall have the right to represent their members in their

15   employment relations with public agencies."

16   100.  Government Code §3504 provides, in pertinent part, that the scope of

17   representation shall include all matters relating to employment conditions and

18   employer-employee relations, including, but not limited to, wages, hours, and other

19   terms and conditions of employment.

20   101.  Government Code §3506 provides that "Public agencies and employee

21   organizations shall not interfere with, intimidate, restrain, coerce or discriminate against

22   public employees because of their exercise of their rights under Section 3502."

23   102.  Government Code §3506.5 provides, in pertinent part, that a public agency

24   shall not do any of the following: (a) Impose or threaten to impose reprisals on

25   employees, to discriminate or threaten to discriminate against employees, or otherwise

26   to interfere with, restrain, or coerce employees because of their exercise of rights

27   guaranteed by this chapter; (b) deny to employee organizations the rights guaranteed to

28   them by this chapter; (d) dominate or interfere with the formation or administration of

23

1  any employee organization, contribute financial or other support to any employee

2  organization, or in any way encourage employees to join any organization in preference

3  to another.

4      103. Defendants, and each of them, in undertaking the acts and/or omissions

5  listed above, violated the above provisions of the Meyers-Milias-Brown Act (MMBA),

6  including, but not limited to interfering with, intimidating, restraining, coercing and/or

7  discriminating against the SAPOA, Gerry Serrano and/or other public employees who

8  are members of the SAPOA because of their exercise of their rights under this Act.

9      104. Defendants, and each of them, have engaged in acts and/or omissions, as

10  alleged above, wherein they have 1) subjected Serrano to punitive actions and/or

11  threatened him with said actions; 2) imposed or threatened to impose reprisals on

12  Serrano, 3) discriminated or threatened to discriminated against him; 3) otherwise

13  interfered with, restrained, or coerced Serrano because of his exercise of rights

14  guaranteed by the MMBA, and/or for the exercise of lawful action as an elected,

15  appointed, or recognized representative of any employee bargaining unit..

16      105. The duty to obey the laws set forth in Government Code §3500, et seq., is

17  a ministerial duty and is not discretionary. By acting, and failing to act, as set forth

18  above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions

19  of defendants, set forth above, demonstrate that defendants' failure to comply with

20  Government Code §3500, et seq., was illegal as a matter of law under Government

21  Code section 1222, which makes a public officer's "willful omission to perform any duty

22  enjoined by law" a misdemeanor.

23      106. Each and every act listed above, individually or jointly, constitutes a

24  violation of Government Code §3500, et seq., and therefore this court should render

25  appropriate injunctive or other extraordinary relief to remedy the violation and to prevent

26  future violations of a like or similar nature, including, but not limited to, the granting of a

27  temporary restraining order, a preliminary injunction and a permanent injunction, or, in

28  the alternative, a Writ of Mandate prohibiting the Santa Ana Police Department from

24

1  taking any punitive action against any public safety officer member of the SAPOA.

2  Plaintiffs specifically seek a "make whole" remedy.

3       107.  The above articulated violations were proximately caused by City's

4  deliberate indifference to its employee's violations of the Meyer-Milias Brown Act, and

5  the failure to train and control its officers and representatives on the provisions of these

6  Acts. The violations set forth above were proximity caused by the customs, practices,

7  policies and decisions of the defendants.

8       108.  Unless this court issues a preliminary and permanent injunction enjoining

9  and restraining defendants, and each of them, and their agents, employees and

10  servants, from ordering, requiring, commanding, or taking any other action that will

11  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his

12  rights, as afforded by Government Code §3500, et seq., will be violated without any

13  remedy being afforded.

14       109.  Plaintiffs have attempted, without success, to exhaust any and all

15  administrative remedies afforded to them to deal with these issues, but such efforts are

16  futile as the named defendants are the ones that make the final decisions via any

17  complaints, grievances or other administrative actions.

18       110.  Plaintiff requests this court to award damages and attorney fees pursuant

19  C.C.P. §1090 and 1095.

20       111.  In bringing this action, Petitioners have sought enforcement of an important

21  right affecting the public interest which will result in the conferring of a significant benefit

22  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to

23  an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24       112.  The actions of defendants, and each of them, were arbitrary and capricious

25  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

26  Code §800.

27                    **SECOND CAUSE OF ACTION**

28                    Against All Defendants

25

1

## Violation of Government Code §3300, et seq.

2    113. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3  Second Cause of Action against all Defendants for violations of Government Code

4  §3300, et seq., relief re-alleges paragraphs 1-112, above, and further allege as follows:

5    114. Government Code §3301 provides, in pertinent part, that "The Legislature

6  hereby finds and declares that the rights and protections provided to peace officers

7  under this chapter constitute a matter of statewide concern. The Legislature further

8  finds and declares that effective law enforcement depends upon the maintenance of

9  stable employer-employee relations, between public safety employees and their

10  employers. In order to assure that stable relations are continued throughout the state

11  and to further assure that effective services are provided to all people of the state, it is

12  necessary that this chapter be applicable to all public safety officers, as defined in this

13  section, wherever situated within the State of California."

14    115. Government Code §3302 provides, in pertinent part, that except as

15  otherwise provided by law, or whenever on duty or in uniform, no public safety officer

16  shall be prohibited from engaging, or be coerced or required to engage, in political

17  activity.

18    116. Government Code §3303 provides, in pertinent part, that when any public

19  safety officer is under investigation and subjected to interrogation by his or her

20  commanding officer, or any other member of the employing public safety department,

21  that could lead to punitive action, the interrogation shall be conducted under the

22  following conditions. For the purpose of this chapter, punitive action means any action

23  that may lead to dismissal, demotion, suspension, reduction in salary, written

24  reprimand, or transfer for purposes of punishment.

25        (a) The interrogation shall be conducted at a reasonable hour, preferably

26        at a time when the public safety officer is on duty, or during the normal

27        working hours for the public safety officer, unless the seriousness of the

28        investigation requires otherwise. If the interrogation does occur during off-

26

duty time of the public safety officer being interrogated, the public safety officer shall be compensated for any off-duty time in accordance with regular department procedures, and the public safety officer shall not be released from employment for any work missed.

(b) The public safety officer under investigation shall be informed prior to the interrogation of the rank, name, and command of the officer in charge of the interrogation, the interrogating officers, and all other persons to be present during the interrogation. All questions directed to the public safety officer under interrogation shall be asked by and through no more than two interrogators at one time.

(c) The public safety officer under investigation shall be informed of the nature of the investigation prior to any interrogation.

(e) The employer shall not cause the public safety officer under interrogation to be subjected to visits by the press or news media without his or her express consent nor shall his or her home address or photograph be given to the press or news media without his or her express consent.

(g) The complete interrogation of a public safety officer may be recorded. If a tape recording is made of the interrogation, the public safety officer shall have access to the tape if any further proceedings are contemplated or prior to any further interrogation at a subsequent time. The public safety officer shall be entitled to a transcribed copy of any notes made by a stenographer or to any reports or complaints made by investigators or other persons, except those which are deemed by the investigating agency to be confidential. No notes or reports that are deemed to be confidential may be entered in the officer's personnel file. The public safety officer being interrogated shall have the right to bring his or her own recording device and record any and all aspects of the interrogation.

27

1   117. Government Code §3304(a) provides that "No public safety officer shall be
2 subjected to punitive action, or denied promotion, or be threatened with any such
3 treatment, because of the lawful exercise of the rights granted under this chapter, or the
4 exercise of any rights under any existing administrative grievance procedure.

5   118. Government Code §3304(b) provides, in pertinent part, "No punitive action,
6 nor denial of promotion on grounds other than merit, shall be undertaken by any public
7 agency against any public safety officer who has successfully completed the
8 probationary period that may be required by his or her employing agency without
9 providing the public safety officer with an opportunity for administrative appeal."

10   119. Government Code §3304(d) (1) reads "Except as provided in this
11 subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds
12 other than merit, shall be undertaken for any act, omission, or other allegation of
13 misconduct if the investigation of the allegation is not completed within one year of the
14 public agency's discovery by a person authorized to initiate an investigation of the
15 allegation of an act, omission, or other misconduct. This one-year limitation period shall
16 apply only if the act, omission, or other misconduct occurred on or after January 1,
17 1998. In the event that the public agency determines that discipline may be taken, it
18 shall complete its investigation and notify the public safety officer of its proposed
19 discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that
20 year, except as provided in paragraph (2). The public agency shall not be required to
21 impose the discipline within that one-year period."

22   120. Government Code §3305 provides that no public safety officer shall have
23 any comment adverse to his interest entered in his personnel file, or any other file used
24 for any personnel purposes by his employer, without the public safety officer having first
25 read and signed the instrument containing the adverse comment indicating he is aware
26 of such comment, except that such entry may be made if after reading such instrument
27 the public safety officer refuses to sign it. Should a public safety officer refuse to sign,
28 that fact shall be noted on that document, and signed or initialed by such officer.

<div align="center">28</div>

1    121.  Government Code §3306 reads "A public safety officer shall have 30 days
2  within which to file a written response to any adverse comment entered in his personnel
3  file. Such written response shall be attached to, and shall accompany, the adverse
4  comment."

5    122. Government Code §3306.5. provides, in pertinent part, that (a) Every
6  employer shall, at reasonable times and at reasonable intervals, upon the request of a
7  public safety officer, during usual business hours, with no loss of compensation to the
8  officer, permit that officer to inspect personnel files that are used or have been used to
9  determine that officer's qualifications for employment, promotion, additional
10  compensation, or termination or other disciplinary action; (b) Each employer shall keep
11  each public safety officer's personnel file or a true and correct copy thereof , and shall
12  make the file or copy thereof available within a reasonable period of time after a request
13  therefor by the officer."

14    123.  Government Code §3309 provides that "No public safety officer shall have
15  his locker, or other space for storage that may be assigned to him searched except in
16  his presence, or with his consent, or unless a valid search warrant has been obtained or
17  where he has been notified that a search will be conducted. This section shall apply
18  only to lockers or other space for storage that are owned or leased by the employing
19  agency.

20    124.  Government Code §3309.5(a) provides "It shall be unlawful for any public
21  safety department to deny or refuse to any public safety officer the rights and
22  protections guaranteed to him or her by this chapter."

23    125.  Government Code §3309.5 further provides, in pertinent part, "(d) (1) In
24  any case where the superior court finds that a public safety department has violated
25  any of the provisions of this chapter, the court shall render appropriate injunctive or
26  other extraordinary relief to remedy the violation and to prevent future violations of a like
27  r similar nature, including, but not limited to, the granting of a temporary restraining
28  order, preliminary injunction, or permanent injunction prohibiting the public safety

29

1  department from taking any punitive action against the public safety officer" and "(e) In
2  addition to the extraordinary relief afforded by this chapter, upon a finding by a superior
3  court that a public safety department, its employees, agents, or assigns, with respect to
4  acts taken within the scope of employment, maliciously violated any provision of this
5  chapter with the intent to injure the public safety officer, the public safety department
6  shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five
7  thousand dollars ($25,000) to be awarded to the public safety officer whose right or
8  protection was denied and for reasonable attorney's fees as may be determined by the
9  court. If the court so finds, and there is sufficient evidence to establish actual damages
10 suffered by the officer whose right or protection was denied, the public safety
11 department shall also be liable for the amount of the actual damages."

12     126. As described above, Plaintiff Gerry Serrano was the subject of numerous
13 investigations that could result in punitive action. One investigation was conducted by
14 Defendants Carvalho and Motsick after Defendant Ridge complained that Serrano was
15 making false statements about her. Serrano was not told, prior to his interview, that
16 Carvalho would be present, was not informed of the nature of the investigation prior to
17 arriving, was not told, nor afforded the opportunity to record the interview.

18     127. In other administrative investigations conducted under the orders of
19 Defendant Valentin, Serrano was not compensated for his time in the interrogations.

20     128. Defendant Ridge issued punitive action against Serrano and when he
21 sought an administrative appeal and the documents purportedly supporting the punitive
22 action, both requests were denied.

23     129. Defendant Valentin has placed or caused to be placed in Serrano's
24 personnel file and/or files used for personnel purposes adverse comments without
25 affording Serrano the ability to review the documents containing the adverse comments.

26     130. Defendant Valentin has ordered administrative investigations to be
27 conducted well in excess of the one year statute of limitations, and has not provided
28 notice of the investigations or the outcome of the investigations to Serrano.

1    131.  Serrano has requested to review documents used for personnel purposes
2    but has been denied the opportunity to do so.

3    132.  Serrano has information and believe that his department issued locker
4    and/or other space for storage (including his department issued email storage system)
5    has been searched outside of his presence and/or without his knowledge/consent or
6    valid search warrant.

7    133.  Serrano, while acting as the President of the SAPOA, and while off-duty
8    and out of uniform has been prohibited from engaging in political activity.

9    134.  Serrano has been threatened with punitive action because of the lawful
10   exercise of the rights granted by Government Code §3300, et seq., and/or exercising
11   rights under existing administrative grievance procedures.

12   135.  The duty to obey the laws set forth in Government Code §3300, et seq., is
13   a ministerial duty and is not discretionary. By acting, and failing to act, as set forth
14   above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions
15   of defendants, set forth above, demonstrate that defendants' failure to comply with
16   Government Code §3300, et seq., was illegal as a matter of law under Government
17   Code section 1222, which makes a public officer's "willful omission to perform any duty
18   enjoined by law" a misdemeanor.

19   136.  Each and every act listed above, individually or jointly, constitutes a
20   violation of Government Code §3300, et seq., and therefore this court should render all
21   available and proper relief under Government Code §3309.5 to remedy the violations
22   and to prevent future violations of a like or similar nature. Plaintiffs specifically seek a
23   "make whole" remedy.

24   137.  For those acts identified in the already filed Government Tort Claim,
25   Plaintiffs further seek all relief afforded under Government Code §3309.5(e).

26   138.  The above articulated violations were proximately caused by City's
27   indifference to its employee's violations of the Public Safety Officers Procedural Bill of
28   Rights Act, and the failure to train and control its officers and representatives on the

1   provisions of this Act. The violations set forth above were proximity caused by the
2   customs, practices, policies and decisions of the defendants.

3        139.  Unless this court issues a preliminary and permanent injunction enjoining
4   and restraining defendants, and each of them, and their agents, employees and
5   servants, from ordering, requiring, commanding, or taking any other action that will
6   result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
7   rights, as afforded by Government Code §3300, et seq., will be violated without any
8   remedy being afforded.

9        140.  Plaintiffs have attempted, without success, to exhaust any and all
10   administrative remedies afforded to them to deal with these issues, but such efforts are
11   futile as the named defendants are the ones that make the final decisions via any
12   complaints, grievances or other administrative actions. Moreover, pursuant to
13   Government Code §3309.5, Plaintiffs are not required to exhaust administrative
14   remedies.

15       141.  Plaintiff requests this court to award damages and attorney fees pursuant
16   to C.C.P. §1090 and 1095.

17       142.  In bringing this action, Petitioners have sought enforcement of an important
18   right affecting the public interest which will result in the conferring of a significant benefit
19   upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
20   an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

21       143.  The actions of defendants, and each of them, were arbitrary and capricious
22   and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
23   Code §800.

24                          **THIRD CAUSE OF ACTION**

25                            Against All Defendants

26              Violation of Constitutional Right to Freedom of Speech

27       144.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
28   Third Cause of Action against all Defendants for violations of Plaintiffs' right to freedom

                                     32

1  of speech and writing, freedom to instruct their representative, freedom to petition
2  government for redress of grievances, and to consult for the common good, re-allege
3  paragraphs 1-143, above, and further allege as follows:

4      145.  While the U.S. Constitution grants citizens protections for free speech
5  under the First Amendment to the U.S. Constitution, which are enforced via 42 USC
6  §1983, the California Constitution also protects this right. Article I, Section 2 of the
7  California Constitution states that "[e]very person may freely speak, write and publish
8  his or her sentiments on all subjects, being responsible for the abuse of this right. . . ."
9  Article I, Section 3 of the California Constitution states "[T]he people have the right to
10  instruct their representatives, petition government for redress of grievances, and
11  assemble freely to consult for the common good.

12      146.  Defendants, and each of them, have engaged in acts and/or omissions to
13  violate Plaintiffs right to freedom to speak, write and publish their sentiments, and/or
14  their ability to petition government for redress of grievances, assemble and to consult
15  for the common good.

16      147.  The duty to obey the laws set forth in state and federal laws is a ministerial
17  duty and is not discretionary. By acting, and failing to act, as set forth above,
18  defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
19  defendants, set forth above, demonstrate that defendants' failure to comply with the
20  California Constitution wherein it enjoins certain acts; therefore, defendants actions
21  were illegal as a matter of law under Government Code section 1222, which makes a
22  public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

23      148.  Each and every act listed above, individually or jointly, constitutes a
24  violation of Plaintiffs' speech rights and/or the California Constitution and therefore this
25  court should render all available and proper relief to remedy the violations and to
26  prevent future violations of a like or similar nature. Plaintiffs specifically seek a "make
27  whole" remedy.

28      149.  For those acts identified in the already filed Government Tort Claim,

EXHIBIT D
Page 180

1 | Plaintiffs further seek all available monetary damages and statutory penalties. For those
2 | acts not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs
3 | seek injunctive and/or mandamus remedies.

4 |     150.  The above articulated violations were proximately caused by City's
5 | deliberate indifference to its employees' violations law, and the failure to train and
6 | control its officers and representatives on the provisions of law referenced above. The
7 | violations set forth above were proximity caused by the customs, practices, policies and
8 | decisions of the defendants.

9 |     151.  Unless this court issues a preliminary and permanent injunction enjoining
10 | and restraining defendants, and each of them, and their agents, employees and
11 | servants, from ordering, requiring, commanding, or taking any other action that will
12 | result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
13 | rights will be violated without any remedy being afforded.

14 |     152.  Plaintiffs have attempted, without success, to exhaust any and all
15 | administrative remedies afforded to them to deal with these issues, but such efforts are
16 | futile as the named defendants are the ones that make the final decisions via any
17 | complaints, grievances or other administrative actions.

18 |     153.  Plaintiffs request this court to award damages and attorney fees as
19 | provided by law, including pursuant to C.C.P. §1090 and 1095.

20 |     154. In bringing this action, Petitioners have sought enforcement of an important
21 | right affecting the public interest which will result in the conferring of a significant benefit
22 | upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
23 | an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24 |     155.  The actions of defendants, and each of them, were arbitrary and capricious
25 | and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
26 | Code §800.

27 | **FOURTH CAUSE OF ACTION**

28 | Against All Defendants

34

1

## Violation of Labor Code §1101-1102.5

2      156.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3   Fourth Cause of Action against all Defendants for violation of provisions of the Labor

4   Code re-alleges paragraphs 1-95, above, and further allege as follows:

5      157.  Labor Code section 1101 provides, in pertinent part, that no employer shall

6   make, adopt, or enforce any rule, regulation, or policy: (a) Forbidding or preventing

7   employees from engaging or participating in politics...(b) Controlling or directing, or

8   tending to control or direct the political activities or affiliations of employees.

9      158.  Labor Code §1102 provides "No employer shall coerce or influence or

10  attempt to coerce or influence his employees through or by means of threat of

11  discharge or loss of employment to adopt or follow or refrain from adopting or following

12  any particular course or line of political action or political activity.

13     159.  Labor Code §1102.5 provides that (a) An employer, or any person acting

14  on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or

15  policy preventing an employee from disclosing information to a government or law

16  enforcement agency, to a person with authority over the employee, or to another

17  employee who has authority to investigate, discover, or correct the violation or

18  noncompliance, or from providing information to, or testifying before, any public body

19  conducting an investigation, hearing, or inquiry, if the employee has reasonable cause

20  to believe that the information discloses a violation of state or federal statute, or a

21  violation of or noncompliance with a local, state, or federal rule or regulation, regardless

22  of whether disclosing the information is part of the employee's job duties. (b) An

23  employer, or any person acting on behalf of the employer, shall not retaliate against an

24  employee for disclosing information, or because the employer believes that the

25  employee disclosed or may disclose  information, to a government or law enforcement

26  agency, to a person with authority over the employee or another employee who has the

27  authority to investigate, discover, or correct the violation or noncompliance, or for

28  providing information to, or testifying before, any public body conducting an

1  investigation, hearing, or inquiry, if the employee has reasonable cause to believe that
2  the information discloses a violation of state or federal statute, or a violation of or
3  noncompliance with a local, state, or federal rule or regulation, regardless of whether
4  disclosing the information is part of the employee's job duties.

5        160. Sections 1101 and 1102 protect "the fundamental right of employees in
6  general to engage in political activity without interference by employers." (Gay Law
7  Students Assn., 24 Cal.3d at 487 (quoting Fort v. Civil Service Commission (1964) 61
8  Cal.2d 331, 335).)

9        161. As shown by the facts pled above, Defendants, and each of them, have
10 engaged in acts and/or omissions that violated Labor Code §§1101 and/or 1102 to the
11 detriment of Plaintiff Serrano, Plaintiff SAPOA, and those members of the SAPOA that
12 support the SAPOA's actions.

13       162. Defendants, and each of them, have engaged in retaliation against both
14 Plaintiffs for disclosing information, or because the employer believed that the
15 employee disclosed or may disclose information, to a government or law enforcement
16 agency, to a person with authority over the employee or another employee who has the
17 authority to investigate, discover, or correct the violation or noncompliance, or for
18 providing information to, or testifying before, any public body conducting an
19 investigation, hearing, or inquiry, wherein the employee had reasonable cause to
20 believe that the information disclosed a violation of state or federal statute, or a violation
21 of or noncompliance with a local, state, or federal rule or regulation.

22       163. As a proximate result of Defendants willful, knowing and intentional
23 violations of the Labor Code sections referenced above, Plaintiff Serrano has suffered
24 and continues to suffer substantial losses in earnings and/or other employment
25 benefits. As a legal result of the conduct of Defendants, and each of them, Plaintiff has
26 suffered and will continue to suffer distress, suffering, anguish, fright, nervousness,
27 grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and
28 indignity, as well as other unpleasant reactions, damages to reputation, and other non-

36

1   economic damages, in a sum to be ascertained according to proof. Said damages are
2   of the type that any person would suffer as result of the illegal and wrongful conduct of
3   Defendants; Plaintiff does not claim that he has suffered any psychiatric illness as a
4   result of the conduct of Defendants. Plaintiff Serrano further seeks to recover all wages
5   and benefits that Plaintiff would have earned if not discriminated against, retaliated
6   against, or unlawfully harmed in amount to be proven at trial.

7       164. Plaintiff SAPOA has incurred damages in the form of attorney fees, costs
8   and nominal damages because of Defendants' violations of the Labor Code section
9   cited above.

10      165. The duty to obey the Labor Code sections set forth above is a ministerial
11   duty and is not discretionary. By acting, and failing to act, as set forth above,
12   defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
13   defendants, set forth above, demonstrate that defendants' failure to comply with the
14   California Constitution wherein it enjoins certain acts; therefore, defendants actions
15   were illegal as a matter of law under Government Code section 1222, which makes a
16   public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

17      166. The acts listed above, individually or jointly, constitute a violation of
18   Plaintiffs' rights under the Labor Code and therefore this court should render all
19   available and proper relief to remedy the violations and to prevent future violations of a
20   like or similar nature. Plaintiffs specifically seek a "make whole" remedy.

21      167. For those acts identified in the already filed Government Tort Claim,
22   Plaintiffs seek all available monetary damages and statutory penalties. For those acts
23   not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs seek
24   injunctive and/or mandamus remedies. Plaintiffs are in the process of satisfying the
25   Government Tort Claim requirement for those acts or omissions that were learned of
26   and/or took place after the initial Tort Claim was filed and rejected; upon completion of
27   that process, Plaintiffs will seek leave to amend the complaint to seek damages and/or
28   civil penalties for the additional acts that recently occurred or were learned of.

37

EXHIBIT D
Page 184

1    168.  The above articulated violations were proximately caused by City's
2  deliberate indifference to its employees' violations law, and the failure to train and
3  control its officers and representatives on the provisions of law referenced above. The
4  violations set forth above were proximity caused by the customs, practices, policies and
5  decisions of the defendants.

6    169.  Unless this court issues a preliminary and permanent injunction enjoining
7  and restraining defendants, and each of them, and their agents, employees and
8  servants, from ordering, requiring, commanding, or taking any other action that will
9  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
10  rights will be violated without any remedy being afforded.

11    170.  Plaintiffs have attempted, without success, to exhaust any and all
12  administrative remedies afforded to them to deal with these issues, but such efforts are
13  futile as the named defendants are the ones that make the final decisions via any
14  complaints, grievances or other administrative actions.

15    171.  Plaintiff requests this court to award damages and attorney fees as
16  provided by law, including pursuant to C.C.P. §1090 and 1095.

17    172.  In bringing this action, Plaintiffs have sought enforcement of an important
18  right affecting the public interest which will result in the conferring of a significant benefit
19  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
20  an award of attorneys' fees pursuant to Code of Civil Procedure §1021 .5.

21    173.  The actions of defendants, and each of them, were arbitrary and capricious
22  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
23  Code §800.

24                          **FIFTH CAUSE OF ACTION**

25              Against City, Police Department, Valentin, Ridge and Carvalho

26              Violation of Penal Code §§832.5-832.8/Evidence Code §1043-1046

27    174.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
28  Fifth Cause of Action against all Defendants for violations of Penal Code §§832.5-832.8

                                   38

                                              EXHIBIT D
                                              Page 185

1 │ and/or Evidence Code §§1043-1046 re-alleges paragraphs 1-95, above, and further
2 │ allege as follows:

3 │ 175.  Penal Code 832.5(a) (1) provides "Each department or agency in this state
4 │ that employs peace officers shall establish a procedure to investigate complaints by
5 │ members of the public against the personnel of these departments or agencies, and
6 │ shall make a written description of the procedure available to the public."
7 │ 176.Penal Code §832.7(f) (1) mandates that "The department or agency shall provide
8 │ written notification to the complaining party of the disposition of the complaint within 30
9 │ days of the disposition."

10 │ 177.  The City of Santa Ana and Santa Ana Police Department have established
11 │ and published procedures for receiving and investigating complaints. The established
12 │ procedures state that complaints will investigated and the party submitting the
13 │ complaint will be notified of the results by mail.

14 │ 178.  The procedure for addressing citizen complaints that the department has
15 │ established and published obligated the department to conduct an investigation into the
16 │ allegations of the complaint that was sufficient to allow a decision-maker make one of
17 │ four possible findings, and the procedure obligated the Chief of Police to make one of
18 │ those findings with respect to each allegation of misconduct. Defendants did not comply
19 │ with these obligations and Plaintiffs are entitled to a writ of mandate compelling
20 │ defendants to perform their ministerial duty to satisfy the obligations imposed by the
21 │ department's published procedure. (See *Galzinski v. Somers*, (2016) 2 Cal.App.5th
22 │ 1164).

23 │ 179.  Plaintiffs filed complaints and requests for investigations and Defendants
24 │ failed to either investigate the allegations of misconduct (which were also violations of
25 │ state law and possible misdemeanor offenses) and/or refused to notify Plaintiff SAPOA
26 │ of the outcome of the investigation.

27 │ 180.  Defendants had a ministerial duty to investigate the SAPOA's and/or
28 │ Serrano's citizen's complaint and to render a finding on that complaint in compliance

1   with the complaint procedure the department established and made public pursuant to
2   subdivision (a)(1) of Penal Code section 832.5. (See *Gregory v. State Bd. of Control*
3   (1999) 73 Cal.App.4th 584 ('[a] public entity has a ministerial duty to comply with its
4   own rules and regulations where they are valid and unambiguous); *Pozar v. Department*
5   *of Transportation* (1983) 145 Cal.App.3d 269 (a writ of mandate may be issued to
6   compel a public agency to follow its own internal procedures.).

7       181. A writ of mandate may be issued by any court to any inferior tribunal,
8   corporation, board, or person, to compel the performance of an act which the law
9   specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., §
10   1085, subd. (a).) Indeed, "[t]he writ must be issued in all cases where there is not a
11   plain, speedy, and adequate remedy, in the ordinary course of lawupon the verified
12   petition of the party beneficially interested." (Id. , § 1086.) In essence, "[m]andamus lies
13   to compel the performance of a clear, present, and ministerial duty where the petitioner
14   has a beneficial right to performance of that duty." (*Carrancho v. California Air*
15   *Resources Board* (2003) 111 Cal.App.4th 1255 1265) "A duty is ministerial when it is
16   the doing of a thing unqualifiedly required." (*Redwood Coast Watersheds Alliance v.*
17   *State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 970).

18       182. Plaintiffs seek a writ of mandate commanding Defendants to investigate
19   Plaintiff's complaint regarding the release of the confidential information and to inform
20   Plaintiff of the outcome of that investigation. Plaintiff further seeks an order of the court
21   mandating that Defendants, and each of them, fully investigate any and all complaints
22   made to the City of Santa Ana/Santa Ana Police Department regarding the misconduct
23   of police department employees/officials.

24       183. Furthermore, Penal Code §832.5-832.8 requires Defendants to maintain as
25   confidential peace officer personnel files/information. The only manner in which the
26   information can be released to third parties is through compliance with Evidence Code
27   §§1043-1046.

28       184. Plaintiff Serrano was issued punitive action by Defendant Ridge, and then

1  Defendant Ridge and/or Carvalho released copies of the punitive action to elected
2  Council members and media sources without complying with the legal requirements set
3  forth above.

4      185. The duty to obey the laws set forth in Penal Code § §832.5-832.8 and/or
5  Evidence Code §§1043-1046, is a ministerial duty and is not discretionary. By acting,
6  and failing to act, as set forth above, defendants have violated a ministerial duty.
7  Moreover, the acts and/or omissions of defendants, set forth above, demonstrate that
8  defendants' failure to comply with Penal Code §§832.5-832.8 and/or Evidence Code
9  §1043-1046 was illegal as a matter of law under Government Code section 1222, which
10 makes a public officer's "willful omission to perform any duty enjoined by law" a
11 misdemeanor.

12     186. As a result of Defendants' unlawful action, Plaintiff Serrano has suffered
13 and will continue to suffer distress, suffering, anguish, fright, nervousness, grief,
14 anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,
15 damages to reputation, and other non-economic damages, in a sum to be ascertained
16 according to proof. Said damages are of the type that any person would suffer as result
17 of the illegal and wrongful conduct of Defendants; Plaintiff does not claim that he has
18 suffered any psychiatric illness as a result of the conduct of Defendants.

19     187. Plaintiffs have no plain, speedy or adequate remedy under the law.
20 Plaintiffs have attempted to exhaust all administrative remedies to redress the violation
21 of their rights.

22     188. Plaintiffs request this court to award ancillary damages pursuant to C.C.P.
23 §1090 and 1095.

24     189. The actions of defendants, and each of them, were arbitrary and capricious
25 and, therefore, Plaintiffs are entitled to recover attorneys' fees pursuant to Government
26 Code §800.

27     190. The success of Plaintiffs in this action will result in the enforcement of an
28 important right affecting the public interest in that a significant benefit will be conferred

1   on a large class of persons, that is, public employees, and the necessity and financial
2   burden of private enforcement of said benefit are such as to make appropriate the
3   award of attorney fees pursuant to California Code of Civil Procedure §1021.5.

## SIXTH CAUSE OF ACTION

(Violation of FEHA (Government Code § 12900, et seq.)

Retaliation for Engaging in Protected Activity

(Against City of Santa Ana/Santa Ana Police Department)

8   191.  The allegations set forth in paragraphs 1 through 190 are re-alleged and
9   incorporated herein by reference.

10  192.  Plaintiffs filed complaints with the City of Santa Ana, via Defendant Ridge
11  and/or Motsick regarding allegations of gender discrimination and/or harassment.
12  Furthermore, Defendants Ridge, Motsick and Carvalho believed that Plaintiffs had or
13  would file complaints against Ridge for allegations of sexual harassment. In retaliations
14  for Plaintiffs filing complaints, and/or the fear that additional complaints would be made,
15  defendants engaged in actions such as issuing punitive action, causing Plaintiff Serrano
16  to be subject to improper investigations, placed on administrative leave, and/or to
17  implement other adverse employment action against Plaintiff Serrano.

18  193.  Plaintiffs complained to Defendants about the inappropriate actions
19  (discrimination, harassment and/or retaliation), but nothing was done and the retaliation
20  continued unabated. On the basis of the above, Plaintiffs believe and allege that
21  Defendants retaliated against them for their complaints of gender discrimination, sexual
22  harassment, and/or retaliation.

23  194.  Plaintiffs reporting of unlawful actions were motivating factors in
24  Defendants' decision not to implement adverse employment actions against Plaintiff
25  Serrano.

26  195.  Defendants' conduct, as alleged, violated the Fair Employment and
27  Housing Act, Government Code section 12900, et seq., and Defendants committed
28  unlawful employment practices.

42

1   196. As a proximate result of Defendants' willful, knowing, and intentional
2   discrimination/harassment/retaliation against Plaintiff, Plaintiff has sustained and
3   continues to sustain damages, humiliation, distress, pain and anguish, all to his
4   damage in a sum according to proof.

5   197. Plaintiffs have incurred and continues to incur legal expenses and
6   attorneys' fees. Pursuant to Government Code section 12965(b), plaintiffs are entitled
7   to recover reasonable attorneys' fees and costs (including expert costs) in an amount
8   according to proof.

9   198. Plaintiffs further request that the Court render appropriate injunctive or
10  other extraordinary relief to remedy these violations and to prevent future violations of a
11  like or similar nature, including, but not limited to, the granting of a permanent injunction
12  requiring the Defendants, upon receiving notification of conduct which may violate the
13  California Department of Fair Employment and Housing regulations or California
14  whistleblower statutes, to promptly conduct a fair and thorough investigation into the
15  allegations and not allow retaliatory actions to be taken against the employees.

16  199. Plaintiff requests this court to award ancillary damages pursuant to C.C.P.
17  §1090 and 1095.

18  200. The actions of defendants, and each of them, were arbitrary and capricious
19  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
20  Code §800.

21  201. The success of Plaintiff in this action will result in the enforcement of an
22  important right affecting the public interest in that a significant benefit will be conferred
23  on a large class of persons, that is, public employees, and the necessity and financial
24  burden of private enforcement of said benefit are such as to make appropriate the
25  award of attorney fees pursuant to California Code of Civil Procedure §1021.5

26  202. Plaintiff obtained a Right to Sue letter from the DFEH, and served the
27  same on defendants via the City Clerk's office.

28  **WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them

43

EXHIBIT D
Page 190

1 | as follows:

2 | ## FIRST CAUSE OF ACTION

3 |     1. Any and all appropriate injunctive or other extraordinary relief afforded under
4 | Government Code §3500, et seq., to remedy the violation and to prevent future
5 | violations of a like or similar nature, including, but not limited to, the granting of a
6 | temporary restraining order, preliminary injunction, or permanent injunction prohibiting
7 | Defendants, and each of them, and their agents, representatives, employees, servants
8 | and/or investigators from violating Government Code §3500, et seq.

9 |     2. For those matters already identified in Plaintiffs' Government Tort Claims,
10 | any and all damages and/or civil penalties afforded under the law.

11 | ## SECOND CAUSE OF ACTION

12 |     3. Any and all appropriate injunctive or other extraordinary relief afforded under
13 | Government Code §3309.5(d) to remedy the violation and to prevent future violations of
14 | a like or similar nature.

15 |     4. For those matters already identified in Plaintiffs' Government Tort Claims, any
16 | and all damages and/or civil penalties afforded under the law.

17 | ## THIRD CAUSE OF ACTION

18 |     5. Any and all appropriate injunctive or other extraordinary relief afforded under
19 | the law to remedy the violation and to prevent future violations of a like or similar
20 | nature.

21 |     6. For those matters already identified in Plaintiffs' Government Tort Claims, any
22 | and all damages and/or civil penalties afforded under the law.

23 | ## FOURTH CAUSE OF ACTION

24 |     7. Any and all appropriate injunctive or other extraordinary relief afforded under
25 | the law to remedy the violation and to prevent future violations of a like or similar
26 | nature.

27 |     8. For those matters already identified in Plaintiffs' Government Tort Claims, any
28 | and all damages and/or civil penalties afforded under the law.

1

FIFTH CAUSE OF ACTION

2      9.  A declaration of the Court that the Defendants violated Penal Code §832.5-

3  832.7 and/or Evidence Code §§1043-1046 and that Plaintiffs are entitled to the full

4  relief afforded under Penal Code §832.5-832.7 and/or Evidence Code §§1043-1046.

5      10.  Any and all appropriate injunctive or other extraordinary relief afforded under

6  the law to remedy the violation and to prevent future violations of a like or similar

7  nature.

8      11.  For those matters already identified in Plaintiffs' Government Tort Claims,

9  any and all damages and/or civil penalties afforded under the law.

10

SIXTH CAUSE OF ACTION

11     12.  Any and all appropriate injunctive or other extraordinary relief afforded under

12  the law to remedy the violation and to prevent future violations of a like or similar

13  nature.

14     13.  For those matters already identified in Plaintiffs' Government Tort Claims,

15  any and all damages and/or civil penalties afforded under the law.

16

ALL CAUSES OF ACTION

17     14.  An award ancillary damages pursuant to C.C.P. §1090 and 1095.

18     15.  For all matters covered by Plaintiffs' Government Tort Claim(s), all damages

19  which the Plaintiffs have sustained as a result of Defendants' conduct, including general

20  damages for pain, suffering, distress, and special damages for lost compensation,

21  including back, front pay, job benefits that he would have received but for the

22  discriminatory practices of Defendants, damages for anguish, fright, nervousness, grief,

23  anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,

24  as well as other unpleasant physical, mental, and emotional reactions ordinarily to be

25  expected, damages to reputation, and other non-economic damages, to the extent

26  permitted by law and in a sum to be ascertained according to proof;

27     16.  For all matters covered by Plaintiffs' Government Tort Claim(s), other actual,

28  consequential, and/or incidental damages, and/or statutory penalties in a sum to be

45

1 | ascertained according to proof;

2 |     17. Attorneys' fees pursuant to Government Code §800.

3 |     18.  Attorney fees pursuant to California Code of Civil Procedure §1021.5

4 |     19. Attorney fees as provided by any other law and/or statutes

5 |     20. That Defendants takes nothing by virtue of this action;

6 |     21.  For cost of suit and attorney's fees incurred herein; and

7 |     22. For such other and further relief as the Court may deem just and proper/

8 |

9 | DATED: November ___, 2021            COREY W. GLAVE, ATTORNEY AT LAW

10 |                                      By:_____

11 |                                            Corey W. Glave
     |                                            Attorneys for Plaintiffs

46

COMPLAINT

1

## **VERIFICATION**

2    The undersigned declares as follows:

3

4        I am the attorney of record for all plaintiffs in this action.  I am verifying this

5    Complaint on the basis that all named plaintiffs are absent from the county where I

6    have my office.  I have read the foregoing COMPLAINT, and know the contents thereof.

7     The contents are true, except as to the matters which are therein stated on information

8    or belief, and as to those matters I believe them to be true and Plaintiffs are acting in

9    good faith in bringing forward such allegations.

10       I declare under penalty of perjury under the laws of the State of California that

11   the foregoing is true and correct.

12                          /S/    Corey Glave

13                          _____

14                          COREY GLAVE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

| | |
|---|---|
| **From:** | Sanders, Lytonia |
| **To:** | POaattorney@aol.com |
| **Cc:** | Ranen, Jeffrey; Kang, Soojin; Stephens, Sawyer; Steffan, Andrea |
| **Subject:** | Santa Ana Police Officers v City of Santa Ana, et al. - Our Billing Ref No. 51601-02 - See attached Specially Appearing Notice of Motion and Motion to Quash Service of Summons & Supporting Docs. Attached |
| **Date:** | Friday, December 10, 2021 4:56:21 PM |
| **Attachments:** | SAPOA - Declaration of Andrea L. Steffan ISO City of Santa Ana"s Motion to Quash Service of Summons.pdf |
| | SAPOA Serrano v City of Santa Ana - City of Santa Ana"s Specially-Appearing Notice of Motion and Motion to Quash Service of Summons.pdf |
| | SAPOA - Proposed Order Granting City of Santa Ana"s Motion to Quash Service of Summons.pdf |

Dear Counsel:

Attached please find the Specially Appearing Notice of Motion and Motion to Quash Service of Summons and Supporting Documents which we are filing today with Orange County Superior Court for your review/records.  Please mark your calendar accordingly.  If you have any questions, please do not hesitate to contact this office.

Sincerely,

*Lytonia Sanders*

Litigation Assistant
Assistant to Sara Poggi, Partner,
Andrea Steffan & Heather Horn
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Direct Dial: (213) 580-7906
Lytonia.Sanders@lewisbrisbois.com

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
   SOOJIN KANG, SB# 219738
3     E-Mail: Soojin.Kang@lewisbrisbois.com
   ANDREA L. STEFFAN, SB# 332596
4     E-Mail: Andrea.Steffan@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

7  Attorneys for Specially-Appearing Defendant
   City of Santa Ana

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

10

11 SANTA ANA POLICE OFFICERS
   ASSOCIATION; GERRY SERRANO,
12

13            Plaintiffs,

14      vs.

15 CITY OF SANTA ANA, a Municipal
   Corporation; SANTA ANA POLICE
16 DEPARTMENT, a public safety department;
   DAVID VALENTIN, Chief of Police;
17 KRISTIN RIDGE, City Manager; SONIA
   CARVALHO, City Attorney; JASON
18 MOTSICK, Director of Human Resources;
   DOES 1 – X, inclusive,
19
              Defendants.
20

| | |
|---|---|
| Case No. 30-2021-01230129-CU-OE-CJC | |

[Assigned to Honorable Lon Hurwitz Dept. 20]

**SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed concurrently with Declaration of Andrea L. Steffan and Exhibit Attached Thereto; [Proposed] Order]

Date:     April 20, 2022
Time:     1:30 p.m.
Dept:     20

Reservation No.: 73661593

Action Filed:    11/08/2021
Trial Date:      None Set

21

22

23

24

25       **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

26            PLEASE TAKE NOTICE that on April 20, 2022 at 1:30 p.m., or as soon thereafter

27 as the matter may be heard in Department 20 of the above-referenced Court, located at 700 W

28 Civic Center Dr, Santa Ana, CA 92701, Specially-Appearing Defendant City of Santa Ana

4891-3647-7190.1                                1

EXHIBIT D
Page 197

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 ("City") will, and hereby does, move to quash service of summons upon it. This Motion is made

2 pursuant to Code of Civil Procedure section 418.10, subdivision (a)(1) on the ground that the

3 Court lacks personal jurisdiction over City. City does not consent to the jurisdiction of the Court

4 by its special appearance to contest personal jurisdiction. (Code Civ. Proc., § 418.10, subd. (d).)

5      This Motion is based upon the Notice of Motion, the attached Memorandum of Points and

6 Authorities, the Declaration of Andrea L. Steffan and attached exhibit, the pleadings and records

7 on file herein, and such other matter, oral or documentary, as the Court may consider at the time it

8 rules upon this Motion.

9 DATED:  December 10, 2021          Respectfully Submitted,

10                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                         By: _____
                               JEFFREY S. RANEN
14                             SOOJIN KANG
                               ANDREA L. STEFFAN
15                             Attorneys for Specially-Appearing Defendant City
                               of Santa Ana
16

17

18

19

20

21

22

23

24

25

26

27

28



4891-3647-7190.1

2

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT D
Page 198

# <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

On November 8, 2021, Plaintiffs Santa Ana Police Officers Association ("SAPOA") and Gerry Serrano ("Serrano" collectively "Plaintiffs") filed an action alleging violation of the Meyers Milias Brown Act Gov. Code § 3500 et seq.; violation of the Public Safety Officers Procedural Bill of Rights ("POBRA"), Gov. Code § 3300, et. seq.; violation of Freedom of Speech; violation of Labor Code §§ 1102 and 1102.5; violation of Penal Code §§ 832.5-832.8 and Evidence Code §§ 1-43-1046; and retaliation under the Fair Employment and Housing Act against defendants City of Santa Ana ("City"); Santa Ana Police Department; David Valentin, Chief of Police; Kristin Ridge, City Manager; Sonia Carvalho, City Attorney; Jason Motsick, Director of Human Resources; and Does I-X (collectively "Defendants").  On November 10, 2021, Plaintiffs attempted to serve some or all of the Defendants by delivering a patently defective summons, notice of case management conference, civil case cover sheet, and complaint to the Santa Ana City Hall.

Specially-appearing defendant City brings this Motion to Quash pursuant to *Code of Civil Procedure* section 418.10(a)(1) on the ground that this Court lacks personal jurisdiction over City because City has not been served with a summons as required by *Code of Civil Procedure* section 410.50.  The summons served upon Defendants is patently defective as it was not signed by the clerk of the court as required by *Code of Civil Procedure* section 412.20(a). (See Declaration of Andrea L. Steffan ("Steffan Decl."), ¶3, Ex. A at p. 1 (summons and other documents purportedly served upon City and/or Defendants).  The summons is further defective because it does not indicate who was served or by what method.  (Steffan Decl., ¶4; Ex. A at p. 1-2.)  Because the summons is patently defective, City has not been served with a summons and this Court does not have personal jurisdiction over it.  Consequently, City specially appears and respectfully requests that this Court quash service of the defective summons.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4891-3647-7190.1

3

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT D
Page 199

## II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER CITY OF SANTA ANA

"Personal jurisdiction is conferred only where the statutory requirements for service of process are fulfilled." (*Stancil v. Superior Court* (2021) 11 Cal. 5th 381, 397 (citing *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557).)  Under the Code, "the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 (commencing with Section 413.10)." (*Code Civ. Proc.*, § 410.50.)  A summons "shall be directed to the defendant, signed by the clerk and issued under the seal of the court in which the action is pending." (*Code Civ. Proc.*, § 412.20.)  Because a summons is the process by which a court acquires personal jurisdiction over a party "a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." (*Mannesmann Demag v. Superior Court* (1985) 172 Cal. App. 3d 1118, 1122-23.)  Importantly, "[s]ervice of a substantially defective summons does not confer jurisdiction over a party." (*MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557.)  Here, the summons Plaintiffs attempted to serve upon City is not signed by the clerk of the court or issued under seal of this Court making it patently defective under *Code of Civil Procedure* section 412.20.  (Steffan Decl., ¶3, Ex. A at p. 1.)

In addition to Plaintiffs' failure to comply with Code of Civil Procedure section 412.20, the summons served is further defective in that it fails to confer notice on any party it has been served.  Notice of a claim against them is given to a defendant in a civil action "by service of a summons on the person." (*Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1152.)  In *MJS Enterprises* an employee of the defendant was served with a summons on which the "Notice to the Person Served" section stated he was being served as an individual, but Plaintiff filed a proof of service indicating that service had been on MJS Enterprises.  (*MJS Enterprises* at 557.)  The court found that although MJS Enterprises had actual notice of the litigation the court did not have personal jurisdiction over MJS Enterprises because "[n]otice of the litigation does not confer personal jurisdiction absent substantial compliance with the statutory requirements for service of summons." (*Id.*)  The summons was "fatally defective" because (1) it did not contain the

4891-3647-7190.1

4

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT D
Page 200

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   mandatory notice under Code of Civil Procedure section 412.30 that a corporation was being

2   served (the box in the "Notice to the Person Served" section was not checked and no corporate

3   name was listed) and (2) it did "not otherwise in any manner indicate an attempt to assert judicial

4   power over defendant." (*Id*. at 558.)

5   Similarly, in *Mannesmann Demag* none of the checkboxes in the "Notice to the Person

6   Served" section were checked and the court found "the summons was so incomplete on its face as

7   to render it ineffective to impart notice to its recipient." (*Mannesmann Demag* at 1122, 1124.)

8   Here the summons served lists every named and Doe defendant and as in *Mannesmann Demag,*

9   none of the boxes in the section titled "Notice to the Person Served" are checked.  (Steffan Decl.,

10  ¶4, Ex. A at p. 1.)   This is insufficient to impart notice on the City, or any other defendant, that it

11  has been served and the City's actual knowledge of the suit is insufficient to confer personal

12  jurisdiction over the City.  (*MJS Enterprises* at 557.)

13  Plaintiffs have not complied with the statutory requirements to effectively serve City – or

14  any of the Defendants - with a summons signed by the clerk of the court under *Code of Civil*

15  *Procedure* section 412.20.  Further, the summons served is fatally defective on its face and failed

16  to give the required notice to City.  This Court has no personal jurisdiction over City and City does

17  not consent to personal jurisdiction by this Court.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT D
Page 201

III.     **CONCLUSION**

For the foregoing reasons, Specially Appearing Defendant City of Santa Ana requests that its Motion to Quash Service of Summons be granted, that it be dismissed from this action pursuant to *Code of Civil Procedure* section 581(h), and that it be granted any further relief that this Court deems just and necessary.

DATED:  December 10, 2021                    Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
        JEFFREY S. RANEN
        SOOJIN KANG
        ANDREA L. STEFFAN
        Attorneys for Specially-Appearing Defendant City
        of Santa Ana

EXHIBIT D
Page 202

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.
Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4       At the time of service, I was over 18 years of age and not a party to this action. My
business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

6       On December 10, 2021, I served true copies of the following document(s): **SPECIALLY-
APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND
MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND**

7   **AUTHORITIES**

8       I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

9

**SEE ATTACHED SERVICE LIST**

10

The documents were served by the following means:

11

☒   (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an

12       agreement of the parties to accept service by e-mail or electronic transmission, I caused the
documents to be sent from e-mail address Lytonia.Sanders@lewisbrisbois.com to the

13       persons at the e-mail addresses listed above. I did not receive, within a reasonable time
after the transmission, any electronic message or other indication that the transmission was

14       unsuccessful.

15       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16

Executed on December 10, 2021, at Los Angeles, California.

17

18

19                                                   Lytonia Sanders

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4891-3647-7190.1                              7

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT D
Page 203

1

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

2

3

4      Corey W. Glave, Esq.                    Attorneys for Plaintiffs SANTA ANA POLICE
       Attorney at Law                         OFFICERS ASSN and GERRY SERRANO
5      632 S. Gertruda Ave.
       Redondo Beach, CA 90277
6      Telephone 323.547.0472 Facsimile
       E-Mail:  POaattorney@aol.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4891-3647-7190.1                              8

SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT D
Page 204

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
2 |   E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
3 |   E-Mail: Soojin.Kang@lewisbrisbois.com
ANDREA L. STEFFAN, SB# 332596
4 |   E-Mail: Andrea.Steffan@lewisbrisbois.com
633 West 5th Street, Suite 4000
5 | Los Angeles, California 90071
Telephone: 213.250.1800
6 | Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

7 | Attorneys for Specially-Appearing Defendant
City of Santa Ana

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

10 |

11 |

12 | SANTA ANA POLICE OFFICERS
ASSOCIATION; GERRY SERRANO,

13 | Plaintiffs,

14 | vs.

15 | CITY OF SANTA ANA, a Municipal
Corporation; SANTA ANA POLICE
16 | DEPARTMENT, a public safety department;
DAVID VALENTIN, Chief of Police;
17 | KRISTIN RIDGE, City Manager; SONIA
CARVALHO, City Attorney; JASON
18 | MOTSICK, Director of Human Resources;
DOES 1 – X, inclusive,

19 | Defendants.

Case No. 30-2021-01230129-CU-OE-CJC

[Assigned to Honorable Lon Hurwitz Dept. 20]

**DECLARATION OF ANDREA L.
STEFFAN IN SUPPORT OF SPECIALLY-
APPEARING DEFENDANT CITY OF
SANTA ANA'S MOTION TO QUASH
SERVICE OF SUMMONS**

Filed Concurrently with Specially-Appearing
Defendant City of Santa Ana's Notice of
Motion and Motion to Quash Service of
Summons; [Proposed] Order

Date:     April 20, 2022
Time:     1:30 p.m.

Reservation No.: 73661593

Action Filed:     11/08/2021
Trial Date:       None Set

25 | I, Andrea L. Steffan, declare as follows:

26 | 1.     I am an attorney duly admitted to practice in all of the courts of the State of

27 | California and I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record

28 | for Specially-Appearing Defendant City of Santa Ana ("City") herein. The facts set forth herein

4871-4025-2422.1

DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY
OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT D
Page 205

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1   are of my own personal knowledge, except those matters stated on information and belief, which I

2   believe to be true, and if sworn I could and would competently testify thereto.

3          2.      On November 8, 2021, Plaintiffs Santa Ana Police Officers Association

4   ("SAPOA") and Gerry Serrano ("Serrano") (collectively "Plaintiffs") filed suit alleging several

5   claims against defendants City of Santa Ana ("City"); Santa Ana Police Department; David

6   Valentin, Chief of Police; Kristin Ridge, City Manager; Sonia Carvalho, City Attorney; Jason

7   Motsick, Director of Human Resources; and Does I-X (collectively "Defendants").

8          3.      I am informed and believe that on November 10, 2021, Plaintiffs attempted to serve

9   some or all of the Defendants by delivering: a summons that is not signed by the clerk of the court,

10  a notice of case management conference, a civil case cover sheet, and the complaint to the Santa

11  Ana City Hall.  A true and correct copy of the documents Plaintiffs attempted to serve on City

12  and/or Defendants is attached hereto as **Exhibit A**.  The summons is on pages one and two.  It is

13  not signed by the clerk and does not contain the seal of the court.

14         4.      The summons also does not have any boxes in the section titled NOTICE TO THE

15  PERSON SERVED checked and lists all named and Doe defendants in the NOTICE TO

16  DEFENDANT section making it impossible for Defendants to determine who was being served

17  and in what capacity.  (**Exhibit A** at 1-2.)

18         I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct and that this declaration was executed on December 10, 2021, at Los

20  Angeles, California.

21

22                                              Andrea Steffan

23                                              Andrea L. Steffan

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-4025-2422.1

2

DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY
OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT D
Page 206

# Exhibit "A"

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

CLERK OF THE COUNCIL
NOV 10 '21 AM 11:43

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277  (323) 547-0472

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT D
Page 208

SUM-200(A)

| SHORT TITLE:<br>Santa Ana POA/Serrano v. City of Santa Ana, et al | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D
Page 209

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Santa Ana Police Officers Association et.al. | |
| DEFENDANT: City of Santa Ana et.al. | **Nov 8, 2021** |
| Short Title: SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA | Clerk of the Court<br>By Jessica Duarte, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/09/2022</u> at <u>09:00:00 AM</u> in Department <u>C20</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _____ , Deputy

**EXHIBIT D**
**Page 210**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** SANTA ANA POLICE OFFICERS ASSOCIATION VS. CITY OF SANTA ANA

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: 30-2021-01230129-CU-OE-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/08/2021. Following standard court practice the mailing will occur at Sacramento, California on 11/09/2021.

Clerk of the Court, by: _____, Deputy

COREY W GLAVE
632 S. GERTRUDA
REDONDO BEACH, CA 90277

V3 1013a (June 2004)    Code of Civil Procedure , § CCP1013(a)

EXHIBIT D
Page 211

Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Corey W. Glave (SBN164746)
Attorney at Law
632 S. Gertruda Ave.
Redondo Beach, CA 90277

TELEPHONE NO.: 323-547-0472   FAX NO.: n/a
ATTORNEY FOR (Name): Plaintiffs SAPOA/Serrano

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice

CASE NAME: SAPOA/Serrano v. City of Santa Ana, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited**　☐ **Limited**<br>(Amount　(Amount<br>demanded　demanded is<br>exceeds $25,000)　$25,000 or less) | ☐ **Counter**　☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is　☒ is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary　b. ☒ nonmonetary; declaratory or injunctive relief　c. ☒ punitive
4. Number of causes of action (specify): 6:MMBA; POBRA; Speech; Labor Code; Penal Code 832.5-832.8; Retaliation
5. This case ☐ is　☒ is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November7, 2021

Corey W. Glave
(TYPE OR PRINT NAME)

▶ /s/ Corey W. Glave
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT D
Page 212

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D
Page 213

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 218 of 305 Page ID #:218
Electronically Filed by Superior Court of California, County of Orange, 11/08/2021 08:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

1  COREY W. GLAVE (State Bar No. 164746)
   Attorney at Law
2  632 S. Gertruda Ave
   Redondo Beach, CA 90277
3  Phone: (323) 547-0472
   POAattorney@aol.com
4

5  Attorneys for Plaintiffs
   Santa Ana Police Officers Assn
6  and Gerry Serrano

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                FOR THE COUNTY OF ORANGE-CENTRAL
9

10
   SANTA ANA POLICE OFFICERS          )   Case
11 ASSOCIATION; GERRY SERRANO         )
                                      )   CIVIL COMPLAINT
12         Plaintiffs,                )
   vs.                                )   1.   VIOLATION OF GOVERNMENT
13                                    )        CODE §3500, ET SEQ.
   CITY OF SANTA ANA, a Municipal     )   2.   VIOLATION OF THE PUBLIC
14 Corporation; SANTA ANA POLICE      )        SAFETY OFFICERS
   DEPARTMENT, a public safety        )        PROCEDURAL BILL OF
15 department; DAVID VALENTIN, Chief  )        RIGHTS ACT, GOVERNMENT
   of Police; KRISTIN RIDGE, City     )        CODE SECTION 3300 ET. SEQ.
16 Manager; SONIA CARVALHO, City      )   3.   VIOLATION OF FREEDOM OF
   Attorney; JASON MOTSICK, Director of )      SPEECH
17 Human Resources; DOES I-X, inclusive )   4.   VIOLATION OF LABOR CODE
                                      )        §§1102, 1102, 1102.5
18         Defendants.                )   5.   VIOLATION OF PENAL CODE
                                      )        §§832.5-832.8, EVIDENCE
19                                    )        CODE §§1043-1046
                                      )   6.   RETALIATION UNDER
20                                    )        GOVERNMENT CODE §12900,
                                      )        ET SEQ.
21                                    )
                                      )
22 _____   )   REQUEST FOR JURY TRIAL

23

24         COMES NOW PLAINTIFFS SANTA ANA POLICE OFFICERS ASSOCIATION

25 and GERRY SERRANO and allege as follows:

26         1.    Plaintiff Santa Ana Police Officers Association (SAPOA) is the recognized

27 employee organization as defined under Government Code §3500, et seq., and/or

28 Government Code §3501(a). The SAPOA has as one of its primary purposes the

                                     1

                                 COMPLAINT
                                                        EXHIBIT D
                                                        Page 214

1   representation of sworn and non-sworn employees of the Santa Ana Police Department
2   in their employment relations with the City of Santa Ana and/or Santa Ana Police
3   Department. In the sworn ranks the SAPOA represents all sworn officers holding the
4   ranks of Police Sergeant and below, as well as Correctional Supervisor and below.

5   2.   Plaintiff Gerry Serrano has been since 2016, and now is, the President of
6   the Santa Ana Police Officers Association and the recognized representative of the
7   Santa Ana Police Officers Association as that term is used in Government Code
8   §3502.1. He is also a sworn police officer, holding the rank of Police Sergeant with the
9   Santa Ana Police Department.

10   3.   Defendant City of Santa Ana is a Municipal Corporation existing under the
11   Constitution and the laws of the State of California. The City of Santa Ana is a public
12   agency as that term is defined in Government Code §3501(c). It is a municipal entity
13   employing public employees and thus, has a mandatory duty to comply with the
14   provisions of Government Code §3300, et seq., and Government Code §3500, et seq.

15   4.   Defendant Santa Ana Police Department is a department of the City of
16   Santa Ana and a public safety department, as that terms is used in Government Code
17   §3309.5. Defendant Santa Ana Police Department is also a public agency, as that term
18   is used in Government Code §3500, et seq.

19   5.   Defendant Kristine Ridge was and is the City Manager for the City of
20   Santa Ana, and the direct supervisor/appointing authority of the Chief of Police and
21   Human Resource Director. Ridge is the person responsible for the operations of the
22   city, including the overall management of the City. Plaintiffs have information and belief
23   that Ridge participated in, supervised and/or was actively involved in the incidents
24   giving rise to this action in both her individual and official capacities.

25   6.   Defendant David Valentin was and is the appointed Chief of Police for the
26   City of Santa Ana, Santa Ana Police Department. As such he is charged with the
27   supervision and management of personnel, including personnel investigations and
28   discipline of employees of the Santa Ana Police Department. Plaintiffs have information

2

EXHIBIT D
Page 215

1 │ and belief that Valentin participated in, supervised and/or was actively involved in the
2 │ incidents giving rise to this action in both his individual and official capacities.

3 │     7.    Sonia Carvalho was and is a private attorney employed by the law firm of
4 │ Best Best and Krieger LLP, and is the appointed and/or contracted City Attorney for the
5 │ City of Santa Ana. Plaintiffs have information and belief that Carvalho participated in,
6 │ supervised and/or was actively involved in the incidents giving rise to this action in both
7 │ her individual and official capacities, and that she acted outside the scope of her duties
8 │ as an attorney when engaging in acts described below.

9 │     8.    Defendant Jason Motsick was and is the appointed Human Resource
10 │ Director for the City of Santa Ana and is charged with the supervision and management
11 │ of personnel, including personnel investigations and discipline of employees of the
12 │ Santa Ana Police Department. Plaintiffs have information and belief that Motsick
13 │ participated in, supervised and/or was actively involved in the incidents giving rise to
14 │ this action in both his individual and official capacities.

15 │     9. At all times herein mentioned, DOES I-X, inclusive, were the agents, servants
16 │ and employees of Respondent, City of Santa Ana and/or Santa Ana Police Department,
17 │ and in doing the things hereinafter alleged, were acting within the scope of their
18 │ authority as such agents, servants and employees with the permission and consent of
19 │ Respondents. Claimant will amend the Complaint to allege true names and capacities
20 │ of DOES I-X, inclusive when ascertained.

21 │ **GENERAL FACTS**

22 │     10.    Serrano became President of the SAPOA in 2016 and has served
23 │ continuously in the position.

24 │     11.    When seeking appointment as Chief of Police, Defendant Valentin sought
25 │ out and received the support of Serrano and the SAPOA. Later, when the SAPOA and
26 │ Serrano sought wages and benefits for the SAPOA membership and/or opposed
27 │ Valentin on matters of concerns to the Plaintiffs, Valentin's demeanor and working
28 │ relationship with Plaintiffs became adversarial.

<div align="center">3</div>

1    12.    In or about February 2019, the City Council for the City of Santa Ana

2  passed a resolution adopting a Memorandum of Understanding that provided

3  significant, and needed salary increases for members of the SAPOA.  Two City

4  Councilpersons and Defendant Valentin opposed the raises.  Thereafter, the SAPOA

5  led a successful recall effort to remove the City Councilperson, causing Valentin to

6  become concerned with the SAPOA's and Serrano's political influence.

7    13.    Later, when Valentin attempted to obtain approval from the City Council to

8  create  an additional captain position so he could promote one of his allies,

9  SAPOA/Serrano opposed the creation of the position. The City Council sided with the

10  SAPOA/Serrano and did not create an additional captain position. Valentin became

11  emotionally upset and barked at Serrano that he needed to "STAND DOWN." It was

12  clear Valentin's concern about the SAPOA having more influence with the City Council

13  than he did was growing.

14    14.    Similarly, Defendant Carvalho began expressing to others that she did not

15  like Serrano. Thereafter, she would purposely interfere and obstruct items pertaining to

16  the SAPOA or Serrano.

17    15.    It is believed that Defendants Valentin and Carvalho formed a conspiracy

18  to attack Serrano and the SAPOA. Defendant Valentin and members of his police

19  management team have admitted animosity against Serrano as the President of the

20  Santa Ana Police Officers Association. This animosity has caused Defendant Valentin

21  and the management team under his guidance to treat members of the SAPOA

22  adversely if the employee is believed to be associated with or sought the aid of SAPOA

23  and/or SAPOA President Serrano. Due to this relationship, Defendant Valentin

24  purposely and intentionally interferes with the SAPOA's ability to represent its

25  membership and acts contrary to state law. Conversely, Valentin gives special

26  treatment and turns a blind eye to allegations of misconduct by those he believes will

27  either give their loyalty to him and/or oppose the SAPOA/Serrano.

28

1

**SPYING**

2    16.    In January, 2020, Defendant Valentin began spying on Plaintiff Serrano

3  and members of the Santa Ana City Council by redirecting copies of all e-mail

4  communications sent by Serrano to City Councilmember Solorio, from June 2017

5  forward, to his office. Defendant Valentin then had the City's IT department put a tracer

6  on all of Serrano's emails so that they would automatically be copied to Defendant

7  Valentin.

8

**OTHER INTERFERENCE**

9    17.    During the last year and continuing to the present, Defendants have

10  censored membership communications and/or denied the SAPOA the ability to send

11  membership communications via the City's e-mail system.

12    18.    Defendant Valentin has engaged in action to advocate for a change of

13  leadership in the SAPOA and has attempted to interfere with SAPOA elections. Said

14  action includes, but is not limited to, encouraging candidates to run against Serrano for

15  the position of Association President, and questioning members' support for Serrano

16  when they are seeking special assignments and promotions.

17

**COMPLAINTS AGAINST LIEUTENANTS**

18    19.    In or about January, 2020, the SAPOA and Serrano were informed of

19  allegations of misconduct by SAPD Lieutenants/Commanders Jose Gonzalez and

20  Robert Rodriguez. It was alleged that the two were maliciously spreading rumors

21  regarding activities of Serrano and the SAPOA. Plaintiffs have information and belief,

22  and thereon allege, that said actions constitute violations of department policy and

23  negatively impact the morale of the police department as well as cause division in the

24  SAPOA. The Plaintiffs met with Defendant Valentin and informed him of the allegations

25  of misconduct. Valentin appeared dismissive. Since Valentin failed to initiate  an

26  investigation as required by Penal Code §§832.5-832.7, the SAPOA/Serrano reported

27  the information to Defendant Ridge. Again, no investigation was initiated of the police

28  commanders nor of Defendant Valentin.

5

1   20.    On or about June 8, 2021, Plaintiffs filed an official complaint regarding
2   the commanders' actions and the failure to investigate the allegations with Defendant
3   Motsick. Motsick also refused to initiate an investigation of the commanders and
4   Defendant Valentin.

5                               **PERB COMPLAINT**

6   21.    In or about February, 2020, the SAPOA filed an Unfair Practice Charge
7   with the Public Employment Relations Board (PERB) alleging that the City of Santa Ana
8   had interfered with, intimidated, attempted to restrain and coerce members of the
9   Association and Gerry Serrano. The City informally resolved the matters, so the SAPOA
10  withdrew the charge.

11                              **CAMPAIGN SIGNS**

12  22.    In April, 2020, Plaintiffs reported the theft of campaign signs related to a
13  recall of Santa Ana City Councilmember Iglesias. One of the identified suspects was
14  the City Council person herself. The SAPOA learned that a Police Commander directed
15  the investigating officer to alter his report so that the City Council person would not be
16  listed as the suspect. The Plaintiffs reported the Police Commander's actions to
17  Defendant Valentin.

18  23.    Instead of investigating the unlawful actions of the Police Commander,
19  Valentin ordered his Internal Affairs commander and investigators to conduct an
20  investigation of Serrano.

21  24.    When the Plaintiffs obtained a video recording showing the former City
22  Council  person stealing the campaign signs, Defendant Valentin, Defendant Carvalho
23  and other private attorneys employed by her firm, directly and through Valentin's
24  supporters pressured the Orange County District Attorney's office to open a criminal
25  case against Serrano. When the District Attorney's office rejected Valentin's pressures
26  Valentin became upset. With the help of Defendant Carvalho and her private law firm,
27  he began a lengthy letter and meeting campaign in which he chastised the District
28  Attorney's decision and knowingly included false information in the communications

1 | with the District Attorney's office.

2 |     25.    As part of the April, 2020, efforts to wrongfully bring a criminal case

3 | against Serrano, Defendants used department resources, including the Internal Affairs

4 | unit, to draft memoranda with adverse comments about Serrano. Serrano was never

5 | informed by Defendants of the internal investigation or memoranda, and Defendants

6 | failed to allow Serrano to review the adverse comments. It is further believed, to the

7 | extent that Defendants have initiated an Internal Affairs investigation, the investigation

8 | was not completed within one year of notice of the allegations of misconduct nor has

9 | Plaintiff Serrano been notified of any proposed discipline or outcome of the

10 | investigation during that one year period. Defendants intentionally concealed the

11 | information regarding this investigation and the related memoranda from Plaintiffs.

12 | **CULICHI TOWN COVER-UP**

13 |     26.    On August, 2020, on-duty SAPD officers responded to a call for service at

14 | the Culichi Town Restaurant. The call involved allegations that off-duty SAPD officers

15 | had sexually battered two underage girls that were at the restaurant. The officers

16 | response was caught on body worn cameras and the victim's family produced a video

17 | of the incident that showed off-duty police sergeant Oscar Lizardi as being present and

18 | possibly involved in the incident. A Police Commander reported the incident to then IA

19 | Commander, and now Deputy Chief, Robert Rodriguez. Rodriguez is believed to be a

20 | close friend of Lizard. He denied the Commander's request for the incident to be

21 | investigated.

22 |     27.    On or about September 2, 2020, a request for public records was made

23 | for information related to the call including the Incident Detail Report, copy of the 911

24 | emergency calls and/or non-emergency line calls, and police dispatch radio traffic audio

25 | files related to the incident (Incident No. 200805316). Defendant Valentin, on

26 | September 24, 2020, denied, in total, the PRA request in order to cover up the

27 | misconduct of his IA Commander and one of his closest allies (Lizardi) asserting that

28 | the records could not be released because they involved juveniles. This demonstrated

7

1   that Valentin was aware of the incident and that it involved allegations of criminal
2   conduct towards juveniles by off-duty SAPD officers.

3       28.    SAPOA/Serrano complained to Defendants about Valentin's and
4   Rodriguez's attempts to cover up alleged criminal conduct by officers who supported
5   Defendant Valentin pointing out that this conduct amounted to conspiring to commit a
6   criminal act. It is believed that it wasn't until June, 2021, after multiple complaints and
7   requests for investigations by the SAPOA, that Defendants initiated an investigation of
8   two of the three responding officers. The third responding officer was given a special
9   assignment on Lizardi's specialized team. In July, 2021, the Department initiated an
10  Internal Affairs investigation of one of the off-duty officers, but not Lizardi, who was the
11  ranking officer amongst the off duty personnel involved in the incident.

12      29.    On information and belief, Plaintiffs allege that Defendants have refused
13  to initiate an investigation of Deputy Chief Rodriguez and/or Defendant Valentin.

14  <center>**PENSION ISSUE**</center>

15      30.    In October, 2020, the Defendants inquired of CalPERS as to the propriety
16  of including a premium pay, called "Confidential" received by Serrano while on paid
17  release time to serve as the SAPOA President in the calculation of his pension. It is
18  believed that the City had never inquired about this issue with any prior SAPOA
19  President. When it appeared that there might be a question regarding the inclusion of
20  the premium in the calculation of Serrano's pension, the City and SAPOA reached an
21  agreement acceptable to CalPERS. However, because Serrano continued to carry out
22  his duty to represent the Association and its members, activity that is clearly protected
23  under the law, Defendants failed and refused to take the necessary steps to resolve the
24  issue.

25  <center>**FPPC COMPLAINT**</center>

26      31.    In November, 2020, Sonia Carvalho, believed to be acting on her own
27  personal vendetta and without City Council approvalsent a request to the California Fair
28  Political Practices Commission seeking a finding that Serrano, as the SAPOA

<center>8</center>

1 President, engaged in a conflict of interest by negotiating a side letter agreement
2 related to the pension issue. As the City Council was scheduled to approve the
3 resolution of the pension issue, Carvalho made multiple inquiries to the FPPC for an
4 opinion letter finding Serrano was engaging in an unethical conflict of interest.
5 Ultimately, the FPPC found that Serrano did not engage in any conflict of interest nor
6 did his actions give rise to an unethical conflict of interest.  It is believed that Carvalho
7 was acting on her own and with the sole purpose of personally interfering with the
8 SAPOA/Serrano and/or with intent to harm Serrano.

9 **FEMALE DISCRIMINATION COMPLAINTS**

10 32.    In or about November, 2020, SAPOA/Serrano informed Defendant Ridge
11 that there was ongoing discrimination against female employees in the Department.
12 Plaintiffs described  an incident involving female officers' attendance at a conference
13 regarding leadership issues for women in law enforcement and the Chief's behavior
14 towards those female employees. Defendant Ridge did not open an investigation into
15 the matter until months later when it was statutorily too late to take disciplinary action
16 against Defendant Valentin or his subordinates.

17 33.    After Plaintiffs informed Defendant Ridge of the discrimination and
18 harassment of the female officers, Defendant Valentin ordered a "preliminary
19 assessment" in order to cover up his and his staff's misconduct. The Human Resource
20 representative that appeared with him when he confronted the female officers
21 conducted the investigation. The female officers were ordered to appear for
22 interrogations. They were not provided any information as to the nature of the
23 investigation. When they appeared for interrogation, the HR Representative read from a
24 transcript, indicated that she was going to prepare a report that only went to Valentin,
25 and then questioned the females about the female's actions and did not have any
26 preset questions about Chief Valentin's, DC Esparza's or other police commander's
27 actions.

28 34.    On information and belief, it is alleged the Valentin lied to Defendant

9

1  Ridge and Defendant Motsick claiming that he had initiated an investigation of the
2  discrimination when, in fact, he initiated an investigation of the female officers in order
3  to silence them.

4      35.    The Defendants did not hire an investigator to look into these issues of
5  harassment and discrimination until April, 2021.

6      36.    On or about May 3, 2021, Plaintiffs filed a Notice of Claim against the City
7  of Santa Ana, Santa Ana Police Department, Defendant Valentin, and Deputy Chief
8  Enriquez Esparaza related to the unlawful discrimination, harassment and investigation
9  of the female officers.

10     37.    Defendant has summarily dismissed the complaints from the
11  SAPOA/Serrano regarding the discrimination against female officers as just part of
12  Serrano's desire to fix his pension issue.

13                    **JAIL MANAGEMENT COMPLAINT**

14     38.    On December 2, 2020, the SAPOA/Serrano sent an email to Defendant
15  Ridge and Defendant Valentin requesting an investigation of misconduct by jail
16  management/supervision wherein it was alleged that serious misconduct was being
17  covered up and/or not addressed, and that supervisors were being directed to falsify
18  reports and/or official documents.

19                **DISCLOSURE OF CONFIDENTIAL RECORDS**

20     39.    On or about February 25, 2021, a purported reporter with the Voice of OC
21  (an online nonprofit media source) sent to Sonia Carvalho, the City Attorney for the City
22  of Santa Ana and Santa Ana Police Department, a Public Records Act (PRA) request
23  seeking, a spreadsheet or breakdown of how many employees at the Santa Ana Police
24  Department have been put on paid administrative leave between 01/01/2016 and
25  2/25/2021. The PRA request included a request for Ms. Carvalho to provide the
26  reasons for the employees being put on paid administrative leave and a breakdown of
27  total costs to the City of Santa Ana incurred by paid administrative leave for Santa Ana
28  Police Department employees between 01/01/2016 and /25/2021.

EXHIBIT D
Page 223

1   40.   On or about March 26, 2021, without prior notice to the involved
2   employees or the SAPOA and/or without complying with Penal Code §§832.5-832.8
3   and/or Evidence Code §1043-1046, the City Attorney's office, the City of Santa Ana,
4   under the supervision of Defendant Ridge and/or the Santa Ana Police Department,
5   under the supervision of Defendant Valentin, intentionally and purposely produced
6   confidential records from the involved officers' personnel files. It is believed that this
7   disclosure included data that identified the individual officers involved which is a clear
8   violation of Penal Code §832.7(d).

9   41.   Defendants Carvalho, Valentin, Ridge, City of Santa Ana and/or the Santa
10   Ana Police Department are aware that peace officer personnel records are confidential
11   and exempt from disclosure.

12   42.   On or about April 21, 2021, Deputy Chief of Police Eric Paulson, on behalf
13   of Defendant Valentin, conceded in a letter to the Voice of OC that confidential peace
14   officer personnel had been produced to the Voice of OC, including, but not limited to
15   the names of the officers in connection with administrative investigations. Deputy Chief
16   Paulson requested that the confidential records be returned. Plaintiffs are informed and
17   believe, and thereupon allege that after the Voice of OC refused to return the
18   confidential records, Defendants failed to take any action to force the Voice of OC to
19   return the documents.

20   43.   On or about April 27, 2021, Defendants started notifying certain of the
21   impacted officers of the unlawful actions by Defendants. The Notification did not advise
22   the impacted employees of what specific information had been released and did not
23   notify them of any rights they may have. The notices also did not indicate if the
24   Defendants would be taking further action to enforce the employees' rights.

25   44.   Also on or about April 27, 2021, Deputy Chief Paulson informed the Santa
26   Ana Police Officers Association of the Defendants' unlawful disclosure of the
27   confidential peace officer information of members of the Santa Ana Police Officers
28   Association.  The notification of Defendants' unlawful action did not identify to the POA

1    the names of the impacted members/officers, but simply stated that the effected

2    employees had been notified. As it turned out, when Deputy Chief Paulson claimed, on

3    behalf and presumably at the directions of Defendants, that all affected employees had

4    been notified, the statement was not true and appears to have been an intentional

5    misrepresentation by Defendants to conceal the fact that the notifications to the

6    effected employees had just begun.

7        45.     The Santa Ana Police Officers Association filed a written complaint with

8    the Defendant City Manager Kristine Ridge, and Human Resource Director Jason

9    Motsick requesting that the matter be immediately investigated. Plaintiffs are informed

10    and believe, and thereupon allege that even though the Defendants were required to

11    investigate this matter, as a "citizen complaint" pursuant to Penal Code §§832.5-832.7,

12    Defendants did not investigate nor discipline those city employees responsible for the

13    violations of law.

14        46.     On or about April 28, 2021, a number of affected officers and the Santa

15    Ana Police Officers Association, which has a legal right to represent its members in any

16    and all matters related to their employment with the Santa Ana Police Department,

17    requested copies of any and all communications regarding PRA #21-289, including all

18    e-mails between representatives of the City, Police Department and/or Voice of OC and

19    also requested copies of all records that were produced to the Voice of OC and a list of

20    the impacted officers. Defendants, as part of an ongoing plan and scheme to

21    undermine and interfere with the POA's ability to represent its members, denied the

22    POA's request for copies of the produced records and list of names of impacted

23    employees. Defendants refused to provide copies of the unlawfully released information

24    and/or the list of names of the impacted employees.

25        47.     Also on April 28, 2021, Defendants Motsick, Valentin, Ridge and Carvalho

26    issued a letter wherein they indicated that City was terminating the SAPOA's long

27    standing ability to send emails to communications to all SAPOA members through the

28    City's email system.

1   48.   On or about May 3, 2021, Plaintiffs filed a Notice of Claim against

2   Defendants City of Santa Ana, Santa Ana Police Department and Defendant Valentin

3   regarding their unlawful disclosure of confidential peace officer records.

4   49.   Defendant Ridge and Carvalho have summarily dismissed the complaints

5   from the SAPOA/Serrano regarding the unlawful disclosure of records as just part of

6   Serrano's desire to fix his pension issue.

7                    **FALSE INFORMATION TO CITY COUNCIL MEMBER**

8   50.   On or about May 12, 2021, the SAPOA/Serrano learned that Santa Ana

9   City Councilmember Penaloza had complained to Defendant Valentin that officers from

10  Valentin's special unit (MET), which is supervised by Sgt. Lizardi, had shined the patrol

11  vehicle's ally lights at him while he was driving on multiple occasions. It was further

12  learned that Defendant Valentin tried to falsely blame the SAPOA and Serrano for the

13  officers' alleged actions.

14                        **COMPLAINT AGAINST VALENTIN**

15  51.   On or about May 13, 2021, the SAPOA/Serrano filed a complaint on

16  behalf of the members of the SAPOA against Defendant Valentin and his police

17  management similar to that made in November, 2020. SAPOA raised issues regarding

18  unaddressed gender discrimination; unaddressed cover-up of the Culichi Town incident;

19  allegations that Valentin committed perjury in at least one deposition; the inclusion of

20  false information in official personnel records; Jail Managers covering up alleged

21  misconduct by employees and/or falsifying records/reports related to the misconduct;

22  interference in a criminal investigation where a former City Council person was initially

23  listed as the suspect until the officer was directed to change his report; and interference

24  with Association activities and/or representation of members.

25  52.   In response to the May 13, 2021, complaint, Defendants either failed to

26  initiate an investigation, as required by Penal Code §§832.5-832.7 and/or failed to

27  report to the complainant the outcome of the investigation(s).

28  53.   Defendant Ridge and Carvalho have summarily dismissed the complaints from

1 the SAPOA/Serrano as just part of Serrano's desire to fix his pension issue.

2 **CITY MANAGER DISCIPLINARY ACTION**

3    54.    In order to try to silence the SAPOA/Serrano, on or about May 18, 2021,
4 Defendant Ridge issued a disciplinary document entitled "Employee Conduct Warning
5 Letter" to Serrano for acts he undertook as the "advocate and leader of the SAPOA"
6 which Defendant Ridge argued violated the City Charter and police department policies.
7 Under the provisions of Government Code §3300, et seq., this document constituted a
8 written reprimand and punitive actions as that term is used under Government Code
9 §§3303 and 3304.

10    55.    Under the City Charter Defendant Ridge does not have the ability to
11 discipline a police sergeant as she is not the appointing authority for the police
12 department. Therefore, Ridge's actions were outside her official capacity and
13 demonstrated that she was acting in excess of her authority in order to discriminate,
14 harass and retaliate against Serrano and the SAPOA.

15    56.    The May 18, 2021, Employee Conduct Warning Letter specifically initiated
16 punitive action against Serrano, as the President of the SAPOA, for communicating (via
17 text and e-mail) to elected officials raising issues with the management of the Police
18 Department. The Warning Letter also directed Serrano, as the President of the SAPOA
19 not to communicate regarding police management issues with the Santa Ana City
20 Council.

21    57.    Serrano, on May 20, 2021, invoked his rights under POBRA and
22 requested all documentation supporting Defendant Ridge's allegations of misconduct,
23 and all complaints giving rise to the punitive action. Serrano also invoked his right to an
24 administrative appeal under Government Code §3304. Defendants have failed and
25 refused to provide Serrano any documents supporting the allegations contained in
26 Ridge's letter and have refused to afford him any administrative appeal of the punitive
27 action imposed against him.

28 **INVESTIGATION OF SERRANO**

14

1   58.   On or about May 27, 2021, Defendant Valentin ordered an investigation of
2   Serrano based on alleged comments Serrano made in his capacity as the current
3   President of the SAPOA about a former SAPOA President in October, 2020. The
4   investigation was opened even though legal counsel for the City of Santa Ana indicated,
5   in writing that to the extent Serrano's statements were made as a POA President, Mr.
6   Serrano was not speaking as a police sergeant of the City or the Santa Ana Police
7   Department, and acknowledged that the City was not able to restrict the conduct of the
8   POA and/or its President which relate to the administration of the POA as such action
9   would be a violation of the Meyers-Milias Brown Act. (See Government Code section
10  3506.5(d).). Counsel for the City acknowledged, therefore, the City was not able to
11  direct Mr. Serrano to engage or not engage in conduct that is done in his capacity as
12  President of the POA in relation to the administration of the POA.

13  59.   Evidently, the City of Santa Ana had to pay the former POA President and
14  his wife approximately $350,000.00, as Defendants had allegedly retaliated against the
15  former POA President and Defendant Valentin sexually harassed the former POA
16  President's wife. Thereafter, the former POA President, in an effort to obtain more
17  money from the City, alleged that Serrano violated the settlement agreement even
18  though Serrano was not a party to the action or the agreement. On or about October
19  26, 2020 when the City would not pay any additional money, the former POA President
20  filed a written complaint against Serrano.

21  60.   It appeared that the City was not going to take action on the frivolous
22  complaint, but Defendant Valentin and possibly others, in order to further retaliate
23  against Serrano and the SAPOA, initiated the investigation nine months later. To this
24  date, Defendants have not notified Serrano of the outcome of the investigation and the
25  one year statute of limitations has expired.

26                    **SEXUAL HARASSMENT ALLEGATIONS**

27  61.   On June 16, 2021, Defendants Motsick and Carvalho scheduled a
28  meeting with Serrano without informing him of the nature of the meeting. Serrano

15

1   appeared with legal counsel. After arriving Serrano was informed that Defendants
2   Motsick and Carvalho were conducting "fact-finding" regarding allegations they had
3   been made aware of by a third party. The allegation was that Defendant Ridge had
4   sexually harassed Serrano. Being caught off guard, Serrano, on advice of counsel, did
5   not make any statement. It was clear at that point that the City was not protecting
6   Serrano from retaliation by the other Defendants.

7       62.   Even though Serrano had not filed a complaint against Defendant Ridge,
8   Defendants feared that Serrano had disclosed or might disclose information of unlawful
9   activities by Defendant Ridge.

10      63.   As discussed below, it was later learned that approximately a month
11  earlier Ridge "self-reported" the harassment allegations to Defendant Carvalho and her
12  subordinate Defendant Motsick. In a letter to the City Council Ridge was careful in her
13  assertion, making allegations that Serrano had been untruthful and interfered in
14  investigations, but not specifically denying allegations that she sexual harassed
15  Serrano. In that same letter to the City Council Ridge violated state law by disclosing
16  closed session communications with the Council as well as disclosing confidential
17  personnel information about a peace officer to wit, Serrano.

18      64.   Ridge's disclosures to the City Council reveal that Carvahlo and Motsick
19  were not simply conducting a fact finding investigation, but were investigating Ridge's
20  allegations against Serrano who should have been afforded his rights under the Peace
21  Officers Procedural Bill of Rights.

22      65.   On July 7, 2021, Defendant Ridge, fearing the Serrano would report her
23  unlawful activities, directed Serrano to refrain from sending any e-mail communications
24  to her. In essence, Defendant Ridge gave direct orders to the President of the SAPOA
25  not to contact elected officials or herself with any issues or complaint.

26      66.   On July 9, 2021, Plaintiff filed a Notice of Claim (Gov't Code §910, 910.4)
27  with Defendants.

28      67.   On or about July 16, 2021, the City of Santa Ana hired the law firm of

1  Barboza & Associates to assist Motsick in conducting a personnel investigation into
2  Serrano's possible allegations of harassment even though Serrano had not made any
3  such allegations. However, when Plaintiffs tried to determine who retained Barboza,
4  and whether she was working independently or as an agent/attorney for the City, she
5  refused to answer. Plaintiffs made the same inquiry of Defendant Motsick on July 21st,
6  but never received a response.

7      68.    It was later confirmed that Barboza and Associates was hired to provide
8  legal advice to the City regarding the investigations thus creating an attorney-client
9  relationship and a duty of Barboza and Associates to find in a manner to protect their
10  clients. The City specifically prohibited the firm to render any determination about
11  unlawful discrimination, harassment, violation of public policy or any other violations of
12  law or statute. Therefore, there was no reason for Serrano to participate in
13  investigations that could not result in a legal determination.

14      69.    On or about July 19, 2021, Defendant Ridge, trying to minimize her
15  misconduct and redirect attention from the allegations of misconduct against her, sent a
16  letter to the Mayor and City Council falsely claiming that all complaints and tort claims
17  coming from the SAPOA and its members were singularly focused on Serrano's
18  pension issues. In the letter to the Mayor and City Council Ridge revealed confidential
19  personnel file information of Serrano in violation of state law. Ridge also tried to defame
20  Serrano in order to diminish his credibility if he was to come forward with allegations of
21  sexual harassment.

22      70.    It became clear that Ridge's letter dated July 19, 2021, was meant to
23  tarnish Serrano and the SAPOA and to be produced to mass audiences. In fact, on
24  August 3, 2021, the Voice of OC contacted Serrano and advised him that it had been
25  given copies of the letter and the disciplinary letter which outline allegations against him
26  by the City Manager and City Attorney. According to the records they were provided the
27  Voice of OC indicated that both Kristine Ridge and Sonia Carvalho claimed Serrano
28  had caused harm to the city through his pursuit of higher compensation including filing

1  unsubstantiated legal claims, threats to 'burn the place down' and 'make disclosures
2  that will hurt people" and asking elected officials to put pressure on the city manager.
3  Ridge and Carvahlo conspired to release confidential communications to the media in
4  violation of Penal Code §§832.5- 832.8 and/or Evidence Code §§1043-1046 and/or the
5  Brown Act.

6      71.    Two days later, even though Ridge had ordered Serrano not to have
7  contact with her, she attempted to contact Serrano on his personal phone. Serrano
8  knew better and did not take the call.

9      72.    On July 29, 2021, the City rejected the Government Tort Claim filed
10 related to the above issues. The City chose not to try to resolve the matter or conduct
11 investigations prior to issuing the rejection. It appears that the Defendants are intent on
12 forcing the parties to litigate the City's liability. The use of Ms. Barboza's services is just
13 to obtain statements in an effort to defend the anticipated lawsuit.

14     73.    The City is believed to have closed its "sexual harassment investigation"
15 of Defendant Ridge without conducting a single interview and without questioning
16 Defendant Ridge regarding her alleged illegal and/or harassing conduct.

17            **SAPOA ASSISTS MEMBERS IN FILING COMPLAINTS**

18     74.    On July 20, 2021, the SAPOA supported the filing of a citizen complaint
19 by one of the Association's members against Defendant Valentin alleging retaliation
20 and creating a hostile working environment for the member that was known to support
21 the SAPOA/Serrano. The Defendants assigned the investigation to an outside
22 investigator, but failed to notify the complainant of the outcome of the investigation.

23     75.    On or about August 19, 2021, the SAPOA supported the filing of a citizen
24 complaint by one of the Association's members against Sgt. Oscar Lizardi for
25 allegations of engaging in intimidation and threats against a member who Lizardi
26 believed supported the SAPOA's vote of no confidence against Defendant Valentin.
27 The Defendants assigned the investigation to an outside investigator, but failed to notify
28 the complainant of the outcome of the investigation.

1    76.    On or about August 19, 2021, the SAPOA supported the filing of a citizen
2  complaint by one of the Association members against Sgt. Oscar Lizardi for allegation
3  of witness intimidation related to an internal affairs investigation that Defendant Valentin
4  ordered against a supporter of the SAPOA/Serrano. The Defendants assigned the
5  investigation to an outside investigator, but failed to notify the complainant of the
6  outcome of the investigation.

7                           **VOTE OF NO CONFIDENCE**

8    77.    On July 8, 2021, Plaintiffs notified Defendant Ridge and Motsick that the
9  Board of Directors had unanimously voted to send out a Vote of No Confidence ballot
10  regarding Defendant Valentin.

11    78.    In August, 2021, the SAPOA Board of Directors issued a Memorandum
12  regarding the Vote and raised a number of issues for the membership to consider.

13    79.    On or about August 25, 2021, Charles Goldwasser, who serves as
14  General Counsel to the Santa Ana Police Officers Association, wrote Defendant
15  Valentin and Defendant Ridge regarding on-duty harassment and verbal pressure
16  against SAPOA members by Sergeant Lizardi.  The conduct interfered with these
17  officers' ability to perform their duties. The Santa Ana Police Officers' Association
18  requested that the City of Santa Ana issue a reminder about this type of on-duty
19  conduct taking place at the Police Department. Plaintiff Serrano, as the President of the
20  SAPOA, followed-up Mr. Goldwasser's communication with an email to Defendant
21  Motsick acknowledging that his members were reporting their working conditions were
22  becoming unbearable and reminding the City that an unchecked hostile work
23  environment, especially where the employees are armed, could result in a bad
24  situations occurring.

25    80.    On August 26, 2021, during a time the SAPOA was considering a "Vote of
26  No Confidence" in Defendant Valentin, Valentin in coordination with Defendants
27  Carvalho, Ridge and Motsick, tried to silence SAPOA President Gerry Serrano by
28  placing him on administrative leave and restricting his access to, and use of, the

                                    19

                                                          EXHIBIT D
                                                          Page 232

1   City/Police Department e-mail system. In order to place Serrano on administrative
2   leave, Defendant Valentin, or his underlings, specifically ordered Commander Sorenson
3   to leave the Notice of Administrative Leave/Fitness for Duty Exam at Serrano's
4   residence where it was found by his son.

5       81.     The order to undergo the Fitness for Duty Exam specifically references
6   Mr. Serrano's August 26, 2021, 5:05 a.m., email to Defendant Motsick as the sole basis
7   for the exam. Therefore, because Mr. Serrano decided that it was necessary, as the
8   SAPOA President, to reaffirm the seriousness of the issues, Defendants ordered
9   Serrano to undergo a Fitness for Duty Examination.

10      82.     Serrano, via counsel, objected to the Fitness for Duty Examination as
11  being unlawful. He invoked his rights under Government Code §3300, et seq., including
12  Government Code §3305 and/or Government Code §3306.5 (requesting copies of
13  and/or access to any and all documents being used or have been used to determine
14  that officer's qualifications for employment, promotion, additional compensation, or
15  termination or other disciplinary action).

16      83.     In response to Plaintiff's assertion of rights and request for materials
17  Defendants intentionally falsified a letter to Serrano's attorney by including claims that
18  Serrano had not been ordered to sign any releases. Defendants denied the request for
19  materials.

20      84.     It was subsequently discovered that Defendants did not comply with their
21  own policy regarding Fitness for Duty and/or Fitness for Duty Examinations.

22      85.     Police Commander Sorrenson was ordered not to retrieve department
23  issued equipment from Mr. Serrano at the SAPOA officce, but instead to order him to
24  report to the police station. The applicable Memorandum of Understanding specifically
25  states: "The Association and the City of Santa Ana agree that the Association's
26  representative will not be required to carry out any peace officer's duties during such
27  time that the Association's representative is on such full-time release from duty. The
28  Association's representative will be required to comply with the Rules and Regulations

20

1  of the Santa Ana Police Department as they apply to off-duty employees, except such
2  representative ill not be required to report for duty for any purpose. Defendants
3  breached of the MOU by ordering Mr. Serrano to appear for a FFDE and to report to the
4  police station.

5          86.     Moreover, the Police Department Fitness for Duty policy indicates that its
6  purpose and scope is directly related to the exercise of peace officers powers, but the
7  MOU releases Mr. Serrano from any such exercise. Furthermore, the Fitness for Duty
8  policy governs on-duty conduct, not off-duty.

9          87.     Plaintiff initiated a grievance, but that matter was futile as it was to be
10  heard by the City Manager that had ordered Serrano not to have contact with her.
11  Defendants then had Defendant Motsick conduct the grievance hearing even though he
12  was the one that initiated the FFDE by claiming Serrano's e-mail was threatening.

13          88.     On September 1, 2021, the SAPOA disclosed the results of the Vote of
14  No Confidence. More than a majority of the members that voted indicated that they had
15  no confidence in the Chief of Police. That same day Defendant Valentin responded to
16  the membership vote by targeting Serrano. Defendant Valentin falsely attributed the
17  SAPOA's actions as Serrano's personal pension dispute and not about the facts giving
18  rise to the Vote. Defendant Valentin accused Serrano of  making false and frivolous
19  claims, and engaging in crimes and corruption when Defendant Valentin knew these
20  allegations against Serrano were false.

21          89.     With the grievance over the FFDE pending and unresolved, Defendants
22  *ordered* Serrano to appear for the exam and undergo hours of questioning by the
23  contract doctor. The Defendants did not pay Serrano for his time at the FFDE
24  examination.

25          90.     On September 14, 2021, Serrano was found to be fit for duty and
26  removed from administrative leave. After Serrano was found to be fit for duty Defendant
27  Motsick finally held a grievance meeting and later summarily rejected the grievance.
28  Finally, even though Plaintiffs raised issues of retaliation and hostile environment

1  Defendants have not even attempted to investigate these claims.  Therefore, Plaintiffs
2  have exhausted all administrative remedies related to the FFDE.

3      91.    Additionally, even though Serrano had been removed from Administrative
4  Leave, the locker assigned to him by the Police Department was secured so Serrano
5  could not access it. It was visible to any person that walked into the locker room that the
6  locker was still being secured by the Department.

7      92.    Plaintiffs request a jury trial on all non-mandamus relief.

8      93.    Plaintiff has no plain, speedy or adequate remedy under the law.
9  Pursuant to Government Code Section 3309.5, Plaintiff need not pursue any
10  administrative remedy in order to address this problem; thus, Plaintiff is excused from
11  or has exhausted his administrative remedies. This court is given initial jurisdiction over
12  this matter pursuant to Government Code §3309.5.

13      94.    To the extent facts, incidents and/or issues described above were learned
14  and/or occurred after Plaintiffs' filed their Government Tort Claim, Plaintiffs only seek
15  mandamus and/or injunctive relief to cure the violations and prevent future violations of
16  a similar nature. Once Plaintiffs has processed and/or the Defendants rejected any
17  such supplemental claim, Plaintiffs will amend this Complaint accordingly.

18                              **VENUE AND JURISDICTION**

19  95.Venue is proper in the Superior Court of the State of California, for the County of
20  Orange in that the underlying acts, omissions, injuries and related facts and
21  circumstances giving rise to the present action occurred in the City of Santa Ana,
22  County of Orange, California. This Court has jurisdiction over the present matter
23  because, as delineated within this complaint, the nature of the claims and amount in
24  controversy meet the requirements of jurisdiction in the Superior Court. This Court is
25  empowered with initial jurisdiction to entertain suits brought pursuant to California
26  Government Code §3300, et seq., and for traditional mandamus action.

27                              **FIRST CAUSE OF ACTION**

28                              <u>Against All Defendants</u>

                                        22

EXHIBIT D
Page 235

1 <u>Violation of Government Code §3500, et seq.</u>

2     96. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3 First Cause of Action against all Defendants for violations of Government Code §3500,

4 et seq., re-allege paragraphs 1-95, above, and further allege as follows:

5     97. Government Code §3502 provides, in pertinent part, public employees shall

6 have the right to form, join, and participate in the activities of employee organizations of

7 their own choosing for the purpose of representation on all matters of employer-

8 employee relations.

9     98. Government Code §3502.1 provides that "No public employee shall be

10 subject to punitive action or denied promotion, or threatened with any such treatment,

11 for the exercise of lawful action as an elected, appointed, or recognized representative

12 of any employee bargaining unit."

13     99. Government Code §3503 provides, in pertinent part, that "Recognized

14 employee organizations shall have the right to represent their members in their

15 employment relations with public agencies."

16     100. Government Code §3504 provides, in pertinent part, that the scope of

17 representation shall include all matters relating to employment conditions and

18 employer-employee relations, including, but not limited to, wages, hours, and other

19 terms and conditions of employment.

20     101. Government Code §3506 provides that "Public agencies and employee

21 organizations shall not interfere with, intimidate, restrain, coerce or discriminate against

22 public employees because of their exercise of their rights under Section 3502."

23     102. Government Code §3506.5 provides, in pertinent part, that a public agency

24 shall not do any of the following: (a) Impose or threaten to impose reprisals on

25 employees, to discriminate or threaten to discriminate against employees, or otherwise

26 to interfere with, restrain, or coerce employees because of their exercise of rights

27 guaranteed by this chapter; (b) deny to employee organizations the rights guaranteed to

28 them by this chapter; (d) dominate or interfere with the formation or administration of

23

1  any employee organization, contribute financial or other support to any employee
2  organization, or in any way encourage employees to join any organization in preference
3  to another.

4         103.  Defendants, and each of them, in undertaking the acts and/or omissions
5  listed above, violated the above provisions of the Meyers-Milias-Brown Act (MMBA),
6  including, but not limited to interfering with, intimidating, restraining, coercing and/or
7  discriminating against the SAPOA, Gerry Serrano and/or other public employees who
8  are members of the SAPOA because of their exercise of their rights under this Act.

9         104.  Defendants, and each of them, have engaged in acts and/or omissions, as
10 alleged above, wherein they have 1) subjected Serrano to punitive actions and/or
11 threatened him with said actions; 2) imposed or threatened to impose reprisals on
12 Serrano, 3) discriminated or threatened to discriminated against him; 3) otherwise
13 interfered with, restrained, or coerced Serrano because of his exercise of rights
14 guaranteed by the MMBA, and/or for the exercise of lawful action as an elected,
15 appointed, or recognized representative of any employee bargaining unit..

16        105.  The duty to obey the laws set forth in Government Code §3500, et seq., is
17 a ministerial duty and is not discretionary. By acting, and failing to act, as set forth
18 above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions
19 of defendants, set forth above, demonstrate that defendants' failure to comply with
20 Government Code §3500, et seq., was illegal as a matter of law under Government
21 Code section 1222, which makes a public officer's "willful omission to perform any duty
22 enjoined by law" a misdemeanor.

23        106.  Each and every act listed above, individually or jointly, constitutes a
24 violation of Government Code §3500, et seq., and therefore this court should render
25 appropriate injunctive or other extraordinary relief to remedy the violation and to prevent
26 future violations of a like or similar nature, including, but not limited to, the granting of a
27 temporary restraining order, a preliminary injunction and a permanent injunction, or, in
28 the alternative, a Writ of Mandate prohibiting the Santa Ana Police Department from

1  taking any punitive action against any public safety officer member of the SAPOA.

2  Plaintiffs specifically seek a "make whole" remedy.

3       107.  The above articulated violations were proximately caused by City's

4  deliberate indifference to its employee's violations of the Meyer-Milias Brown Act, and

5  the failure to train and control its officers and representatives on the provisions of these

6  Acts. The violations set forth above were proximity caused by the customs, practices,

7  policies and decisions of the defendants.

8       108.  Unless this court issues a preliminary and permanent injunction enjoining

9  and restraining defendants, and each of them, and their agents, employees and

10  servants, from ordering, requiring, commanding, or taking any other action that will

11  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his

12  rights, as afforded by Government Code §3500, et seq., will be violated without any

13  remedy being afforded.

14       109.  Plaintiffs have attempted, without success, to exhaust any and all

15  administrative remedies afforded to them to deal with these issues, but such efforts are

16  futile as the named defendants are the ones that make the final decisions via any

17  complaints, grievances or other administrative actions.

18       110.  Plaintiff requests this court to award damages and attorney fees pursuant

19  C.C.P. §1090 and 1095.

20       111.  In bringing this action, Petitioners have sought enforcement of an important

21  right affecting the public interest which will result in the conferring of a significant benefit

22  upon a large class of persons, to wit, public employees, thereby entitling Petitioners to

23  an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24       112.  The actions of defendants, and each of them, were arbitrary and capricious

25  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

26  Code §800.

27  ## SECOND CAUSE OF ACTION

28  <u>Against All Defendants</u>

25

Violation of Government Code §3300, et seq.

113. Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a Second Cause of Action against all Defendants for violations of Government Code §3300, et seq., relief re-alleges paragraphs 1-112, above, and further allege as follows:

114. Government Code §3301 provides, in pertinent part, that "The Legislature hereby finds and declares that the rights and protections provided to peace officers under this chapter constitute a matter of statewide concern. The Legislature further finds and declares that effective law enforcement depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers. In order to assure that stable relations are continued throughout the state and to further assure that effective services are provided to all people of the state, it is necessary that this chapter be applicable to all public safety officers, as defined in this section, wherever situated within the State of California."

115. Government Code §3302 provides, in pertinent part, that except as otherwise provided by law, or whenever on duty or in uniform, no public safety officer shall be prohibited from engaging, or be coerced or required to engage, in political activity.

116. Government Code §3303 provides, in pertinent part, that when any public safety officer is under investigation and subjected to interrogation by his or her commanding officer, or any other member of the employing public safety department, that could lead to punitive action, the interrogation shall be conducted under the following conditions. For the purpose of this chapter, punitive action means any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment.

(a) The interrogation shall be conducted at a reasonable hour, preferably at a time when the public safety officer is on duty, or during the normal working hours for the public safety officer, unless the seriousness of the investigation requires otherwise. If the interrogation does occur during off-

26

duty time of the public safety officer being interrogated, the public safety officer shall be compensated for any off-duty time in accordance with regular department procedures, and the public safety officer shall not be released from employment for any work missed.

(b) The public safety officer under investigation shall be informed prior to the interrogation of the rank, name, and command of the officer in charge of the interrogation, the interrogating officers, and all other persons to be present during the interrogation. All questions directed to the public safety officer under interrogation shall be asked by and through no more than two interrogators at one time.

(c) The public safety officer under investigation shall be informed of the nature of the investigation prior to any interrogation.

(e) The employer shall not cause the public safety officer under interrogation to be subjected to visits by the press or news media without his or her express consent nor shall his or her home address or photograph be given to the press or news media without his or her express consent.

(g) The complete interrogation of a public safety officer may be recorded. If a tape recording is made of the interrogation, the public safety officer shall have access to the tape if any further proceedings are contemplated or prior to any further interrogation at a subsequent time. The public safety officer shall be entitled to a transcribed copy of any notes made by a stenographer or to any reports or complaints made by investigators or other persons, except those which are deemed by the investigating agency to be confidential. No notes or reports that are deemed to be confidential may be entered in the officer's personnel file. The public safety officer being interrogated shall have the right to bring his or her own recording device and record any and all aspects of the interrogation.

27

1   117.  Government Code §3304(a) provides that "No public safety officer shall be
2   subjected to punitive action, or denied promotion, or be threatened with any such
3   treatment, because of the lawful exercise of the rights granted under this chapter, or the
4   exercise of any rights under any existing administrative grievance procedure.

5   118.  Government Code §3304(b) provides, in pertinent part, "No punitive action,
6   nor denial of promotion on grounds other than merit, shall be undertaken by any public
7   agency against any public safety officer who has successfully completed the
8   probationary period that may be required by his or her employing agency without
9   providing the public safety officer with an opportunity for administrative appeal."

10   119.  Government Code §3304(d) (1) reads "Except as provided in this
11   subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds
12   other than merit, shall be undertaken for any act, omission, or other allegation of
13   misconduct if the investigation of the allegation is not completed within one year of the
14   public agency's discovery by a person authorized to initiate an investigation of the
15   allegation of an act, omission, or other misconduct. This one-year limitation period shall
16   apply only if the act, omission, or other misconduct occurred on or after January 1,
17   1998. In the event that the public agency determines that discipline may be taken, it
18   shall complete its investigation and notify the public safety officer of its proposed
19   discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that
20   year, except as provided in paragraph (2). The public agency shall not be required to
21   impose the discipline within that one-year period."

22   120.  Government Code §3305 provides that no public safety officer shall have
23   any comment adverse to his interest entered in his personnel file, or any other file used
24   for any personnel purposes by his employer, without the public safety officer having first
25   read and signed the instrument containing the adverse comment indicating he is aware
26   of such comment, except that such entry may be made if after reading such instrument
27   the public safety officer refuses to sign it. Should a public safety officer refuse to sign,
28   that fact shall be noted on that document, and signed or initialed by such officer.

1    121. Government Code §3306 reads "A public safety officer shall have 30 days
2    within which to file a written response to any adverse comment entered in his personnel
3    file. Such written response shall be attached to, and shall accompany, the adverse
4    comment."

5    122. Government Code §3306.5. provides, in pertinent part, that (a) Every
6    employer shall, at reasonable times and at reasonable intervals, upon the request of a
7    public safety officer, during usual business hours, with no loss of compensation to the
8    officer, permit that officer to inspect personnel files that are used or have been used to
9    determine that officer's qualifications for employment, promotion, additional
10   compensation, or termination or other disciplinary action; (b) Each employer shall keep
11   each public safety officer's personnel file or a true and correct copy thereof , and shall
12   make the file or copy thereof available within a reasonable period of time after a request
13   therefor by the officer."

14   123. Government Code §3309 provides that "No public safety officer shall have
15   his locker, or other space for storage that may be assigned to him searched except in
16   his presence, or with his consent, or unless a valid search warrant has been obtained or
17   where he has been notified that a search will be conducted. This section shall apply
18   only to lockers or other space for storage that are owned or leased by the employing
19   agency.

20   124. Government Code §3309.5(a) provides "It shall be unlawful for any public
21   safety department to deny or refuse to any public safety officer the rights and
22   protections guaranteed to him or her by this chapter."

23   125. Government Code §3309.5 further provides, in pertinent part, "(d) (1) In
24   any case where the superior court finds that a public safety department has violated
25   any of the provisions of this chapter, the court shall render appropriate injunctive or
26   other extraordinary relief to remedy the violation and to prevent future violations of a like
27   r similar nature, including, but not limited to, the granting of a temporary restraining
28   order, preliminary injunction, or permanent injunction prohibiting the public safety

29

EXHIBIT D
Page 242

1   department from taking any punitive action against the public safety officer" and "(e) In
2   addition to the extraordinary relief afforded by this chapter, upon a finding by a superior
3   court that a public safety department, its employees, agents, or assigns, with respect to
4   acts taken within the scope of employment, maliciously violated any provision of this
5   chapter with the intent to injure the public safety officer, the public safety department
6   shall, for each and every violation, be liable for a civil penalty not to exceed twenty-five
7   thousand dollars ($25,000) to be awarded to the public safety officer whose right or
8   protection was denied and for reasonable attorney's fees as may be determined by the
9   court. If the court so finds, and there is sufficient evidence to establish actual damages
10  suffered by the officer whose right or protection was denied, the public safety
11  department shall also be liable for the amount of the actual damages."

12        126. As described above, Plaintiff Gerry Serrano was the subject of numerous
13  investigations that could result in punitive action. One investigation was conducted by
14  Defendants Carvalho and Motsick after Defendant Ridge complained that Serrano was
15  making false statements about her. Serrano was not told, prior to his interview, that
16  Carvalho would be present, was not informed of the nature of the investigation prior to
17  arriving, was not told, nor afforded the opportunity to record the interview.

18        127. In other administrative investigations conducted under the orders of
19  Defendant Valentin, Serrano was not compensated for his time in the interrogations.

20        128. Defendant Ridge issued punitive action against Serrano and when he
21  sought an administrative appeal and the documents purportedly supporting the punitive
22  action, both requests were denied.

23        129. Defendant Valentin has placed or caused to be placed in Serrano's
24  personnel file and/or files used for personnel purposes adverse comments without
25  affording Serrano the ability to review the documents containing the adverse comments.

26        130. Defendant Valentin has ordered administrative investigations to be
27  conducted well in excess of the one year statute of limitations, and has not provided
28  notice of the investigations or the outcome of the investigations to Serrano.

131. Serrano has requested to review documents used for personnel purposes but has been denied the opportunity to do so.

132. Serrano has information and believe that his department issued locker and/or other space for storage (including his department issued email storage system) has been searched outside of his presence and/or without his knowledge/consent or valid search warrant.

133. Serrano, while acting as the President of the SAPOA, and while off-duty and out of uniform has been prohibited from engaging in political activity.

134. Serrano has been threatened with punitive action because of the lawful exercise of the rights granted by Government Code §3300, et seq., and/or exercising rights under existing administrative grievance procedures.

135. The duty to obey the laws set forth in Government Code §3300, et seq., is a ministerial duty and is not discretionary. By acting, and failing to act, as set forth above, defendants have violated a ministerial duty. Moreover, the acts and/or omissions of defendants, set forth above, demonstrate that defendants' failure to comply with Government Code §3300, et seq., was illegal as a matter of law under Government Code section 1222, which makes a public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

136. Each and every act listed above, individually or jointly, constitutes a violation of Government Code §3300, et seq., and therefore this court should render all available and proper relief under Government Code §3309.5 to remedy the violations and to prevent future violations of a like or similar nature. Plaintiffs specifically seek a "make whole" remedy.

137. For those acts identified in the already filed Government Tort Claim, Plaintiffs further seek all relief afforded under Government Code §3309.5(e).

138. The above articulated violations were proximately caused by City's indifference to its employee's violations of the Public Safety Officers Procedural Bill of Rights Act, and the failure to train and control its officers and representatives on the

31

1   provisions of this Act. The violations set forth above were proximity caused by the

2   customs, practices, policies and decisions of the defendants.

3        139.  Unless this court issues a preliminary and permanent injunction enjoining

4   and restraining defendants, and each of them, and their agents, employees and

5   servants, from ordering, requiring, commanding, or taking any other action that will

6   result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his

7   rights, as afforded by Government Code §3300, et seq., will be violated without any

8   remedy being afforded.

9        140.  Plaintiffs have attempted, without success, to exhaust any and all

10   administrative remedies afforded to them to deal with these issues, but such efforts are

11   futile as the named defendants are the ones that make the final decisions via any

12   complaints, grievances or other administrative actions. Moreover, pursuant to

13   Government Code §3309.5, Plaintiffs are not required to exhaust administrative

14   remedies.

15        141.  Plaintiff requests this court to award damages and attorney fees pursuant

16   to C.C.P. §1090 and 1095.

17        142.  In bringing this action, Petitioners have sought enforcement of an important

18   right affecting the public interest which will result in the conferring of a significant benefit

19   upon a large class of persons, to wit, public employees, thereby entitling Petitioners to

20   an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

21        143.  The actions of defendants, and each of them, were arbitrary and capricious

22   and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

23   Code §800.

24   <div align="center">**THIRD CAUSE OF ACTION**</div>

25   <div align="center">Against All Defendants</div>

26   <div align="center">Violation of Constitutional Right to Freedom of Speech</div>

27        144.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

28   Third Cause of Action against all Defendants for violations of Plaintiffs' right to freedom

<div align="center">32</div>

1 │ of speech and writing, freedom to instruct their representative, freedom to petition
2 │ government for redress of grievances, and to consult for the common good, re-allege
3 │ paragraphs 1-143, above, and further allege as follows:

4 │      145.  While the U.S. Constitution grants citizens protections for free speech
5 │ under the First Amendment to the U.S. Constitution, which are enforced via 42 USC
6 │ §1983, the California Constitution also protects this right. Article I, Section 2 of the
7 │ California Constitution states that "[e]very person may freely speak, write and publish
8 │ his or her sentiments on all subjects, being responsible for the abuse of this right. . . ."
9 │ Article I, Section 3 of the California Constitution states "[T]he people have the right to
10 │ instruct their representatives, petition government for redress of grievances, and
11 │ assemble freely to consult for the common good.

12 │      146.  Defendants, and each of them, have engaged in acts and/or omissions to
13 │ violate Plaintiffs right to freedom to speak, write and publish their sentiments, and/or
14 │ their ability to petition government for redress of grievances, assemble and to consult
15 │ for the common good.

16 │      147.  The duty to obey the laws set forth in state and federal laws is a ministerial
17 │ duty and is not discretionary. By acting, and failing to act, as set forth above,
18 │ defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
19 │ defendants, set forth above, demonstrate that defendants' failure to comply with the
20 │ California Constitution wherein it enjoins certain acts; therefore, defendants actions
21 │ were illegal as a matter of law under Government Code section 1222, which makes a
22 │ public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

23 │      148.  Each and every act listed above, individually or jointly, constitutes a
24 │ violation of Plaintiffs' speech rights and/or the California Constitution and therefore this
25 │ court should render all available and proper relief to remedy the violations and to
26 │ prevent future violations of a like or  similar nature. Plaintiffs specifically seek a "make
27 │ whole" remedy.

28 │      149.  For those acts identified in the already filed Government Tort Claim,

1    Plaintiffs further seek all available monetary damages and statutory penalties. For those
2    acts not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs
3    seek injunctive and/or mandamus remedies.

4        150.  The above articulated violations were proximately caused by City's
5    deliberate indifference to its employees' violations law, and the failure to train and
6    control its officers and representatives on the provisions of law referenced above. The
7    violations set forth above were proximity caused by the customs, practices, policies and
8    decisions of the defendants.

9        151.  Unless this court issues a preliminary and permanent injunction enjoining
10   and restraining defendants, and each of them, and their agents, employees and
11   servants, from ordering, requiring, commanding, or taking any other action that will
12   result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
13   rights will be violated without any remedy being afforded.

14       152.  Plaintiffs have attempted, without success, to exhaust any and all
15   administrative remedies afforded to them to deal with these issues, but such efforts are
16   futile as the named defendants are the ones that make the final decisions via any
17   complaints, grievances or other administrative actions.

18       153.  Plaintiffs request this court to award damages and attorney fees as
19   provided by law, including pursuant to C.C.P. §1090 and 1095.

20       154. In bringing this action, Petitioners have sought enforcement of an important
21   right affecting the public interest which will result in the conferring of a significant benefit
22   upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
23   an award of attorneys' fees pursuant to Code of Civil Procedure §1021.5.

24       155.  The actions of defendants, and each of them, were arbitrary and capricious
25   and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
26   Code §800.

27                          **FOURTH CAUSE OF ACTION**

28                          <u>Against All Defendants</u>

34

1

Violation of Labor Code §1101-1102.5

2      156.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a

3 Fourth Cause of Action against all Defendants for violation of provisions of the Labor

4 Code re-alleges paragraphs 1-95, above, and further allege as follows:

5      157.  Labor Code section 1101 provides, in pertinent part, that no employer shall

6 make, adopt, or enforce any rule, regulation, or policy: (a) Forbidding or preventing

7 employees from engaging or participating in politics...(b) Controlling or directing, or

8 tending to control or direct the political activities or affiliations of employees.

9      158.  Labor Code §1102 provides "No employer shall coerce or influence or

10 attempt to coerce or influence his employees through or by means of threat of

11 discharge or loss of employment to adopt or follow or refrain from adopting or following

12 any particular course or line of political action or political activity.

13      159.  Labor Code §1102.5 provides that (a) An employer, or any person acting

14 on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or

15 policy preventing an employee from disclosing information to a government or law

16 enforcement agency, to a person with authority over the employee, or to another

17 employee who has authority to investigate, discover, or correct the violation or

18 noncompliance, or from providing information to, or testifying before, any public body

19 conducting an investigation, hearing, or inquiry, if the employee has reasonable cause

20 to believe that the information discloses a violation of state or federal statute, or a

21 violation of or noncompliance with a local, state, or federal rule or regulation, regardless

22 of whether disclosing the information is part of the employee's job duties. (b) An

23 employer, or any person acting on behalf of the employer, shall not retaliate against an

24 employee for disclosing information, or because the employer believes that the

25 employee disclosed or may disclose  information, to a government or law enforcement

26 agency, to a person with authority over the employee or another employee who has the

27 authority to investigate, discover, or correct the violation or noncompliance, or for

28 providing information to, or testifying before, any public body conducting an

35

1 investigation, hearing, or inquiry, if the employee has reasonable cause to believe that
2 the information discloses a violation of state or federal statute, or a violation of or
3 noncompliance with a local, state, or federal rule or regulation, regardless of whether
4 disclosing the information is part of the employee's job duties.

5      160. Sections 1101 and 1102 protect "the fundamental right of employees in
6 general to engage in political activity without interference by employers." (*Gay Law*
7 *Students Assn.*, 24 Cal.3d at 487 (quoting *Fort v. Civil Service Commission* (1964) 61
8 Cal.2d 331, 335).)

9      161. As shown by the facts pled above, Defendants, and each of them, have
10 engaged in acts and/or omissions that violated Labor Code §§1101 and/or 1102 to the
11 detriment of Plaintiff Serrano, Plaintiff SAPOA, and those members of the SAPOA that
12 support the SAPOA's actions.

13      162. Defendants, and each of them, have engaged in retaliation against both
14 Plaintiffs for disclosing information, or because the employer believed that the
15 employee disclosed or may disclose information, to a government or law enforcement
16 agency, to a person with authority over the employee or another employee who has the
17 authority to investigate, discover, or correct the violation or noncompliance, or for
18 providing information to, or testifying before, any public body conducting an
19 investigation, hearing, or inquiry, wherein the employee had reasonable cause to
20 believe that the information disclosed a violation of state or federal statute, or a violation
21 of or noncompliance with a local, state, or federal rule or regulation.

22      163. As a proximate result of Defendants willful, knowing and intentional
23 violations of the Labor Code sections referenced above, Plaintiff Serrano has suffered
24 and continues to suffer substantial losses in earnings and/or other employment
25 benefits. As a legal result of the conduct of Defendants, and each of them, Plaintiff has
26 suffered and will continue to suffer distress, suffering, anguish, fright, nervousness,
27 grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and
28 indignity, as well as other unpleasant reactions, damages to reputation, and other non-

1  economic damages, in a sum to be ascertained according to proof. Said damages are
2  of the type that any person would suffer as result of the illegal and wrongful conduct of
3  Defendants; Plaintiff does not claim that he has suffered any psychiatric illness as a
4  result of the conduct of Defendants. Plaintiff Serrano further seeks to recover all wages
5  and benefits that Plaintiff would have earned if not discriminated against, retaliated
6  against, or unlawfully harmed in amount to be proven at trial.

7      164.  Plaintiff SAPOA has incurred damages in the form of attorney fees, costs
8  and nominal damages because of Defendants' violations of the Labor Code section
9  cited above.

10     165.  The duty to obey the Labor Code sections set forth above is a ministerial
11  duty and is not discretionary. By acting, and failing to act, as set forth above,
12  defendants have violated a ministerial duty. Moreover, the acts and/or omissions of
13  defendants, set forth above, demonstrate that defendants' failure to comply with the
14  California Constitution wherein it enjoins certain acts; therefore, defendants actions
15  were illegal as a matter of law under Government Code section 1222, which makes a
16  public officer's "willful omission to perform any duty enjoined by law" a misdemeanor.

17     166.  The acts listed above, individually or jointly, constitute a violation of
18  Plaintiffs' rights under the Labor Code and therefore this court should render all
19  available and proper relief to remedy the violations and to prevent future violations of a
20  like or similar nature. Plaintiffs specifically seek a "make whole" remedy.

21     167.  For those acts identified in the already filed Government Tort Claim,
22  Plaintiffs seek all available monetary damages and statutory penalties. For those acts
23  not yet included in a filed and/or acted upon Government Tort Claim, Plaintiffs seek
24  injunctive and/or mandamus remedies. Plaintiffs are in the process of satisfying the
25  Government Tort Claim requirement for those acts or omissions that were learned of
26  and/or took place after the initial Tort Claim was filed and rejected; upon completion of
27  that process, Plaintiffs will seek leave to amend the complaint to seek damages and/or
28  civil penalties for the additional acts that recently occurred or were learned of.

37

EXHIBIT D
Page 250

1     168.  The above articulated violations were proximately caused by City's
2  deliberate indifference to its employees' violations law, and the failure to train and
3  control its officers and representatives on the provisions of law referenced above. The
4  violations set forth above were proximity caused by the customs, practices, policies and
5  decisions of the defendants.

6     169.  Unless this court issues a preliminary and permanent injunction enjoining
7  and restraining defendants, and each of them, and their agents, employees and
8  servants, from ordering, requiring, commanding, or taking any other action that will
9  result in violations of Plaintiffs' rights, Plaintiffs will suffer irreparable harm in that its/his
10 rights will be violated without any remedy being afforded.

11    170.  Plaintiffs have attempted, without success, to exhaust any and all
12 administrative remedies afforded to them to deal with these issues, but such efforts are
13 futile as the named defendants are the ones that make the final decisions via any
14 complaints, grievances or other administrative actions.

15    171.  Plaintiff requests this court to award damages and attorney fees as
16 provided by law, including pursuant to C.C.P. §1090 and 1095.

17    172.  In bringing this action, Plaintiffs have sought enforcement of an important
18 right affecting the public interest which will result in the conferring of a significant benefit
19 upon a large class of persons, to wit, public employees, thereby entitling Petitioners to
20 an award of attorneys' fees pursuant to Code of Civil Procedure §1021 .5.

21    173. The actions of defendants, and each of them, were arbitrary and capricious
22 and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government
23 Code §800.

24                              **FIFTH CAUSE OF ACTION**

25              Against City, Police Department, Valentin, Ridge and Carvalho

26         Violation of Penal Code §§832.5-832.8/Evidence Code §1043-1046

27    174.  Plaintiffs Santa Ana Police Officers Association and Gerry Serrano for a
28 Fifth Cause of Action against all Defendants for violations of Penal Code §§832.5-832.8

                                          38

1  and/or Evidence Code §§1043-1046 re-alleges paragraphs 1-95, above, and further
2  allege as follows:

3      175.  Penal Code 832.5(a) (1) provides "Each department or agency in this state
4  that employs peace officers shall establish a procedure to investigate complaints by
5  members of the public against the personnel of these departments or agencies, and
6  shall make a written description of the procedure available to the public."
7  176.Penal Code §832.7(f) (1) mandates that "The department or agency shall provide
8  written notification to the complaining party of the disposition of the complaint within 30
9  days of the disposition."

10      177.  The City of Santa Ana and Santa Ana Police Department have established
11  and published procedures for receiving and investigating complaints. The established
12  procedures state that complaints will investigated and the party submitting the
13  complaint will be notified of the results by mail.

14      178.  The procedure for addressing citizen complaints that the department has
15  established and published obligated the department to conduct an investigation into the
16  allegations of the complaint that was sufficient to allow a decision-maker make one of
17  four possible findings, and the procedure obligated the Chief of Police to make one of
18  those findings with respect to each allegation of misconduct. Defendants did not comply
19  with these obligations and Plaintiffs are entitled to a writ of mandate compelling
20  defendants to perform their ministerial duty to satisfy the obligations imposed by the
21  department's published procedure. (See *Galzinski v. Somers*, (2016) 2 Cal.App.5[th]
22  1164).

23      179.  Plaintiffs filed complaints and requests for investigations and Defendants
24  failed to either investigate the allegations of misconduct (which were also violations of
25  state law and possible misdemeanor offenses) and/or refused to notify Plaintiff SAPOA
26  of the outcome of the investigation.

27      180.  Defendants had a ministerial duty to investigate the SAPOA's and/or
28  Serrano's citizen's complaint and to render a finding on that complaint in compliance

EXHIBIT D
Page 252

with the complaint procedure the department established and made public pursuant to subdivision (a)(1) of Penal Code section 832.5. (See *Gregory v. State Bd. of Control* (1999) 73 Cal.App.4th 584 ('[a] public entity has a ministerial duty to comply with its own rules and regulations where they are valid and unambiguous); *Pozar v. Department of Transportation* (1983) 145 Cal.App.3d 269 (a writ of mandate may be issued to compel a public agency to follow its own internal procedures.).

181. A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., § 1085, subd. (a).) Indeed, "[t]he writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of lawupon the verified petition of the party beneficially interested." (Id. , § 1086.) In essence, "[m]andamus lies to compel the performance of a clear, present, and ministerial duty where the petitioner has a beneficial right to performance of that duty." (*Carrancho v. California Air Resources Board* (2003) 111 Cal.App.4th 1255 1265) "A duty is ministerial when it is the doing of a thing unqualifiedly required." (*Redwood Coast Watersheds Alliance v. State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, 970).

182. Plaintiffs seek a writ of mandate commanding Defendants to investigate Plaintiff's complaint regarding the release of the confidential information and to inform Plaintiff of the outcome of that investigation. Plaintiff further seeks an order of the court mandating that Defendants, and each of them, fully investigate any and all complaints made to the City of Santa Ana/Santa Ana Police Department regarding the misconduct of police department employees/officials.

183. Furthermore, Penal Code §832.5-832.8 requires Defendants to maintain as confidential peace officer personnel files/information. The only manner in which the information can be released to third parties is through compliance with Evidence Code §§1043-1046.

184. Plaintiff Serrano was issued punitive action by Defendant Ridge, and then

40

1  Defendant Ridge and/or Carvalho released copies of the punitive action to elected
2  Council members and media sources without complying with the legal requirements set
3  forth above.

4       185.  The duty to obey the laws set forth in Penal Code § §832.5-832.8 and/or
5  Evidence Code §§1043-1046, is a ministerial duty and is not discretionary. By acting,
6  and failing to act, as set forth above, defendants have violated a ministerial duty.
7  Moreover, the acts and/or omissions of defendants, set forth above, demonstrate that
8  defendants' failure to comply with Penal Code §§832.5-832.8 and/or Evidence Code
9  §1043-1046 was illegal as a matter of law under Government Code section 1222, which
10  makes a public officer's "willful omission to perform any duty enjoined by law" a
11  misdemeanor.

12       186.  As a result of Defendants' unlawful action, Plaintiff Serrano has suffered
13  and will continue to suffer distress, suffering, anguish, fright, nervousness, grief,
14  anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,
15  damages to reputation, and other non-economic damages, in a sum to be ascertained
16  according to proof. Said damages are of the type that any person would suffer as result
17  of the illegal and wrongful conduct of Defendants; Plaintiff does not claim that he has
18  suffered any psychiatric illness as a result of the conduct of Defendants.

19       187.  Plaintiffs have no plain, speedy or adequate remedy under the law.
20  Plaintiffs have attempted to exhaust all administrative remedies to redress the violation
21  of their rights.

22       188.  Plaintiffs request this court to award ancillary damages pursuant to C.C.P.
23  §1090 and 1095.

24       189.  The actions of defendants, and each of them, were arbitrary and capricious
25  and, therefore, Plaintiffs are entitled to recover attorneys' fees pursuant to Government
26  Code §800.

27       190.  The success of Plaintiffs in this action will result in the enforcement of an
28  important right affecting the public interest in that a significant benefit will be conferred

1 | on a large class of persons, that is, public employees, and the necessity and financial
2 | burden of private enforcement of said benefit are such as to make appropriate the
3 | award of attorney fees pursuant to California Code of Civil Procedure §1021.5.

### SIXTH CAUSE OF ACTION

#### (Violation of FEHA (Government Code § 12900, et seq.)

#### Retaliation for Engaging in Protected Activity

#### (Against City of Santa Ana/Santa Ana Police Department)

191.  The allegations set forth in paragraphs 1 through 190 are re-alleged and incorporated herein by reference.

192.  Plaintiffs filed complaints with the City of Santa Ana, via Defendant Ridge and/or Motsick regarding allegations of gender discrimination and/or harassment. Furthermore, Defendants Ridge, Motsick and Carvalho believed that Plaintiffs had or would file complaints against Ridge for allegations of sexual harassment. In retaliations for Plaintiffs filing complaints, and/or the fear that additional complaints would be made, defendants engaged in actions such as issuing punitive action, causing Plaintiff Serrano to be subject to improper investigations, placed on administrative leave, and/or to implement other adverse employment action against Plaintiff Serrano.

193.  Plaintiffs complained to Defendants about the inappropriate actions (discrimination, harassment and/or retaliation), but nothing was done and the retaliation continued unabated. On the basis of the above, Plaintiffs believe and allege that Defendants retaliated against them for their complaints of gender discrimination, sexual harassment, and/or retaliation.

194.  Plaintiffs reporting of unlawful actions were motivating factors in Defendants' decision not to implement adverse employment actions against Plaintiff Serrano.

195.  Defendants' conduct, as alleged, violated the Fair Employment and Housing Act, Government Code section 12900, et seq., and Defendants committed unlawful employment practices.

1  196. As a proximate result of Defendants' willful, knowing, and intentional

2  discrimination/harassment/retaliation against Plaintiff, Plaintiff has sustained and

3  continues to sustain damages, humiliation, distress, pain and anguish, all to his

4  damage in a sum according to proof.

5  197. Plaintiffs have incurred and continues to incur legal expenses and

6  attorneys' fees. Pursuant to Government Code section 12965(b), plaintiffs are entitled

7  to recover reasonable attorneys' fees and costs (including expert costs) in an amount

8  according to proof.

9  198. Plaintiffs further request that the Court render appropriate injunctive or

10  other extraordinary relief to remedy these violations and to prevent future violations of a

11  like or similar nature, including, but not limited to, the granting of a permanent injunction

12  requiring the Defendants, upon receiving notification of conduct which may violate the

13  California Department of Fair Employment and Housing regulations or California

14  whistleblower statutes, to promptly conduct a fair and thorough investigation into the

15  allegations and not allow retaliatory actions to be taken against the employees.

16  199. Plaintiff requests this court to award ancillary damages pursuant to C.C.P.

17  §1090 and 1095.

18  200. The actions of defendants, and each of them, were arbitrary and capricious

19  and, therefore, Plaintiff is entitled to recover attorneys' fees pursuant to Government

20  Code §800.

21  201. The success of Plaintiff in this action will result in the enforcement of an

22  important right affecting the public interest in that a significant benefit will be conferred

23  on a large class of persons, that is, public employees, and the necessity and financial

24  burden of private enforcement of said benefit are such as to make appropriate the

25  award of attorney fees pursuant to California Code of Civil Procedure §1021.5

26  202. Plaintiff obtained a Right to Sue letter from the DFEH, and served the

27  same on defendants via the City Clerk's office.

28  **WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them

EXHIBIT D
Page 256

as follows:

## FIRST CAUSE OF ACTION

1. Any and all appropriate injunctive or other extraordinary relief afforded under Government Code §3500, et seq., to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary injunction, or permanent injunction prohibiting Defendants, and each of them, and their agents, representatives, employees, servants and/or investigators from violating Government Code §3500, et seq.

2. For those matters already identified in Plaintiffs' Government Tort Claims, any and all damages and/or civil penalties afforded under the law.

## SECOND CAUSE OF ACTION

3. Any and all appropriate injunctive or other extraordinary relief afforded under Government Code §3309.5(d) to remedy the violation and to prevent future violations of a like or similar nature.

4. For those matters already identified in Plaintiffs' Government Tort Claims, any and all damages and/or civil penalties afforded under the law.

## THIRD CAUSE OF ACTION

5. Any and all appropriate injunctive or other extraordinary relief afforded under the law to remedy the violation and to prevent future violations of a like or similar nature.

6. For those matters already identified in Plaintiffs' Government Tort Claims, any and all damages and/or civil penalties afforded under the law.

## FOURTH CAUSE OF ACTION

7. Any and all appropriate injunctive or other extraordinary relief afforded under the law to remedy the violation and to prevent future violations of a like or similar nature.

8. For those matters already identified in Plaintiffs' Government Tort Claims, any and all damages and/or civil penalties afforded under the law.

1

## FIFTH CAUSE OF ACTION

2    9.  A declaration of the Court that the Defendants violated Penal Code §832.5-

3    832.7 and/or Evidence Code §§1043-1046 and that Plaintiffs are entitled to the full

4    relief afforded under Penal Code §832.5-832.7 and/or Evidence Code §§1043-1046.

5    10.  Any and all appropriate injunctive or other extraordinary relief afforded under

6    the law to remedy the violation and to prevent future violations of a like or similar

7    nature.

8    11.  For those matters already identified in Plaintiffs' Government Tort Claims,

9    any and all damages and/or civil penalties afforded under the law.

10

## SIXTH CAUSE OF ACTION

11    12.  Any and all appropriate injunctive or other extraordinary relief afforded under

12    the law to remedy the violation and to prevent future violations of a like or similar

13    nature.

14    13.  For those matters already identified in Plaintiffs' Government Tort Claims,

15    any and all damages and/or civil penalties afforded under the law.

16

## ALL CAUSES OF ACTION

17    14.  An award ancillary damages pursuant to C.C.P. §1090 and 1095.

18    15.  For all matters covered by Plaintiffs' Government Tort Claim(s), all damages

19    which the Plaintiffs have sustained as a result of Defendants' conduct, including general

20    damages for pain, suffering, distress, and special damages for lost compensation,

21    including back, front pay, job benefits that he would have received but for the

22    discriminatory practices of Defendants, damages for anguish, fright, nervousness, grief,

23    anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity,

24    as well as other unpleasant physical, mental, and emotional reactions ordinarily to be

25    expected, damages to reputation, and other non-economic damages, to the extent

26    permitted by law and in a sum to be ascertained according to proof;

27    16.  For all matters covered by Plaintiffs' Government Tort Claim(s), other actual,

28    consequential, and/or incidental damages, and/or statutory penalties in a sum to be

ascertained according to proof;

17. Attorneys' fees pursuant to Government Code §800.

18. Attorney fees pursuant to California Code of Civil Procedure §1021.5

19. Attorney fees as provided by any other law and/or statutes

20. That Defendants takes nothing by virtue of this action;

21. For cost of suit and attorney's fees incurred herein; and

22. For such other and further relief as the Court may deem just and proper/

DATED: November ___, 2021          COREY W. GLAVE, ATTORNEY AT LAW

                                   By:_____
                                        Corey W. Glave
                                        Attorneys for Plaintiffs

46

COMPLAINT

1  **VERIFICATION**

2  The undersigned declares as follows:

3

4  I am the attorney of record for all plaintiffs in this action.  I am verifying this

5  Complaint on the basis that all named plaintiffs are absent from the county where I

6  have my office.  I have read the foregoing COMPLAINT, and know the contents thereof.

7  The contents are true, except as to the matters which are therein stated on information

8  or belief, and as to those matters I believe them to be true and Plaintiffs are acting in

9  good faith in bringing forward such allegations.

10  I declare under penalty of perjury under the laws of the State of California that

11  the foregoing is true and correct.

12  /S/    Corey Glave

13  _____

14  COREY GLAVE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.
Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4        At the time of service, I was over 18 years of age and not a party to this action.  My
business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5

        On December 10, 2021, I served true copies of the following document(s):
6    **DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-
APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE
7    OF SUMMONS**

8

        I served the documents on the following persons at the following addresses (including fax
9    numbers and e-mail addresses, if applicable):

10                       **SEE ATTACHED SERVICE LIST**

11        The documents were served by the following means:

12    ☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an
          agreement of the parties to accept service by e-mail or electronic transmission, I caused the
13        documents to be sent from e-mail address Lytonia.Sanders@lewisbrisbois.com to the
          persons at the e-mail addresses listed above.  I did not receive, within a reasonable time
14        after the transmission, any electronic message or other indication that the transmission was
          unsuccessful.

15

        I declare under penalty of perjury under the laws of the State of California that the
16    foregoing is true and correct.

17        Executed on December 10, 2021, at Los Angeles, California.

18

19                                              _____
                                                Lytonia Sanders

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-4025-2422.1                          3

DECLARATION OF ANDREA L. STEFFAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT CITY
OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

**EXHIBIT D**
**Page 261**

1

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

2

3

4  Corey W. Glave, Esq.                    Attorneys for Plaintiffs SANTA ANA POLICE
   Attorney at Law                         OFFICERS ASSN and GERRY SERRANO
5  632 S. Gertruda Ave.
   Redondo Beach, CA 90277
6  Telephone 323.547.0472 Facsimile
   E-Mail:  POaattorney@aol.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4871-4025-2422.1

4

EXHIBIT D
Page 262

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
  E-Mail: Soojin.Kang@lewisbrisbois.com
ANDREA L. STEFFAN, SB# 332596
  E-Mail: Andrea.Steffan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

Attorneys for Specially-Appearing Defendant
City of Santa Ana

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES 1 – X, inclusive,<br><br>Defendants. | Case No. 30-2021-01230129-CU-OE-CJC<br><br>[Assigned to Honorable Lon Hurwitz Dept. 20]<br><br>**[PROPOSED] ORDER GRANTING SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS**<br><br>Filed Concurrently with Specially-Appearing Defendant City of Santa Ana's Notice of Motion and Motion to Quash Service of Summons; Declaration of Andrea L. Steffan<br><br>Date:     April 20, 2022<br>Time:     1:30 p.m.<br><br>Reservation No.: 73661593<br><br><br>Action Filed:     11/08/2021<br>Trial Date:     None Set |

4868-7339-1878.1

[PROPOSED] ORDER GRANTING SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S
MOTION TO QUASH SERVICE OF SUMMONS

**EXHIBIT D**
Page 263

1    The motion of specially appearing defendant City of Santa Ana for an order quashing

2    service of the summons upon it, came on regularly for hearing by the Court on April 20, 2022 at

3    1:30 p.m. in Department 20 of the above captioned Court, the Honorable Lon Hurwitz presiding.

4    Counsel from the law firm of Corey W. Glave Attorney at Law appeared on behalf of plaintiffs,

5    and counsel from the law firm of Lewis, Brisbois, Bisgaard & Smith, LLP appeared on behalf of

6    moving party specially-appearing defendant City of Santa Ana.

7    After reviewing all of the documents submitted in this action, and after oral argument

8    presented by the parties, this Court finds plaintiffs failed to serve the City of Santa Ana with a

9    summons as required by the *Code of Civil Procedure* and this Court has no personal jurisdiction

10   over the City of Santa Ana.

11   IT IS HEREBY ORDERED that the motion is granted and that the service of the summons

12   on the City of Santa Ana is quashed.

13   City of Santa Ana is entitled to recover its costs.

14

15   DATED: _____

16

17

18                                    _____

                                      Hon. Lon Hurwitz

19

20

21

22

23

24

25

26

27

28



4868-7339-1878.1

2

[PROPOSED] ORDER GRANTING SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S
MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT D
Page 264

1

## CALIFORNIA STATE COURT PROOF OF SERVICE
Santa Ana Police Officers Association v City of Santa Ana, et al.

2
Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

3      STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4              At the time of service, I was over 18 years of age and not a party to this action.  My
business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

5
              On December 10, 2021, I served true copies of the following document(s):  **[PROPOSED]**

6      **ORDER GRANTING SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S**
**MOTION TO QUASH SERVICE OF SUMMONS**

7
              I served the documents on the following persons at the following addresses (including fax

8      numbers and e-mail addresses, if applicable):

9                                      **SEE ATTACHED SERVICE LIST**

10             The documents were served by the following means:

11     ☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an
              agreement of the parties to accept service by e-mail or electronic transmission, I caused the

12             documents to be sent from e-mail address Lytonia.Sanders@lewisbrisbois.com to the
              persons at the e-mail addresses listed above.  I did not receive, within a reasonable time

13             after the transmission, any electronic message or other indication that the transmission was
              unsuccessful.

14
              I declare under penalty of perjury under the laws of the State of California that the

15     foregoing is true and correct.

16             Executed on December 10, 2021, at Los Angeles, California.

17

18                                                      _____
                                                        Lytonia Sanders

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4868-7339-1878.1                                    3
[PROPOSED] ORDER GRANTING SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S
MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT D
Page 265

1

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

2

3

4    Corey W. Glave, Esq.                   Attorneys for Plaintiffs SANTA ANA POLICE
     Attorney at Law                        OFFICERS ASSN and GERRY SERRANO

5    632 S. Gertruda Ave.
     Redondo Beach, CA 90277

6    Telephone 323.547.0472 Facsimile
     E-Mail:  POaattorney@aol.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S
MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT D
Page 266

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.

2

Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

At the time of service, I was over 18 years of age and not a party to this

5

action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

6

On December 15, 2021, I served true copies of the following document(s):

7

**EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARED DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR**

8

**ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022; MEMORANDUM OF POINTS AND AUTHORITIES;**

9

**DECLARATION OF ANDREA L. STEFFAN IN SUPPORT THEREOF**

10

I served the documents on the following persons at the following addresses

11

(including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

12

The documents were served by the following means:

13

☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order

14

or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address

15

Andrea.Steffan@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the

16

transmission, any electronic message or other indication that the transmission was unsuccessful.

17

I declare under penalty of perjury under the laws of the State of California

18

that the foregoing is true and correct.

19

Executed on December 15, 2021, at Los Angeles, California.

20

21

*Andrea Steffan*

Andrea Steffan

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING
DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR
ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT D
Page 267

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

2

3

4    Corey W. Glave, Esq.                          Attorneys for Plaintiffs SANTA ANA
     POLICE
5    Attorney at Law                              OFFICERS ASSN and GERRY SERRANO
     632 S. Gertruda Ave.
6    Redondo Beach, CA 90277
     Telephone 323.547.0472 Facsimile
7    E-Mail:  POaattorney@aol.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4886-2453-9398.1                                    12

EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING
DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS OR
ALTERNATIVELY ORDER THAT THE HEARING MAY PROCEED ON APRIL 20, 2022

EXHIBIT D
Page 268

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT E

1   COREY W. GLAVE (State Bar No. 164746)
    Attorney at Law
2   632 S. Gertruda Ave
    Redondo Beach, CA 90277
3   Phone: (323) 547-0472
    POAattorney@aol.com
4

5   Attorneys for Plaintiffs
    Santa Ana Police Officers Assn
6   and Gerry Serrano

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF ORANGE-CENTRAL

10

11  SANTA ANA POLICE OFFICERS          )   Case No. 30-2021-1230129-CU-OE-
    ASSOCIATION; GERRY SERRANO         )   CJC
12                                     )   Assigned to Hon. Judge Lon Hurwitz
                   Plaintiffs,         )
13  vs.                                )   PLAINTIFFS' OPPOSITION TO
                                       )   DEFENDANT CITY OF SANTA ANA'S
14  CITY OF SANTA ANA, a Municipal     )   EX PARTE APPLICATION TO
    Corporation; SANTA ANA POLICE      )   ADVANCE HEARING OR BE
15  DEPARTMENT, a public safety        )   RELIEVED OF MANDATORY
    department; DAVID VALENTIN, Chief  )   PROVISION OF CODE OF CIVIL
16  of Police; KRISTIN RIDGE, City     )   PROCEDURE.
    Manager; SONIA CARVALHO, City      )
17  Attorney; JASON MOTSICK, Director of )  Date:  December 16, 2021
    Human Resources; DOES I-X, inclusive )  Time:  1:30 p.m.
18                                     )   Dept.  C-20
                   Defendants.         )
19  _____   )

20

21         COMES NOW PLAINTIFFS SANTA ANA POLICE OFFICERS ASSOCIATION

22  and GERRY SERRANO and opposes Defendant City of Santa Ana's ex parte

23  application to advance hearing on motion to quash, or be relieved of the mandatory

24  duty set forth in Code of Civil Procedure §418.10(b).

25         Plaintiff's counsel is attempting to move his schedule around for this ex parte

26  application, but may not be able to appear at the time of the hearing because of the

27  short notice.  It should be noted, defense counsel's declaration was signed on

28  December 10th, but ex parte notice was not given until the last possible notice.  This

                                       1

1   tactical decision provides further evidence that defense counsel is playing a tactical

2   game.

3

4   **I.      INTRODUCTION**

5           On or about November 10, 2021, Defendant City of Santa Ana was served with

6   the Summons, Complaint and other initiating pleadings in this matter.  This fact is

7   undisputed as the City Clerk time stamped the summons and complaint when it was

8   received in their office. (See Exhibit A to defense counsel's declaration in support of

9   Motion to Quash). Thirty days later, on December 10, 2021, when the Answer was due,

10  Defendant filed a Motion to Quash.  Now, Defendant seek, on an ex parte basis, to

11  either be relieved of the mandatory language in Code of Civil Procedure §418.10(b), or

12  to advance the hearing date so that their untimely motion can be heard within the

13  statutory period.  Defendant fails to explain why it waited thirty days to bring the Motion

14  to Quash within the statutory period for hearing.

15          Plaintiff opposes this motion as 1) there is no emergency that requires the

16  motion to be brought on an ex parte basis, 2) there is no good cause for the relief, and

17  3) the issue is moot because this ex parte application constitutes a general appearance

18  by defendant.

19

20  **II.     ARGUMENT**

21          **A.      No Showing of Good Cause**

22          Defendants argue that there is good cause for this relief, but there is no good

23  cause nor harmed established if the ex parte application is not granted.  Defense

24  counsel's declaration is not based on facts, but on information and belief. More over,

25  defense counsel's "beliefs" are inaccurate; Plaintiffs have not tried to serve all

26  defendants, they only served the City of Santa Ana.

27          Defendant's ex parte application also does not include a proper showing of harm

28  in either the moving papers or the declaration of defense counsel.  For example,

1   defense counsel does not explain why Defendant City of Santa Ana waited until the last

2   moment to file their motion to quash, nor do they assert that if the motion had been

3   brought in a more timely fashion that there would have been any issue with the hearing

4   date. Without a showing of actual harm or exigent circumstances, it is improper to

5   proceed on an ex parte basis. (See *Marken v. Santa Monica-Malibu Unified Sch Distr*

6   (2012) 202 Cal.App.4th 1250, 1258).

7

8   **B.    Defendants Do Not Justify Relief**

9   Defendant asserts that they selected the first available motion date; this may be

10  a misrepresentation of facts.  Plaintiff's counsel, upon receiving the ex parte application

11  went on the court's reservation system and was able to determine, as of the date of this

12  filing, there was at least one hearing date available in February 2022.   It is unclear why

13  defendant would not be able to obtain the same dates, or earlier dates, when they filed

14  them motion a week ago.

15  Defendant seeks to be relieved of mandatory language under C.C.P. 418.10;

16  which the court cannot grant.  Subsection (b) mandates that the notice shall designate,

17  as the time for making the motion, a date not more than 30 days after filing of the

18  notice.  Here, Defendant failed to comply.

19

20  **C.    This Ex Parte Constitutes a General Appearance**

21  The motion to quash is now moot as Defendant City of Santa Ana has made a

22  general appearance.  As the Court is aware, a general appearance occurs when the

23  responding party takes part in the action or in some manner which recognizes the

24  authority of the court to proceed. Such participation operates as consent to the court's

25  exercise of jurisdiction in the proceeding and waives all objections based on lack of

26  personal jurisdiction, defective process, or service of process.  Because this ex parte is

27  not to quash, but seeks other relief that only a party could seek, Defendant City waived

28  its challenge to jurisdiction. Any relief could also include a request for a continuance. It

1  has to be very clear that it is a special appearance.

2  "'Whether an appearance is general or special is determined by the character of

3  the relief sought and not by the intention of the party that it shall or shall not operate as

4  a general or special appearance. The statement of a defendant or party that he is

5  making a special appearance is not necessarily conclusive. ...'" *(Judson v. Superior*

6  *Court* (1942) 21 Cal. 2d 11, 13 [overruled on other grounds Goodwine v. Superior Court

7  (1965) 63 Cal. 2d 481, 484-485. See also *Milstein v. Ogden* (1948) 84 Cal. App. 2d

8  229, 232). Therefore, the defense counsel's statement that defendant does not intend

9  to appear in the action is not determinative of whether it in fact did so.

10  Here, Defendant appears and asks for ex parte relief which could be given only

11  to a party in a pending case, or which itself would be a regular proceeding in the case, it

12  is a general appearance regardless of how adroitly, carefully or directly the appearance

13  may be denominated or characterized as special. (*Judson v. Superior Court*, supra, 21

14  Cal.2d at p. 13. See *Greene v. Committee of Bar Examiners* (1971) 4 Cal. 3d 189, 200;

15  *Davenport v. Superior Court* (1920) 183 Cal. 506, 511).

16  The purpose of a special appearance is easily stated. It is a motion by a

17  defendant seeking a ruling that the court lacks jurisdiction over his person sufficient to

18  enable the court to render a "personal judgment" against him. This is to be

19  distinguished from a general appearance which is, by its effect, a submission by the

20  defendant personally to the jurisdiction of the court, such as an ex parte application

21  seeking relief from the court or other court orders. (See *California Pine Box and Lumber*

22  *Co. v. Superior Court*, (1910) 13 CalApp. 65 (stipulation extending time to answer is

23  general appearance); *Merner Lumber Co. v. Silvey*, (1938) 29 Cal.App.2d 426 (seeking

24  to extending time to plead); *Roth v. Superior Court*, (1905). 147 Cal. 604).

25  In this case, Defendant City is not simply appearing at an ex parte hearing

26  scheduled by Plaintiff, but is making the ex parte application, submitting evidence and

27  declarations seeking relief from the court.

28  As such, the issue with service, which was proper to start with, is moot, and no

1  ex parte relief is required.

2

3  DATED: December 16, 2021                COREY W. GLAVE, ATTORNEY AT LAW

4                                                        /s/ Corey W. Glave
                                          By:_____
5                                                    Corey W. Glave
                                                     Attorneys for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E
Page 273

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>:

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 632 S. Gertruda Ave, Redondo Beach, CA 90277.

      On December 16, 2021 I served the foregoing document described as

      Opposition to Ex Parte Application to Advance Hearing on Motion to Quash

on the parties in this action by electronic service on:

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH LLP | Attorneys for Defendant |
| ANDREA L. STEFFAN, SB# 332596 | City of Santa Ana |
| Andrea.Steffan@lewisbrisbois.com | |
| 633 West 5th Street, Suite 4000 | |
| Los Angeles, California 90071 | |

      I filed the documents with the Court's electronic filing system.  Per said system, all individuals registered with the Court to receive notice of electronically filed documents will be served via electronic mail to the e-mail address they have on file with the Court. I checked the box for electronic service on said system for the above listed attorney.

      Executed on December 16, 2021, at Redondo Beach, California.

<u> X </u>   STATE    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Corey W. Glave

Corey W. Glave

6

Opposition to Ex Parte Application

1   **VERIFICATION**

2   The undersigned declares as follows:

3

4        I am the attorney of record for all plaintiffs in this action.  I am verifying this

5   Complaint on the basis that all named plaintiffs are absent from the county where I

6   have my office.  I have read the foregoing COMPLAINT, and know the contents thereof.

7    The contents are true, except as to the matters which are therein stated on information

8   or belief, and as to those matters I believe them to be true and Plaintiffs are acting in

9   good faith in bringing forward such allegations.

10        I declare under penalty of perjury under the laws of the State of California that

11   the foregoing is true and correct.

12                         /S/     Corey Glave

13                         _____

14                         COREY GLAVE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

Electronically Filed by Superior Court of California, County of Orange, 12/17/2021 04:35:00 PM.
30-2021-01230129-CU-OE-CJC - ROA # 27 - DAVID H. YAMASAKI, Clerk of the Court By eflinguser, Deputy Clerk.
Case 8:23-cv-01920-JWH-DFM Document 28-7 Filed 12/12/22 Page 28 of 305 Page ID #:282

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
  E-Mail: Soojin.Kang@lewisbrisbois.com
ANDREA L. STEFFAN, SB# 332596
  E-Mail: Andrea.Steffan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Exempt from filing fees per*
*Government Code § 6103*

Attorneys for Specially-Appearing Defendant
City of Santa Ana

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES 1 – X, inclusive,<br><br>        Defendants. | Case No. 30-2021-01230129-CU-OE-CJC<br><br>[Assigned to Honorable Lon Hurwitz Dept. 20]<br><br>**NOTICE OF GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS**<br><br>Date:     December 16, 2021<br>Time:    1:30 p.m.<br><br><br>Action Filed:    11/08/2021<br>Trial Date:     None Set |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE that on December 16, 2021, at 1:30 p.m., in Department 20 of

the Orange County Superior Court, located at 700 Civic Center Drive, Santa Ana, CA 92701,

Specially-Appearing Defendant City of Santa Ana's ("City") Ex Parte Application for an Order to

Advance the Hearing Date For City's Motion to Quash Service of Summons ("Motion"), from

April 20, 2022 to January 7, 2022, or, alternatively, permit the hearing to move forward as

scheduled on April 20, 2022 was heard.  Andrea Steffan appeared on behalf of moving Specially-

4871-3656-1415.2

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT F
Page 276

1   Appearing Defendant City of Santa Ana.  Plaintiffs' counsel, after submitting a written opposition,

2   did not appear for the hearing.  After consideration of the moving and opposing papers,

3   declarations, supporting evidence, and oral argument, the Court GRANTED the Application and

4   ruled as follows:

5       1.  The hearing on Specially-Appearing Defendant City of Santa Ana's Motion to

6           Quash Service of Summons currently set for hearing on April 20, 2022 is hereby

7           advanced to January 7, 2022, at 10:00 a.m. in Department 20 via Zoom.

8       2.  Moving party to give notice.

9   DATED:  December 17, 2021        LEWIS BRISBOIS BISGAARD & SMITH LLP

10

11                                  By:  _____

12                                       JEFFREY S. RANEN
                                         SOOJIN KANG
13                                       ANDREA L. STEFFAN
                                         Attorneys for Specially-Appearing Defendant City
14                                       of Santa Ana

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4871-3656-1415.2                             2

NOTICE OF GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON
SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF
SUMMONS

EXHIBIT F
Page 277

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Santa Ana Police Officers Association v City of Santa Ana, et al.
Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On December 17, 2021, I served true copies of the following document(s)**:  NOTICE OF GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Lytonia.Sanders@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 17, 2021, at Los Angeles, California.

_____
Lytonia Sanders



4871-3656-1415.2

3

NOTICE OF GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF SUMMONS

EXHIBIT F
Page 278

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**Santa Ana Police Officers Association v City of Santa Ana, et al.**
**Orange County Superior Court Case No. 30-2021-01230129-CU-OE-CJC**

Corey W. Glave, Esq.                    Attorneys for Plaintiffs SANTA ANA POLICE
Attorney at Law                          OFFICERS ASSN and GERRY SERRANO
632 S. Gertruda Ave.
Redondo Beach, CA 90277
Telephone 323.547.0472 Facsimile
E-Mail: POAattorney@aol.com



4871-3656-1415.2

4

NOTICE OF GRANTING EX PARTE APPLICATION FOR AN ORDER TO ADVANCE THE HEARING ON
SPECIALLY-APPEARING DEFENDANT CITY OF SANTA ANA'S MOTION TO QUASH SERVICE OF
SUMMONS

EXHIBIT F
Page 279

# EXHIBIT G

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 287 of 305 Page ID #:287

Electronically Filed by Superior Court of California, County of Orange, 12/23/2021 09:57:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

CLERK OF THE COUNCIL
DEC 23 '21 AM 9:55

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01230129-CU-OE-CJC<br><br>Judge Lon F. Hurwitz |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277 (323) 547-0472

| DATE: 11/08/2021<br>*(Fecha)* DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | Jessica Duarte<br>, Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Santa Ana
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50
4. ☐ by personal delivery on *(date):* 12/23/2021

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT G
Page 280

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Santa Ana POA/Serrano v. City of Santa Ana, et al | 30-2021-01230129-CU-OE-CJC |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT G
Page 281

# EXHIBIT H

Electronically Filed by Superior Court of California, County of Orange, 01/08/2021 08:59:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk. SUM-100

# SUMMONS
## (CITACION JUDICIAL)

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

CLERK OF THE COUNCIL
DEC 23 '21 AM 9:56

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01230129-CU-OE-CJC<br><br>Judge Lon F. Hurwitz |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277 (323) 547-0472

| DATE: 11/08/2021<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | Jessica Duarte<br>, Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* David Valentin, Chief of Police
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 416.50

4. ☐ by personal delivery on *(date):* 12/23/2021

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Santa Ana POA/Serrano v. City of Santa Ana, et al | 30-2021-01290129-CU-OE-CJC |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT H
Page 283

**SUMMONS**
*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

CLERK OF THE COUNCIL
DEC 23 '21 AM9:57

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01230129-CU-OE-CJC |
|---|---|
| | Judge Lon F. Hurwitz |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277  (323) 547-0472

| DATE: 11/08/2021<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | ~~Jim~~ | Jessica Duarte , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Jason Motsick, Director of Human Resources
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50
4. ☐ by personal delivery on *(date):* 12/23/2021

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

SUM-200(A)

| SHORT TITLE:<br>Santa Ana POA/Serrano v. City of Santa Ana, et al | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT H
Page 285

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 294 of 305 Page ID #:294

Electronically Filed by Superior Court of California, County of Orange, 02/08/2022 09:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

CLERK OF THE COUNCIL
DEC 23 '21 AM 9:57

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01230129-CU-OE-CJC<br><br>Judge Lon F. Hurwitz |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277 (323) 547-0472

| | | | |
|---|---|---|---|
| DATE: 11/08/2021<br>*(Fecha)* DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | Jessica Duarte | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Kenneduse Ridge, City Manager
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* 416.50 CCP
4. ☐ by personal delivery on *(date):* 12/23/2021

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com |

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT H
Page 286

SUM-200(A)

| SHORT TITLE:<br>Santa Ana POA/Serrano v. City of Santa Ana, et al | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant
SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT H
Page 287

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 296 of 305 Page ID #:296
Electronically Filed by Superior Court of California, County of Orange, 01/08/2021 09:00:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ANA, a Municipal Corporation;
see additional parties attachment

CLERK OF THE COUNCIL
DEC 23 '21 AM9:56

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Santa Ana Police Officers Association and Gerry Serrano

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court 700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* 30-2021-01230129-CU-OE-CJC<br><br>Judge Lon F. Hurwitz |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277 (323) 547-0472

| DATE: 11/08/2021 *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* | Jessica Duarte , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* Santa Ana Police Dept.
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50
4. ☐ by personal delivery on *(date):* 12/23/2021

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc. www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT H
Page 288

SUM-200(A)

| SHORT TITLE:<br>Santa Ana POA/Serrano v. City of Santa Ana, et al | CASE NUMBER:<br>90-2021-01230129-CU-OE-CJC |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT H
Page 289

Case 8:22-cv-00118-CJC-DFM Document 1 Filed 01/24/22 Page 298 of 305 Page ID #:298

Electronically Filed by Superior Court of California, County of Orange, 12/23/2021 09:54:00 AM.
30-2021-01230129-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CITY OF SANTA ANA, a Municipal Corporation;<br>see additional parties attachment<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Santa Ana Police Officers Association and Gerry Serrano | CLERK OF THE COUNCIL<br>DEC 23 '21 AM 9:54 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2021-01230129-CU-OE-CJC<br><br>Judge Lon F. Hurwitz |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Corey W. Glave Attorney at Law 632 S. Gertruda Ave, Redondo Beach CA 90277  (323) 547-0472

| DATE:<br>*(Fecha)* 11/08/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | _Jessica Duarte_ , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Sonia Castvalho, City Attorney
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50

4. ☐ by personal delivery on *(date):* 12/23/2021

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT H
Page 290

SUM-200(A)

| SHORT TITLE:<br>Santa Ana POA/Serrano v. City of Santa Ana, et al | CASE NUMBER:<br>30-2021-01230129-CU-OE-CJC |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SANTA ANA POLICE DEPARTMENT, a public safety department; DAVID VALENTIN, Chief of Police; KRISTIN RIDGE, City Manager; SONIA CARVALHO, City Attorney; JASON MOTSICK, Director of Human Resources; DOES I-X, inclusive

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT H
Page 291

# EXHIBIT I

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 01/07/2022          TIME: 10:00:00 AM          DEPT: C20

JUDICIAL OFFICER PRESIDING: Lon F. Hurwitz
CLERK: Julie Howard
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Jocelyne Abarca

CASE NO: **30-2021-01230129-CU-OE-CJC**  CASE INIT.DATE: 11/08/2021
CASE TITLE: **Santa Ana Police Officers Association vs. City of Santa Ana**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 73665048
**EVENT TYPE:** Motion to Quash Service of Summons
MOVING PARTY: City of Santa Ana
CAUSAL DOCUMENT/DATE FILED: Motion to Quash, 12/10/2021

**APPEARANCES**
Corey W. Glave, counsel, present for Plaintiff(s) remotely.

No tentative ruling posted.

Appearance as noted above.

Counsel for Plaintiff informs the Court that the summons and complaint were re-served on Defendant, City of Santa Ana on 12/23/2021, and that a proof of service will be filed soon.

The Court orders the Motion to Quash Service of Summons filed by Defendant City of Santa Ana off calendar.

EXHIBIT I
Page 292

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

SANTA ANA POLICE OFFICERS ASSOCIATION; GERRY SERRANO

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITY OF SANTA ANA; non-jural entity SANTA ANA POLICE DEPARTMENT; DAVID VALENTIN; KRISTINE RIDGE; SONIA CARVALHO; JASON MOTSICK

**(b) County of Residence of First Listed Plaintiff**  Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Corey W. Glave Attorney at Law
632 S. Gertruda Ave.
Redondo Beach, CA 90277
(323) 547-0472

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Lewis Brisbois Bisgaard & Smith, LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
(213) 250-1800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. section 1983

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes   [ ] No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [x] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes   [ ] No | | [ ] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes   [ ] No | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes   [ ] No.<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | [ ] Yes   [ ] No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes | [ ] No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**     ☒ NO     ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  /s/ Soojin Kang _____     DATE: 1/24/2022 _____

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)). |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
Jeffrey S. Ranen  SB# 224285
Soojin Kang SB# 219738
Andrea L. Steffan SB# 332596
Lewis Brisbois Bisgaard & Smith, LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
(213) 250-1800

ATTORNEY(S) FOR: Kristine Ridge; Sonia Carvalho; Jason Motsick

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Santa Ana Police Officers Association; Gerry Serrano | CASE NUMBER: |
| --- | --- |
| Plaintiff(s), | |
| v. | |
| City of Santa Ana; Santa Ana Police Department; David Valentin; Kristin Ridge; Sonia Carvalho; Jason Motsick | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** (Local Rule 7.1-1) |
| Defendant(s) | |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for      Kristine Ridge; Sonia Carvalho; Jason Motsick
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
| --- | --- |
| City of Santa Ana | Defendant |
| Santa Ana Police Department, a non-jural entity | N/A |
| David Valentin | Defendant |
| Kristine Ridge | Defendant |
| Sonia Carvalho | Defendant |
| Jason Motsick | Defendant |
| Santa Ana Police Officers Association | Plaintiff |
| Gerry Serrano | Plaintiff |

January 24, 2022
Date

/s/ Soojin Kang
Signature

Attorney of record for (or name of party appearing in pro per):

Kristine Ridge; Sonia Carvalho; Jason Motsick